## AFFIDAVIT OF STEVEN SHELLIST

I, Steven Shellist, state and declare as follows:

1. My name is Steven Shellist. I graduated from the South Texas College of Law in 2002 and was admitted to the State Bar of Texas in 2003. My Texas State Bar number is 24039172. I worked in Harris County as an Assistant District Attorney for just shy of three years. I have practiced as a criminal defense attorney in private practice since 2006. My practice consists of handling both misdemeanor and felony, state and federal criminal cases. To date, I have taken over one hundred cases to trial, including several murder and capital murder cases.

2. In April 2010, Christian Capitaine and I were retained as counsel by Obel Cruz-Garcia to represent him in a prosecution for capital murder. Mr. Capitaine and I ultimately withdrew from the case in August 2011 after the State announced its intent to seek the death penalty, as Mr. Capitaine and I were not qualified to serve as counsel in a death penalty case.

3. In my representation of Cruz-Garcia, it became apparent immediately that DNA was the State's key piece of evidence in this case. DNA evidence was the only physical evidence linking Cruz-Garcia to the crime. Therefore, we knew that evaluating the integrity of the DNA evidence would be crucial in determining whether or not Cruz-Garcia could be connected to the sexual assault of Diana Garcia and the kidnapping and subsequent death of her son. We learned from our investigation that when the DNA was initially handled by the Houston Police Department, a woman by the name of Dee Wallace had been involved in the process. Years later, Ms. Wallace was not only terminated from DPS, but also, I believe, sent to prison for tampering. We believed that a *review of the*

1

EXHIBIT 6 Page 001

State's handling and processing of the DNA evidence by an independent forensic DNA expert was necessary to render effective assistance of counsel and to guarantee Cruz-Garcia a fair trial.

4. To that end, Mr. Capitaine and I reached out to Dr. Elizabeth Johnson, a forensic scientist and DNA analyst, to consult with us about the DNA evidence in the case. Our intention was to have Dr. Johnson perform a review of the DNA testing already done and, if necessary, have the DNA evidence retested. We alerted the Court that we would be pursuing this angle and requested time to allow this investigation to take place. Dr. Johnson provided an affidavit in support of our Motion for Continuance, filed in January 2011, setting out the time that she herself would need to perform that work.

5. Mr. Capitaine and I withdrew from the case before Dr. Johnson had an opportunity to perform a review of the DNA evidence. Had we remained on the case, and had Dr. Johnson conducted a review that produced helpful results, we would have used that information to attempt to suppress the DNA evidence. Alternatively, we would have either presented Dr. Johnson as a witness at trial or continued to consult with her for assistance in our cross-examination of the State's witnesses pertaining to DNA.

6. When Mr. Capitaine and I withdrew from the case, we told Cruz-Garcia's new counsel, Skip Cornelius, that we would be happy to consult with him about the case and share our thoughts and ideas for Cruz-Garcia's defense. However, Mr. Cornelius only wanted our files and declined to consult with us about the case.

7. I have read and reviewed this three-page affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge and that this affidavit was executed on July 31, 2015 in Houston, Harris County, Texas.

_____
Steven Shellist

Subscribed and sworn to before me on July 31, 2015.

_____
Notary Public, State of Texas

> JENNIFER WILLIS-DAVIS
> Notary Public, State of Texas
> My Commission Expires
> December 26, 2016

3

EXHIBIT 6 Page 003