# AFFIDAVIT OF MICHAEL CASARETTO

I, Michael Casaretto, state and declare as follows:

1. My name is Michael Casaretto. I have been barred as an attorney in the State of Texas since 2011. My bar number is 24071019. I operate a solo practice handling civil and criminal matters. My practice is based out of Brenham, Texas, but I regularly work in Houston and Harris County. I am also the president of the local state bar association in Waller County.

2. On the morning of July 16, 2013, I was at the Harris County Criminal Courthouse to make an appearance in a new criminal case. I arrived in the basement and began taking an elevator upstairs. As other people joined the elevator, I noticed two men come in on my side. Both men wore juror badges. One of the men appeared to be in his late-twenties or early-thirties. The other man appeared to be in his mid-fifties or early-sixties. In addition to myself and the two jurors, there were several other people in the elevator. However, despite the other people, I could clearly see and hear the two jurors.

3. As they got on the elevator, I could hear the two jurors speaking to each other. They continued their conversation while we rode the elevator together. In listening to their conversation, it was clear to me that they were discussing the case for which they were jurors. Because I did not know anything about the case, I could not tell what exactly the two men were talking about. However, it was clear from their comments that they were speaking about the case itself. It seemed they were talking about the testimony of a witness they had heard—both the content of the testimony and how they felt about the evidence.

4. I was immediately troubled by the possibility that two jurors were discussing an ongoing case publicly and outside the presence of the other jurors. I made note of the badges they were wearing, which indicated what court and judge they were assigned to. After checking in with my court, I went to the jurors' courtroom and asked to speak with the judge.

5. I met with Judge Renée Magee in her chambers. I told the judge about what I had seen and heard in the elevator. I explained to her that, as an officer of the court, I felt it necessary to report to her conduct that appeared to me to reach the level of juror misconduct. I described both men to the judge, including what they were wearing. I no longer remember those details, but at the time I did. I also stated that I was willing to speak to the attorneys for the State and defense about what I had witnessed if they had questions.

6. After speaking with the judge I believed that I had fulfilled my duty to report the incident, and I left the courtroom. I was never contacted by the judge, the State, or the defense attorneys after that.

7. I had never reported juror misconduct prior to this event, and I have not done so since. I only did so in this case, because I believed I witnessed an obvious violation of the jurors' obligations during trial. This should indicate what a big deal I felt it was at the time. I felt obliged to say something because the juror misconduct seemed so blatant.

8. In April 2015, I was contacted by a post-conviction investigator with the Office of Capital Writs. The investigator explained to me that the case described above was the capital murder trial of his client, Obel Cruz-Garcia. I was shocked to learn that these were jurors serving on a capital trial. In addition, I was surprised to learn that there was no motion for a mistrial by the defense and that the judge did not remove the jurors.

2

EXHIBIT 31 Page 002

9. I would have willingly spoken to Cruz-Garcia's defense attorneys about this incident had they contacted me. As someone who has practiced as a defense attorney, I know that the rule prohibiting jurors from discussing a case before all the evidence has been submitted is extremely important.

10. I have reviewed the portion of Cruz-Garcia's trial transcript in which the judge recounted our conversation for the record. In addition, she provided my name and phone number to both the State and defense counsel. In 2013, that was my correct phone number. As described above, however, I was not contacted about this incident by anyone involved in the case until April 2015.

11. I have read and reviewed this three-page affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge and that this affidavit was executed on August 27, 2015 in Brenham, Washington County, Texas.

*Michael R. Casaretto*

Subscribed and sworn to before me on August 27, 2015.

Notary Public, State of Texas

NICOLE C WHISNANT
My Commission Expires
April 21, 2018

3

EXHIBIT 31 Page 003