*AP-77025*

CAUSE #1384794
337TH DISTRICT COURT
OBEL CRUZ-GARCIA
VS
THE STATE OF TEXAS
VOLUME II OF III
COURT OF CRIMINAL APPEALS

FILED IN
COURT OF CRIMINAL APPEALS

NOV 1 5 2013

Abel Acosta, Clerk

# CAUSE #1384794

# OBEL CRUZ-GARCIA

# VS.

# THE STATE OF TEXAS

# 337TH DISTRICT COURT

# VOLUME II OF III

JN/14/985
JN/14/986
JN/14/986

P.53



**FILED**
Loren Jackson
District Clerk
CHRIS DANIEL
JAN 1 1 2011

Time: _____

CAUSE NOS. 1181910, 1289188, 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 387th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

## MOTION FOR CONTINUANCE

(Motion for Continuance on three (3) grounds: (1) Attorney for the accused, Christian Capitaine, is the sole caretaker of his mother who is dying of cancer and may only have days to live; (2) the Defendant still has not received DNA discovery from the State; (3) the Defendant is unable to have his DNA expert review said discovery and render an opinion because it has not been produced and she is unable to testify the week of January 18, 2010 due to such short notice and due to not seeing the State's DNA discovery as of yet.)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW OBEL JULIAN CRUZ-GARCIA., The Defendant in the above styled and numbered cause and files his Motion for Continuance and in support thereof would show the Court as follows:

I.

Defendant is charged with Capital Murder and related offenses in the above-captioned indictments. This case is set for trial before a jury on January 18, 2011. **This is the first trial setting for this case.**

II.

The Defendant requests a continuance on several grounds: (1) Attorney for the accused, Christian Capitaine, is the sole caretaker of his mother who is dying of cancer and may only have

IMAGED

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

: 00221

days to live; (2) the Defendant still has not received DNA discovery from the State; (3) the Defendant is unable to have his DNA expert review said discovery and render an opinion because it has not been produced and she is unable to testify the week of January 18, 2010 due to such short notice and due to not seeing the State's DNA discovery as of yet.

III.

## Facts of The Case

On September 30, 1992, in Harris County Texas, officers with the Houston Police Department were dispatched and responded to 6705 Fairway, Houston Texas. They were met by the complainants who stated that at least two masked men broke into their home, beat up the husband, sexually assaulted the wife and kidnapped their son. They also told police that they had been robbed.

One of the officers noted in his report that their claims seemed suspicious because when police arrived the victims were wearing gold necklaces and there were other items of value left undisturbed. They offered no explanation as to why anyone would do this to them. They also denied any drug involvement.

On November 5, 1992, more than thirty (30) days after he allegedly went missing, the complainant, Angelo Garcia, Jr.'s skeletal remains and clothing were found on the west shoreline of Gooselake, in Baytown, Texas. Per the autopsy report, the manner of death was ruled a homicide, with an unknown cause.

A rape exam was performed on the other complainant. Samples were taken by a SANE nurse. Additional evidence was collected including a cigar left at the scene, panties and several blood samples. The first people to analyze the samples were Deetrice Wallace, who at the time was an HPD criminalist with the HPD Crime Lab and Dr. Baldev Sharma, an HPD Crime Lab DNA

analyst. DNA was then further tested by Genetic Design in 1992 and Orchid Cellmark in 2007 and 2008. In 2008, Orchid Cellmark reported that the DNA found on the cigar and in the victims panties matched that of the defendant. It was again retested by the HPD Crime Lab in October 2010. DNA is the only physical evidence linking the defendant to the scene.

IV.

**Grounds for Continuance**

The Defendant has three grounds for a continuance: (1) Attorney for the accused, Christian Capitaine, is the sole caretaker of his mother who is dying of cancer and may only have days to live; (2) the Defendant still has not received DNA discovery from the State; (3) the Defendant is unable to have his DNA expert review said discovery and render an opinion because it has not been produced and she is unable to testify the week of January 18, 2010 due to such short notice and due to not seeing the State's DNA discovery as of yet.

1.     **Attorney for the accused, Christian Capitaine, is the sole caretaker of his mother who is dying of cancer and may only have days to live**

In October of 2010, Christian Capitaine, attorney for the Defendant, learned that his mother, Nora Seghesso, had been diagnosed with terminal colon cancer. By November of 2010, the cancer had spread to many of her major organs. Doctors advised Mr. Capitaine that his mother did not have long to live. Ms. Seghesso did not wish to spend her remaining time in a formal hospice so she moved in with Mr. Capitaine. Mr. Capitaine is also going through a divorce and takes care of his two young daughters.

In late November of 2010, Ms. Seghesso's condition had worsened to the point of her being

bedridden 24-hours a day. She is also unable to walk on her own. As a result, Mr. Capitaine had to move himself, his two daughters and Ms. Seghesso out of his home (which is two stories) and into Ms. Seghesso's home so that she wouldn't have to walk up stairs to get to her bedroom . He is the sole caretaker of Ms. Seghesso. As of January 11, 2011, according to treating physicians, Ms. Seghesso could and will likely die any day. (See Exhibit A, Christian Capitaine's sworn affidavit)

Attorney for the State, Natalie Tise and Judge Mike Anderson, retired, former judge of the 262nd Criminal District Court, have both been made aware of Ms. Seghesso's terminal condition. Ms. Tise has indicated to attorneys for the Defendant that she is not opposed to a continuance. Despite knowing about Mr. Capitaine's personal situation, Judge Anderson insisted that this case be tried on January 18, 2011.

## 2. The Defendant still has not received DNA discovery from the State

At trial, the State has designated at least three experts to testify about DNA evidence linking the Defendant to this crime. It is the only physical evidence connecting the Defendant to the sexual assault of Diana Garcia and the disappearance and murder of Angelo Garcia. As such, a careful review of the State's handling and processing of the DNA evidence by an independent forensic DNA expert, is necessary to render effective assistance of counsel and to guarantee the Defendant a right to a fair trial.

On December 11, 2012, Judge Mike Anderson, then presiding judge over the 262nd District Court, where cause number 1181910 and the associated cases were pending, notified attorney for the accused, Christian Capitaine, that this case would be tried on January 18, 2011. It gave the defense roughly five (5) weeks notice of when this case would be tried. (The State was been investigating this case since 1992.) On December 16, 2010, Judge Anderson signed his standard

discovery order (Attached Exhibit B, Discovery Order). In it, the State was ordered to provide "copies of all … laboratory reports of all examinations of … fluids… blood samples… etc." The State was ordered to furnish the above for inspection and copying on or before 10 days prior to trial, which would have been January 8, 2011. On January 5, 2011, the Defendant filed an additional *Motion to Produce Records Regarding DNA Analysis* in the hopes of prompting the State to turn over said records. As of January 8, 2011, the only documents reviewed and turned over to the state have been (1) a four page supplement narrative by Courtney Head of the Houston Police Department Crime Lab, listing a summary of some results and interpretations of DNA analysis (Exhibit C, HPD Supplement) ; and (2) a six page report by Orchid Cellmark (Exhibit D, Report of Laboratory Examination by Orchid Cellmark.) Neither of these two reports is compliant with the Defendant's *Motion to Produce Records Regarding DNA Analysis*, nor does the Defendant believe they are they fully compliant with the Court's Discovery Order dated December 16, 2010, regarding turning over "all *exculpatory* evidence pursuant to <u>Brady v Maryland</u> and related cases." Most importantly, the State has not yet turned over any lab reports related to testing done in this case by Genetic Design at the request of the HPD Crime Lab. Counsel for the Defendant needs the lab reports from Genetic Design to once again, explore any cross contamination issues with the State's experts on cross-examination; have it analyzed by the Defendant's DNA expert; and to help determine the admissibility of any DNA evidence against the Defendant.

With respect to diligence on the part of defense counsel, it should be noted that during the time period from December 11, 2011, when Judge Anderson first set this case for trial, December 16, 2011 when some Motions were ruled upon, and the present, there have been circumstances affecting getting rulings on Motions filed in these causes including the courts being closed for the Christmas and New Year's holidays, as well as the issues outlined below:

On January 1, 2011, the Honorable Denise Bradley took over for Judge Mike Anderson as the presiding judge of the 262nd District Court where this case was pending. On January 3, 2011, on her first official day as presiding judge, the Defendant presented to Judge Bradley a Motion to Disqualify and Recuse because she had worked on this case as a prosecutor. It was signed on January 5, 2011 and on January 6, 2011, an order assigning Judge Mike Anderson to hear cause number 1181910 was signed by Judge Olen Underwood, the Presiding Judge over the Second Administrative Judicial Region. The assignment is to begin January 18, 2011 and is for the primary purpose of presiding over cause number 1181910, State of Texas vs. Obel Cruz-Garcia.

Further, as noted by Harris County Texas JIMS, which depicts the court settings on this case, DNA was listed under comments five times, as the reason for the resets, all the way up until at least 11/9/10. (See Exhibit E, JIMS printout) And, although the court coordinator or clerk entered "RSET DEF REQ" as requesting each reset, this is simply untrue and most likely a result of clerical error. The State was requesting resets because they did not have a copy of the final DNA testing results until at least some time in November 2010, as reported to defense counsel by Natalie Tise, attorney for the State. In fact, attorneys for the Defendant were not given a copy of the final DNA testing lab report from HPD until January 6, 2011.

As of January 10, 2011, the Defendant still has not yet received full discovery of all DNA lab reports, notes and records. Once received, the Defendant would like to hire a DNA expert to review such records to verify whether or not the Houston Police Department Crime Lab, Genetic Design and Orchid Cellmark's findings were in fact accurate or possibly compromised.

**A. DNA Evidence in this case is crucial to the determination of the Defendant's guilt or innocence**

Because DNA evidence is the only physical evidence linking the Defendant to this crime, analyzing the integrity of the DNA evidence is crucial to determining whether or not the Defendant can be connected to the sexual assault of Diana Garcia and the disappearance of Angelo Garcia. As such, extensive DNA discovery has been requested of the State and has also been summarily mandated in the Court's Discovery Order. The first to handle and analyze the DNA evidence in this case were Deetrice Wallace and Baldev Sharma, employees of the HPD Crime Lab.

**i. Deetrice Wallace was the first person for HPD Crime Lab to handle the DNA evidence in this case for forensic purposes and she has since been convicted on three counts of Tampering With Government records**

In 2009, Deetrice Wallace was convicted on three counts of Tampering with a Governmental Record in cause numbers 1189239, 1207041, and 1207042. (See Exhibit F, Copy of Judgments of Conviction) She was sentenced to one year in the State Jail. She was employed by the Texas Department of Public Safety as a Technical Supervisor and she supervised their alcohol breath testing program. She was falsifying inspection reports as they related to breath-test records. (See Exhibit G, Copy of Complaint, including Probable Cause) On several occasions, Wallace physically handled the DNA evidence in this Defendant's case.

**ii. Baldev Sharma, who was in charge of first analyzing the DNA evidence associated with this case, was determined to be unqualified and incompetent to handle such type of analysis**

Baldev Sharma's career with the crime lab was also riddled with incompetence. At the time he was hired in 1989, he had "no experience in forensic science and only a basic theoretical knowledge of molecular biology". Michael Bromwich, an independent investigator hired by the City of Houston to conduct an investigation into the HPD Crime Lab and Property Room concluded

that Sharma was "technically incompetent" to be a DNA Analyst. At one point, Sharma was suspended for five days for as an analyst. As a result of mismanagement on a sexual assault case, Sharma was removed from his position as a Criminalist III in the DNA/ Serology Section. Per the Bromwich report, on September 14, 1999, a group of Criminalists from the HPD crime lab described Sharma's supervision of the DNA/ Serology Section as a "total disaster" due to his "mismanagement". (See Exhibit H, Exerpts from the Second Report of the Independent Investigator for the Houston Police Department Crime Laboratory and Property Room.)

Also per Bromwich's report, Dr. Sharma supervised the work performed by other analysts in the DNA/Serology Section. He had significant difficulty generating conclusive results through RFLP analysis because his manual RFLP technique generated weak or diffuse bands that made determinations difficult if not impossible. In instances when Dr. Sharma could not obtain results through RFLP analysis, he would often request a different DNA analyst to perform PCR testing on the sample." Sharma also made a serious error in a serology case in 1995. He received complaints for numerous incidents of misconduct. Lastly, all three of Dr. Sharma's RFLP proficiency tests that were reviewed by Bromwich had errors. (See Exhibit I, Exerpts from the Third Report of the Independent Investigator for the Houston Police Department Crime Laboratory and Property Room.) Sharma also physically handled the DNA evidence in this Defendant's case. The integrity of that evidence must be analyzed by the Defendant's expert.

Full and complete DNA discovery in this case must be turned over to the Defendant to determine if there was any mishandling or contamination of the evidence. This DNA discovery must then be analyzed by the Defendant's expert.

**3. The Defendant is unable to have his DNA expert review said discovery and render an opinion because it has not been fully produced and she is unable to testify the week of January 18, 2010 due to such short notice and due to not seeing the State's DNA discovery as of yet**

The Defendant would like to secure Elizabeth A. Johnson ("Johnson"), a private forensic consultant, to analyze the DNA discovery in this case; consult with attorneys for the Defendant and testify as needed. Her background and experience qualify her to evaluate this case and render an expert opinion on the validity of the DNA results. (Exhibit J, Resume of Elizabeth Johnson) Attorney for the accused has spoken with Johnson on several occasions. She has indicated that she needs eight weeks from the time of receiving discovery to review and consult on the validity of the DNA testing done by the HPD Crime Lab and Orchid Cellmark. She is aware of the issues involving Deetrice Wallace and Baldev Sharma, with the HPD Crime Lab and as such, she expressed concerns about possible cross contamination of the evidence, but she said she would not be able to make that determination until she reviewed the discovery requested by the Defendant of the State. Once she reviews the discovery, she stated that she may see a need to have the DNA retested which would take additional time. She stated that she would be available no sooner than April of 2011, contingent upon prompt production of discovery. A trial date in May of 2011 is a reasonable delay given that this case was just set for trial on December 11, 2010 and should provide adequate time to allow the defense to use this expert.

V.

Based upon the impending death of Mr. Capitaine's mother and without the necessary DNA discovery and the assistance of a DNA expert to consult and testify for the Defense, counsel for the Defendant will be unable to effectively represent the Defendant and he will be denied his 6th

Amendment right to effective assistance of counsel. And because challenging the State's use of the DNA is the ultimate defensive theory of the Defendant's case, without the DNA discovery and the use of his own DNA expert, the Defendant will be denied his right to a fair trial.

Therefore, the Defendant requests that the trial of this case be continued until after May 2, 2011, assuming the State promptly turns over the requested discovery. This motion is not made for purposes of delay, but so that justice may be done.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that his 2nd Motion for Continuance be granted.

Respectfully Submitted,
CAPITAINE SHELLIST WARREN & MCALISTER, LLP

Christian Capitaine
SBN 24031911
Steve Shellist
SBN 24039172
405 Main St., Ste. 1050
Houston, TX 77002
Tel (713) 715-4500
Fax (713) 715-4505

Attorneys for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing 2nd Motion for Continuance was served upon the attorney for the State on ___JANUARY 11___, 2011.

_____
Christian Capitaine

## VERIFICATION

STATE OF TEXAS      §
                       §      KNOW ALL MEN BY THESE PRESENTS

COUNTY OF HARRIS      §

"My name is Christian Capitaine and I am the attorney for the Defendant in this case. I have knowledge of the facts stated in the foregoing Motion for Continuance and they are true and correct."

Signed on ___January 11___, 200 11 .

_____
Christian Capitaine

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned Notary Public on ___January 11___, 2011.

_____
Notary Public in and for the State of Texas

VANESSA ZUNIGA
Notary Public, State of Texas
My Commission Expires
November 24, 2014

: 00231

CAUSE NOS. 1181910, 1289188, 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

## ORDER

Came on to be considered the *Motion for Continuance* of the Defendant. Upon consideration of the motion and argument of counsel, the motion is hereby:

_____ (GRANTED, and the trial of this case is hereby continued to _____, 2011.)

_____ (DENIED, to which ruling the Defendant excepts.)

SIGNED ON _____ JAN 1 8 2011 _____, 2011.

_____
JUDGE PRESIDING

## CAUSE NOS. 1181910, 1289188, 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

### AFFIDAVIT OF CHRISTIAN CAPITAINE

"I, Christian Capitaine, do solemnly say under oath that the following statements are true. I am also a witness in this matter and affirm that the statement provided below is based on my personal knowledge of the facts referred to:

### Personal Background:

1. My name is Christian Capitaine.

2. I am of sound mind, over the age of 18, and capable of making this affidavit.

3. I am the attorney who represents Obel Cruz Garcia in these cases.

### Statement of Facts:

1. Obel Cruz Garcia was charged with capital murder under cause 1181910.

2. The case was originally filed in the 262nd District Court of Harris County, Texas.

3. I substituted attorney Michael Fosher in April of 2010.

4. Several settings from April until November of 9th, 2010, transpired while The State of Texas needed additional time to obtain results of DNA testing performed by the HPD Crime Lab. (See Exhibit A).



: 00233

5. It became apparent to counsel for the State of Texas and Christian Capitaine that Denise Bradley may be the new elected District Court Judge in the 262nd District Court if she won the November 2nd, 2010, election. It was understood by all parties that Denise Bradley had actively worked on this case as a prosecutor and would have to recuse herself.

6. On November 9th, 2010, counsel for Defendant was informed by the prosecutor assigned to the case, Natalie Tise, that the results of the DNA tests would be in soon.

7. By November 9th, 2010, it was common knowledge that Judge Bradley had been elected as the new Judge of the 262nd District Court of Harris County, Texas.

8. On November 9th, I was also informed by Natalie Tise that the presiding Judge, Mike Anderson, intended to go to trial before the end of the year in order to avoid having Judge Bradly have to recuse herself once she assumed as the elected District Court judge.

9. On November 9th, I informed Natalie Tise that my Mother, Nora Seghesso, was released from the hospital and I learned she was diagnosed with terminal cancer and is unfortunately not expected to survive the illness beyond the next few weeks. My mother had been diagnosed with colon cancer years earlier and had gone through chemotherapy and had part of her colon removed. There had been no signs of the cancer returning during her many subsequent tests over the years and the news came as a complete surprise particularly given the fact that she is relatively young. The cancer had spread to other organs and doctors were predicting she would not have long to live. Unfortunately, Judge Anderson was not present in court that day and I agreed to return to inform the Judge Anderson along with Natalie Tise.

10. I returned to the 262nd District Court a couple of days later and approached the bench while Judge Anderson was presiding and shared this information. Judge Anderson stated he understood and the case was reset to December 7th, 2010. It was my understanding that I would be given some time to deal with this very painful reality.

11. Since the 9th of November, my Mother's health has aggressively deteriorated. She had an emergency surgery that resulted in the majority of her small intestines being removed. As a result, she can no longer have normal bowel movements and is dependent on a colostomy bag. She can no longer walk and is bed ridden 24 hours a day. She is also receiving nutrients through an IV.

12. When my Mother was first released from the hospital I brought her to my home in October of 2010, Heights in order to care for her. Unfortunately, late in November of 2010 because she could no longer go up the stairs and she expressed she wanted to spend the last weeks of her life in her home, I decided to move with her to her home near Katy, Texas.

2

13. She has been hospitalized many times since then and Doctors have made it clear that they can no longer do anything to help her and the prognosis is that she is expected to die very soon.

14. I am the only person who is able to care for her and have moved to her home with my two daughters because I am currently in the middle of a divorce.

15. When I returned to the 262nd District Court on December 9th, 2010, I was surprised to learn that Judge Anderson wanted to set the case for trial for January 18, 2011, given the fact that I had previously discussed with him and Natalie Tise my mother's impending death.

16. Judge Anderson insisted that Judge Bradley wanted the case tried that week because she could not preside over the case. I was told by Judge Anderson that Judge Bradly would be on vacation that week and it would be a good week for Judge Anderson to preside over it as a visiting judge.

17. I expressed my concern because neither Natalie Tise nor myself expected such a fast trial date. Judge Anderson stated that there was a probability that Judge Bradly would want to try a different case that week instead and that I should return in a couple of days after he had an opportunity to consult with Judge Bradley.

18. On December 9th, I returned to court and learned that Judge Bradley wanted this case to be tried the week of January 18th.

19. On December 16th, I filed motions including a Motion for a Continuance because I was having difficulty with experts having such short notice to testify. Judge Anderson denied the motion.

20. On December 17, 2011, the State re-indicted the case against Obel Cruz Garcia. They amended the original pleadings and filed an additional charge of Aggravated Sexual Assault.

21. My client expressed concerns about my ability to be ready for this trial given the very painful and emotional experience I am dealing with in my personal life. He also expressed concerns about the case still being in the 262nd District Court given the fact that Judge Bradley had handled his case as a prosecutor. As a result, I prepared a recusal and Disqualification Motion that was presented on January 3rd, 2011. January 3rd, 2011 was the first day Judge Bradley presided over the 262nd District Court. The motion could not be presented earlier because it would have been premature.

22. On the afternoon of January 5th, 2011, I received a phone call from Stephanie Armond, the secretary to the Honorable Judge Belinda Hill. I was informed Judge Hill signed an Order Of Transfer to have the case transferred to the 337th District Court of Harris

3

County. She also stated that Judge Hill had assigned Mike Anderson to preside over the trial and that it would be on January 18, 2011. I also received a copy of the order signed by Judge Hill but it makes no mention of Judge Anderson being assigned to preside over the case. The order was signed on January 5th, 2011.

23. On January 6th, 2011, I received an order from Judge Olen Underwood, Presiding Judge of the Second Administrative Region, stating that the case had been assigned to the 337th District Court. The order further stated that the Honorable Mike Anderson would assigned to preside over this case and that "this assignment begins on the 18th day of January and is for the primary purpose of presiding over cause 1289188; State of Texas vs. Obel Cruz Garcia..."

24. Judge Anderson is not the elected District Court Judge of the 337th District Court of Harris County, Texas.

25. At the risk of projecting an image of being weak, I have to admit that I am emotionally and mentally unable to give this case the attention it deserves, as I attempt to cope with the loss of my mother and the pain and suffering she is experiencing. Due to these factors, I am unable to effectively and competently represent my client at this moment and I am respectfully requesting a continuance until such time as she has passed and I can take care of her funeral arrangements.

26. As of the writing of this affidavit, her doctors have indicated that given her condition and additional complications including kidney failure and heart problems, she is expected to die any day now. All attempts to cure her have ceased. Due to the nature of this type of cancer, an exact date cannot be predicted, but her rapid decline is not encouraging.

27. Obel Cruz Garcia is unable to speak English and I am the only Spanish speaking attorney in our firm. I have been the only one to communicate with him since I was hired on this case and he specifically wants me to represent him during his trial.

28. I am respectfully requesting a continuance due to the very painful and emotionally devastating experience of coping with my Mother's impending death. She is in the very last weeks of her life and I want to be able to be by her side and to share these last few moments she has on earth. If I am forced to go to trial on this very serious and important case, I will not be able to do so.

4

**THE STATE OF TEXAS**

**COUNTY OF** _Harris_

SUBSCRIBED TO AND SWORN TO:

    That on this _17_ day of _January_, 20_11_, Christian Capitaine personally came and appeared before me as known, and known to me, who after being first duly sworn, deposes and says that the foregoing information provided in this affidavit is true as evidenced by his signature below:

_CHRISTIAN CAPITAINE_
Printed Name

_(signature)_
Signature

**NOTARY PUBLIC:**

_Vanessa Zuniga_
Printed Name

_(signature)_
Signature

My Commission Expires: _11/24/14_

VANESSA ZUNIGA
Notary Public, State of Tex..
My Commission Expires
November 24, 2014

5

13886MCC

_____ M/Discovery  _____ Brady  _____ M/List Ws  _____ M/Criminal Record Ws

P3.

NO. 1181910

THE STATE OF TEXAS                    IN THE DISTRICT COURT OF

VS.                                   HARRIS COUNTY, TEXAS

Obel Jubin Cruz-Gaz      262ND JUDICIAL DISRICT

<u>DISCOVERY ORDER</u>

<u>State is Ordered to Furnish:</u>

1. To prepare and file with clerk of the Court, at least ten(10)days prior to trial, a subpoena list of all witnesses the State intends to call on their case in chief.

2. All written or recorded statements of the defendant, along with all confessions or statements, whether verbal or otherwise, made pursuant to Art. 38.22 C.C.P., including all portions of offense reports containing a verbatim account of same.

3. Inspection of:
   a. All items seized from the defendant.

   b. All items seized from any co-defendant or accomplice.

   c. All physical objects to be introduced as part of the State's case.

   d. All documents and photographs and investigative charts or diagrams to be introduced at trial.

   e. All contraband, weapons, implements of criminal activity seized or acquired by the State or its agents in the investigation.

   f. All records of conviction which may be admissible in evidence or used for impeachment of the defendant.

   g. All tangible items of physical evidence collected by the state or its agents concerning the alleged offense; to include latent fingerprints, hairs, fibers, fingernail scrapings, body fluids, tire tracks, paint scraping, etc.

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging



DEFENDANT'S
EXHIBIT
B

: 09238

    h. All extraneous offenses, listing time, place, and complaint, which may be admissible against the defendant.

    i. All psychiatric reports concerning the defendant, known to the State.

4. All promises of benefit or leniency afforded to any accomplice or prospective witness in connection with his/her proposed testimony or other cooperation with regard the alleged offense.

5. All known convictions which are admissible for impeachment concerning any of the States' proposed witnesses.

6. All known convictions, pending charges or suspected criminal offenses concerning any accomplice proposed to be used as a witness by the State.

7. Copies of all complaints, search warrants (related affidavits), autopsy reports and laboratory reports of all examinations of contraband, fluids, hairs, fingerprints, blood samples, ballistics, soil, fibers and paints.

8. Inspection of all business reports or governmental records expected to be introduced by the State.

9. All exculpatory evidence pursuant to Brady v Maryland and related cases.

10. It is to be understood that the State will furnish all of such above items which are in the possession of the State's attorneys or which are known or with the exercise of due diligence known to be in the possession of the investigating officers or other agents of the State.

11. All video and tape recordings which contain the defendant or his/her voice.

12. In appropriate cases, the State is encouraged to furnish offense reports and witness statements in addition to the above items. However, such reports and statements are normally work product of the State and are therefore protected from mandatory disclosure unless the contents are exculpatory. Such statements and reports must of course be tendered to the Defense for cross-examination on proper request under Gaskin or related requirements.

13. In the event that documents, diagrams, models or charts are prepared as "jury aids" at the direction of the State's attorneys before trial, such items will be considered work product unless the Defense demonstrates a "particularized need" for inspection thereof.

14. This order will dispose of all pretrial discover and specified request motions heretofore filed. Because of the extensive nature of the discovery herein ordered, it will be considered that such Order is acceptable to the Defense pending the review of evidence and documents as ordered. In the event that further particularized discovery is considered necessary, the Defendant will thereafter file a written Motion of Discovery, addressing only matters not covered in this Order, and such Motion will be presented to the Court at the earliest practical opportunity before the trial.

The State is ordered to furnish the above for inspection and copying on or before 10 days prior to trial. It is understood that the Defense should exercise reasonable diligence to contact the State's attorney and arrange a mutually convenient time for the appointment.

ORDERED AND ENTERED this _____ 16 day of _____, 20 10.

Mike Anderson, Judge Presiding
262nd Judicial District

: 00240

Street location information

Number-      6705 Name-FAIRWAY                        Type-        Suffix-
Apt no-3     Name-GOLFCREST              Type-BLVD    Suffix-
Date of offense-09/30/92        Date of supplement-10/18/10
Compl(s) Last-GARCIA        First-DIANA        Middle-R
Recovered stolen vehicles information
Recovery location-                        District-    Beat-    00
Stored-                        by-
Officer1-COURTNEY HEAD        Emp#-139144 Shift-1 Div/Station-CRIME LAB

SUPPLEMENT NARRATIVE

LABORATORY REPORT

INCIDENT #: 105758592
LAB #: L92-10367
SUSPECT(S): CANDIDO LEBRON, BIENVIENDO MELO, LEONARDO GERMAN
            CARMELO MARTINEZ, OBEL CRUZ-GARCIA
REQUESTING OFFICER:  R.W. CHAPPELL (PR# 099650)

PREVIOUS ANALYSIS: SUPPLEMENT #31, GENETIC DESIGN REPORT DATED
02/04/93, ORCHID CELLMARK REPORT #HP07-0014 DATED 11/27/07, AND
ORCHID CELLMARK REPORT #HP07-0014-A DATED 12/31/07

ONE SEALED ENVELOPE (PROPERTY ROOM# 003) WAS RETRIEVED FROM
BIOLOGY EVIDENCE STORAGE ON 10/05/10 BY CRIMINALIST SPECIALIST
C. HEAD (PR# 139144).

ITEMS OF EVIDENCE:

3            KNOWN BUCCAL SWABS - OBEL CRUZ-GARCIA
   3.1       PORTION OF KNOWN BUCCAL SWABS - OBEL CRUZ-GARCIA

RESULTS AND INTERPRETATIONS:

THE ITEM LISTED ABOVE WAS COMPARED TO THE FOLLOWING DNA PROFILES
PREVIOUSLY REPORTED BY ORCHID CELLMARK, REPORT #HP07-0014 DATED
11/27/07:

HP07-0014-01     CIGAR
HP07-0014-02     VAGINAL SWABS FROM DIANA GARCIA (SPERM FRACTION)
HP07-0014-07     PANTIES: CROTCH-RED FROM DIANA GARCIA (SPERM FRACTION)


FOR ITEM 3.1, DNA WAS EXTRACTED AND AMPLIFIED USING POLYMERASE CHAIN
REACTION (PCR). THE FOLLOWING STR LOCI WERE ANALYZED: D8S1179, D21S11,
D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, VWA, TPOX,

Supplement #84   CH



Incident no. 105758592 X          OFFENSE REPORT                    PAGE 1.002

D18S51, AMELOGENIN, D5S818, AND FGA.          Supplement #84 att

ITEM HP07-0014-01 (CIGAR)

A FULL, SINGLE-SOURCE MALE DNA PROFILE WAS OBTAINED FROM THIS ITEM.
OBEL CRUZ-GARCIA CANNOT BE EXCLUDED AS THE CONTRIBUTOR TO THE DNA
PROFILE OBTAINED FROM THIS ITEM.  THE PROBABILITY THAT A RANDOMLY
CHOSEN UNRELATED INDIVIDUAL WOULD BE INCLUDED AS A POSSIBLE
CONTRIBUTOR TO THIS DNA PROFILE IS APPROXIMATELY 1 IN 6.2 QUINTILLION
FOR CAUCASIANS, 1 IN 700 QUINTILLION FOR AFRICAN AMERICANS, 1
IN 140 QUADRILLION FOR SOUTHEAST HISPANICS*, AND 1 IN 100 QUINTILLION
FOR SOUTHWEST HISPANICS.  TO A REASONABLE DEGREE OF SCIENTIFIC
CERTAINTY, OBEL CRUZ-GARCIA IS THE SOURCE OF THIS DNA PROFILE
(EXCLUDING IDENTICAL TWINS).

ITEM HP07-0014-02 (VAGINAL SWABS FROM DIANA GARCIA (SPERM FRACTION))

A MIXTURE OF DNA FROM AT LEAST THREE INDIVIDUALS, AT LEAST ONE OF WHOM
IS MALE, WAS OBTAINED FROM THIS ITEM.  OBEL CRUZ-GARCIA CANNOT BE
EXCLUDED AS A POSSIBLE CONTRIBUTOR TO THIS DNA MIXTURE.  THE
PROBABILITY THAT A RANDOMLY CHOSEN UNRELATED INDIVIDUAL WOULD
BE INCLUDED AS A POSSIBLE CONTRIBUTOR TO THIS DNA MIXTURE IS
APPROXIMATELY 1 IN 82 THOUSAND FOR CAUCASIANS, 1 IN 570 THOUSAND FOR
AFRICAN AMERICANS, 1 IN 37 THOUSAND FOR SOUTHEAST HISPANICS*, AND 1
IN 34 THOUSAND FOR SOUTHWEST HISPANICS, AT ALL OF THE ABOVE LISTED STR
LOCI EXCEPT: D21S11 AND D2S1338.

ITEM HP07-0014-07 (PANTIES: CROTCH-RED FROM DIANA GARCIA (SPERM FRACTION))

A MIXTURE OF DNA FROM AT LEAST TWO INDIVIDUALS, AT LEAST ONE OF WHOM
IS MALE, WAS OBTAINED FROM THIS ITEM.  OBEL CRUZ-GARCIA CANNOT BE
EXCLUDED AS THE CONTRIBUTOR TO THE MAJOR COMPONENT OF THIS DNA
MIXTURE.  THE PROBABILITY THAT A RANDOMLY CHOSEN UNRELATED
INDIVIDUAL WOULD BE INCLUDED AS A POSSIBLE CONTRIBUTOR TO THIS DNA
MIXTURE IS APPROXIMATELY 1 IN 6.2 QUINTILLION FOR CAUCASIANS, 1 IN
700 QUINTILLION FOR AFRICAN AMERICANS, 1 IN 140 QUADRILLION FOR
SOUTHEAST HISPANICS*, AND 1 IN 100 QUINTILLION FOR SOUTHWEST HISPANICS.  TO
A REASONABLE DEGREE OF SCIENTIFIC CERTAINTY, OBEL CRUZ-GARCIA IS THE
SOURCE OF THE MAJOR COMPONENT OF THIS DNA MIXTURE (EXCLUDING
IDENTICAL TWINS).
 *LOCI D2S1338 AND D19S433 ARE NOT USED IN THE STATISTICAL ANALYSIS FOR THE
SOUTHEAST HISPANIC POPULATION.

DISPOSITION OF EVIDENCE:

ALL REMAINING STAINS AND DNA EXTRACTS ARE BEING RETAINED IN THE
LABORATORY.

PLEASE NOTE THAT AN ALLELIC TABLE IS BEING PROVIDED TO THE INVESTIGATOR IN
THIS CASE AS IT IS NOT POSSIBLE TO INCLUDE THIS INFORMATION IN THE OLO
SUPPLEMENT.

THE HPD CRIME LABORATORY IS ACCREDITED BY ASCLD/LAB AND THE TEXAS DPS.
LABORATORY POLICY REQUIRES THAT REPORTS OF ANALYTICAL RESULTS UNDERGO
A TECHNICAL REVIEW BY A SECOND QUALIFIED ANALYST.

Incident no. 105758592 X      OFFENSE REPORT                    PAGE 1.003

```
      SYSTEM ADVISORY: REPORT ENTERED USING PERSONAL COMPUTER  VER-7.00-C
      ****************************************************************
      *  ENTRY DEVICE: HP DC6005 319643 LA0                          *
      *  ENTRY FROM DATE-101810 TIME-1435  TO  DATE-101810 TIME-1437 *
      *  TRANSFER DEVICE: HP DC6005 319643 LA0 WINXP        VER. 7.00-C*
      *  TRANSFER DATE-101810 TIME-1438   LOAD DATE-101810 TIME-1439  *
      *  LOCATION OF OFFENSE: POLICE DISTRICT-DOWNTOWN BEAT 1A DIST-DN *
      ****************************************************************
      EVIDENCE WAS TAGGED-N      LATENT PRINTS WERE LIFTED AT A SCENE-N
```

Supplement entered by = 139144
Date cleared- 09/08/08

Criminalist Specialist
Supplement #84

HPD CRIME LABORATORY

# DNA ANALYSIS RESULTS CHART

INCIDENT NUMBER: 105758592|212|212-1037    ANALYST: _CH_    DATE: 10/5/10

| Locus | 2.86.64.10 Item 3.1 - Portion of Known Buccal Swabs of Pavel Cruz Perran   2.86.64.10 RBK-100100C+H | | | | | |
|---|---|---|---|---|---|---|
| D8S1179 | 10,16 | | | | | |
| D21S11 | 30.2,31 | | | | | |
| D7S820 | 8,11 | | | | | |
| CSF1PO | 11 | | | | | |
| D3S1358 | 16,18 | | | | | |
| THO1 | 6,8 | | | | | |
| D13S317 | 11,12 | | | | | |
| D16S539 | 9,11 | | | | | |
| D2S1338 | 17,20 | | | | | |
| D19S433 | 13,14 | | | | | |
| vWA | 16,17 | | | | | |
| TPOX | 8 | | | | | |
| D18S51 | 13,16 | | | | | |
| Amelogenin | X,Y | | | | | |
| D5S818 | 12 | | | | | |
| FGA | 22 | | | | | |

NR = No interpretable result    (*) = Possible alleles below threshold (50-99rfu)    ⊗ = Minor allele

2nd Reader: _LCC  10-15-10_

Revision 110309

10/19/10  INC# 105758592   PAGE# 05

:00244

CELLMARK   13988 Diplomat Drive · Suite 100 · Dallas, TX 75234 · 214.271.8400 · 1.800.752.2774 · 214.271.8327 fax

# Report of Laboratory Examination

July 25, 2008
Supplemental - HP07-0014-B

Irma Rios
Houston Police Department
1200 Travis St.
26th Floor
Houston, TX 77002

**SUBJECTS:** Diana Garcia; Arturo Rodriguez
Angelo Garcia

**SUSPECTS:** Candido Lebron; Bienviendo Melo
Leonardo German; Carmelo Martinez
Obel Cruz-Garcia

ORCHID CELLMARK NO: HP07-0014
AGENCY CASE NO: L92-10367

## EXHIBITS

| Client Item | OC Item | Received | Item Description | Screened | PCR |
|---|---|---|---|---|---|
| L92-10367-2 | HP07-0014-01 | 10/3/2007 | Cigar | N | Y |
| L92-10367-1 | HP07-0014-02 | 10/3/2007 | Vaginal Swabs | Y | Y |
| L92-10367-1 | HP07-0014-03 | 10/3/2007 | Wooden Stick : Vaginal | N | N |
| L92-10367-3 | HP07-0014-04 | 10/3/2007 | Liquid Blood - Arturo Rodriguez | N | Y |
| L92-10367-1 | HP07-0014-05 | 10/3/2007 | Saliva Swabs - Diana Garcia | N | Y |
| L92-10367-1 | HP07-0014-06 | 10/3/2007 | Blood - Diana Garcia | N | Y |
| L92-10367-3 | HP07-0014-07 | 10/3/2007 | Panties : Crotch - Red | Y | Y |
| L92-10367 | HP07-0014-08 | 12/7/2007 | Blood - Candido Lebron | N | Y |
| L92-10367 | HP07-0014-09 | 12/7/2007 | Blood - Candido Lebron | N | N |
| L92-10367 | HP07-0014-10 | 12/7/2007 | Blood - Bienviendo Melo | N | Y |
| L92-10367 | HP07-0014-11 | 12/7/2007 | Blood - Leonardo German | N | Y |
| L92-10367 | HP07-0014-12 | 12/7/2007 | Blood - Leonardo German | N | N |
| L92-10367 | HP07-0014-13 | 12/7/2007 | DNA Extract - Carmelo Martinez | N | Y |
| L92-10367-1 | HP07-0014-14 | 5/28/2008 | Buccal Swabs - Obel Cruz-Garcia | N | Y |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Panties Bag | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Oral Swabs and Smears Envelope | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Pubic Hair Combings Envelope | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Pulled Pubic Hairs Envelope | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Pulled Head Hairs Envelope | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Fingernail Scrapings Envelope | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Foreign Material Bag | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Debris Collection Envelope | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Rectal Swabs and Smears Envelope | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Outer Clothing Bag | N | N |
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Vacutainer Tube | N | N |

DEFENDANT'S EXHIBIT D
PENGAD-Bayonne, N.J.

HP07-0014-B
1 of 4

HP08-0014

Accredited by the American Society of Crime Laboratory Directors, Laboratory Accreditation Board

002H5



| Client Item | OC Item | Received | Item Description | Screened | PCR |
|---|---|---|---|---|---|
| L92-10367-1 | NOT EXAMINED | 10/3/2007 | Slide Holder : Vaginal | N | N |
| L92-10367-3 | NOT EXAMINED | 10/3/2007 | Ziplock Bag : DNA extracted from Panty Crotch | N | N |
| L92-10367-3 | NOT EXAMINED | 10/3/2007 | Ziplock Bag : DNA extracted from Vaginal Swab | N | N |
| L92-10367-3 | NOT EXAMINED | 10/3/2007 | Ziplock Bag : DNA extracted from Blood of Diana R. Garcia | N | N |
| L92-10367-3 | NOT EXAMINED | 10/3/2007 | Microcentrifuge Tube : DNA extracted from Blood of Arturo Rodriguez | N | N |
| L92-10367 | NOT EXAMINED | 12/7/2007 | Ziplock Bag : DNA Extracted from Blood of Candido Lebron | N | N |
| L92-10367 | NOT EXAMINED | 12/7/2007 | Ziplock Bag : DNA Extracted from Blood of Bienviendo Melo | N | N |
| L92-10367 | NOT EXAMINED | 12/7/2007 | Ziplock Bag : DNA Extracted from Blood of Leonardo German | N | N |
| L92-10367-1 | NOT EXAMINED | 5/28/2008 | Medium Manila Envelope : Buccal Swab - Obel Cruz-Garcia | N | N |

## SEROLOGY RESULTS

HP07-0014-02
Presumptive testing for semen was inconclusive on the vaginal swabs. Spermatozoa were identified on the vaginal swab (02.01).

HP07-0014-07
Presumptive testing for semen was positive on the cutting from the crotch of the red panties. Spermatozoa were identified on the cutting from the crotch of the red panties.

## RESULTS

DNA testing using the polymerase chain reaction (PCR) and the AmpFlSTR Identifiler™ Amplification Kit was performed on the indicated exhibit(s). The loci tested and the results obtained for each tested sample are listed in Table 1. This report supplements Orchid Cellmark's Laboratory Report HP07-0014-A dated December 31, 2007.

## CONCLUSIONS

HP07-0014-01.01.1
In the absence of an identical twin, the DNA profile obtained from the cigar is identified as originating from Obel Cruz-Garcia (14.01.1).

HP07-0014-02.01.2-EF
The partial DNA profile obtained from the epithelial fraction of the vaginal swab is consistent with Diana Garcia (06.01.1).

HP07-0014-02.01.2-SF
The DNA profile obtained from the sperm fraction of the vaginal swab is a mixture of multiple individuals including at least one unknown male. Arturo Rodriguez (04.01.2) and Obel Cruz-Garcia (14.01.1) cannot be excluded as possible donors to this mixture.

July 25, 2008



ORCHID
CELLMARK

HP07-0014-B

2 of 4

Accredited by the American Society of Crime Laboratory Directors  Laboratory Accreditation Board

07 ps
HP08-0014

: 002HS

HP07-0014-07.01.3-EF
The DNA profile obtained from the epithelial fraction of the cutting from the crotch of the red panties matches the profile obtained for Diana Garcia (06.01.1).

HP07-0014-07.01.3-SF
The DNA profile obtained from the sperm fraction of the cutting from the crotch of the red panties is a mixture of at least two individuals. In the absence of an identical twin, the major profile is identified as originating from Obel Cruz-Garcia (14.01.1). Diana Garcia (06.01.1) and Arturo Rodriguez (04.01.2) cannot be excluded as possible minor contributors.

Candido Lebron (08.01.1), Bienviendo Melo (10.01.1), and Leonardo German (11.01.1) are excluded as possible contributors to the samples tested.

A partial DNA profile was obtained from the DNA extract from Carmelo Martinez (13.01.1). Therefore, no conclusions could be reached regarding Carmelo Martinez as a possible contributor to the samples tested.

**STATISTICAL ANALYSIS**

Samples compared: 01.01.1: Cigar
07.01.3-SF: Sperm fraction of the cutting from the crotch of the red panties - major profile
14.01.1: Buccal Swab - Obel Cruz-Garcia

The estimated frequency of occurrence of this genetic profile at thirteen loci in five North American populations is:

| POPULATION DATABASE | FREQUENCY |
|---|---|
| Black | 1 in 1.050 quintillion unrelated individuals |
| Caucasian | 1 in 71.53 quadrillion unrelated individuals |
| Southwest Hispanic | 1 in 657.0 quadrillion unrelated individuals |
| Southeast Hispanic | 1 in 143.7 quadrillion unrelated individuals |
| General Asian | 1 in 95.79 quadrillion unrelated individuals |

The approximate frequencies at thirteen loci in five North American populations of the combinations of all possible types included in the mixture reported for the sperm fraction of the vaginal swab (02.01.2-SF) with respect to Obel Cruz-Garcia (14.01.1), making no assumptions regarding the number of DNA sources, are as follows:

July 25, 2008



ORCHID
CELLMARK

Accredited by the American Society of Crime Laboratory Directors - Laboratory Accreditation Board

HP07-0014-B
3 of 4



| POPULATION DATABASE | FREQUENCY |
|---|---|
| Black | 1 in 3.455 million unrelated individuals |
| Caucasian | 1 in 419.1 thousand unrelated individuals |
| Southwest Hispanic | 1 in 83.26 thousand unrelated individuals |
| Southeast Hispanic | 1 in 306.8 thousand unrelated individuals |
| General Asian | 1 in 888.9 thousand unrelated individuals |

The approximate frequencies at twelve loci in five North American populations of the combinations of all possible types included in the mixture reported for the sperm fraction of the vaginal swab (02.01.2-SF) with respect to Arturo Rodriguez (04.01.2), making no assumptions regarding the number of DNA sources, are as follows:

| POPULATION DATABASE | FREQUENCY |
|---|---|
| Black | 1 in 699.8 thousand unrelated individuals |
| Caucasian | 1 in 77.94 thousand unrelated individuals |
| Southwest Hispanic | 1 in 16.54 thousand unrelated individuals |
| Southeast Hispanic | 1 in 48.57 thousand unrelated individuals |
| General Asian | 1 in 157.4 thousand unrelated individuals |

## DISPOSITION

In the absence of specific instruction, evidence will be returned to the submitting agency by Federal Express or another appropriate carrier.

## TECHNICAL REVIEW

The results described in this report have been reviewed by the individuals below.

Reviewer: _____
Matthew M. Quartaro / Supervisor - Forensics

Reviewer: _____
Kelli Byrd / DNA Analyst III

Procedures used in the analysis of this case adhere to the standards adopted by the DNA Advisory Board. Orchid Cellmark is accredited by the American Society of Crime Laboratory Directors Laboratory Accreditation Board. This test is performed pursuant to licensing arrangements with Roche Molecular Systems, Inc. and Applied Biosystems. The results in this report relate only to the items tested.

July 25, 2008



ORCHID
CELLMARK

HP07-0014-B
4 of 4

Accredited by the American Society of Crime Laboratory Directors   Laboratory Accreditation Board

HP08-0014

: 00248

# Report of Laboratory Examination

7/25/2008

Supplemental - HP07-0014-B

ORCHID CELLMARK NO:  HP07-0014
AGENCY CASE NO:  L92-10367

Table 1

Identifiler

| Sample Name | D8S1179 | D21S11 | D7S820 | CSF1PO | D3S1358 | THO1 | D13S317 | D16S539 | D2S1338 | D19S433 | vWA | TPOX | D18S51 | AMEL | D5S818 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cigar HP07-0014-01.01.1 L92-10367 | 10, 16 | 30.2, 31 | 8, 11 | 11 | 16, 18 | 6, 8 | 11, 12 | 9, 11 | 17, 20 | 13, 14 | 16, 17 | 8 | 13, 18 | X, Y | 12 |
| Vaginal Swab HP07-0014-02.01.2-EF L92-10367 | 8, 13 | 32.2 | INC | NR | 15 | 7, 9 | 12, 13 | 10* | NR | 13, 14.2 | 15, 19 | 10, 12 | INC | X | 8, 11 |
| Vaginal Swab HP07-0014-02.01.2-SF L92-10367 | 8, 10, 13, 14, 16 | 30, 30.2, 31* | 8, 10, 11, 12 | 10, 11, 12 | 15, 16, 18 | 6, 7, 8, 9.3 | 8, 11, 12, 13 | 9, 10, 11, 14 | 17, 24* | 12, 13, 14, 14.2, 15.2 | 16, 17 | 8 | 12, 13, 14, 18 | X, Y | 8, 9, 11, 12, 21, 22 |
| Arturo Rodriguez HP07-0014-04.01.2 L92-10367 | 13, 14 | 30 | 10, 12 | 10, 12 | 15, 16 | 7, 9.3 | 8, 13 | 10, 14 | 17, 24 | 12, 15.2 | 16, 17 | 8 | 12, 14 | X, Y | 9, 12 |
| Diana Garcia HP07-0014-05.01.1 92-10367 | 8, 13 | INC | NR | NR | 15 | INC | NR | NR | NR | 13, 14.2 | INC | NR | NR | X | 8, 11 |
| Diana Garcia HP07-0014-06.01.1 92-10367 | 8, 13 | 32.2 | 9, 10 | 9, 11 | 15 | 7, 9 | 12, 13 | 10, 13 | 20, 24 | 13, 14.2 | 15, 19 | 10, 12 | 14, 15 | X | 8, 11 |
| Panties:Crotch - Red HP07-0014-07.01.3-EF 92-10367-3 | 8, 13 | 32.2 | 9, 10 | 9, 11 | 15 | 7, 9 | 12, 13 | 10, 13 | 20, 24 | 13, 14.2 | 15, 19 | 10, 12 | 14, 15 | X | 8, 11 |
| Panties:Crotch - Red ** HP07-0014-07.01.3-SF 92-10367-3 | 10, 13, 16 | 30.2, 31 | 8, 11 | 11 | 15, 16, 18 | 6, 7, 8 | 11, 12, 13 | 9, 11 | 17, 20 | 13, 14 | 16, 17* | 8 | 13, 18 | X, Y | 22 |

HP08-0014

# Report of Laboratory Examination

7/25/2008

Supplemental - HP07-0014-B

ORCHID CELLMARK NO: HP07-0014
AGENCY CASE NO: L92-10367

Table 1

Identifier (Continued)

| Sample Name | D8S1179 | D21S11 | D7S820 | CSF1PO | D3S1358 | TH01 | D13S317 | D16S539 | D2S1338 | D19S433 | vWA | TPOX | D18S51 | AMEL | D5S818 | FGA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Candido Lebron ^ HP07-0014-08.01.1 92-10367 | 13 | NR | INC | INC | 16 | 7, 9 | INC | INC | INC | 13, 14 | 16 | INC | INC | X, Y | 11, 12 | 21 |
| Bienviendo Melo HP07-0014-10.01.1 92-10367 | 9, 14 | 28, 29 | 9, 10 | INC | 15, 17 | 7, 8 | 12, 13 | 9 | 20, 22 | 13, 13.2 | 14, 17 | 8, 11 | 14, 16 | X, Y | 12 | 24, 28 |
| Leonardo German HP07-0014-11.01.1 92-10367 | 13 | 28, 31.2 | 10, 12 | 8, 11 | 16, 18 | 6, 9 | 11, 12 | 9, 11 | 17, 22 | 13, 15 | 15, 16 | 8, 9 | 16, 18 | X, Y | 10, 12 | 23, 24 |
| Carmelo Martinez IP07-0014-13.01.1 92-10367 | 12, 15 | INC | INC | INC | 17 | INC | NR | INC | NR | 14, 14.2 | INC | INC | INC | X, Y | INC | INC |
| Ibel Cruz-Garcia IP07-0014-14.01.1 92-10367-1 | 10, 16 | 30.2, 31 | 8, 11 | 11 | 16, 18 | 6, 8 | 11, 12 | 9, 11 | 17, 20 | 13, 14 | 16, 17 | 8 | 13, 18 | X, Y | 12 | 22 |

F = Epithelial Fraction
F = Sperm Fraction
= Female
= Male
= Possible additional alleles below threshold
C = Inconclusive
* = These results represent the optimum data obtained for this sample. Other data is included in the case file.
^ = This sample contains possible alleles below threshold that may originate from an additional contributor(s).
-R = No Result

Results listed in the table do not depict intensity differences.

000250



## HARRIS COUNTY, TEXAS
### Online Public Records

**District & County Criminal Records**

| Home | Help | FAQs | Manuals | Name Search | SPN Search | DL Search | Case# Search |

## Court Setting Dates (QSET)

| | | |
|---|---|---|
| **Name:** | CRUZ-GARCIA, OBEL | |
| **Case Number:** | 118191001010 | |
| **Court:** | 337 | |
| **Offense:** | () | |

| DATE SET | TIME | COURT | DNC | REASON | RESULTS | FUTURE DATE | COMMENTS | ATY |
|---|---|---|---|---|---|---|---|---|
| 01/18/11 | 09:00 | 337 | TD | JURY TRIAL | | | | |
| 12/16/10 | 09:00 | 262 | MD | PRE TRIAL MT | RESEARCHED | | | Y |
| 12/09/10 | 09:00 | 262 | MD | PRE TRIAL MT | RSET DEF REQ | 12/17/10 | CARRY | Y |
| 12/07/10 | 09:00 | 262 | MD | PRE TRIAL MT | RSET DEF REQ | 12/09/10 | | Y |
| 11/09/10 | 09:00 | 262 | MD | PRE TRIAL MT | RSET DEF REQ | 12/07/10 | DNA | Y |
| 10/05/10 | 09:00 | 262 | MD | DISPOSITION | RSET DEF REQ | 11/09/10 | APPROACH | Y |
| 09/24/10 | 09:00 | 262 | MD | DISPOSITION | RSET DEF REQ | 10/05/10 | DNA | Y |
| 08/05/10 | 09:00 | 262 | MD | DISPOSITION | RSET DEF REQ | 09/24/10 | DNA | Y |
| 06/30/10 | 09:00 | 262 | MD | DISPOSITION | RSET DEF REQ | 08/05/10 | DNA | Y |
| 05/26/10 | 09:00 | 262 | MD | DISPOSITION | RSET DEF REQ | 06/30/10 | DNA | Y |
| 04/23/10 | 09:00 | 262 | MD | DISPOSITION | RSET DEF REQ | 05/26/10 | | Y |
| 03/26/10 | 09:00 | 262 | MD | DISPOSITION | RSET DEF REQ | 04/23/10 | | Y |
| 03/03/10 | 09:00 | 262 | MD | ARRAIGNMENT | RSET DEF REQ | 03/26/10 | OFDKT.DFATY | Y |
| 02/16/10 | 09:00 | 262 | MD | DISPOSITION | RSET DEF REQ | 03/19/10 | TBC/CKATY | Y |
| 09/08/08 | 09:00 | 262 | AC | ASSN CRT AP | P-C FND-NO A | | | N |

[ Persons Connected (QCOC) ]   [ Case Transactions (QDOC) ]

[ Case Summary (QCAS) ]

### Subscriber Access Coordinator
01/08/2011 13:22 PM



DEFENDANT'S EXHIBIT E

P2



**CASE NO. 1207042**
INCIDENT NO./TRN: 9163937492A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 182ND DISTRICT |
| V. | § | COURT |
| | § | |
| WALLACE, DEETRICE HENDERSON | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX08339388 | § | |

DEFENDANT'S EXHIBIT E

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. JEANNINE BARR | Date Judgment Entered: | 10/9/2009 |
|---|---|---|---|
| Attorney for State: | T. BUESS | Attorney for Defendant: | G. SECREST |

Offense for which Defendant Convicted:
**TAMPERING GOVERNMENTAL RECORD**

| Charging Instrument: | | Statute for Offense: | |
|---|---|---|---|
| **INDICTMENT** | | **N/A** | |

Date of Offense:
8/31/2008   10/31/2007 ge.

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **STATE JAIL FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**WITH NO AGREED RECOMMENDATION OF GUILT/PRE-SENTENCE INVESTIGATION**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 10/9/2009 | Date Sentence to Commence: | 10/9/2009 |
|---|---|---|---|

| Punishment and Place of Confinement: | 1 YEAR STATE JAIL DIVISION, TDCJ |
|---|---|

**THIS SENTENCE SHALL RUN CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ 240 | $ N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| Time Credited: | From | 10/9/2009 | to | 10/9/2009 | From | | to | |
|---|---|---|---|---|---|---|---|---|
| | From | | to | | From | | to | |
| | From | | to | | From | | to | |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS   NOTES: TOWARD INCARCERATION, FINE, AND COSTS**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.
**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1207042.docm                                    Page 1 of 3

entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, State Jail Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS that upon release from confinement, Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to commence. Defendant shall be confined in the Harris County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Harris County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

**Signed and entered on October 09, 2009**

X _____
**JEANNINE BARR**
**JUDGE PRESIDING**

Notice of Appeal Filed: _____

Mandate Received: _____ Type of Mandate: _____

After Mandate Received, Sentence to Begin Date is: _____

Jail Credit: _____

Def. Received on _10-09-09_ at _12:35_ AM / **PM**

By: _L.D. Cole #1186_ , Deputy Sheriff of Harris County

**Right Thumbprint**

Clerk: J GONZALEZ

FIN (CAS 20.10): _____ EN/KR04: _999_ LCBT: _0_ LCBU: _0_ EN/KR18: _999_

Unofficial Copy Office of Mike Daniel District Clerk

: 00253

*p2*

**CASE NO. 1207041**
**INCIDENT NO./TRN: 9163937506A001**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 182ND DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| WALLACE, DEETRICE HENDERSON | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX08339388 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. JEANNINE BARR | Date Judgment Entered: | 10/9/2009 |
|---|---|---|---|
| Attorney for State: | T. BUESS | Attorney for Defendant: | G. SECREST |

**Offense for which Defendant Convicted:**
**TAMPERING GOVERNMENTAL RECORD**

| Charging Instrument: | | Statute for Offense: | |
|---|---|---|---|
| **INDICTMENT** | | **N/A** | |

**Date of Offense:**
~~10/31/2007~~  *8/31/2008 Q*

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **STATE JAIL FELONY** | **GUILTY** | **N/A** |

**Terms of Plea Bargain:**
**WITH NO AGREED RECOMMENDATION OF GUILT/PRE-SENTENCE INVESTIGATION**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 10/9/2009 | Date Sentence to Commence: | 10/9/2009 |
|---|---|---|---|

| Punishment and Place of Confinement: | **1 YEAR STATE JAIL DIVISION, TDCJ** |
|---|---|

**THIS SENTENCE SHALL RUN CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ 290 | $ N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements** do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| Time Credited: | From | 10/9/2009 | to | 10/9/2009 | From | | to | |
|---|---|---|---|---|---|---|---|---|
| | From | | to | | From | | to | |
| | From | | to | | From | | to | |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS   NOTES: TOWARD INCARCERATION, FINE, AND COSTS**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and

: 00254



entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

<u>Punishment Options  (select one)</u>

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, State Jail Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to commence. Defendant shall be confined in the Harris County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Harris County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

<u>Execution / Suspension of Sentence  (select one)</u>

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

<u>Furthermore, the following special findings or orders apply:</u>

APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

---

**Signed and entered on October 09, 2009**

X _____
JEANNINE BARR
JUDGE PRESIDING

Notice of Appeal Filed: _____

Mandate Received: _____ Type of Mandate: _____

After Mandate Received, Sentence to Begin Date is: _____

Jail Credit: _____

Def. Received on 10 - 09 - 09 at 12:35 AM / PM

By: _____ # 1116, Deputy Sheriff of Harris County

Clerk: J GONZALEZ

FIN (CAS 20.10): _____ EN/KR04: 999 LCBT: ___ LCBU: ___ EN/KR18: 999

**Right Thumbprint**

: 00255




**CASE NO. 1189239**
**INCIDENT NO./TRN: 9163480204A001**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 182ND DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| WALLACE, DEETRICE HENDERSON | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX08339388 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. JEANNINE BARR | Date Judgment Entered: | 10/9/2009 |
| Attorney for State: | T. BUESS | Attorney for Defendant: | G. SECREST |

Offense for which Defendant Convicted:
**TAMPERING WITH GOVERNMENTAL RECORD**

| Charging Instrument: | | Statute for Offense: | |
|---|---|---|---|
| INDICTMENT | | N/A | |

Date of Offense:
**11/30/2007**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| STATE JAIL FELONY | GUILTY | N/A |

Terms of Plea Bargain:
**WITH NO AGREED RECOMMENDATION OF GUILT/PRE-SENTENCE INVESTIGATION**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Date Sentence Imposed: | 10/9/2009 | Date Sentence to Commence: | 10/9/2009 |
|---|---|---|---|

Punishment and Place of Confinement:
**1 YEAR STATE JAIL DIVISION, TDCJ**

**THIS SENTENCE SHALL RUN CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ 290 | $ N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | | | | | | |
|---|---|---|---|---|---|---|
| Time Credited: | From | 10/27/2008 | to | 10/27/2008 | From | to |
| | From | 10/9/2009 | to | 10/9/2009 | From | to |
| | From | | to | | From | to |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS   NOTES: TOWARD INCARCERATION, FINE, AND COSTS**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and

entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, State Jail Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to commence. Defendant shall be confined in the Harris County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Harris County District Clerk's office. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Harris County District Clerk. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

**Signed and entered on October 09, 2009**

X _____
**JEANNINE BARR**
JUDGE PRESIDING

Notice of Appeal Filed: _____

Mandate Received: _____  Type of Mandate: _____

After Mandate Received, Sentence to Begin Date is: _____

Jail Credit: _____

Def. Received on _10 - 09 - 09_ at _12:35_ AM (PM)

By: _____ #1186 _____, Deputy Sheriff of Harris County

**Right Thumbprint**

Clerk: J GONZALEZ

FIN (CAS 20.10): ___  EN/KR04: _999_  LCBT: ___  LCBU: ___  EN/KR18: _999_

Unofficial Copy Office of Charles Daniel...



DEFENDANT'S
EXHIBIT
6

P4

THE STATE OF TEXAS
VS.

**DEETRICE HENDERSON WALLACE**
3906 Cheryl Lynne
Houston, TX 77045

NCIC CODE: 4802 32                    RELATED CASES:

FELONY CHARGE: **TAMPERING W/GOVERNMENTAL RECORD**
CAUSE NO: *1189239*
HARRIS COUNTY DISTRICT COURT NO: 182
FIRST SETTING DATE:

SPN: 01653430
DOB: 02/22/63
DATE PREPARED: 10/27/08

D.A. LOG NUMBER: 1449807
CJIS TRACKING NO.:

BY: Ramirez  DA NO: 16502100
AGENCY: DPS
O/R NO.: RA-2008-00414
ARREST DATE: TO BE

BAIL: $2,000
PRIOR CAUSE NO:

FILED
Theresa Chang
District Clerk
OCT 27 2008
Time: _____ Harris County, Texas
By _____ Deputy

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **DEETRICE HENDERSON WALLACE** hereafter styled the Defendant, heretofore on or about NOVEMBER 30, 2007, did then and there unlawfully, intentionally and knowingly make, use, and present a governmental record, namely, a **BREATH TEST INSPECTION RECORD** received by and kept by the Texas Department of Public Safety, attached hereto as Exhibit A, with knowledge of its falsity, and the actions of the Defendant were done with the intent to defraud and harm another.

It is further presented that in Harris County, Texas, **DEETRICE HENDERSON WALLACE**, hereafter styled the Defendant, heretofore, on or about NOVEMBER 30, 2007,  did then and there unlawfully, knowingly make a false entry in and alteration of a governmental record, namely, a **BREATH TEST INSPECTION RECORD** received by and kept by the Texas Department of Public Safety, attached hereto as Exhibit A, with knowledge of its falsity, and the actions of the Defendant were done with the intent to defraud and harm another.

**PROBABLE CAUSE**
Your affiant is a peace officer employed by the Texas Department of Public Safety (DPS) as a Texas Ranger. On Thursday, October 16, 2008, Affiant met with Mack Cowan, Scientific Director of the DPS - Alcohol Testing Program. Cowan explained that he is responsible for the oversight of the Program including the certification of Technical Supervisors, peace officers, and instrumentation (Intoxilyzers) and that he believed one of the Technical Supervisors had falsified breath test records. Cowan explained that Technical Supervisors are the field agents for the Scientific Director, responsible for providing the technical, administrative, and supervisory expertise to maintain the integrity of the Breath Alcohol Testing Program and to assure the Program's acceptability for evidentiary purposes. According to Cowan, as a matter of policy and on a monthly basis, Technical Supervisors are required to download test records and inspection records that are conducted on the instruments (Intoxilyzers) in their respective areas of assignment. The download is a transfer of computer data that can take place in person or via a phone line attached to the instrument. Technical supervisors are also required to upload digital copies of the alcohol breath test record data from their computers to the DPS server. An inspection must also be conducted on each instrument on at least one occasion per calendar month. The inspection requires a change of the reference sample solution and various diagnostic checks. In addition, Cowan stated that it is also required that Technical Supervisors submit an official document entitled "TS Activity Report" to insure that the proper inspections of equipment are being conducted. Cowan presented to your Affiant a written DPS policy dated August 30, 2005 which documents the required job tasks of a Technical Supervisor. According to the document these required tasks include on-site maintenance inspections of instruments, reference sample solution changes, instrument data transfers, and submission of monthly activity reports.

Cowan relayed information to your Affiant that over the past two weeks an internal audit was made of data and reports that were originally submitted by a Technical Supervisor named Deetrice Wallace of Houston, Texas, who Cowan knows by name and sight as the Defendant. Cowan stated that the Defendant is responsible for Intoxilyzers located at the police departments of South Houston, Seabrook, Friendswood, Pearland, Clute, League City, Webster, and Galveston. According to Cowan, the Defendant is not an employee of DPS, but is a contractor who holds a DPS certification as a Technical Supervisor. Cowan stated that the Defendant has private contracts with the aforementioned agencies to carry out the duties of a Technical Supervisor at each location. Affiant has confirmed with several of the law enforcement agencies that they pay the Defendant for her services as a Technical Supervisor.

: 00258

Your affiant spoke to Ray McMains, a Technical Supervisor employed by DPS, who stated that one of his duties is to administer the Big Black Mamba database, which contains all alcohol breath tests done throughout the state. McMains stated that in October, 2008 he was reviewing electronic alcohol breath test results uploaded by technical supervisors throughout the state. McMains noticed that six of the records were identified by the same test record number, when each separate test record should have had its own unique test record number. McMains stated he noticed that each of the identical test record numbers came from instruments that the Defendant was responsible for maintaining. McMains noticed that only the Defendant's test records exhibited these irregularities.

To ensure that the irregularities were not the fault of the instruments themselves, McMains, stated, he had his DPS server electronically request that the Defendant's computer send the disaster recovery or backup files for October through December 2007 to the DPS server when the Defendant did her next regular upload from her computer. McMains explained that this "request" would not have been apparent to the Defendant.

McMains stated that he reviewed this set of disaster recovery files and found that there was no inspection done on the South Houston Intoxilyzer in November of 2007. McMains then looked at the Defendant's uploaded (to the DPS server) activity report for the same period and saw that it reflected that the South Houston Intoxilyzer was inspected November 30, 2007. McMains also noticed that the Defendant's activity report stated that this information regarding the November 30, 2007 inspection was downloaded from the Intoxilyzer to the Defendant's computer on November 29, 2007, before it was purported to have been inspected. McMains stated that this constituted an impossibility, as it is not possible to download data from an Intoxilyzer regarding an inspection before the inspection is actually complete.

McMains further stated that he reviewed an electronic copy of a test record identified as DX01392 that purported to have been done on November 30, 2007. However, McMains noticed that the same record purported to have been downloaded from the Intoxilyzer to the Defendant's computer on November 29, 2007 at 7:59:38 p. m. Again, McMains stated that this is an impossibility.

McMains further stated that it appeared to him that the Defendant had taken information from a test record done on the Friendswood instrument and manually changed several entries in it to make it look like a test record from the South Houston instrument. McMains further stated that the effect of this manual change would be to make it appear that the South Houston instrument had been properly inspected when it fact the inspection hadn't occurred.

On October 23, 2008, affiant met with the Defendant who admitted that she falsifying breath test inspection records. She stated that in November of 2007, she manually entered into her computer, and later uploaded to the DPS server, a breath test record for the inspection of the Intoxilyzer located at the South Houston Police Department when in fact she had not completed an inspection. She further admitted to falsifying the November 2007 breath test inspection record for the Intoxilyzer located at the Clute Police Department in the same manner. She told affiant that most of her computer uploads to the DPS server occurred at her residence, which affiant knows to be at 3906 Cheryl Lynne. Affiant knows that both her residence and the South Houston Police Department building are located within Harris County, Texas.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on _October 27, 2008_

AFFIANT

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS.

COMPLAINT

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

: 00259

# Second Report of the Independent Investigator for the Houston Police Department Crime Laboratory and Property Room

**Michael R. Bromwich**
**Independent Investigator**

Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue, N.W., Suite 900
Washington, D.C. 20004
202.639.7000
*http://www.hpdlabinvestigation.org*

May 31, 2005


DEFENDANT'S
EXHIBIT
H
PENGAD-Bayonne, N. J.

: 00260

Division to audit the DNA/Serology Section's procedures for receiving evidence requiring DNA analysis and for assigning, tracking, and managing DNA cases, and at approximately the same time an IAD investigation was launched as a result of the incident.

As a result of the mismanagement of the Lynn Jones case, on August 28, 1996, Donald Krueger, the head of the Crime Lab at that time, removed Dr. Sharma as the Criminalist III in the DNA/Serology Section. Mr. Krueger placed Dr. Sharma in a newly created Quality Assurance/Quality Control ("QA/QC") position that reported directly to him. Because Dr. Sharma retained the only Criminalist III title allocated to the DNA/Serology Section despite removal as the Section's line supervisor, no one replaced Dr. Sharma as the Criminalist III supervisor for the DNA/Serology Section. Although the vacancy appeared on the Crime Lab's organization chart, no supervisor position was available for the DNA/Serology Section because, in terms of personnel and salary allocation, Dr. Sharma retained the spot even though he was no longer supervising DNA analysts. The Criminalist III vacancy remained a gaping hole in the supervisory structure of the DNA/Serology Section for six years, through December 2002, when the Crime Lab stopped performing DNA analysis.

On September 14, 1999, a group of six Criminalist I and II bench analysts in the DNA/Serology Section sent a memorandum to HPD Chief C.O. Bradford entitled "Restoration Criminalist III Position to Serology/DNA Section." This memorandum described the period between 1993 and 1996, when Dr. Sharma was the line supervisor of the DNA/Serology Section, as a "total disaster" due to Dr. Sharma's "mismanagement" of the Section. The memorandum stated that "it is critical" that the DNA/Serology supervisor position, which had remained vacant since Dr. Sharma's removal from the position three years earlier, "be restored and occupied by one of the most qualified Criminalists in the section."

On October 20, 1999, a group of line analysts from the DNA/Serology Section met with Chief Bradford to discuss their request that the position of Criminalist III in the Section be restored as well as other issues related to equipment and training for the Section. Accounts from numerous people who were present at the meeting have described an extremely positive initial response from Chief Bradford. Indeed, the criminalists were euphoric after the meeting. They immediately convened a meeting with other personnel in the Crime Lab to report the reception from Chief Bradford, which they believed boded well for positive action on their requests.

# Third Report of the
# Independent Investigator
# for the
# Houston Police Department
# Crime Laboratory and Property Room

**Michael R. Bromwich**
**Independent Investigator**

Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue, N.W., Suite 900
Washington, D.C. 20004
202.639.7000
*http://www.hpdlabinvestigation.org*

June 30, 2005



DEFENDANT'S
EXHIBIT

analysis on-line, HPD had been outsourcing cases requiring DNA analysis to a laboratory at the Baylor College of Medicine.

### 4.   Operations of the DNA/Serology Section (1991-2002)

#### a.   Dr. Sharma's Difficulty with RFLP Analysis

Although Mr. Bolding had attended the FBI training in RFLP analysis in 1989 and an FBI course in Advanced Aspects of Forensic DNA Analysis in 1992, he did not perform any analyses of the post-training samples required by the FBI to receive full course credit and, in fact, never performed casework analysis personally. Rather, Dr. Sharma supervised the casework performed by more junior analysts in the DNA/Serology Section. Dr. Sharma experienced profound difficulty generating conclusive results through RFLP analysis because, while he was able to extract DNA, his manual RFLP technique tended to generate weak or diffuse bands that made determinations difficult if not impossible. Mr. Bolding told us that, in some cases when Dr. Sharma failed to obtain results through RFLP analysis, he would request a different DNA analyst to perform PCR testing on the sample, which is more sensitive and requires a smaller sample than RFLP testing.[18]

#### b.   Early Problems in the DNA/Serology Section

In mid-1993, Mr. Bolding was promoted to the Criminalist IV position overseeing the Trace and DNA/Serology Sections as well as the Crime Lab's Central Evidence Receiving ("CER") unit. Mr. Bolding acknowledges that, despite Dr. Sharma's seeming weakness as a bench DNA analyst, he supported the decision in 1993 to promote Dr. Sharma to the DNA/Serology Section Criminalist III line supervisor position that he had just vacated. At the time, Mr. Bolding believed Dr. Sharma was competent and that, as the only Ph.D. in the Crime Lab, he was appropriately credentialed for the supervisor position.

The new DNA/Serology Section began experiencing funding, workload, and morale problems within a very short time after DNA analysis began within the Crime Lab.

In a May 12, 1994 memorandum to a lieutenant in the Sex Crimes Unit, Mr. Bolding responded to the lieutenant's request for information regarding the needs of the DNA/Serology Section. In the memorandum, Mr. Bolding stated

---

[18]   Dr. Sharma was never trained in PCR analysis.

Dr. Sharma also made a serious error in a serology case in May 1995. While Dr. Sharma was training a new serology analyst, Mr. Bolding asked Dr. Sharma to determine whether semen was present in a dried fluid stain. Rather than test for the presence of semen using a P-30 or acid phosphatase test, Dr. Sharma simply viewed the sample under a stereo microscope and reported it negative for semen.[19] Later, while attempting to remove fibers from the sample for analysis, a trace evidence examiner discovered that no chemical analysis for semen had been performed. Upon learning of the error, Mr. Bolding directed that a chemical test be performed on the sample, and this test indicated the presence of semen.[20] Dr. Sharma received no significant discipline as a result of this error.[21]

Following the discovery of his error, Dr. Sharma resisted Mr. Bolding's attempts to supervise him and the members of the DNA/Serology Section directly. In mid-1995, Mr. Bolding lowered Dr. Sharma's overall evaluation rating, which led to a prolonged grievance process that extended into early 1996.

On February 22, 1996, Mr. Bolding lodged a formal complaint with the IAD against Dr. Sharma alleging "official repression" and citing numerous incidents of alleged misconduct on the part of Dr. Sharma, some dating as far back as late 1994 and 1995.[22] In June 1996, Dr. Sharma filed a broad set of allegations against Mr. Bolding with IAD, none of which were sustained. The investigator commented that "[t]his IAD investigation is another episode of the on going [sic] problems between Mr. Sharma and Mr. Bolding" and that "Mr. Sharma continues to demonstrate that he is a disgruntled and contentious employee."

---

[19]   P-30 is a protein present in seminal fluid. Acid phosphatase is an enzyme that is secreted by the prostate gland into seminal fluid.

[20]   By the time Dr. Sharma's error was discovered, the Assistant District Attorney involved in the case already had agreed to a lesser-charge plea bargain based on Dr. Sharma's original assessment that no sperm was present in the sample.

[21]   Mr. Bolding included this incident in the February 22, 1996 IAD complaint he filed against Dr. Sharma. The IAD investigator found that the incident already had been resolved through an informal procedure known as PPI (an acronym for "policy, procedures and issues") and considered the matter closed.

[22]   After an IAD investigation of Mr. Bolding's charges against Dr. Sharma, the allegations were determined to be "not sustained."

Toxicology. The Toxicology Section appears to have administered proficiency tests to toxicology analysts, except for a period between 1995 and 1999 when it appears no toxicology proficiency testing was done.[64] We also reviewed proficiency examinations performed in the late 1980s and early 1990s in the areas of serology and DNA analysis. We found numerous errors in the typing results in the serology proficiency tests. The analyst or analysts involved with these tests are not identified. With respect to RFLP tests, all three of the proficiency tests we reviewed that were performed by Dr. Sharma had errors, one of which appears to have been clerical. In the few PCR DNA analysis proficiency tests we reviewed, we found only one error, which was in connection with a DQ-alpha analysis performed in 1993. We were unable to determine at the time whether this was a post-training competency test of a new analyst, or a proficiency test of an experienced one.

Results of proficiency tests are perhaps the best gauge of the quality of a laboratory's casework. In the areas of DNA and serology, the results from dozens of participating crime laboratories constitute the yardstick by which a lab's results can be objectively measured. Our review of proficiency testing records in all disciplines for which they are available will continue in Phase II.

# Themes of the Investigation

As reflected by the above narrative, we have made enormous progress during the first 90 days of the investigation in developing information about the history, operations, and management of the Crime Lab. Although we have made considerable progress, much important work remains to be done. The investigation is continuing, however. The case reviews to be performed during Phase II of the investigation will be our primary means for evaluating the quality of the scientific work performed by analysts in the Crime Lab as well as the Lab's level of adherence to its own SOPs and with generally accepted forensic science practices and analytical procedures. Throughout Phase II, we will issue quarterly reports describing our continuing work and the additional information we have developed about HPD, the Crime Lab, and the Property Room. At the end of this investigation, we will release a final report containing our ultimate findings and conclusions.

---

[64] Ms. Louie, the Criminalist IV supervisor over the Toxicology Section at the time, acknowledged that proficiency testing in the Toxicology Section lapsed for a period of several years, although her un-refreshed recollection was not clear as to when.

# Resume

### Elizabeth A. Johnson, Ph.D.
### 1534 N. Moorpark Road, No. 364
### Thousand Oaks, CA 91360
*telephone 805-553-0445*
*facsimile 805-553-0487*
*circej@earthlink.net*

## EDUCATION

<u>College</u>     BS Chemistry, cum laude
Department of Chemistry
Wofford College, Spartanburg, SC
1978-1982

<u>Graduate</u>     Ph.D. -- conferred July, 1987
Department of Microbiology and Immunology
Medical University of South Carolina, Charleston, SC
August 1982 - July 1987

<u>Dissertation</u>     *Production and characterization of a monoclonal antibody to an antigen present on subsets of natural killer cells and human tumor cells.*

## POSITIONS HELD

<u>Private Forensic Consultation</u> May, 2003 - present

<u>Senior Forensic Scientist</u>     Technical Associates, Inc.
4125 Market Street, Suite #3
Ventura, CA 93003
February 1997 – May, 2003

<u>Director</u>     DNA Laboratory
Joseph A. Jachimczyk Forensic Center
1885 Old Spanish Trail
Houston, TX 77054
September 1993 - December 1996

<u>Supervisor</u>     DNA Laboratory / Serology Section
Joseph A. Jachimczyk Forensic Center
1885 Old Spanish Trail
Houston, TX 77054
April 1993 - September 1993

<u>Assistant Toxicologist</u>     DNA Laboratory
Joseph A. Jachimczyk Forensic Center
1885 Old Spanish Trail
Houston, TX 77054
November 1991 - April 1993

<u>Post-doctoral Fellow</u>     Department of Molecular Hematology
Advisor: Albert Deisseroth, M.D., Ph.D.
Chairman, Department of Hematology
M.D. Anderson Cancer Research Hospital
Houston, TX 77030
October 1988 - November 1991



DEFENDANT'S EXHIBIT J — PENGAD-Bayonne, N.J.

: 00266

Department of Microbiology and Immunology
Advisor: Alfred Tsang, Ph.D.
Medical University of South Carolina
Charleston, SC
September 1987 - September 1988

## CONTINUING EDUCATION - FORENSICS

### CLASSES and WORKSHOPS

Validation Workshop, International Symposium on Human Identification, October, 2007.

Y-STR Analysis on Forensic Casework, American Academy of Forensic Sciences, February 2004.

Expert Witness Workshop, Southwestern Working Group on DNA Analysis Methods (SWGDAM), January, 2000.

Mitochondrial DNA Workshop, International Symposium on Human Identification, September, 1999.

FBI/SWGDAM STR Workshop, Austin, TX, 1998.

Statistics Workshop, International Symposium on Human Identification, September, 1996, 2002.

STR Workshop, The Promega Corporation, May, 1995.

Roche Amplitype Workshop, Roche Molecular Systems, December, 1992.

Armed Forces Institute of Pathology DNA Identification Laboratory, visiting scientist to learn methods of mitochondrial DNA sequencing on aged remains, October, 1992.

Advanced Aspects of Forensic DNA Analysis (courtroom testimony), FBI Academy, June, 1992.

### CONFERENCES

International Symposium on Human Identification 1992, 1993, 1994, 1995, 1996, 1997, 1999, 2001, 2002, 2003, 2004, 2007.

American Academy of Forensic Sciences 1992, 1993, 1994, 1995, 2001, 2010.

The Future of DNA Technology, Washington, DC, 1996.

CODIS Software Symposium, Quantico, VA, 1995.

Advances in DNA Technology, Bethesda, MD, 1992.

## OTHER INFORMATION

### CERTIFICATIONS

Certification of Qualification as Laboratory Director in Forensic Identity by the State of New York Department of Heath, issued August 12, 2002.

## APPOINTMENTS

California Senate Rules Committee Crime Laboratory Review Task Force, appointed October, 2007.

## PROFESSIONAL SOCIETIES

Member of American Academy of Forensic Sciences

Association of Forensic DNA Analysts and Administrators (AFDAA)
(formerly Southwest Working Group on DNA Analysis Methods)

## INVITED LECTURES

Las Vegas Federal Public Defender's DNA training, December, 2010.

Texas Criminal Defense Lawyers Association, October, 2010.

CACJ/CPDA Training Seminar, May, 2010.

Rusty Duncan Law Seminar, June, 2009.

CPDA DNA Evidence Seminar, January, 2009.

Texas Criminal Defense Lawyers Association, October, 2008.

Texas State Bar Association, July, 2008.

CACJ/CPDA Capital Case Defense Seminar, February, 2008.

Maryland Pulbic Defender's DNA training College, 2007, 2008, 2009, 2010.

California Habeas Corpus Resource Center Spring Conference, June, 2007.

Washington State Bar Association, May, 2007.

CACJ/CPDA Capital Case Defense Seminar, February, 2007.

Texas Criminal Defense Lawyers Association, September, 2006.

Rusty Duncan Law Seminar, June, 2006.

Osgoode Professional Development Center Symposium on Forensic DNA Evidence, Toronto, Canada, April, 2006.

Third Annual Forensic Science Conference DNA Cross-Examination College, Washington, D.C., September, 2005.

Texas Criminal Defense Lawyers Association, September, 2005.

Forensic Bioinformatics 4th Annual Conference, August, 2005.

CACJ/CPDA Capital Case Defense Seminar, February, 2005.

Texas Criminal Defense Lawyers Association, August, 2004.

California Habeas Corpus Resource Center Spring Conference, May, 2004.

CACJ/CPDA Capital Case Defense Seminar, February, 2004.

Washington State Bar Association, September, 2003.

Texas Criminal Defense Lawyers Association, August, 2003.

Utah Criminal Defense Lawyers Association, April, 2003.

The Innocence Project, March, 2003.

Second Annual Texas Capital Defense Conference, October, 2002.

Guest lecturer, University of Texas Law School, Advanced Criminal Defense class, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2004, 2006.

California Public Defenders Association (CPDA), January, 2001.

Texas Criminal Defense Lawyers Association, October, 1997.

Arizona Public Defenders' Seminar, April, 1997.

The Amersham Corporation, April, 1996.

College of the Mainland, April, 1995.

Southwest Association of Toxicologists, May, 1993.


## BIBLIOGRAPHY

### PUBLICATIONS

1.  Taylor, M.S., A. Challed-Spong, and E.A. Johnson. Co-amplification of the HLA DQ$\alpha$ and amelogenin genes: optimization and validation. *J. Forensic Sciences*, 42 (1), 1997.

2.  Johnson, E., W. Henzel, and A. Deisseroth. An isoform of protein disulfide isomerase isolated from chronic myelogenous leukemia cells alters complex formation between nuclear proteins and regulatory regions of interferon-inducible genes. *J. Biol. Chem.*, 267:14412-14417, 1992.

3.  Seong, D., S. Sims, E. Johnson, J. Lyding, A. Lopez, M. Garovoy, M. Talpaz, H. Kantarjian, G. Lopez-Berestein, C. Reading, and A. Deisseroth. Activation of class I HLA expression by TNF-alpha and gamma-interferon is mediated through protein kinase C - dependent pathway in CML cell lines. *British Journal of Haematology*, 78:359-367, 1991.

4.  Deisseroth, A., O.M.Z. Howard, A. Wedrychowski, D. Seong, N. Paslidis, M. Romine, S. Sims, C.V. Herst, T. Yuan, K. Wu, T. Lopez and E. Johnson. Summary and Future Directions, in *Chronic Myelogenous Leukemia: Molecular Approaches to Research and Therapy*; A. Deisseroth and R. Arlinghaus, eds., 1991, pp.469-475.

5.  Wedrychowski, A., D. Seong, N. Paslidis, E. Johnson, O.M.Z. Howard, S. Sims, M. Talpaz, H. Kantarjian, J. Hester, J. Turpin, G. Lopez-Berestein, J. Gutterman, E.J. Freireich and A. Deisseroth. Characterization of nuclear proteins which bind to interferon-inducible transcriptional enhancers in hematopoietic cells. *J. Biol. Chem.*, 265:21433-21440, 1990.

6.  Deisseroth, A., C.V. Herst, A. Wedrychowski, S. Sims, D. Seong, E. Johnson, T. Yuan, M. Romine, N. Paslidis, P. Gao, L. Huston, D. Claxton, S. Kornblau, H, Kantarjian, M. Talpaz and C. Reading. Future directions in molecular and genetic therapy of leukemias and solid tumors. *M.D. Anderson Cancer Bulletin*, 1990.

7.  Seong, D.C., S. Sims, E. Johnson, O.M.Z. Howard, J. Hester, M. Talpaz, H. Kantarjian and A. Deisseroth. A phosphatase activity present in peripheral blood myeloid cells of CML patients but

: 00269

not normal individuals ▪▪▪ers nuclear protein binding to transcri▪▪▪nal enhancers of interferon-inducible genes. *J. Clin. Invest.*, 86:1664-1670, 1990.

8.  Warren, R.Q., E.A. Johnson, R.P. Donnelly, M.F. LaVia and K.Y. Tsang.  Specificity of anti-lymphocyte antibodies in sera from patients with AIDS-related complex (ARC) and healthy homosexuals. *Clin. and Exp. Immunol.*, 73:68-73, 1988.

9.  Tsang, K.Y., E.A. Johnson and M.F. LaVia.  Anti-p24 antibody reactivity in Acquired Immunodeficiency Syndrome (AIDS) related complex patients treated with Isoprinosine. *Annals of Internal Medicine*, 107:595, 1988.

10. Johnson, E., L. Miribel, P. Arnaud and K.Y. Tsang.  Purification of IgM monoclonal antibody from murine ascitic fluid by a two step column chromatography procedure. *Immunol. Lett.*, 14:159-165, 1987.


## ABSTRACTS

1.  Ballard, K.D., R.S. Orkiszewski, P.R. DeForest, M.S. Taylor, E.A. Johnson, and L. Ragle: EDTA testing in forensics: direct derivatization for GC-MS/MS analysis and the quantity of dried bloodstain analyzed. *Proceedings of the 45th ASMS Conference on Mass Spectrometry and Allied Topics*, Palm Springs, California, June 1-5, 1997, p. 54.

2.  Ballard, K.D., R.S. Orkiszewski, M.S. Taylor, E.A. Johnson, and L. Ragle.  DNA typing and the determination of EDTA in forensic samples by GC-MS/MS.  Presented at the Seventh International Symposium on Human Identification, Scotsdale, AZ, 1996.

3.  Ballard, K.D., R.S. Orkiszewski, M.S. Taylor, E.A. Johnson, and L. Ragle. Determination of EDTA in forensic samples by capillary GC-MS and GC-MS/MS.  Presented at the 44th ASMS Conference on Mass Spectrometry and Allied Topics, Portland, Oregon, 1996.

4.  Stacy, T., E.A. Johnson, J. Krebsbach, S. Bowne, and R. Cotton.  Chemiluminescence of forensic casework: a comparison of the hybridization and detection methods of three independent laboratories.  Presented at the Sixth International Symposium on Human Identification, Scotsdale, AZ, 1995.

5.  Taylor, M.S., A. Challed, and E.A. Johnson.  Co-amplification of the amelogenin gene with DQ-α utilizing the Amplitype reaction mix and amplification protocol. Presented at the Fifth International Symposium on Human Identification, Scotsdale, AZ, 1994.

6.  Taylor, M.S., A. Challed, and E.A. Johnson.  Co-amplification of the amelogenin gene with DQ-α utilizing the Amplitype reaction mix and amplification protocol. Presented at the California Association of Criminalists spring meeting, Los Angeles, CA, 1994.

7.  Johnson, E., and M. Pennington.  Use of alkaline phosphatase-labeled probes and chemiluminescence detection methods for establishing an RFLP data base and analysis of forensic cases.  Presented at the Fourth International Symposium on Human Identification, Scotsdale, AZ, 1993.

8.  Johnson, E., W. Henzel, and A. Deisseroth.  Elevated levels of phospholipase C alpha are associated with alteration of complexes formed between interferon-inducible transcriptional enhancers and nuclear proteins in cells of interferon resistant chronic myelogenous leukemia (CML) patients.  Presented at the annual meeting of the American Society for Hematology, Denver, CO, 1991.

9.  Johnson, E., D. Seong, A. Wedrychowski, S. Sims, M. Romine, L. Huston, R. Luttrell and A. Deisseroth.  A cytoplasmic phosphatase which is elevated in CML myeloid cells alters the binding of nuclear proteins to interferon-inducible transcriptional enhancers.  Presented at the annual meeting of the American Society for Hematology, Boston, MA, 1990.

: 00270

10. Tsang, K.Y., E.A. Johnson, L. Bishop, M.F. La Via H.H. Fudenberg and M.Arlen. Monoclonal antibodies to human colon carcinoma-associated antigen(s). FASEB, Washington, DC (abstract no.4322), 1987.

11. Trojanowska, M., K.Y. Tsang, E.A. Johnson, L. Bishop, M. Christian and R.Q. Warren. Expression of *c-myc, c-myb* oncogenes and interleukin-2 receptor in human peripheral blood mononuclear cells after treatment with an immunopotentiator (isoprinosine). FASEB, Washington, DC (abstract no. 850), 1987.

12. Johnson, E.A., J. Minowada, M.F. La Via, and K.Y. Tsang. A monoclonal antibody to human NK cells is reactive with various tumor cell lines. Federation of American Societies of Experimental Biology (FASEB), Washington, DC (abstract no. 956), 1987.

13. Warren, R.Q., E.A. Johnson, R.P. Donnelly, M.F. LaVia, M.E. Christian and K.Y. Tsang. Analysis of anti-peripheral blood mononuclear cell (PBMC) antibodies in sera from AIDS, ARC, and healthy homosexuals. First Annual Conference of Clinical Immunology Society, Baltimore, MD, 1986.

14. Johnson E.A., B. Koger, M. La Via and K.Y. Tsang. A shared antigen between human natural killer (NK) cells and various tumor cells is recognized by an anti-NK monoclonal antibody. First Annual Meeting, Clinical Applications of Flow Cytometry, Charleston, SC, 1986.

15. Johnson, E.A., K.Y. Tsang, B. Koger, B. Ward, R.Q. Warren, M. La Via and H.H. Fudenberg. Production of a monoclonal antibody reactive with human natural killer cells. Federation Proceedings, 44, No. 4, 1330, 1985.

: 00271

CAUSE NOS. 1181910, 1289188, 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF ELIZABETH JOHNSON

"I, ELIZABETH JOHNSON, do solemnly say under oath that the following statements are true. I am also a witness in this matter and affirm that the statement provided below is based on my personal knowledge of the facts referred to:

### Personal Background:

1. My name is Elizabeth Johnson.

2. I am of sound mind, over the age of 18, and capable of making this affidavit.

3. I received a B.S. degree in chemistry in 1982 from Wofford College in Spartanburg, SC and a Ph.D. degree in immunology in 1987 from the Medical University of South Carolina. My formal education also includes four years of post-doctoral training in the field of molecular biology and DNA analysis at the Medical University of SC and at MD Anderson Cancer Center in Houston, Texas.

4. I have been a forensic scientist for over nineteen years. I was hired to establish the DNA laboratory within the Harris County Medical Examiners Office in Houston, Texas in 1991, and I was the director of that laboratory. I also assumed supervision of their serology laboratory in 1996. I personally implemented and validated both RFLP- (chemiluminescent detection) and PCR-based DNA analysis in this laboratory. I was a Senior Forensic Scientist at Technical Associates, Inc., Ventura, California from February 1997 until May 2003 and performed and supervised both RFLP and PCR-based testing including DQA1, Polymarker, D1S80 and various STR multiplex systems. I have performed evidence examinations in hundreds of cases and performed DNA analyses on several thousand samples. I am currently in private practice performing forensic science consultation.


DEFENDANT'S
EXHIBIT

## Statement of Facts:

1. Obel Cruz Garcia is charged with capital murder and aggravated sexual assault.

2. I have been communicated with defense attorney Steve Shellist about the facts of the case.

3. I have asked Mr. Shellist for specific DNA discovery in order to properly consult. He included my discovery language in a Motion requesting said DNA discovery from the State.

4. It is my understanding that Mr. Shellist has not yet received from the State what was requested.

5. Once it is received by me, I will need 8 weeks from the time of receiving all discoveries to work in a review and consultation. If I see a need for retesting that will take additional time as we will have to contract separately with a DNA testing lab.

6. Contingent upon prompt production of discovery from the State, I will be available to consult and testify for the Defendant beginning in May of 2011.

I declare under penalty of perjury that the foregoing is true and correct and that those matters stated upon information and belief are true to the best of my knowledge.

Executed on this 10th day of January, 2011, at Ventura County, California

Elizabeth A. Johnson, Ph.D.

2

: 00273

SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT.

### No.**1289188/1289189**

The State Of Texas                                               In The District Court No. **262nd**

vs.                                                   Of Harris County, Texas

**OBEL CRUZ GARCIA**                          Offense **CAP MURDER/AGG SEX ASST**

To Any Peace Officer or person authorized in accordance with Art. 24.01(b) C.C.P.-Greetings:

YOU ARE HEREBY COMMANDED TO SUMMON THE FOLLOWING NAMED WITNESS(ES) WHOSE LOCATION IN **HARRIS** COUNTY AND VOCATION AS FAR AS KNOWN, I STATE BELOW:

MICAH WEBB, INVESTIGATOR, HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE
MICHELLE MORAN, INVESTIGATOR, HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE
ANN STEINMETZ, HPD CRIMELAB, LATENT PRINT SECTION RE: 105758592
JOHN LAZZARETTO, HPD CRIMELAB, LATENT PRINT SECTION RE: 105758592
ROY REED, HPD CRIMELAB, LATENT PRINT SECTION RE: 105758592
JULI REHFUS, HPD CRIMELAB, DNA SECTION, RE: 105758592

FELIX ALVARADO COLON (SERVICE BY DA INVESTIGATOR)
RICHARD RIVERA CORTEZ (SERVICE BY DA INVESTIGATOR)
☐

if found in your county, to appear before the Honorable **MIKE ANDERSON**, District Court No. **262nd**, Harris County, Texas, on **1/18/11** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court. The testimony of said witness(es) is believed to be material to the State.

**NATALIE TISE**
Assistant District Attorney
Harris County, Texas

Herein Fail Not, and due return make of this writ _____ Witness my official Signature

this _____ day of ____JAN - 7 2011____ A.D. 2010.

LOREN JACKSON
DISTRICT CLERK
HARRIS COUNTY, TEXAS           BY _____ Deputy

: 00274

The State Of Texas                          §                              OBEL CRUZ GARCIA
                                                      Return
County Of Harris                            §                              1289188/1289189

The undersigned being a peace officer under the laws of the State of Texas certifies that the foregoing subpoena came to hand on the same
day issued and that it was executed on the _____ day of _____, 20___, by virtue of the following action, to-wit:
_____, and that the following persons were served in the below described fashion:

_____
_____
_____
_____
_____
_____
_____
_____

**SHERIFF'S RETURN**

Came to hand on the ___10th___ day of _____JAN._____, 20_11_ and executed by summoning the within witness

_____ in person, in the County of Harris, at the dates as herein stated, viz:

| DATE OF SERVICE | | | NAME | MILES | DIRECTION | FEE FOR SERVICE | FEE FOR MILEAGE | TOTAL FEE | |
|---|---|---|---|---|---|---|---|---|---|
| 1/10/11 | | | 3,4,5,6 - HPD L M | | | | | | |
| 1/10/11 | | | 1,2,7,8 DA TO SERVE | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | **TOTAL FEE** | |

and not executed as to witness _____, _____ the diligence used

in finding said witness _____, being _____

**F I L E D**

Loren Jackson
District Clerk

_____

and who after due search and diligent inquiry, can not be found in Harris County, Texas.                    JAN 1 2 2011

ADRIAN GARCIA
Sheriff of Harris County, Texas                                        Time: _____
                                                                                            Harris County, Texas
                                                                              By _____
By _____ Deputy.                                     Deputy

: 00275

ORIGINAL

**CAUSE NO. 1289189**

THE STATE OF TEXAS § IN THE 337th DISTRICT COURT

V. § OF

OBEL JULIAN CRUZ-GARCIA § HARRIS COUNTY, TEXAS

## MOTION TO DISMISS
### (TEX. CODE CRIM. P. ANN. arts. 12.01 & 27.08(2))

COMES NOW, **OBEL JULIAN CRUZ-GARCIA**, Defendant in the above entitled and numbered cause, by and through his attorneys of record, **CHRISTIAN CAPITAINE** and **STEVEN D. SHELLIST**, and files this Defendant's Motion to Dismiss in this case.

**I.**

This motion seeks to dismiss the indictment under articles 12.01 and 27.08(2) of the Texas Code of Criminal Procedure because the prosecution for Aggravated Sexual Assault, as alleged in the indictment, is barred by lapse of time.

**II.**

The Defendant stands charged in this case with the felony offense of aggravated sexual assault. The State charged Defendant with the offense by a true bill of indictment returned on December 17, 2010.

**III.**

The indictment in this case charges as follows:

> The Defendant, heretofore on or about SEPTEMBER 30, 1992, did then and there unlawfully, intentionally and knowingly cause the penetration of the sexual organ of DIANA GARCIA, the complainant, by placing his male sexual organ in the female sexual organ of the complainant, without the consent of the complainant,

1

: 00276

> *namely the Defendant compelled the complainant to submit and participate by the use of physical force and violence and in the course of the same criminal episode, the Defendant used and exhibited a deadly weapon, namely a firearm.*
>
> *It is further presented that the Defendant was absent from the State of Texas from on or about September 30, 1992 to on or about January 31, 2010.*

The indictment must be dismissed because the State failed to charge the Defendant within the applicable limitations period and because the paragraph intended to toll the limitations period is ineffective.

## IV.

A motion to dismiss is the proper vehicle to attack an indictment's defective tolling paragraph. *Ex parte Smith*, 178 S.W.3d 797, 803 (Tex. Crim. App. 2005).

For an indictment to be valid and effective, "[t]he time mentioned [at which the criminal conduct occurred] must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." TEX. CODE CRIM. P. ANN. art. 21.02(6) (Vernon 2009).

> Statutes of limitation are acts of grace in that the sovereign surrenders its right to prosecute (or its right to prosecute at its discretion); thus they are considered to be equivalent to acts of amnesty. *Vasquez v. State*, 557 S.W.2d 779, at 781 (Tex. Crim. App. 1977). Statutes of limitation are to be construed liberally in favor of the accused; the burden is on the State to show the offense was committed within the period of limitation. *Vasquez v. State, supra*, at 783; *White v. The State*, 4 Tex. App. 488 (1878).

*Ex parte Matthews*, 933 S.W.2d 134, 136 (Tex. Crim. App. 1996), *overruled on other grounds*, *Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998). "There is no authority in law to prosecute a citizen after the period of limitation has intervened. *Vasquez v. State, supra*, at 783,

2

n. 6; *Ex Parte Hoard*, 63 Tex.Crim. 519, 140 S.W. 449, at 451 (1911)." *Matthews*, 933 S.W.2d at 137.

A. The conduct alleged in the indictment is outside the applicable limitations period.

    The indictment in this case alleges criminal conduct constituting aggravated sexual assault (of an adult) occurring on or about September 30, 1992. At the time of the alleged crime, a felony indictment for aggravated sexual assault (of an adult) must have been brought within 5 years of the offense date and no more.[1] TEX. CODE CRIM. P. ANN. arts. 12.01(4) & 12.03(d) (Vernon 1977 & Supp. 1992). Thus, the State was required to bring its indictment, if at all, on or before September 30, 1997.[2]

B. The "tolling language" contained in the indictment is facially ineffective to bring the prosecution within the applicable limitations period.

    The State seeks to toll the limitations period by alleging the following language in its indictment:

---

[1] Longer limitations periods exist for sexual cases involving child victims. *See* TEX. CODE CRIM. P. ANN. art. 12.01 (Vernon 1977 & Supp. 1992 & Supp. 2001 & 2005 & Supp. 2009). This case does not allege a child victim and, thus, these periods do not apply.

[2] Effective September 1, 2001, the limitations period for bringing a felony indictment for aggravated sexual assault was extended to 10 years. *See* TEX. CODE CRIM. P. ANN. arts. 12.01(2)(E) & 12.03(d) (Vernon Supp. 2001; Vernon 2009); *see also* Acts 2001, 77th Leg., ch. 1479, § 1 (effective September 1, 2001). Section 2 of Acts 2001, 77th Leg., ch. 1479 provides:

    "This Act takes effect September 1, 2001. The change in law made by this Act does not apply to an offense if the prosecution of that offense became barred by the limitation before the effective date of this Act. The prosecution of that offense remains barred as if this Act had not taken effect."

Because prosecution for this offense became barred on September 30, 1997, prior to the Act's effective date (as is discussed above), Defendant's case is subject to a 5-year limitations period. Regardless, Defendant's case would be limitations-barred even if subjected to the 10-year limitations period due to the extreme delay in presenting this indictment.

3

: 00278

*It is further presented that the Defendant was absent from the State of Texas from on or about September 30, 1992 to on or about January 31, 2010.*

This language is facially ineffective to bring the prosecution within the applicable limitations period.

"The time during which the *accused* is absent from the state shall not be computed in the period of limitation." TEX. CODE CRIM. P. ANN. art. 12.05(a) (Vernon 1977 & Supp. 1992 & 2005) (emphasis added). For purposes of tolling a limitations period, however, a suspect does not become an "accused" until a criminal accusation is initiated against him. *Matthews*, 933 S.W.2d at 138. "Criminal accusation" means a legal arrest without a warrant; a complaint made to a magistrate, or a legal warrant that has been issued. *Brannan v. State*, 44 Tex. Cr. R. 399, 72 S.W. 184, 185 (1903). The tolling language in the indictment fails to state that the Defendant was an "accused" at any time prior to the limitations period running in 1997. Thus, it is facially ineffective to toll the limitations period and the indictment should be dismissed.

The Code of Criminal Procedure also provides that "[t]he time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." TEX. CODE CRIM. P. ANN. art. 12.05(b) (Vernon 1977 & Supp. 1992 & 2005). This language has been interpreted to include a prior indictment tolling the limitations period pending a subsequent indictment in situations where the subsequent indictment alleges the same conduct, act, or transaction. *Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004). The indictment's tolling language does not allege this as a basis for tolling the limitations period, and the undersigned counsel is aware of no indictment, information, or complaint filed before the limitations period ran in 1997 that alleged the same conduct, act, or transaction for which the

4

: 00279

Defendant is charged in this case. Thus, the indictment's language is facially ineffective to toll any limitations period and the indictment should be dismissed.[3]

    To borrow from the Court in *Ex parte Matthews,*

> The prosecution was free to toll running of the statute of limitation by simply filing and pursuing pre-indictment whatever accusatory pleading or paper it preferred for that purpose. Having failed to do so, the prosecution allowed the applicable statute of limitation to run unabated. · Appellant is entitled to the amnesty granted by the Legislature to all citizens similarly situated.

*Matthews*, 933 S.W.2d at 138.

    The limitations period for aggravated sexual assault, as alleged in this case, expired on September 30, 1997, as demonstrated on the face of the indictment. The indictment's tolling language, even if true, is facially ineffective to bring Defendant's prosecution within the limitations period. The indictment must be dismissed.

---

[3] Indeed, the first action taken by the State against Defendant for anything remotely connected to this criminal transaction occurred on September 5, 2008, when the State secured a warrant for Defendant's arrest. The first criminal accusation against Defendant occurred on November 20, 2008, when the State indicted him for the capital murder of Angelo Garcia. The State theorizes that the capital murder of Angelo Garcia and the aggravated sexual assault alleged in this case's indictment arose from the same criminal transaction.

: 00280

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this Motion to Dismiss be granted and that the Court dismiss the indictment in this case.

Respectfully submitted,

CAPITAINE, SHELLIST, WARREN & McALISTER, LLP

CHRISTIAN CAPITAINE
SBN 24031911
STEVEN D. SHELLIST
SBN 24039172
405 Main St., Ste. 1050
Houston, TX 77002
Tel (713) 715-4500
Fax (713) 715-4505

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been mailed and/or hand delivered to the Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002, on this date: _January 12, 2011_.

CHRISTIAN CAPITAINE
STEVEN D. SHELLIST

6

CAUSE NO. 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

## ORDER

On this day came to be heard Defendant's Motion to Dismiss and after considering the motion, any evidence adduced, and arguments of Counsel, it is the opinion of this Court that the same should be:

☐    **GRANTED,** and the indictment is hereby **DISMISSED;**

or

☑    **DENIED** (to which the Defendant excepts)

SIGNED AND ORDERED this _19_ day of ___June___, 2011. 13

_____
JUDGE PRESIDING

Cases Reinstated from HCDC 6-19-13

: 00282

NO. 1181910

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337TH |
| VS. | § | CRIMINAL DISTRICT COURT |
| OBEL CRUZ GARCIA | § | OF HARRIS COUNTY, TEXAS |

## ADDITIONAL NOTICE OF INTENTION TO USE EVIDENCE PURSUANT TO TEXAS RULES OF CRIMINAL EVIDENCE 404, 609 AND 37.07(g)

COMES NOW THE STATE OF TEXAS, by and through its undersigned Assistant District Attorney, and files this Notice of Intention to Use Evidence of an Extraneous Offense and Final Conviction for Impeachment and Punishment purposes, and would show the Court the following:

1. The above styled cause is presently pending in this Court and is set for trial on JANUARY 18, 2011.

2. Pursuant to Rules 404 and 609 of the Texas Rules of Criminal Evidence and Article 37.07(g) of the Texas Code of Criminal Procedure, the undersigned Assistant District Attorney hereby gives notice to the Defendant and his counsel that the State intends to use the following offense(s), and any other admissible extraneous offenses and/or prior adjudications to offer evidence of extraneous convictions committed by the Defendant both in its case in chief and punishment phases of trial and for enhancement purposes:

On or about October 1991 in San Juan, Puerto Rico the defendant, Obel Cruz Garcia, kidnapped Andres Buten and William Garay at gunpoint and assaulted them repeatedly using his hands, a knife, a hammer, a handgun and a metal pipe along with other objects. The defendant repeatedly threatened to kill William Garay and Andres Buten while holding them captive for 3 days. The defendant demanded Manuel Buten pay a ransom for the complainants in money and drugs. The defendant evaded arrest in a motor vehicle and on foot. The defendant assaulted Manuel Buten by shooting at him with a firearm. Defendant engaged in a sexual act in the presence of Andres Buten in an effort to taunt him. All of above happened in San Juan Puerto Rico in Oct. 2001.

The defendant was disciplined while in prison for possession of contraband including a knife, cell phone, a rope made of sheets and map. This occurred in 2003.

FILED
Loren Jackson
District Clerk

JAN 1 2, 2011

Time: _____
Harris County, Texas

By _____
Deputy  00283

RESPECTFULLY SUBMITTED,

Jeanie Dickey
Assistant District Attorney
Harris County, Texas

## CERTIFICATE OF SERVICE

I, the undersigned Assistant District Attorney, hereby certify that a true and correct copy of the foregoing, Notice of Intention to use Evidence of Prior Convictions and Extraneous Offenses, was served on the attorney for the defendant CHRISTIAN CAPITAINE via facsimile, certified mail, email and/or hand delivery on JANUARY 12, 2011.

Jeanie Dickey



JIM LEITNER
FIRST ASSISTANT

CRIMINAL JUSTICE CENTER
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002-1901

**PATRICIA R. LYKOS**
**District Attorney**
**Harris County, Texas**

# F A X   C O V E R   S H E E T

| | |
|---|---|
| **TO:** | **Capitaine, Shellist, Warren & McAlister, L.L.P.** |
| **ATTENTION:** | **Christian Capitaine** |
| **FAX NUMBER:** | **713-715-4505** |

| | |
|---|---|
| **FROM:** | **Jeanie Dickey** |
| **TELEPHONE** | **(713)755-6173** |
| **FAX NUMBER** | **(713)755-5469** |
| **NUMBER OF PAGES** (including cover sheet): | 3 |
| **Date and Time Sent** | January 12, 2011, 3:14 PM |
| **REMARKS:** | **Please see the following Amended Notice of Extraneous Offenses pertaining to Cause No. 1181910, State of Texas vs. Obel Cruz Garcia.  Regards,  Jeanie Dickey** |

Telephone (713) 755 - 5800

Facsimile (713) 755 - 6865

: 00286

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO                 2733
RECIPIENT ADDRESS        97137154505
DESTINATION ID
ST. TIME                 01/12 15:24
TIME USE                 02'11
PAGES SENT                   4
RESULT                   OK
```

JIM LEITNER
FIRST ASSISTANT



CRIMINAL JUSTICE CENTER
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002-1901

PATRICIA R. LYKOS
District Attorney
Harris County, Texas

## F A X   C O V E R   S H E E T

| TO: | Capitaine, Shellist, Warren & McAlister, L.L.P. |
|---|---|
| ATTENTION: | Christian Capitaine |
| FAX NUMBER: | 713-715-4505 |

| FROM: | Jeanie Dickey |
|---|---|
| TELEPHONE | (713)755-6173 |
| FAX NUMBER | (713)755-5469 |
| NUMBER OF PAGES (including cover sheet): | 3 |
| Date and Time Sent | January 12, 2011, 3:14 PM |
| REMARKS: | Please see the following Amended Notice of Extraneous Offenses pertaining to Cause No. 1181910, State of Texas vs. Obel Cruz Garcia.  Regards,  Jeanie Dickey |

: 00287

☐ORIGINAL

CAUSE NOS. 1181910, 1289188, 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| V. | § | OF |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

## MOTION FOR IN CAMERA INSPECTION OF STATE'S FILE ON DEETRICE WALLACE, CAUSE NO's: 1189239, 1207041 &1207042 TO DETERMINE THE EXISTENCE OF ANY EVIDENCE FAVORABLE TO THE DEFENDANTUNDER *BRADY V. MARYLAND* AND *KYLES V. WHITLEY*

TO THE HONORABLE JUDGE OF SAID COURT:

I.

NOW COMES, Defendant, by and through the undersigned counsel, and respectfully moves this Honorable Court, under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419 (1995) to conduct an *In Camera* inspection of the State's file on Deetrice Wallace, related to Cause Numbers 1189239, 1207041, and 1207042 and disclose all the following within the possession, custody, or control of the State, or the existence of which is known or, with the exercise of due diligence, could become known to the State:

1. Any and all records revealing prior felony convictions, guilty verdicts, or juvenile adjudications attributed to Deetrice Wallace.

2. Any and all records and information revealing prior misconduct or bad acts attributed to Deetrice Wallace.

3. Any and all criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary parole, deferred prosecution or custodial status of the witness, and any civil, tax court or court of claims, administrative or other pending potential legal disputes or transactions with the State of Texas or over which the State of Texas has real, apparent or perceived influence.

4. Any and all records and/or information which arguably could be helpful or useful

: 00288

4. Any and all records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the State of Texas' evidence or which arguably could lead to such records or information.

5. Any and all personnel files for Deetrice Wallace, the existence and identity of all State and local government files for Deetrice Wallace, and the existence and identity of all official internal affairs, internal investigations, or public integrity investigation files relating to or connected to Deetrice Wallace.

## II.

The Defendant submits that the above listed information is compelled under *Brady v. Maryland* and *Kyles v. Whitley*. Furthermore, the failure or refusal of the State to produce any or all of the foregoing evidence or information constitutes suppression of evidence and a violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and related provisions of the Texas Constitution and substantially denies the Defendant the effective assistance of counsel. *Brady v. Maryland*, 373 U.S. 83 (1963).

## III.

DNA evidence was collected in this case and is being used by the State to link the Defendant to a Capital Murder and an Aggravated Sexual Assault. The first person to handle the samples for the Houston Police Department ("HPD") Crime Lab was Deetrice Wallace, who at the time was an HPD criminalist with the HPD Crime Lab. DNA was then further tested by Genetic Design in 1992 and Orchid Cellmark in 2007 and 2008. Orchid Cellmark reported that the DNA found on the cigar and in the victim's panties matched that of the defendant. It was again retested by the HPD Crime Lab in October 2010 and confirmed what the previous lab had found. DNA is the only physical evidence linking the defendant to the scene.

In 2009, Deetrice Wallace was convicted on three counts of tampering with a governmental record. She was employed as a technical supervisor where she supervised an alcohol breath testing program. She was falsifying inspection reports as they related to breath-

test machines. Contained within the State's file is the personnel/ disciplinary file for Deetrice Wallace.

The admissibility of the DNA evidence that the State intends to introduce at trial is dependent upon the integrity of the handling, preservation and testing of the DNA samples. The credibility of those who handled the evidence, including Wallace, is important in determining whether or not it was handled properly.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Court immediately conduct an *In Camera* inspection of the State's files, Cause Numbers 1189239, 1207041, and 1207042, and order the State to produce all such evidence in advance of trial.

Respectfully submitted,

CAPITAINE, SHELLIST, WARREN & McALISTER, LLP

CHRISTIAN CAPITAINE
SBN 24031911
STEVEN D. SHELLIST
SBN 24039172
405 Main St., Ste. 1050
Houston, TX 77002
Tel (713) 715-4500
Fax (713) 715-4505

ATTORNEYS FOR DEFENDANT

:

**CAUSE NOS. 1181910, 1289188, 1289189**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

## ORDER

On this day came to be heard Defendant's MOTION FOR IN CAMERA INSPECTION OF STATE'S FILE ON DEETRICE WALLACE, CAUSE NO's: 1189239, 1207041 &1207042 TO DETERMINE THE EXISTENCE OF ANY EVIDENCE FAVORABLE TO THE DEFENDANT UNDER *BRADY V. MARYLAND* AND *KYLES V. WHITLEY* and after hearing evidence and argument of Counsel, it is the opinion of this Court that the same should be:

  ❑  **GRANTED** and the State is hereby ordered to furnish to this judge immediately, the items listed in 1 though 5 of this Motion so that he may conduct a thorough review of said documents to determine if there is evidence favorable to the Defendant under Brady v. Maryland and Kyles v. Whitley.

 ❑  **DENIED**

  **SIGNED AND ORDERED** this _____ day of _____, 2011.

          _____

          JUDGE PRESIDING

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above *Motion for In Camera Inspection of State's File to Determine the Existence of Any Evidence Favorable to the Defendant under Brady v. Maryland and Kyles v. Whitley* has been served on the Assistant District Attorney representing the State of Texas via FAX on this the 12th day of January, 2011.

_____
CHRISTIAN CAPITAINE
STEVE SHELLIST

CAUSE NO. 1289188        

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

THE STATE OF TEXAS §

§

V. §

§

OBEL JULIAN CRUZ-GARCIA §

IN THE 337th DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

**(On transfer from the 262nd District Court of Harris County, Texas)**

## MOTION IN LIMINE NO. 1
### (EXTRANEOUS OFFENSES, WRONGS OR ACTS)

FILED
Loren Jackson
District Clerk

JAN 1 8 2011

Time: _____
Harris County, Texas

By _____
Deputy

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW OBEL JULIAN CRUZ-GARCIA, the Defendant in the above styled and numbered cause and respectfully requests this honorable Court to instruct the prosecution not to mention, allude to, or refer to, directly or indirectly, during any stage of this trial, including but not limited to the voir dire examination, opening statements, and the direct and cross-examination of any witness, or at sentencing, the fact that the Defendant herein may have engaged in any extraneous offense, wrong or act before, during or after the commission of the offense alleged in the indictment, until such time as a hearing has been conducted out of the hearing of the jury to determine the admissibility of any such testimony. In an effort to avoid prejudice by the jury and abuse of discretion by the court, Defendant urges this motion in limine.

The Defendant urges the extraneous offense is inadmissible because it is not fundamentally relevant to prove a fact of determination in the instant cause of action. TEX. R. EVID. 401. In addition, the evidence is irrelevant because it has no purpose other than to show criminal

: 00293

propensity. TEX. R. EVID. 404(b). And further, evidence concerning the extraneous offense is inadmissible because the unfair prejudice substantially outweighs the probative value. TEX. R. EVID. 403.

The Defendant further requests that this Court instruct the prosecution to advise the Court prior to eliciting any such testimony in order for the Court to excuse the jury and conduct a hearing outside the presence of the jury, without the necessity of counsel for the Defendant having to object to said testimony and request that the hearing be held outside the presence of the jury.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Court will grant this his/her Motion In Limine No. 1.

Respectfully submitted,

CAPITAINE, SHELLIST, WARREN & McALISTER, LLP

_____
CHRISTIAN CAPITAINE
SBN 24031911
STEVEN D. SHELLIST
SBN 24039172
405 Main St., Ste. 1050
Houston, TX 77002
Tel (713) 715-4500
Fax (713) 715-4505

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been mailed

and/or hand delivered to the Harris County District Attorney's Office, 1201 Franklin, Suite 600,

Houston, Texas 77002, on this date: _January 18, 2011_____.

CHRISTIAN CAPITAINE
STEVEN D. SHELLIST

CAUSE NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

(On transfer from the 262nd District<br>Court of Harris County, Texas)

## ORDER

On this the _____ day of _____, 200___, came on to be heard the

Defendant's Motion In Limine No. 1 (Extraneous Offenses, Wrongs or Acts). The motion is hereby

GRANTED and the prosecution is ordered to advise the Court prior to eliciting evidence of any

extraneous offense, wrong or act allegedly engaged in by the Defendant, so that a hearing can be

conducted outside the presence of the jury to determine the admissibility of said testimony. This

order applies to the guilt/innocence phase and the sentencing phase, if necessary, of the trial of this

case.

SIGNED this _____ day of _____, 200___.

_____

JUDGE PRESIDING

CAUSE # 1181910

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 262nd DISTRICT COURT |
| VS. | |
| OBEL JULIAN CRUZ-GARCIA | OF HARRIS COUNTY, TEXAS |

### AFFIDAVIT

Before me, the undersigned authority, personally appeared R. J. VARGAS, who being by me duly sworn, deposed as follows:

My name is R. J. VARGAS and I am a license private investigator being licensed by the State of Texas under state license # A-07738. My office is located at 3700 N. Main, Houston, Texas and I can be contacted at the following telephone number: (713) 426-0022. I am of sound mind and capable of making this affidavit and personally acquainted with the facts herein stated:

On 1-4-2011, I was contacted by attorney Christian Capitane who informed me that he wanted to subpoena witness Deetrice Henderson Wallace. I then prepared a subpoena and had it filed the same day. I researched Deetrice Wallace's name and learned that the most current address reflected on her drivers license is 3906 Cheryl Lynne, Houston, Texas which was as of 3-12-2007. I then researched the vehicles that Deetrice Wallace had registered under her name and learned the following vehicles are currently registered in her name at the 3906 Cheryl Lynee, Houston, Texas address:

- 2003 DodgeVan bearing Texas license plates BL6F068 which expires 2/2011
- 2020 Ford truck bearing Texas license plates 27CRL7 which expires 12/2010
- 1997 Plymount four door bearing Texas license plates 244BZW which expires 1/2011

I drove out to Deetrice Wallace's residence on January 6th,7th, 8th, and 9th and I could not make contact with anyone at the residence. I noticed that the residence was dark and that there was a realtor's lock on the front door of the residence indicating that the house might be on the market and the realtor had access to the residence. There was no realtor's sign in the front yard and I checked for any civil actions that might be filed against Deetrice Wallace indicating that she was being forced to relocate, but no records were located.

1

I then conducted a check to see who else was living with her in an attempt to find a new address to someone related to her and the following individuals were found to have drivers licenses at the 3906 Cheryl Lynne address:

- Curtis Earl Wallace
- Christopher Anthony Wallace
- Cullen Andrew Wallace

A check of their drivers licenses all showed the same address at 3906 Cheryl Lynne with no updated information listed. A social security trace was conducted on Deetrice Wallace's name in an effort to develop a new address for her, but the only address reported was that on Cheryl Lynne was used for credit reporting purposes in December, 2010.

I have checked to see if Wallace is currently incarcerated, but she shows to be have been released from state jail. At this point I have run out of places to try and locate her.

I have read this affidavit and it is true and correct.

_____
Affiant

**SWORN TO AND SUBSCRIBED** before me on this the 12th day of JANUARY, 2011.

_____
NOTARY IN AND FOR THE STATE OF TEXAS

VANESSA ZUNIGA
Notary Public, State of Texas
My Commission Expires
November 24, 2014

2

: 00298

ORIGINAL

CAUSE NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

(On transfer from the 262nd District
Court of Harris County, Texas)

MOTION IN LIMINE NO. 2
(RESULTS OF DNA TESTING)

FILED
Loren Jackson
District Clerk

JAN 1 8 2011

Time: _____
Harris County, Texas

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW OBEL JULIAN CRUZ-GARCIA, the Defendant in the above styled and numbered cause and respectfully requests this honorable Court to instruct the prosecution not to mention, allude to, or refer to, directly or indirectly, during any stage of this trial, including but not limited to the voir dire examination, opening statements, and the direct and cross-examination of any witness, or at sentencing, the results of any DNA testing until such time as a hearing has been conducted out of the hearing of the jury to determine the admissibility of any such testimony. In an effort to avoid prejudice by the jury and abuse of discretion by the court, Defendant urges this motion in limine.

The Defendant urges the results of any DNA testing are inadmissible until such time as the party who offers it proves that the item is what the party represents it to be TEX. R. EVID. 901.

The Defendant further requests that this Court instruct the prosecution to advise the Court

: 00299

prior to eliciting any such testimony in order for the Court to excuse the jury and conduct a hearing outside the presence of the jury, without the necessity of counsel for the Defendant having to object to said testimony and request that the hearing be held outside the presence of the jury.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Court will grant this his/her Motion In Limine No. 2.

Respectfully submitted,

CAPITAINE, SHELLIST, WARREN & McALISTER, LLP

_____

CHRISTIAN CAPITAINE
SBN 24031911
STEVEN D. SHELLIST
SBN 24039172
405 Main St., Ste. 1050
Houston, TX 77002
Tel (713) 715-4500
Fax (713) 715-4505

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been mailed and/or hand delivered to the Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002, on this date: _____.

_____

CHRISTIAN CAPITAINE
STEVEN D. SHELLIST

CAUSE NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

(On transfer from the 262nd District
Court of Harris County, Texas)

## ORDER

On this the _____ day of _____, 200___, came on to be heard the

Defendant's Motion In Limine No. 2 (Results of DNA Testing). The motion is hereby GRANTED

and the prosecution is ordered to advise the Court prior to eliciting evidence of any extraneous

offense, wrong or act allegedly engaged in by the Defendant, so that a hearing can be conducted

outside the presence of the jury to determine the admissibility of said testimony. This order applies

to the guilt/innocence phase and the sentencing phase, if necessary, of the trial of this case.

SIGNED this _____ day of _____, 200___.

_____
JUDGE PRESIDING

: 00301

FILED
Loren Jackson
District Clerk

JAN 18 2011

## CAUSE NO. 1289188/1289189

| THE STATE OF TEXAS | | IN THE 262nd |
| | § | *Harris County, Texas* |
| VS. | § | By _____ |
| | § | Deputy |
| | § | DISTRICT COURT OF |
| OBEL CRUZ GARCIA | § | HARRIS COUNTY, TEXAS |

## STATE'S AMENDED MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through his District Attorney, **NATALIE TISE**, in and for Harris County, Texas moves this court to instruct the Defendant, lawyers and witnesses for the defense in the above styled and numbered cause not to allude to, refer to, or in any way bring before the jury selected to try this case without first approaching the judge:

1. That the State of Texas has filed any Motion in Limine.
   ANY PRIOR CONVICTIONS OR EXTRANEOUS ACTS OF MISCONDUCT ON THE PART OF ANY STATE'S WITNESS WITHOUT FIRST APPROACHING TO DETERMINE THE ADMISSIBILITY OF SUCH EVIDENCE.
   Granted ___✓___ Denied _____ Agreed _____

   ANY HEARSAY STATEMENT MADE BY THE DEFENDANT OR ANY OTHER WITNESS WITHOUT FIRST APPROACHING TO DETERMINE THE ADMISSIBILITY OF SUCH STATEMENT.
   Granted ___✓___ Denied _____ Agreed _____

   ANY REFERENCE TO ANY POLYGRAPH EXAMINATION OF ANY WITNESS AND/OR SUSPECT QUESTIONED AS A PART OF THE INVESTIGATION OF THIS CASE.
   Granted ___✓___ Denied _____ Agreed _____

   ANY REFERENCE TO EXTRANEOUS ACTS OR PRIOR CONVICTIONS ON THE PART OF DEETRICE WALLACE
   Granted ___✓___ Denied _____ Agreed _____

   ANY REFERENCE TO EXTRANEOUS ACTS OR MISCONDUCT ON THE PART OF B. SHARMA.
   Granted ___✓___ Denied _____ Agreed _____

   ANY REFERENCE IN VOIR DIRE TO THE FACT THAT THE COMPLAINANT IS A CHILD.
   Granted ___✓___ Denied_____ Agreed _____

Respectfully Submitted,

**NATALIE TISE**
Assistant District Attorney

: 00302

## CAUSE NO. 1289188/1289189

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | | **IN THE 262nd** |
| **VS.** | § | **DISTRICT COURT OF** |
| | § | |
| **OBEL CRUZ GARCIA** | § | **HARRIS COUNTY, TEXAS** |
| | § | |

# ORDER
## STATE'S AMENDED MOTION IN LIMINE

BE IT REMEMBERED that on this day, after proper and timely notice to the Defendant, by and through his attorney of record, came on to be heard and considered the State's Motion to in Limine in the above captioned and numbered cause. The Court having considered said Motion, it is:

ORDERED that said the State's Motion to in Limine is hereby in all things **(GRANTED) (DENIED).**

SIGNED AND ENTERED on ~~January 17, 20~~11. *July 8, 13*

*Renee Magee*

Judge ~~Mike Anderson~~ *Renee Magee*
Harris County, Texas

: 00303

CAUSE NO. 1289188



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

(On transfer from the 262nd District
Court of Harris County, Texas)

## AMENDMENT TO PREVIOUSLY FILED MOTION FOR CONTINUANCE

**FILED**
Loren Jackson
District Clerk

JAN 1 8 2011

Time: _____
Harris County, Texas
By _____

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW OBEL JULIAN CRUZ-GARCIA., The Defendant in the above styled and

numbered cause and files his Motion for Continuance and in support thereof would show the Court

as follows:

I.

Defendant is charged with Capital Murder and related offenses in the above-captioned

indictments. This case is set for trial before a jury on January 18, 2011. **This is the first trial**

**setting for this case.**

II.

The Defendant requests a continuance on the several grounds listed in the previous Motion

for Continuance and adds this additional ground: The absence of a key witness to this case,

Deetrice Wallace, former criminalist with the Houston Police Department ("HPD") Crime Lab.

III.

Deetrice Wallace, last known address is 3906 Cheryl Lane, Houston, Texas. Her current

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

: 00304

driver's license lists the same address.

IV.

Rudy Vargas, a licensed private investigator, used by the Defendant, has tried on numerous occasions to serve Deetrice Wallace with a court ordered subpoena to appear in court on January 18, 2010. (See Exhibit A, Affidavit of Rudy Vargas)

V.

The facts expected to be proved by this witness are as follows:

Because DNA evidence is the only physical evidence linking the Defendant to this crime, analyzing the integrity of the DNA evidence is crucial to determining whether or not the Defendant can be connected to the sexual assault of Diana Garcia and the disappearance of Angelo Garcia. As such, extensive DNA discovery has been requested of the State and has also been summarily mandated in the Court's Discovery Order. The first to handle and analyze the DNA evidence in this case were Deetrice Wallace and Baldev Sharma, employees of the HPD Crime Lab.

In 2009, Deetrice Wallace was convicted on three counts of Tampering with a Governmental Record in cause numbers 1189239, 1207041, and 1207042. She was sentenced to one year in the State Jail. She was employed via contract with the Texas Department of Public Safety as a Technical Supervisor and she supervised their alcohol breath testing program. She was falsifying inspection reports as they related to breath-test records. On several occasions, Wallace physically handled the DNA evidence in this Defendant's case. It is expected that she will testify as to how she mishandled crucial DNA evidence in this case.

VI.

The witness is not absent by the procurement or consent of the defendant.

VII.

There is no reasonable expectation that attendance of the witness can be secured unless the trial is postponed. It is clear from the work of the investigator (see affidavit where realtor lock was found on front door) that she has recently moved. Given sufficient time, we expect to be able to locate this witness.

Therefore, the Defendant requests that the trial of this case be continued until sufficient time has passed to locate this key witness. This motion is not made for purposes of delay, but so that justice may be done.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that his Motion for Continuance be granted.

Respectfully submitted,

CAPITAINE, SHELLIST, WARREN & McALISTER, LLP

CHRISTIAN CAPITAINE
SBN 24031911
STEVEN D. SHELLIST
SBN 24039172
405 Main St., Ste. 1050
Houston, TX 77002
Tel (713) 715-4500
Fax (713) 715-4505

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been mailed and/or hand delivered to the Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002, on this date: ___1-18-11___.

_____
CHRISTIAN CAPITAINE
STEVEN D. SHELLIST

## VERIFICATION

| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS |
| COUNTY OF HARRIS | § | |

"My name is Christian Capitaine and I am the attorney for the Defendant in this case. I have knowledge of the facts stated in the foregoing Motion for Continuance and they are true and correct."

Signed on _____, 200___.

_____
Christian Capitaine

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned Notary Public on _____, 200___.

_____
Notary Public in and for the State of Texas

: 00307

CAUSE NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

**(On transfer from the 262nd District
Court of Harris County, Texas)**

Came on to be considered the Motion for Continuance of the Defendant. Upon

consideration of the motion and argument of counsel, the motion is hereby:

____ (GRANTED, and the trial of this case is hereby continued to _____, 200___.)

____ (DENIED, to which ruling the Defendant excepts.)

SIGNED ON ___ JAN 18 2011 ___, 200___.

_____
JUDGE PRESIDING

: 00308

**FILED**
Loren Jackson
District Clerk

FEB 15 2011

P 4

CAUSE NUMBER **1289189/1289188**

THE STATE OF TEXAS § IN THE 337th JUDICIAL

Time: _____
Harris County, Texas
By _____
Deputy

VS. § DISTRICT COURT OF

OBEL CRUZ-GARCIA § HARRIS COUNTY, TEXAS

## MOTION TO DISCLOSE EXPERTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the STATE OF TEXAS, a party in the above captioned and numbered cause, by and through the undersigned Assistant District Attorney, pursuant to TEX. CODE CRIM. PROC., art. 39.14 (b) [1999]. After notice to CHRISTIAN CAPITAINE, the attorney for the Defendant herein, the State requests that this Court enter an order directed to CHRISTIAN CAPITAINE, the attorney for the Defendant, to disclose to the undersigned Assistant District Attorney on or before JULY 5, 2011, a date which is at least twenty (20) days before the trial is scheduled to begin herein, namely JULY 25, 2011, the name(s) and address(es) of each person who the Defendant and the attorney for the Defendant may use to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence at the trial in the above captioned and numbered cause. The State further requests, as required by TEX. CODE CRIM. PROC., art. 39.14 (b) [1999], that said order specify a time, no later than 20th day before the date the trial begins herein for the Defendant and his attorney to make the disclosure to the State, and further, that

: 00309

said order specify the manner in which Defendant and his attorney must make said disclosure to the State.

RESPECTFULLY SUBMITTED,

(Printed Name):  NATALIE TISE
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5546
FAX: (713) 755-8181

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Motion to Disclose Experts has been served upon the attorney for the Defendant by mailing a copy of same to: CHRISTIAN CAPITAINE

Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5546
FAX: (713) 755-8181

Date:/2/15/11

2

: 00310

CAUSE NUMBER **1289189/1289188**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 337TH JUDICIAL** |
| **VS.** | § | **DISTRICT COURT OF** |
| **OBEL CRUZ GARCIA** | § | **HARRIS COUNTY, TEXAS** |

## ORDER

BE IT REMBERED that on this day, after proper and timely notice to the

Defendant, by and through his attorney of record, came on to be heard and considered the

State's Motion to Disclose Experts, and in which the State requests that the Defendant

and his attorney disclose the name(s) and address (es) of each person who the Defendant

and the attorney for the Defendant may use to present evidence under Rules 702, 703, and

705, Texas Rules of Evidence at the trial in the above captioned and numbered cause.

The Court having considered said Motion, it is hereby--

ORDERED that said Motion to Disclose is (GRANTED)(DENIED).

ORDERED that the Defendant and his attorney are directed to disclose to the

State, by and through its Assistant District Attorney, <u>NATALIE TISE</u>, the name(s) and

address(es) of each person who the Defendant and the attorney for the Defendant may use

to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence at the trial in

the above captioned and numbered cause by <u>JULY5, 2011</u>, a date at least twenty (20)

days before the trial is scheduled to begin herein, and that the manner of making that

3

: 00311

disclosure is as follows:

_____

_____

_____

_____

SIGNED AND ENTERED on this the _____ day of _____ 2011.

FEB 1 5 2011

_____

JUDGE PRESIDING
337 District Court
Harris County, Texas

: 00312

APPLICATION FOR SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT
NATALIE TISE - March 1, 2011

No.**1289188/1289189**

The State Of Texas

vs.

**OBEL CRUZ GARCIA**

In The District Court No. ~~262nd~~ 337th
Of Harris County, Texas
Offense **CAP MURDER/AGG SEX ASST**

Please issue a subpoena in the above styled cause for the following named witness(es) whose location in **HARRIS** County and vocation, as far as known, I state below:

Ronald Colderas, Custodian of Records, Administration of Corrections Department. Please provide a certified copy of the complete file on former inmate Obel Cruz Garcia, Date of Birth 7/8/67

```
F I L E D
Chris Daniel
District Clerk

MAR 02 2011

Time: _____
       Harris County, Texas
By _____
              Deputy
```

if found in your county, to appear before the Honorable **MIKE ANDERSON**, District Court No. ~~262nd~~ 337th, Harris County, Texas, on **instanter** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court. The testimony of said witness(es) is believed to be material to the State.

**NATALIE TISE**
Assistant District Attorney
Harris County, Texas

Sworn to and subscribed before me, this _____ 2 _____ day of ____ MARCH ____ A. D. 2010.

LOREN JACKSON
DISTRICT CLERK
HARRIS COUNTY, TEXAS

BY _____ Deputy

: 00313

SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT.

## No.**1289188/1289189**

The State Of Texas

vs.

**OBEL CRUZ GARCIA**

In The District Court No. ~~262nd~~ 337th

Of Harris County, Texas

Offense **CAP MURDER/AGG SEX ASST**

To Any Peace Officer or person authorized in accordance with Art. 24.01(b) C.C.P.-Greetings:

YOU ARE HEREBY COMMANDED TO SUMMON THE FOLLOWING NAMED WITNESS(ES) WHOSE LOCATION IN **HARRIS** COUNTY AND VOCATION AS FAR AS KNOWN, I STATE BELOW:

Ronald Colderas, Custodian of Records, Administration of Corrections Department. Please provide a certified copy of the complete file on former inmate Obel Cruz Garcia, Date of Birth 7/8/67□

if found in your county, to appear before the Honorable **MIKE ANDERSON**, District Court No. ~~262nd~~ 337th, Harris County, Texas, on **instanter** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court. The testimony of said witness(es) is believed to be material to the State.

**NATALIE TISE**
Assistant District Attorney
Harris County, Texas

Herein Fail Not, and due return make of this writ _____ Witness my official Signature

this _____ 2 _____ day of _____ MARCH _____ A.D. 201✔.

LOREN JACKSON
DISTRICT CLERK
HARRIS COUNTY, TEXAS

BY _____ Deputy

: 00314

| The State Of Texas | § | OBEL CRUZ GARCIA |
|---|---|---|
| | Return | |
| County Of Harris | § | 1289188/1289189 |

The undersigned being a peace officer under the laws of the State of Texas certifies that the foregoing subpoena came to hand on the same day issued and that it was executed on the _____ day of _____, 20___, by virtue of the following action, to-wit: _____, and that the following persons were served in the below described fashion:

_____

_____

_____

_____

_____

_____

_____

### SHERIFF'S RETURN

Came to hand on the ___2ᴺᴰ___ day of ___Murch_____, 20 11 , and executed by summoning the within witness

_____ in person, in the County of Harris, at the dates as herein stated, viz:

| DATE OF SERVICE | | | NAME | MILES | DIRECTION | FEE FOR SERVICE | FEE FOR MILEAGE | TOTAL FEE | |
|---|---|---|---|---|---|---|---|---|---|
| 3/2/11 | | | 1-DA SERVE | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | TOTAL FEE | | |

and not executed as to witness _____, _____ the diligence used

in finding said witness _____ , being _____

_____

and who after due search and diligent inquiry, can not be found in Harris County, Texas.

ADRIAN GARCIA
Sheriff of Harris County, Texas

By _____ Deputy.

FILED
Chris Daniel
District Clerk
MAR 02 2011
Time: _____
By _____
Harris County, Texas

: 00315

□ORIGINAL

CAUSE NOS. 1181910, 1289188, 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

**FILED**
Chris Daniel
District Clerk

MAR 23 2011

Time: _____
By _____

## MOTION TO PRODUCE RECORDS
## REGARDING DNA ANALYSIS

The Defendant, Obel Julian Cruz-Garcia, through his attorneys, Christian Capitaine and Steve Shellist, respectfully request that this Honorable Court order the production of all documents and records which relate to the forensic testing conducted in the above captioned case. In support thereof, Defendant avers the following:

I.

Defendant is charged with Capital Murder and related offenses in the above-captioned indictments. On September 30, 1992, in Harris County Texas, officers were dispatched and responded to a kidnapping and robbery in Houston Texas. They were met by two individuals who told officers that they were asleep in their bedroom and that their son was asleep on the bedroom floor, when they were awakened by a loud bang. A masked suspect entered the bedroom and tied up the man. They covered the female in a blanket, ripped off her underwear, and raped her. When the masked men had gone, they realized that their son was missing. They told police that they had been robbed. Evidence left at the scene included, among other things, a partially smoked cigar and the attacker's semen.

One of the officers noted in his report that their claims seemed suspicious because when police arrived the victims were wearing gold necklaces and there were other items of value left

: 00316

undisturbed. They offered no explanation as to why anyone would do this to them. Initially, they also denied any drug involvement.

On November 5, 1992, more than thirty (30) days after he allegedly went missing, the complainant, Angelo Garcia, Jr.'s skeletal remains and clothing were found washed up on a lakeshore. Per the autopsy report, the manner of death was ruled a homicide, with an unknown cause.

A rape exam was performed on the mother who was raped. Samples were taken by a SANE nurse. Additional evidence was collected including the cigar left at the scene, panties and several blood samples. The first person to analyze the samples was Deetrice Wallace, who at the time was an HPD criminalist. DNA was then further tested by Genetic Design in 1992 and Orchid Cellmark in 2007 and 2008. In 2008, Orchid Cellmark reported that the DNA found on the cigar and in the victims panties matched that of the defendant. This is the only physical evidence linking the defendant to the scene.

In 2009, Deetrice Wallace was convicted of tampering with a governmental record in cause number 1207042. She was employed by the Texas Department of Public Safety as a technical supervisor and she supervised their alcohol breath testing program. She was falsifying inspection reports as they related to breath-test machines. Because several different labs examined the DNA and because so many different individuals handled it, and because DNA is the only physical evidence linking the Defendant to the scene, the DNA discovery requested below is evidence that is material to the Defendant's case.

## II.

The State has indicated that it intends to introduce the results of DNA testing in the above captioned case. The DNA analysis is performed with an automated testing system. The automated testing system employs specialized data collection and analysis software.

## III.

Pursuant to Courts Texas Code of Criminal Procedure 39.14 and Brady v. Maryland, 373 US 83 (1963), Counsel respectfully requests that the State be ordered to produce all records that relate to the DNA testing conducted in the instant case, including, but not limited to, the following records from the following labs: Houston Police Department Crime Lab, Genetic Design, and Orchid Cellmark.

1.      Any and all data related to the testing performed in this case as noted above, to include Chain of custody.

2.      All data generated from the point of initial examination through the generation of the final report, including but not limited to:

        a.      Photographic quality copies of slot blots, yield gels, product gels, PM/DQA1 typing strips, and D1S80 gels;

        b.      Copies of all original, unedited image files generated during STR testing including Y-STR testing;

        c.      paper copies of all original, unedited electropherograms and data tables generated during STR testing;

        d.      paper copies of all edited image files and electropherograms generated during STR testing;

   e. electronic files for all raw data and all original and edited image files including graphic images, electropherograms and all other files generated during testing. Also include any CODIS detailed match reports or searches.

3. Any and all validation studies performed by the laboratories as they pertain to AmpFlSTR Profiler Plus, COfiler, Identifiler, or MiniFiler DNA analysis or Y-STR analysis and any data underlying the validation studies conducted which purport to validate the use of the AmpFlSTR Profiler Plus, COfiler, Identifiler, or MiniFiler testing kit systems or Y-Plex test kit systems.

4. Protocol as followed by *all* analysts involved with the presumptive testing, body fluid testing, and DNA testing of evidence in the above referenced case, to also include reporting and interpretational guidelines, with notations as to any variation from this protocol in the testing performed in this case.

5. Copies of the data base(s) utilized in the calculation of frequencies for the genetic sequences detected in this case.

6. Any and all proficiency tests run by any and all analysts involved in the analysis or handling of evidence in the above referenced case, to establish their ability to perform DNA typing in an accurate and correct manner.

7. Documentation of any and all incidences of contamination detected on DNA testing performed in the laboratory and corrective measures implemented to prevent the same and provide corrective action logs (or any such logs that include unexplained results or anomalies) for the laboratory.

8. A Resume or Curriculum Vitae for any and all analysts involved in the analysis of evidence in the above referenced case.

9.      The AmpFlSTR Profiler Plus, COfiler, Identifiler, or MiniFiler profiles (and/or Y-STR profiles if applicable) of all individuals who collected, handled or analyzed evidence or prepared reagents used in the analysis of said evidence in the above referenced case.


**WHEREFORE,** the Defendant respectfully requests that this Honorable Court grant Defendant's Motion to Produce all Records that relate to DNA testing that the State has conducted or intends to conduct in the above captioned case.


Respectfully submitted,


CAPITAINE, SHELLIST, & McALISTER, LLP


CHRISTIAN CAPITAINE
SBN 24031911
STEVEN D. SHELLIST
SBN 24039172
405 Main St., Ste. 1050
Houston, TX 77002
Tel (713) 715-4500
Fax (713) 715-4505


ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been mailed and/or hand delivered to the office of the District Attorney's Office, 1201 Franklin, Houston, Texas 77002, on this the _22_ day of _March_, 2011.

CHRISTIAN CAPITAINE
STEVEN D. SHELLIST

CAUSE NOS. 1181910, 1289188, 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

## ORDER ON MOTION TO PRODUCE RECORDS
## REGARDING DNA ANALYSIS

On this day came on to be heard the Defendant's Motion to Produce Records Regarding DNA Analysis, and the Court being of the opinion that the requests have merit and are in the interests of justice, GRANTS this Motion and ORDERS the prosecutor for the Government in this cause to provide copies to defense counsel those items indicated above on or before 10:00 a.m. on the ____ day of _____, 2011:

This Order specifically allows the Defense to make photocopies of all documents produced by the State.

SIGNED and ENTERED this ____ day of _____ , 2011.

_____
JUDGE PRESIDING

: 00321

NO. 1181910/1289188/1289189

**□ORIGINAL**

**F I L E D**
Chris Daniel
District Clerk

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 337th JUDICIAL DISTRICT |
| | § | MAR 2 8 2011 |
| OBEL JULIAN CRUZ-GARCIA | § | HARRIS COUNTY, TEXAS |

Time: _____
Harris County, Texas

By _____
Deputy

## APPLICATION TO ISSUE SUBPOENAS

This Application to Issue Subpoenas is filed by the Defendant, for the witnesses identified below to produce documents, evidence or other tangible things *INSTANTER*.

1.     Under Article 24.16 of the Texas Code of Criminal Procedure, request is hereby made for the issuance of a subpoena for the following witness to produce documents, evidence or other tangible things:

Attention:  **Bryan Butt**
Lab Corp
DNA Identification Division
1440 York Court Extension
Burlington, NC 27215
Email:  buttb@labcorp.com

Request is further made that **Bryan Butt/Lab Corp** bring and produce the following evidence at the date and time that said witness is subpoenaed to appear:   Please produce the following documents, evidence or other tangible things related to testing requested by the **Houston Police Department Crime Lab No: L92-10367** regarding seven (7) items of evidence received by genetic design on 12/03/1992 for PCR DNA Analysis.

6.     Witnesses may call the following telephone number when records are ready: (713) 715-4500

Respectfully submitted,
CAPITANE SHELLIST & McALISTER, LLP

By: _Uridiana Vasquez_

for   Christian Capitaine
State Bar No. 24031911
405 Main St., Ste. 1050
Houston, TX 77002
Tel: (713) 715-4500
Fax: (713) 715-4505

: 00322

NO. 1181910/1289188/1289189

□ORIGINAL

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | **F I L E D** |
| vs. | § | 337th JUDICIAL DISTRICT |
| | § | Chris Daniel |
| OBEL JULIAN CRUZ-GARCIA | § | District Clerk |
| | § | HARRIS COUNTY, TEXAS |

MAR 2 8 2011

## APPLICATION TO ISSUE SUBPOENAS

Time: _____
Harris County, Texas

By _____

This Application to Issue Subpoenas is filed by the Defendant, for the witnesses identified below to produce documents, evidence or other tangible things ***INSTANTER***.

     1.    Under Article 24.16 of the Texas Code of Criminal Procedure, request is hereby made for the issuance of a subpoena for the following witness to produce documents, evidence or other tangible things:

    Attention:  **Angie Miller**
    Lab Corp
    DNA Identification Division
    1440 York Court Extension
    Burlington, NC 27215
    Email:  buttb@labcorp.com

Request is further made that **Angie Miller/Lab Corp** bring and produce the following evidence at the date and time that said witness is subpoenaed to appear:   Please produce the following documents, evidence or other tangible things related to testing requested by the **Houston Police Department Crime Lab No: L92-10367** regarding seven (7) items of evidence received by genetic design on 12/03/1992 for PCR DNA Analysis.

     6.    Witnesses may call the following telephone number when records are ready: (713) 715-4500

                      Respectfully submitted,
                      CAPITANE SHELLIST & McALISTER, LLP

                     By: _Viridiana Vasquez_
                      Christian Capitaine
                      State Bar No. 24031911
                      405 Main St., Ste. 1050
                      Houston, TX 77002
                      Tel: (713) 715-4500
                      Fax: (713) 715-4505

Cause Number 1289188/1289189

**FILED**
Chris Daniel
District Clerk

JUL 15 2011

Time: _____
Harris County, Texas
By _____
Deputy

| The State of Texas | ] | In the 337th Criminal |
| | ] | |
| vs. | ] | District Court of |
| | ] | |
| OBEL CRUZ-GARCIA | ] | Harris County, Texas |

### State's Motion For a Keep Separate Order

Comes now the State of Texas by and through its Assistant District Attorney, Natalie Tise, and would respectfully ask this Honorable Court to order the Harris County Sheriff's Department to Keep inmate Obel Cruz-Garcia apart from inmate Carmeo Martinez at all times while the two inmates are in the custody of the said department. The State of Texas would show this Honorable Court the following:

1. Inmate Obel Cruz-Garcia (SPN 01134368) is currently incarcerated in the Harris County Jail charged with the offense of Capital Murder in the above Cause Numbers in this Court.
2. Inmate Carmeo Martinez (SPN 01206555) is currently incarcerated in the Harris County Jail having been extradited from federal custody in Pennsylvania to Harris County as a material witness in the above Cause Numbers.
3. Carmeo Martinez has personal knowledge of the offense with which Obel Cruz-Garcia is charged and is anticipated to testify against Obel Cruz-Garcia in his upcoming capital murder trial.
4. Due to his history of violence and the severity of the pending charge, Obel Cruz-Garcia . would constitute a threat to Carmeo Martinez if there is no "Keep Separate Order."

The State respectfully requests that this Court order the Harris County Sheriff's Department to keep the inmates separate at all times, including in the jail, in processing, in any holdover cell, during all transports, during dressouts, or any where that inmates may be together. The State further requests that both defendants be housed in different jails.

Respectfully Submitted,

Natalie Tise
Assistant District Attorney
Harris County, Texas

IMAGED

: 00324

## Order to Keep Inmates Separate

Having heard the State's Motion to Keep Inmates Separate, the Court hereby makes the following rulings:

1. It is ordered that the inmates, Obel Cruz-Garcia (SPN 01134368) and Carmeo Martinez (SPN 01206555) be kept separate and apart from at each other at all times while incarcerated in the Harris County Jail.
2. It is ordered that the inmates be housed separately in the jail.
3. It is ordered that the inmates be housed in different jail complexes.
4. It is ordered that the inmates be transported separately (not on the same chain or together).
5. It is ordered that the inmates be processed for court separately.
6. It is ordered that the inmates be housed in separate holding facilities.
7. It is ordered that the inmates be dressed for court in separate areas.
8. It is ordered that the Harris County Sheriff's Department enter this record into all databases so that the presence of this order is known to all person's handling or who may handle the two inmates.

Signed and entered on the ___15___ day of July, 2011.

_____
Presiding Judge
337th District Court
Harris County, Texas

: 00325



CAUSE NO. 1181910, 1289188, 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337TH DISTRICT COURT |
| VS. | § | OF |
| OBEL CRUZ-GARCIA | § | HARRIS COUNTY, T E X A S |

## MOTION TO WITHDRAW AS ATTORNEY OF RECORD

NOW COMES the Attorney representing the Defendant in the above styled and numbered cause and respectfully asks the Court to relieve Steven Shellist and Christian Capitaine as his/her attorney of record .

Attorney

CHRISTIAN CAPITAINE
STEVE SHELLIST

O R D E R

THEREFORE all things considered, it is the order of this Court that the above motion be in all things granted/denied.

Done and entered this the 31st day of August A.D., 2011.

PRESIDING JUDGE
337th DISTRICT COURT
HARRIS COUNTY, T E X A S
Judge Mike Anderson

FILED
Chris Daniel
District Clerk
AUG 3 1 2011
Time: _____
Harris County, Texas
By _____ Deputy

IMAGED

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

: 00326

FILED
Chris Daniel
District Clerk

OCT 1 2 2011

Time: _____
Harris County, Texas
By _____
Deputy

NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered cause, by and through his attorney of record, R.P. CORNELIUS, and respectfully requests the Court to order the State of Texas and its prosecutors from going into any of the following matters, without first approaching the bench and putting the defense on notice, outside the hearing of the jury, and thereby giving the defense an opportunity to object without the jury being informed of the certain matters that the State is attempting to go into, including:

(1) Any statements whether written or oral, which are purported to be made by the defendant, if the admissibility of same has not been previously ruled upon by the Court;

(2) Any attempt to develop the results of any scientific test, or any opinion by an expert, if the admissibility has not been previously ruled upon by the Court;

(3) Any prior acts of misconduct, extraneous offenses, or extrinsic evidence which are alleged to have been committed by defendant; including any prior convictions which are alleged to be against Defendant.

(4) Any attempt to offer testimony from any other alleged victim.

### I.

In the event any evidence concerning the matters mentioned above are offered by the State, the defendant objects to its admissibility on the grounds that it would be offered in violation of this order and the rules of evidence and defendant requests permission to make his further and more specific objections outside the presence of the jury.

: 00327

## II.

Defendant would ask the Court to order the State and its prosecutors to put the Court and defense counsel on notice if any evidence, which is outlined above, is to be offered by the State.

WHEREFORE, PREMISES CONSIDERED, Defendant, **OBEL CRUZ-GARCIA**, prays that a hearing be had hereon and that upon hearing that this Court grant this motion.

Respectfully submitted,

R.P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION IN LIMINE was sent by hand delivery to the Assistant District Attorney for Harris County, Texas on this the _12_ day of _Oct_, 2011.

R.P. CORNELIUS
Attorney for Defendant

: 00328

NO. 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| V.S. | § | |
| | § | HARRIS COUNTY, TEXAS |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

**MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered cause, by and through his attorney of record, R.P. CORNELIUS, and respectfully requests the Court to order the State of Texas and its prosecutors from going into any of the following matters, without first approaching the bench and putting the defense on notice, outside the hearing of the jury, and thereby giving the defense an opportunity to object without the jury being informed of the certain matters that the State is attempting to go into, including:

(1)  Any statements whether written or oral, which are purported to be made by the defendant, if the admissibility of same has not been previously ruled upon by the Court;

(2)  Any attempt to develop the results of any scientific test, or any opinion by an expert, if the admissibility has not been previously ruled upon by the Court;

(3)  Any prior acts of misconduct, extraneous offenses, or extrinsic evidence which are alleged to have been committed by defendant; including any prior convictions which are alleged to be against Defendant.

(4)  Any attempt to offer testimony from any other alleged victim.

**I.**

In the event any evidence concerning the matters mentioned above are offered by the State, the defendant objects to its admissibility on the grounds that it would be offered in violation of this order and the rules of evidence and defendant requests permission to make his further and more specific objections outside the presence of the jury.

: 00329

## II.

Defendant would ask the Court to order the State and its prosecutors to put the Court and defense counsel on notice if any evidence, which is outlined above, is to be offered by the State. WHEREFORE, PREMISES CONSIDERED, Defendant, prays that a hearing be had hereon and that upon hearing that this Court grant this motion.

Respectfully submitted,

R.P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION IN LIMINE was sent by hand delivery to the Assistant District Attorney for Harris County, Texas on this the _12_ day of _Oct_ 2011.

R.P. CORNELIUS
Attorney for Defendant

: 00330

**FILED**
Chris Daniel
District Clerk

NO. 1289188

OCT 1 2 2011

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | Time: _____ |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | Deputy |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

Harris County, Texas

## DEFENDANT'S ADDITIONAL MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, Defendant, by and through his attorneys of record, and makes this his Motion in Limine. As grounds therefore, Defendant would show as follows:

I.

The Defendant requests that this Honorable Court order the State and its counsel, witnesses, and agents, to refrain from making any mention, reference, argument, or interrogation, either directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth, or alternatively, instruct the aforesaid individuals by appropriate order to refrain from making any such motion, reference, argument, or interrogation without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this cause in regard to any alleged theory or admissibility of such matters, set out in Paragraph II below.

MOTION IN LIMINE, Page 1

: 00331

## II.

The State and its counsel, witnesses and agents are not to allude to, make any mention of, refer to, argue, or interrogate about, either directly or indirectly, in any manner, by statement or opinion, at any time, to any witness, to the jury panel or to the jury or within the hearing and presence thereof, the following:

1.  Extraneous Offenses:

    Whether the Defendant is alleged to have committed other extraneous offenses.

    ____✓ GRANTED                          _____ DENIED

2.  Arrests:

    Whether the Defendant has or has not ever been arrested for any reason prior to the arrest made the basis of this cause.

    ____✓ GRANTED                          _____ DENIED

3.  Convictions:

    Whether the Defendant has or has not been convicted of any crime involving a misdemeanor, a felony, or a violation of the law involving moral turpitude under the laws of this State of any other state or the laws of the United States.

    ____✓ GRANTED                          _____ DENIED

MOTION IN LIMINE, Page 2

4.   <u>Oral Statements:</u>

Whether the Defendant has or has not made any statement, oral or written, that is inculpatory or exculpatory in nature for the offenses with which the Defendant has been charged.

___✓___ GRANTED                                              _____ DENIED

5.   <u>Oral Statement Extraneous:</u>

Whether the Defendant has or has not made any statement, oral or written, that is inculpatory in its nature of an offense with which the Defendant has not been charged.

___✓___ GRANTED                                              _____ DENIED

6.   <u>Fifth Amendment:</u>

Any reference of any type to the failure of Defendant to testify if the election not to testify is in fact made.

___✓___ GRANTED                                              _____ DENIED

7.   <u>Reputation:</u>

Testimony of any witness relating to "reputation testimony" of the accused, if such "reputation testimony" has in fact been put in issue, without first allowing the Defendant's attorney outside the presence of the jury, an opportunity to question said witness to ascertain if he or she is qualified to testify.

___✓___ GRANTED                                              _____ DENIED

<u>MOTION IN LIMINE</u>, Page 3

8. <u>Personal Beliefs</u>:

Any expression relating to the prosecutor's personal belief that the Defendant is guilty of the

offense with which he has been charged.

✓ GRANTED \_\_\_\_\_ DENIED

9. <u>Charge</u>:

Any expression of any law that is not included in the Court's charge to the jury.

✓ GRANTED \_\_\_\_\_ DENIED

10. <u>Racial</u>:

Any appeal to the jury by the use of racial, national or religious prejudice.

✓ GRANTED \_\_\_\_\_ DENIED

11. <u>Public Opinion</u>:

Any reference to public opinion if the Defendant were to be acquitted.

✓ GRANTED \_\_\_\_\_ DENIED

12. <u>Punishment</u>:

Any reference as to the punishment during the guilty-innocence stage of the trial proceedings.

✓ GRANTED \_\_\_\_\_ DENIED

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be granted

and sustained by appropriate Order of this Honorable Court.

<u>MOTION IN LIMINE</u>, Page 4

: 00334

Respectfully submitted,

R. P. CORNELIUS
State Bar No. 04831500
2028 Buffalo Terrace
Houston, Texas 77019
Telephone (713) 237-8547
Fax: (713) 528-0153

COURT APPOINTED
ATTORNEY FOR DEFENDANT

*Granted*
*C. Hernandez*
*7-8-13*

MOTION IN LIMINE, Page 5

: 00335

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of same this the /2 day of _____, 2011.

_____

R. P. CORNELIUS

<u>MOTION IN LIMINE</u>, Page 6

: 00336

NO. 1289189

| | |
|---|---|
| THE STATE OF TEXAS §<br>§<br>V.S. §<br>§<br>OBEL CRUZ-GARCIA § | IN THE DISTRICT COURT OF<br><br>HARRIS COUNTY, TEXAS<br><br>337TH JUDICIAL DISTRICT |

## MOTION TO SUPPRESS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered cause, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to suppress and exclude from evidence in the above cause the following:

(1) Any statements whether written or oral, which are purported to be made by the defendant;

(2) Any results from any scientific tests, including but not limited to: fingerprints, blood or urine tests, or any other tests prepared in this case;

(3) Any items seized as a result of Defendant's arrest; and any other item or information obtained as the result of the arrest and/or search of the defendant by agents of the State of Texas, upon the grounds that his arrest was without probable cause and that the search and seizure was unreasonable and therefore, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and Art. 1, Sec. 9 of the Constitution of the State of Texas by reason of the following facts:

### I.

There was no probable cause to arrest or even detain the defendant.

### II.

The search was not conducted with the consent or permission of the defendant. The defendant shows that this arrest and search was administered without a warrant. The defendant was not competent to understand his legal rights and could not have voluntarily consented to any search or questioning by any police officer or his agent.

: 00337

### III.

The defendant shows that the warrantless search and seizure and the questioning of defendant in this case was unreasonable, that such warrantless search and seizure and questioning of defendant is expressly prohibited by the Fourth, Fifth, Six, and Fourteenth Amendments to the Constitution of the United States, and that admission of such matter in evidence will violate said constitutional provisions and Art. 38.22 and Art. 38.23 of the Code of Criminal Procedure of Texas.

### IV.

Said statements or evidence would not have been inevitably discovered absent said arrest and search; there was no independent source for their discovery; defendant was not competent and did not understand his legal rights; and said agents acted in reckless disregard of the defendant's rights and not in good faith.

WHEREFORE PREMISES CONSIDERED, Defendant prays that a hearing be had hereon and that upon hearing hereof that this Court judicially find and determine that said arrest and search and seizure and questioning of defendant was without probable cause or warrant, and unreasonable, and in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and Art. 1, Sec. 9 of the Constitution of the State of Texas, and Art. 38.22 and Art. 38.23 of the Code of Criminal Procedure of Texas and that the statements of defendant, if any, or substances seized from the defendant be suppressed and excluded from evidence in this cause and that the State of Texas and its agent prosecuting this cause be ordered to refrain from offering in evidence or producing in the presence of a jury, on the trial of this case, said statements or substances or from asking any question of any of said officers as to the existence of said statement or substances.

Respectfully submitted,

R. P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500
COURT APPOINTED
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION TO SUPPRESS** was sent by hand delivery to the Assistant District Attorney for Harris County, Texas on this the 12 day of _Oct_, 2011.

R. P. CORNELIUS
Court Appointed
Attorney for Defendant

*Carried with trial (HRM 6-19-13)*

3

: 00339

NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

Time: _____
Harris County, Texas
By _____
Deputy

OCT 12 2011

<u>**MOTION TO SUPPRESS**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered causes, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to suppress and exclude from evidence in the above cause the following:

(1)  Any statements whether written or oral, which are purported to be made by the defendant;

(2)  Any results from any scientific tests, including but not limited to: fingerprints, blood or urine tests, or any other tests prepared in this case;

(3)  Any items seized as a result of Defendant's arrest; and any other item or information obtained as the result of the arrest and/or search of the defendant by agents of the State of Texas, upon the grounds that his arrest was without probable cause and that the search and seizure was unreasonable and therefore, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and Art. 1, Sec. 9 of the Constitution of the State of Texas by reason of the following facts:

**I.**

There was no probable cause to arrest or even detain the defendant.

: 00340

## II.

The search was not conducted with the consent or permission of the defendant. The defendant shows that this arrest and search was administered without a warrant. The defendant was not competent to understand his legal rights and could not have voluntarily consented to any search or questioning by any police officer or his agent.

## III.

The defendant shows that the warrantless search and seizure and the questioning of defendant in this case was unreasonable, that such warrantless search and seizure and questioning of defendant is expressly prohibited by the Fourth, Fifth, Six, and Fourteenth Amendments to the Constitution of the United States, and that admission of such matter in evidence will violate said constitutional provisions and Art. 38.22 and Art. 38.23 of the Code of Criminal Procedure of Texas.

## IV.

Said statements or evidence would not nave been inevitably discovered absent said arrest and search; there was no independent source for their discovery; defendant was not competent and did not understand his legal rights; and said agents acted in reckless disregard of the defendant's rights and not in good faith.

WHEREFORE, PREMISES CONSIDERS, Defendant, **OBEL CRUZ-GARCIA,** prays that a hearing be had hereon and that upon hearing hereof that this Court judicially find and determine that said arrest and search and seizure and questioning of defendant was without probable cause or warrant, and unreasonable, and in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and Art. 1, Sec. 9 of the Constitution of the State of Texas, and Art. 38.22 and Art. 38.23 of the Code of Criminal Procedure of Texas and that the statements

2

of defendant, if any, or substances seized from the defendant be suppressed and excluded from evidence in this cause and that the State of Texas and its agent prosecuting this cause be ordered to refrain from offering in evidence or producing in the presence of a jury, on the trial of this case, said statements or substances or from asking any question of any of said officers as to the existence of said statement or substances.

Respectfully submitted,

R. P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500
COURT APPOINTED
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION TO SUPPRESS** was sent by hand delivery to the Assistant District Attorney for Harris County, Texas on this the 12 day of OCt, 2011.

R. P. CORNELIUS
Court Appointed
Attorney for Defendant

Carried with
trial 6/19/13
(HRW)

3

: 00342

NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO DISCOVER STATE'S EXTRANEOUS AND/OR UNADJUDICATED ACTS OF MISCONDUCT TO BE OFFERED AT GUILT OR PUNISHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, Defendant in the above-styled cause, by and through his attorneys, and makes this his Motion to Discover State's Extraneous and/or Unadjudicated Acts of Misconduct to be Offered at Guilt or Punishment, and as grounds therefore would respectfully show the Court as follows:

I.

If the Defendant does not have sufficient time in order to investigate any and all extraneous and/or unadjudicated acts of misconduct that the State may present at trial in this cause, Defendant will be denied his rights in violation of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution, as well as Article I, §10, §13, §15 and §19 of the Texas Constitution.

II.

In order for Defendant's counsel to effectively investigate and defend against any and all extraneous and/or unadjudicated acts of misconduct that the State may present at trial in this cause, counsel is entitled to discovery of such acts with sufficient notice. Granting Defendant's request for discovery will avoid any last minute investigation which may hinder Defendant's counsel from properly conducting voir dire and other responsibilities during trial. In this way, Defendant may be afforded effective assistance of counsel.

: 00343

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been

furnished to counsel for the State by hand-delivery on this the _2_ day of

_____, 2011.


_____

R. P. CORNELIUS

NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## MOTION FOR DISCOVERY AND INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, Defendant in the above-entitled and numbered cause, individually and by and through his attorney of record, R. P. CORNELIUS, and respectfully moves this Honorable Court to order the District Attorney or his associates or assistants to produce the following requested items, to-wit:

(1) Any statement, whether in writing or however recorded and whether signed or unsigned, by any witness who may be called to testify by the State of Texas, prior to his testimony on direct examination.

(2) In the alternative and without waiving the above, any statement, whether in writing or however recorded and whether signed or unsigned, of any witness called to testify by the State of Texas after his testimony on direct examination.

(3) A transcript of the Grand Jury testimony of any witness called by the State of Texas to testify at the Grand Jury prior to his testimony on direct examination.

(4) A list of the witnesses providing Grand Jury testimony.

(5) In the alternative and without waiving the above, a transcript of the Grand Jury testimony of any witness called by the State of Texas to testify after the witness has completed his testimony on direct examination.

(6) Any document, object, photograph or chart, the contents of which are material either to guilt or punishment and will or may be placed before the jury by direct examination of any witness; the materiality and necessity of which finds its basis in, and is needed in order for, defense counsel to properly advise the Defendant and to prepare for

trial.

(7)     Any document, object, photograph or chart, the contents of which have in any way been placed before any witness to be called by the State of Texas, which is material either to guilt or to punishment and will or may be placed before the jury by direct examination of said witness; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and to prepare for trial.

(8)     Any police report where the same is shown to purport to be what a witness observed or did at the time in question and which concerns facts testified to by the witness at the Grand Jury stage or prior thereto, whether made by the witness or not as long as the witness has adopted the same as correct.

(9)     In the alternative and without waiving the above, any police report where the same is shown to purport to be what any witness observed or did at the time in question and which concerns facts that will be testified to by any witness on direct examination, whether made by the witness or not, as long as the witness has adopted the same as correct.

(10)    Any police report, document, object, photograph or chart made by any witness, or by the State of Texas, whether inculpatory or exculpatory and whether made by a witness and/or the State of Texas, as long as the witness and/or the State of Texas has adopted        the same as correct, if the State of Texas has possession of the item sought and such items are otherwise unobtainable by the Defendant.

(11)    The names, addresses and telephone numbers of any and all persons the State of Texas knows to possess relevant information in connection with the charges in the indictment in the instant case, including but not limited to, any informant or confidential source of information.  The Defendant shows a particularized need for such disclosure in that such disclosure will aid the Defendant in regard to his defense.

(12)    In the alternative, and without waiving the above, the names, addresses, and telephone numbers of any and all persons the State of Texas knows to possess relevant information in connection with the charges in the indictment in the instant case, including but not limited to, any informant or confidential source of information.  Such disclosure, on record but in camera with all counsel present to insure adversarial advocacy; and, if it be then determined that such

disclosure is not required, the record to be sealed and preserved for appellate review, while all present are, in such case, to be enjoined not to reveal the testimony given.

(13)   Any diagrams prepared by the State of Texas which are material either to guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(14)   Any maps prepared by the State of Texas which are material either to guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(15)   Any scientific tests prepared by the State of Texas which are material either to guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(16)   Any polygraph test results prepared by the State of Texas which are material either to guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(17)   Any and all tape recorded conversation between the Defendant and any agents, employees or servants of the City of Galena Park, City of Houston, Harris County Sheriff's Department, and the State of Texas or the United States government who were investigating this matter which are material to either guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(18)   Any and all exculpatory evidence pertaining to the Defendant which is material either to guilt or to punishment; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(19)   Any statement, whether in writing or however recorded and whether

the due process clause of the Fourteenth Amendment to the Constitution of the United States.

IV.

When the reference is made herein to the State of Texas, it is intended to and does include the Executive Branch of the municipal, county, state and federal agencies, including but not limited to, the Texas Rangers, the Sheriff's Office of Harris County, Texas, the City of Houston, Texas, the City of Houston Police Department, the City of Baytown, the City of Baytown Police Department, the District Attorney's Office of Harris County, Texas, the Federal Bureau of Investigation and any and all peace officers and prosecuting officials.

V.

Further, showing a particularized need as a basis for this Motion, Defendant would respectfully show unto this Honorable Court that he cannot, under the Sixth and Fourteenth Amendments to the Constitution of the United States, properly cross-examine the witnesses without the production of such material requested.

VI.

This Motion is sought by the Defendant as a continuing motion for production of the hereinabove set forth items and statements and the Defendant moves this honorable Court to consider this Motion as continuing from the time of its filing until the case is finally concluded.

WHEREFORE, PREMISES CONSIDERED, Defendant, **OBEL CRUZ-GARCIA**, prays that this Honorable Court conduct a plenary hearing so that evidence may be introduced, briefs and arguments of counsel submitted to the Court in order that this Court may consider and order the production of aforementioned items requested in the possession of the State of Texas which are not otherwise obtainable by the Defendant, and which material is necessary to the defense counsel in order to properly prepare his case.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION FOR DISCOVERY**

**AND INSPECTION** was sent by hand delivery to the District Attorney for Harris County, Texas

on this the _12_ day of _____ , 2011.

R. P. CORNELIUS
COURT APPOINTED
ATTORNEY FOR DEFENDANT

8

: 00349

NO. 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## MOTION FOR DISCOVERY AND INSPECTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA,** Defendant in the above-entitled and numbered cause, individually and by and through his attorney of record, R. P. CORNELIUS, and respectfully moves this Honorable Court to order the District Attorney or his associates or assistants to produce the following requested items, to-wit:

(1)   Any statement, whether in writing or however recorded and whether signed or unsigned, by any witness who may be called to testify by the State of Texas, prior to his testimony on direct examination.

(2)   In the alternative and without waiving the above, any statement, whether in writing or however recorded and whether signed or unsigned, of any witness called to testify by the State of Texas after his testimony on direct examination.

(3)   A transcript of the Grand Jury testimony of any witness called by the State of Texas to testify at the Grand Jury prior to his testimony on direct examination.

(4)   A list of the witnesses providing Grand Jury testimony.

(5)   In the alternative and without waiving the above, a transcript of the Grand Jury testimony of any witness called by the State of Texas to testify after the witness has completed his testimony on direct examination.

(6)   Any document, object, photograph or chart, the contents of which are material either to guilt or punishment and will or may be placed before the jury by direct examination of any witness; the materiality and necessity of which finds its basis in, and is needed in order for, defense counsel to properly advise the Defendant and to prepare for trial.

(7)   Any document, object, photograph or chart, the contents of which have in any way been placed before any witness to be called by the State of Texas, which is material either to guilt or to punishment and will or may be placed before the jury by direct examination of said witness; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the

Defendant and to prepare for trial.

(8)     Any police report where the same is shown to purport to be what a witness observed or did at the time in question and which concerns facts testified to by the witness at the Grand Jury stage or prior thereto, whether made by the witness or not as long as the witness has adopted the same as correct.

(9)     In the alternative and without waiving the above, any police report where the same is shown to purport to be what any witness observed or did at the time in question and which concerns facts that will be testified to by any witness on direct examination, whether made by the witness or not, as long as the witness has adopted the same as correct.

(10)    Any police report, document, object, photograph or chart made by any witness, or by the State of Texas, whether inculpatory or exculpatory and whether made by a witness and/or the State of Texas, as long as the witness and/or the State of Texas has adopted   the same as correct, if the State of Texas has possession of the item sought and such items are otherwise unobtainable by the Defendant.

(11)    The names, addresses and telephone numbers of any and all persons the State of Texas knows to possess relevant information in connection with the charges in the indictment in the instant case, including but not limited to, any informant or confidential source of information.  The Defendant shows a particularized need for such disclosure in that such disclosure will aid the Defendant in regard to his defense.

(12)    In the alternative, and without waiving the above, the names, addresses, and telephone numbers of any and all persons the State of Texas knows to possess relevant information in connection with the charges in the indictment in the instant case, including but not limited to, any informant or confidential source of information.   Such disclosure, on record but in camera with all counsel present to insure adversarial advocacy; and, if it be then determined that such disclosure is not required, the record to be sealed and preserved for appellate review, while all  present are, in such case, to be enjoined not to reveal the testimony given.

(13)    Any diagrams prepared by the State of Texas which are material either to guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(14)    Any maps prepared by the State of Texas which are material either to guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(15) Any scientific tests prepared by the State of Texas which are material either to guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(16) Any polygraph test results prepared by the State of Texas which are material either to guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(17) Any and all tape recorded conversation between the Defendant and any agents, employees or servants of the City of Galena Park, City of Houston, Harris County Sheriff's Department, and the State of Texas or the United States government who were investigating this matter which are material to either guilt or to punishment and will or may be placed before the jury; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(18) Any and all exculpatory evidence pertaining to the Defendant which is material either to guilt or to punishment; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(19) Any statement, whether in writing or however recorded and whether signed or unsigned by the Defendant; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and prepare for trial.

(20) Any prior inconsistent statements, whether in writing or however recorded and whether signed or unsigned, by any witness who may be called to testify by the State of Texas, prior to his testimony or direct examination.

(21) In the alternative and without waiving the above, any prior inconsistent statements, whether in writing or however recorded and whether signed or unsigned, of any witness called to testify by the State of Texas after his testimony on direct examination.

(22) The criminal records of any witness the State of Texas intends to call as a witness at trial; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and to prepare for trial.

(23) Any criminal record, including indictments, convictions, or pending charges, against any prosecution witness which are in the possession, control, or custody of the State or any of its agencies.

3

(24)   The names, addresses and telephone numbers of any and all eye witnesses to the alleged criminal acts of the Defendant, whether or not the State of Texas intends to call them as witnesses at trial; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and to prepare for trial.

(25)   Notice of any agreements made between any witnesses to be called by the State of Texas, or any of its agents, employees or servants; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the Defendant and to prepare for trial.

(26)   Complete inventory of items seized from Defendant; the materiality and necessity of which finds its basis in, and is needed in order for defense counsel to properly advise the defendant and to prepare for trial.

(27)   Any and all evidence of extraneous offenses or prior acts of misconduct, whether to used at the guilt/innocence or punishment phases of the trial.

(28)   Any and all medical evidence, blood or urine tests, any other medical tests of any kind, reports, medical narratives, names, addresses of any medical personnel who could become witnesses in this matter, including but not limited to, the Autopsy Report.

(29)   The results of any fingerprint analysis done in connection with this case.

I.

The aforementioned items are undetermined in number and the specific objects are unknown to the Defendant but know only to the State of Texas, and further they are necessary and material to defense counsel so that he may properly advise the Defendant and prepare for trial. They are in the possession of the State of Texas and cannot be examined prior to trial except by Court order. The materiality of the aforementioned items requested will be further shown at the hearing of this Motion.

This Motion is made in good faith and not for purpose of delay.

II.

The Defendant, **OBEL CRUZ-GARCIA**, individually and by and through his attorney of record, further requests this Honorable Court to order the District Attorney and/or his associates or

4

assistants to not, in the presence of the jury, offer any of the aforementioned statements or items, documents, charts, photographs or other requested objects or items in evidence until their admissibility has been established outside the presence of the jury.

III.

This Motion is presented pursuant to the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States; Article I, Sections 10, 13 and 19 of the Constitution of the State of Texas; and, Articles 1.03, 1.04, 1.05 and 39.13, V.A.C.C.P.; and, Rules 16, 17, F.R.C.P., to the extent that these rules are binding upon the State of Texas through the Equal Protection clause and the due process clause of the Fourteenth Amendment to the Constitution of the United States.

IV.

When the reference is made herein to the State of Texas, it is intended to and does include the Executive Branch of the municipal, county, state and federal agencies, including but not limited to, the Texas Rangers, the Sheriff's Office of Harris County, Texas, the City of Houston, Texas, the City of Houston Police Department, the City of Baytown, the City of Baytown Police Department, the District Attorney's Office of Harris County, Texas, the Federal Bureau of Investigation and any and all peace officers and prosecuting officials.

V.

Further, showing a particularized need as a basis for this Motion, Defendant would respectfully show unto this Honorable Court that he cannot, under the Sixth and Fourteenth Amendments to the Constitution of the United States, properly cross-examine the witnesses without the production of such material requested.

VI.

This Motion is sought by the Defendant as a continuing motion for production of the hereinabove set forth items and statements and the Defendant moves this honorable Court to consider this Motion as continuing from the time of its filing until the case is finally concluded.

WHEREFORE, PREMISES CONSIDERED, Defendant, **OBEL CRUZ-GARCIA**, prays

5

: 00354

that this Honorable Court conduct a plenary hearing so that evidence may be introduced, briefs and arguments of counsel submitted to the Court in order that this Court may consider and order the production of aforementioned items requested in the possession of the State of Texas which are not otherwise obtainable by the Defendant, and which material is necessary to the defense counsel in order to properly prepare his case.

Respectfully submitted,

R.P. CORNELIUS
State Bar No. 04831500
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
Court Appointed
Attorney for Defendant

6

: 00355

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION FOR DISCOVERY AND INSPECTION** was sent by hand delivery to the District Attorney for Harris County, Texas on this the ___ day of _____, 2011.

R. P. CORNELIUS
COURT APPOINTED
ATTORNEY FOR DEFENDANT

Granted
HPW 6/19/13

7

: 00356



--------- IN CAMERA MOTION ---------

NO. 1289188

Time: _____

OCI 1 2 2011

Harris County, Texas

By _____

Deputy

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered cause, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to grant this request for out of court expenses for the following good and sufficient reasons:

I.

Defendant is charged with capital murder.

II.

Defendant is in need of additional funds to cover the out of court expenses of investigations, possible expert witness fees for guilt/innocense or punishment issues, and possible expert testimony regarding same.

III.

This request is based on preliminary investigation by defense counsel but a more thorough investigation is needed to properly prepare this case for trial and/or meaningful plea negotiation.

WHEREFORE, PREMISES CONSIDERS, Defendant, **OBEL CRUZ-GARCIA,** prays that
the Court grant this motion in camera and order that such costs as are necessary be paid by the state.

Respectfully submitted,

R.P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500

COURT APPOINTED
ATTORNEY FOR DEFENDANT

: 00358

NO. 1289188

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.S.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OBEL CRUZ-GARCIA** | § | **337TH JUDICIAL DISTRICT** |

## ORDER

On this _____ day of _____, 2011, came on to be heard DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE and it is the Order of the Court that said motion should be granted.

It is the Order of the Court that an amount of _____, is approved for additional out of court expenses consistent with this motion. If additional funds are needed trial counsel is directed to make an additional request.

Judge, 337th District Court
of Harris County, Texas

3

: 00359

NO. 1289189

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## ORDER

On this ___17th___ day of ___July___, 2012, came on to be heard DEFENDANT'S IN

CAMERA MOTION FOR OUT OF COURT EXPENSE FOR MENTAL HEALTH AND

MITIGATION and it is the Order of the Court that said motion should be granted.

It is the Order of the Court that an amount of $17,400.00, is approved for additional

out of court expenses consistent with this motion. If additional funds are needed trial counsel is

directed to make an additional request.

*(250TH DIST. CT.)*

*Met with presiding Judge Hill, wherein she*
*was made aware of this approval*

Judge, 337th District Court
of Harris County, Texas

3

————— IN CAMERA MOTION —————

## NO. 1289189

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.S.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OBEL CRUZ-GARCIA** | § | **337TH JUDICIAL DISTRICT** |

## DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE FOR MENTAL HEALTH AND MITIGATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA,** the Defendant in the above-styled and numbered causes, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to grant this request for out of court expenses for the following good and sufficient reasons:

### I.

Defendant is charged with capital murder. The State is seeking the death penalty.

### II.

Defendant is in need of additional funds to cover the out of court expenses of an expert witness on the issues of mental health and mitigation.

### III.

Appointed counsel has reached an agreement with Dr. Susana A. Rosin, Ph.D., to provide such testing, review of documents, consultation, and possible testimony . Copies of Dr. Rosin's CV, fee schedules, and estimated time and cost statement are attached to this motion.

WHEREFORE, PREMISES CONSIDERS, Defendant, **OBEL CRUZ-GARCIA,** prays that the Court grant this motion in camera and order that such costs as are necessary be paid by the state.

: 00361

Respectfully submitted,

_____
R.P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500

COURT APPOINTED
ATTORNEY FOR DEFENDANT

: 00362

NO. 1289189

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## ORDER

On this _____ day of _____, 2012, came on to be heard DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE FOR MENTAL HEALTH AND MITIGATION and it is the Order of the Court that said motion should be granted.

It is the Order of the Court that an amount of $17,400.00, is approved for additional out of court expenses consistent with this motion.  If additional funds are needed trial counsel is directed to make an additional request.

_____
Judge, 337th District Court
of Harris County, Texas

3

: 00363

SUSANA A. ROSIN, Ph.D.
CLINICAL PSYCHOLOGIST
3730 KIRBY DR., SUITE 825
HOUSTON, TEXAS 77098

TELEPHONE (713) 523-0000

July 11, 2012

Mr. R.P. Cornelius
Attorney at Law
2028 Buffalo Terrace
Houston, Texas 77019
Via Facsimile: 713-528-0153

Dear Mr. Cornelius:

Pursuant to our telephone conversation this afternoon, I am writing to provide you with a list of my forensic fees. My hourly fee for forensic work is $250.00, including evaluations, report preparation and review of collateral information. My hourly fee for court appearances and depositions is $350.00, including travel time. I understand this case is quite a complicated one that will likely involve approximately sixty-seventy hours of my time to review extensive information and most likely evaluate your client face to face. I am providing this estimate based on our conversation this afternoon, and the information you have provided me thus far.

I am also attaching a copy of my CV to this letter for your review and records, and will be glad to provide you with any other required information.

I appreciate your interest in having me assist you with this case.

Sincerely,

Susana A. Rosin, Ph.D.
Clinical Psychologist
Texas License 2-2995

: 00364

**SUSANA A. ROSIN, Ph.D.**
CLINICAL PSYCHOLOGIST
3730 KIRBY DR., SUITE 825
HOUSTON, TEXAS 77098
—
TELEPHONE (713) 523-0000

# CURRICULUM VITAE

## IDENTIFYING INFORMATION

Name:  **SUSANA ACEITUNO ROSIN, Ph.D.**
Date of Birth:  May 27, 1955
Business Address:  3730 Kirby Drive, Suite 825
Houston, Texas 77098
Business Telephone:  (713) 523-0000
Business Fax:  (713) 523-0006
Email address:  srosin0000@aol.com

## ACADEMIC BACKGROUND

Licensed by the Texas State Board          June 1985
   of Examiners of Psychologists

National Register of Health Service         1986-Present
   Providers in Psychology

Miami University                            1979 -1984
Oxford, Ohio
Ph.D. in Clinical Psychology – 1984
A.P.A. Accredited Program

Xavier University                           1977-1979
Cincinnati, Ohio
M.A. in Clinical Psychology

University of Cincinnati, Ohio
Cincinnati, Ohio
B.A. (Psychology Major)                     1973-1977
Magna Cum Laude

Susana Aceituno Rosin, Ph.D.
Curriculum Vitae
Page 2

## CLINICAL EXPERIENCE

### Private Practice (September 1984 – present)

Provide individual child, adolescent and adult exploratory psychotherapy, as well as family and couple's counseling. Conduct intellectual and personality assessment of children, adolescents and adults. Design and implementation of behavior modification programs for hyperactivity, encopresis, and conduct difficulties. Short-term crisis intervention with individuals and families, including child abuse. Provide consultation services to various area psychiatric hospitals, agencies, and school districts, including work with failure to thrive infants, physical handicaps, learning differences, and developmental disorders. Routinely conduct psychological evaluations and psychotherapy with Spanish-speaking clients. Provide court appointed custody and family evaluations, as well as psychological evaluations for cases involving civil litigation, Workers' Compensation, immigration cases and determination of mental retardation for death penalty cases.

### Staff Psychologist at the University of Texas Health Science Center Student Counseling Center - (August 1986 – September 1987)

Provided short term individual and family therapy to the Health Science Center's graduate students (Medical, Nursing, Dental) and their dependents. Conducted research and participated in outreach and educational programs. Designed and implemented mental health workshops. Half-time position.

### Post Doctoral Fellowship in Child-Clinical Psychology at Texas Children's Hospital/Baylor College of Medicine, Houston, Texas (1983 – 1985)

Provided short and long-term individual and family therapy to children, adolescents, adults and their families. Conducted psychological evaluations and provided diagnosis and treatment to a variety of inpatient and outpatient pediatric populations, including medical patients, and outpatients with a variety of neurological and learning impairments. Emphasis on psychological testing and diagnosis, including intellectual, personality and neuropsychological assessments. Administered an average of 2-4 full test batteries a week to patients ranging in ages from nine months to adult. Supervision of cases within psychoanalytic and behavioral frameworks. Duties involved participating in ongoing research, as well supervision and training of medical students on rotation. Provided parenting skills training to parents of hyperactive and behavior problem children through the use of behavioral techniques and video equipment. Extensive experience in play therapy. This fellowship was sponsored by Baylor College of Medicine.

Susana Aceituno Rosin, Ph.D.
Curriculum Vitae
Page 3

Psychology Intern at the Veterans Administration Medical Center-Houston, Texas (1982-1983)

Conducted individual, family and group therapy with adult inpatient and outpatient populations.  Duties involved conducting psychological evaluations, participating in staffing with an emphasis on diagnosis and treatment planning, and coordinating the treatment of an average of 6-10 patients. Extensive experience in group therapy, including long term process oriented groups, psychodrama, and behaviorally oriented problem solving groups.  Experience with hypnosis, pain management and biofeedback. Duties included supervision of social work and medical students on rotation.

Houston Child Guidance Rotation (1982 – 1983)

Conducted supervised individual and family therapy as well as intellectual and personality assessment of children with a variety of emotional and learning problems. Families seen presented a wide range of clinical problems covering the spectrum of individual psychopathology, academic problems, child abuse and incest, and families in crisis. Participated in multidisciplinary team evaluations of families and worked within both psychoanalytic and behavioral frameworks.
Participated in family therapy seminars with live supervision of ongoing cases. Extensive experiences in play therapy and providing consultation services to schools and other various community agencies.  This internship program was accredited by the American Psychological Association.

Rollman's Psychiatric Institute – Cincinnati, Ohio (August 1981 – May 1982)

Conducted individual and group therapy with an adult inpatient population.  Duties involved participation in diagnosis and treatment planning and case presentations to staff. Conducted psychological evaluations, including intellectual and personality assessment, and provided short-term family counseling, and follow-up to patients once discharged. Designed and implemented token system and other behavioral programs, and trained patients in communications skills for community placement and living.  Experience in relaxation training, pain management and hypnosis.

Miami University Psychology Clinic-Oxford, Ohio (August 1980 – December 1981)

Provided short and long term individual and family therapy to Miami University students, their families and other community residents.  Duties involved participation in ongoing seminars including live supervision and conceptualization of cases within various theoretical frameworks.

: 00367

Susana Aceituno Rosin, Ph.D.
Curriculum Vitae
Page 4

Conducted psychological evaluations including intellectual and personality assessments, and participated in ongoing psychotherapy outcome research being conducted at the clinic. Involved in 240 hours of individual therapy and 180 hours of emergency clinic intake coverage. Duties also included presentation of cases and providing supervision to other graduate students.

Longview State Hospital – Cincinnati, Ohio (May-July 1981; May – July 1980; August 1977 – August 1979)

Provided individual, group and family therapy to adult inpatient and geriatric populations. Conducted psychological testing, including intellectual, personality and competency to stand trial assessments on adult admission wards. Led groups on reality orientation, art therapy, social skills training, as well as long term psycho-dynamically oriented process groups. Experience in behavior modification through design and implementation of token economy systems. Participated in case presentations, teaching seminars for staff and treatment planning of patients. One year experience working with geriatric patients with differing levels of physical and psychiatric impairment, including counseling to terminally ill patients and their families.

## RESEARCH EXPERIENCE

Texas Children's Hospital – Houston, Texas (September 1983 – April 1985)

Assessment of head injury, post-comatose pediatric patients through the use of neuro-psychological and intellectual psychological test batteries. Use of projective techniques in the evaluation of patients scheduled to undergo sex change operations.

Veterans Administration Medical Center – Houston, Texas (September 1982 – September 1983)

Designed and carried out research project to study the life experiences of psychotherapists with different theoretical orientations. Project included a literature review, data collection and analysis and writing of a manuscript for publication.

Longview State Hospital, Cincinnati, Ohio (December 1978 – August 1979)

Designed and carried out a research project to compare humor preferences of different psychiatric populations. Project included data collection and statistical analysis as well as the preparation of a manuscript for publication.

Susana Aceituno Rosin
Curriculum Vitae
Page 5

Research Assistant for Dr. Roger Knudson at Miami University (September 1979 – May 1980)

Duties involved data collection, scoring and evaluation of a research project on engaged couples.

Research Assistant for Dr. William Stiles at Miami University (September 1979- May 1980)

Duties involved learning a coding system (Verbal Response Modes) to study patient-therapist process, and applying this system to code their interactions on medical interviews held in Spanish.

Council on Alcoholism – Cincinnati, Ohio (June – September 1977)

Research project involved assessment of the need for a center for black alcoholics in the city of Cincinnati. Duties included visiting previously existing treatment centers for alcoholics in the city and the collection and statistical analysis of demographic data. Participated in writing a report that was presented by three member research committee to the Cincinnati City Planning Committee.

Research Assistant to Dr. John Steffen at the University of Cincinnati (March – July 1976)

Involved in data collection and evaluation of research project on interpersonal attraction and social skills.

## TEACHING EXPERIENCE

Miami University (1980) – Teacher's Assistant for Dr. William Stiles, Undergraduate Theories of Personality

University of Cincinnati (1977) – Teacher's Assistant for Dr. Howard Lyman, Undergraduate Statistics and Advanced Statistics

University of Cincinnati (1977) – Teacher's Assistant for Dr. Thomas Roth, Undergraduate Experimental Psychology

Susana Aceituno Rosin
Curriculum Vitae
Page 6

## PRESENTATIONS AND PUBLICATIONS

Rosin, S.A., & Knudson, R.M. (1986) Perceived influence of life experiences on clinical psychologists' selection and development of theoretical orientations.  Psychotherapy: Theory Research and Practice, 23 (3) 357-362.

Rosin, S.A., & Cerbus, G.A. (1984) Preferences and judgment of schizophrenic versus normal humorous captions by schizophrenics and college students.  Journal of Psychology, 118 (2) 189-195.

Rosin, S.A. Some implications for the use of humor in the psychotherapy of different psychiatric populations.  Paper presented at the annual Texas Psychological Association meeting, Austin, Texas, November 1, 1984.

Rosin, S.A. Personal pathways of psychotherapists with psychodynamic and behavioral theoretical orientations.  Presented at the annual American Psychological Association convention held in Los Angeles, California, August 1985.

Rosin, S.A. Perceived life experiences on clinicians' choices of theoretical orientations. Presented at the annual meeting of the Texas Psychological Association, Dallas, Texas, November 7, 1986.

Rosin, S.A. Solving your most challenging Workers' Comp dilemmas: Case studies of confusing psychiatric claims, and compensability issues. Presented at the Texas Workers' Compensation Update 2003, Houston, Texas, July 25, 2003.

Rosin, S.A. Intelligence Testing. Presented at the Capital Issues 2003 Seminar, Hunt, Texas, August 21-24, 2003.

Rosin, S.A. Apoyo Psicologico en Casos de Desorden de Deficit de Atencion. Presented at the Annual Meeting of the Mexican Association of Pediatrics, Mexico City, March 17-18, 2005.

Rosin, S.A. Intelligence Testing and the Assessment of Mental Retardation in Death Penalty Cases. Lecture presented to University of Houston law students, October 24, 2005.

: 00370

Susana Aceituno Rosin
Curriculum Vitae
Page 7


Rosin, S.A. Use of Intelligence Testing in the Evaluation of Mental Retardation Post-Atkins. Lecture presented to the University of Houston law students, October 23, 2006.

## PROFFESIONAL MEMBERSHIPS

Texas Psychological Association
American Psychological Association

References Available Upon Request

: 00371

---------- IN CAMERA MOTION ----------

## NO. 1181910

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.S.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OBEL CRUZ-GARCIA** | § | **337TH JUDICIAL DISTRICT** |

## <u>CONTRACT FOR EMPLOYMENT OF R. P. CORNELIUS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered cause, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to approve the following Contract For Employment of R. P. Cornelius and order payment by the State of same.

### I.

Defendant is charged with capital murder.  The State is seeking the death penalty.

### II.

R. P. Cornelius, an attorney approved and qualified, and in good standing, by the Second Administrative Judicial Region of Texas, to represent defendants charged with capital murder where the State is seeking the death penalty has been appointed by the Court.

### III.

The case is more than 19 years old and is very complex.  It involves numerous extraneous offenses, both in Texas and in Puerto Rico.

Defendant's family lives in Puerto Rico and he has witnesses in Puerto Rico, as well as in Texas and other cities.

: 00372

In all likelihood there will be a multitude of expert witnesses on many different elements of the various cases.

## IV.

Appointed counsel is requesting a flat fee of $65,000.00 as reasonable attorney fees to handle this matter and is requesting this Court to order payment.

WHEREFORE, PREMISES CONSIDERS, Defendant, **OBEL CRUZ-GARCIA**, prays that the Court approve this Contract For Employment in camera and order payment consistent with this motion.

Respectfully submitted,

R.P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500

COURT APPOINTED
ATTORNEY FOR DEFENDANT

NO. 1289188

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## ORDER

On this _____ day of _____, 2012, came on to be heard **CONTRACT FOR EMPLOYMENT OF R. P. CORNELIUS,** and after considering same, it is the Order of the Court that the Contract For Employment Of R. P. Cornelius is approved by the Court and an amount of $65,000.00 is to be paid by the State as reasonable attorney fees in this matter.

_____
Judge, 337th District Court
of Harris County, Texas

3

: 00374

--------- IN CAMERA MOTION ----------

### NO. 1181910

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.S.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OBEL CRUZ-GARCIA** | § | **337TH JUDICIAL DISTRICT** |

### <u>CONTRACT FOR EMPLOYMENT OF MARIO MADRID</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered cause, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to approve the following Contract For Employment of R. P. Cornelius and order payment by the State of same.

I.

Defendant is charged with capital murder. The State is seeking the death penalty.

II.

Mario Madrid, an attorney approved and qualified, and in good standing, by the Second Administrative Judicial Region of Texas, to represent defendants charged with capital murder where the State is seeking the death penalty has been appointed by the Court.

III.

The case is more than 19 years old and is very complex. It involves numerous extraneous offenses, both in Texas and in Puerto Rico.

Defendant's family lives in Puerto Rico and he has witnesses in Puerto Rico, as well as in Texas and other cities.

In all likelihood there will be a multitude of expert witnesses on many different elements of the various cases.

IV.

Appointed counsel is requesting a flat fee of $60,000.00 as reasonable attorney fees to handle this matter and is requesting this Court to order payment.

WHEREFORE, PREMISES CONSIDERS, Defendant, **OBEL CRUZ-GARCIA**, prays that the Court approve this Contract For Employment in camera and order payment consistent with this motion.

Respectfully submitted,

MARIO MADRID
2800 Post Oak Blvd.
Suite 6030
Houston, Texas 77056
(713) 877-9400
State Bar No. 00797777

COURT APPOINTED
ATTORNEY FOR DEFENDANT

NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## ORDER

On this _____ day of _____, 2012, came on to be heard **CONTRACT FOR EMPLOYMENT OF MARIO MADRID,** and after considering same**,** it is the Order of the Court that the Contract For Employment Of Mario Madrid is approved by the Court and an amount of $60,000.00 is to be paid by the State as reasonable attorney fees in this matter.


_____
Judge, 337th District Court
of Harris County, Texas

3

: 00377

———— IN CAMERA MOTION ————

NO. 1181910

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE OF

## MITIGATION EXPERT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered cause, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to grant this request for out of court expenses for the following good and sufficient reasons:

I.

Defendant is charged with capital murder. The State is seeking the death penalty.

II.

Defendant is in need of additional funds to cover the out of court expenses for mitigation .

III.

Defendant has interviewed **Gina T. Vitale, LMSW**, a mitigation expert, and requests funds to hire her firm to do the mitigation in this matter. Appointed counsel has used Ms. Vitale on numerous cases and does not wish to work with any other mitigation expert. Additionally, appointed counsel and Ms. Vitale have worked together with the firm of **J.J. Gradoni & Associates**, a Houston investigation firm with licensed investigators who have Spanish speaking ability, which will

: 00378

be needed in this matter, and appointed counsel feel all work together well.

In that regard, in addition to investigating the numerous offenses alleged to have been committed by Defendant in Harris County, Texas, investigators will in all likelihood be required to go to Puerto Rico to properly investigate this case. Defendant's family lives in Puerto Rico and there are alleged extraneous offenses in Puerto Rico that the State intends to attempt to prove at punishment in this case.

IV.

Defendant is requesting the amount of at least $7,500.00, to be earned at the amount of $75.00 an hour in this investigation, and will report to the Court on the costs as they occur and will re-apply by written motion if additional funds are needed.

WHEREFORE, PREMISES CONSIDERS, Defendant, **OBEL CRUZ-GARCIA**, prays that the Court grant this motion in camera and order that such costs as are necessary be paid by the state.

Respectfully submitted,

R.P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500

COURT APPOINTED
ATTORNEY FOR DEFENDANT

NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## ORDER

On this _____ day of _____, 2012, came on to be heard DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE FOR MITIGATION EXPERT and it is the Order of the Court that said motion should be granted.

It is the Order of the Court that an amount of _____, is approved for out of court expenses consistent with this motion. If additional funds are needed trial counsel is directed to make an additional request.

_____
Judge, 337th District Court
of Harris County, Texas

3

: 00380

---------- IN CAMERA MOTION ----------

## NO. 1181910

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE OF INVESTIGATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered cause, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to grant this request for out of court expenses for the following good and sufficient reasons:

### I.

Defendant is charged with capital murder. The State is seeking the death penalty.

### II.

Defendant is in need of additional funds to cover the out of court expenses of investigations.

### III.

Defendant has interviewed the firm of **J.J. Gradoni & Associates**, a Houston investigation firm with licensed investigators who have Spanish speaking ability, which will be needed in this matter.

In that regard, in addition to investigating the numerous offenses alleged to have been committed by Defendant in Harris County, Texas, investigators will in all likelihood be required to

go to Puerto Rico to properly investigate this case. Defendant's family lives in Puerto Rico and there are alleged extraneous offenses in Puerto Rico that the State intends to attempt to prove at punishment in this case.

IV.

Defendant is requesting the amount of at least $5,000.00 to begin this investigation and will report to the Court on the costs as they occur and will re-apply by written motion if additional funds are needed.

WHEREFORE, PREMISES CONSIDERS, Defendant, **OBEL CRUZ-GARCIA**, prays that the Court grant this motion in camera and order that such costs as are necessary be paid by the state.

Respectfully submitted,

R.P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500

COURT APPOINTED
ATTORNEY FOR DEFENDANT

: 00382

**NO. 1289188**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.S.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OBEL CRUZ-GARCIA** | § | **337TH JUDICIAL DISTRICT** |

## ORDER

On this _____ day of _____, 2012, came on to be heard DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE FOR INVESTIGATION and it is the Order of the Court that said motion should be granted.

It is the Order of the Court that an amount of _____, is approved for out of court expenses consistent with this motion.  If additional funds are needed trial counsel is directed to make an additional request.

_____
Judge, 337th District Court
of Harris County, Texas

3

: 00383



————— IN CAMERA MOTION —————

NO. 1181910

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE OF

## INVESTIGATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered cause, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to grant this request for out of court expenses for the following good and sufficient reasons:

I.

Defendant is charged with capital murder. The State is seeking the death penalty.

II.

Defendant is in need of additional funds to cover the out of court expenses of investigations.

III.

Defendant has interviewed the firm of **J.J. Gradoni & Associates**, a Houston investigation firm with licensed investigators who have Spanish speaking ability, which will be needed in this matter.

In that regard, in addition to investigating the numerous offenses alleged to have been committed by Defendant in Harris County, Texas, investigators will in all likelihood be required to

FILED

Chris Daniel

JUL 17 2012

Time: _____
Harris County, Texas

By _____
Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

: 00384

IMAGED

go to Puerto Rico to properly investigate this case. Defendant's family lives in Puerto Rico and there are alleged extraneous offenses in Puerto Rico that the State intends to attempt to prove at punishment in this case.

IV.

Defendant is requesting the amount of at least $5,000.00 to begin this investigation and will report to the Court on the costs as they occur and will re-apply by written motion if additional funds are needed.

WHEREFORE, PREMISES CONSIDERS, Defendant, **OBEL CRUZ-GARCIA**, prays that the Court grant this motion in camera and order that such costs as are necessary be paid by the state.

Respectfully submitted,

R.P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500

COURT APPOINTED
ATTORNEY FOR DEFENDANT

NO. 1289188

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

### ORDER

On this _____ day of JUL 1 7 2012, 2012, came on to be heard DEFENDANT'S IN

CAMERA MOTION FOR OUT OF COURT EXPENSE FOR INVESTIGATION and it is the Order

of the Court that said motion should be granted.

It is the Order of the Court that an amount of $5,000, is approved for out of court

expenses consistent with this motion. If additional funds are needed trial counsel is directed to make

an additional request.

*Presiding Judge Hill (230th Dist. Ct.) was informed of this approval*

Jay W. Burnett

Judge, 337th District Court
of Harris County, Texas

3

——— IN CAMERA MOTION ———

NO. 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## DEFENDANT'S IN CAMERA MOTION FOR OUT OF COURT EXPENSE FOR MENTAL HEALTH AND MITIGATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **OBEL CRUZ-GARCIA**, the Defendant in the above-styled and numbered causes, by and through his attorney of record, R. P. CORNELIUS, and respectfully requests the Court to grant this request for out of court expenses for the following good and sufficient reasons:

I.

Defendant is charged with capital murder.  The State is seeking the death penalty.

II.

Defendant is in need of additional funds to cover the out of court expenses of an expert witness on the issues of mental health and mitigation.

III.

Appointed counsel has reached an agreement with Dr. Susana A. Rosin, Ph.D., to provide such testing, review of documents, consultation, and possible testimony . Copies of Dr. Rosin's CV, fee schedules, and estimated time and cost statement are attached to this motion.

WHEREFORE, PREMISES CONSIDERS, Defendant, **OBEL CRUZ-GARCIA**, prays that the Court grant this motion in camera and order that such costs as are necessary be paid by the state.

Chris Daniel
District Clerk
JUL 1 7 2012

Time: _____
Harris County, Texas

By _____
Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

: 00387

Respectfully submitted,

R.P. CORNELIUS
2028 Buffalo Terrace
Houston, Texas 77019
(713) 237-8547
State Bar No. 04831500

COURT APPOINTED
ATTORNEY FOR DEFENDANT

NO. 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| V.S. | § | HARRIS COUNTY, TEXAS |
| | § | |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## ORDER

On this _17th_ day of _July_____, 2012, came on to be heard DEFENDANT'S IN

CAMERA MOTION FOR OUT OF COURT EXPENSE FOR MENTAL HEALTH AND

MITIGATION and it is the Order of the Court that said motion should be granted.

It is the Order of the Court that an amount of $17,400.00, is approved for additional

out of court expenses consistent with this motion. If additional funds are needed trial counsel is

directed to make an additional request. _(250TH DIST. CT.)_

_Met with presiding Judge Hill, wherein she_
_was made aware of this approval_

_Jay W. Burnett_
Judge, 337th District Court
of Harris County, Texas

3

: 00389

SUSANA A. ROSIN, PH.D.
CLINICAL PSYCHOLOGIST
3730 KIRBY DR., SUITE 825
HOUSTON, TEXAS 77098

TELEPHONE (713) 523-0000

July 11, 2012

Mr. R.P. Cornelius
Attorney at Law
2028 Buffalo Terrace
Houston, Texas 77019
Via Facsimile: 713-528-0153

Dear Mr. Cornelius:

Pursuant to our telephone conversation this afternoon, I am writing to provide you with a list of my forensic fees. My hourly fee for forensic work is $250.00, including evaluations, report preparation and review of collateral information. My hourly fee for court appearances and depositions is $350.00, including travel time. I understand this case is quite a complicated one that will likely involve approximately sixty-seventy hours of my time to review extensive information and most likely evaluate your client face to face. I am providing this estimate based on our conversation this afternoon, and the information you have provided me thus far.

I am also attaching a copy of my CV to this letter for your review and records, and will be glad to provide you with any other required information.

I appreciate your interest in having me assist you with this case.

Sincerely,

Susana A. Rosin, Ph.D.
Clinical Psychologist
Texas License 2-2995

**SUSANA A. ROSIN, Ph.D.**
CLINICAL PSYCHOLOGIST
3730 KIRBY DR., SUITE 825
HOUSTON, TEXAS 77098
——
TELEPHONE (713) 523-0000

# CURRICULUM VITAE

## IDENTIFYING INFORMATION

Name: **SUSANA ACEITUNO ROSIN, Ph.D.**
Date of Birth: May 27, 1955
Business Address: 3730 Kirby Drive, Suite 825
Houston, Texas 77098
Business Telephone: (713) 523-0000
Business Fax: (713) 523-0006
Email address: srosin0000@aol.com

## ACADEMIC BACKGROUND

| | |
|---|---|
| Licensed by the Texas State Board of Examiners of Psychologists | June 1985 |
| National Register of Health Service Providers in Psychology | 1986-Present |
| Miami University Oxford, Ohio Ph.D. in Clinical Psychology – 1984 A.P.A. Accredited Program | 1979 -1984 |
| Xavier University Cincinnati, Ohio M.A. in Clinical Psychology | 1977-1979 |
| University of Cincinnati, Ohio Cincinnati, Ohio B.A. (Psychology Major) Magna Cum Laude | 1973-1977 |

Susana Aceituno Rosin, Ph.D.
Curriculum Vitae
Page 2

## CLINICAL EXPERIENCE

### Private Practice (September 1984 – present)

Provide individual child, adolescent and adult exploratory psychotherapy, as well as family and couple's counseling. Conduct intellectual and personality assessment of children, adolescents and adults. Design and implementation of behavior modification programs for hyperactivity, encopresis, and conduct difficulties. Short-term crisis intervention with individuals and families, including child abuse. Provide consultation services to various area psychiatric hospitals, agencies, and school districts, including work with failure to thrive infants, physical handicaps, learning differences, and developmental disorders. Routinely conduct psychological evaluations and psychotherapy with Spanish-speaking clients. Provide court appointed custody and family evaluations, as well as psychological evaluations for cases involving civil litigation, Workers' Compensation, immigration cases and determination of mental retardation for death penalty cases.

### Staff Psychologist at the University of Texas Health Science Center Student Counseling Center - (August 1986 – September 1987)

Provided short term individual and family therapy to the Health Science Center's graduate students (Medical, Nursing, Dental) and their dependents. Conducted research and participated in outreach and educational programs. Designed and implemented mental health workshops. Half-time position.

### Post Doctoral Fellowship in Child-Clinical Psychology at Texas Children's Hospital/Baylor College of Medicine, Houston, Texas (1983 – 1985)

Provided short and long-term individual and family therapy to children, adolescents, adults and their families. Conducted psychological evaluations and provided diagnosis and treatment to a variety of inpatient and outpatient pediatric populations, including medical patients, and outpatients with a variety of neurological and learning impairments. Emphasis on psychological testing and diagnosis, including intellectual, personality and neuropsychological assessments. Administered an average of 2-4 full test batteries a week to patients ranging in ages from nine months to adult. Supervision of cases within psychoanalytic and behavioral frameworks. Duties involved participating in ongoing research, as well supervision and training of medical students on rotation. Provided parenting skills training to parents of hyperactive and behavior problem children through the use of behavioral techniques and video equipment. Extensive experience in play therapy. This fellowship was sponsored by Baylor College of Medicine.

Susana Aceituno Rosin, Ph.D.
Curriculum Vitae
Page 3

<u>Psychology Intern at the Veterans Administration Medical Center-Houston, Texas (1982-1983)</u>

Conducted individual, family and group therapy with adult inpatient and outpatient populations. Duties involved conducting psychological evaluations, participating in staffing with an emphasis on diagnosis and treatment planning, and coordinating the treatment of an average of 6-10 patients. Extensive experience in group therapy, including long term process oriented groups, psychodrama, and behaviorally oriented problem solving groups. Experience with hypnosis, pain management and biofeedback. Duties included supervision of social work and medical students on rotation.

<u>Houston Child Guidance Rotation (1982 – 1983)</u>

Conducted supervised individual and family therapy as well as intellectual and personality assessment of children with a variety of emotional and learning problems. Families seen presented a wide range of clinical problems covering the spectrum of individual psychopathology, academic problems, child abuse and incest, and families in crisis. Participated in multidisciplinary team evaluations of families and worked within both psychoanalytic and behavioral frameworks.
Participated in family therapy seminars with live supervision of ongoing cases. Extensive experiences in play therapy and providing consultation services to schools and other various community agencies. This internship program was accredited by the American Psychological Association.

<u>Rollman's Psychiatric Institute – Cincinnati, Ohio (August 1981 – May 1982)</u>

Conducted individual and group therapy with an adult inpatient population. Duties involved participation in diagnosis and treatment planning and case presentations to staff. Conducted psychological evaluations, including intellectual and personality assessment, and provided short-term family counseling, and follow-up to patients once discharged. Designed and implemented token system and other behavioral programs, and trained patients in communications skills for community placement and living. Experience in relaxation training, pain management and hypnosis.

<u>Miami University Psychology Clinic-Oxford, Ohio (August 1980 – December 1981)</u>

Provided short and long term individual and family therapy to Miami University students, their families and other community residents. Duties involved participation in ongoing seminars including live supervision and conceptualization of cases within various theoretical frameworks.

Susana Aceituno Rosin, Ph.D.
Curriculum Vitae
Page 4

Conducted psychological evaluations including intellectual and personality assessments, and participated in ongoing psychotherapy outcome research being conducted at the clinic. Involved in 240 hours of individual therapy and 180 hours of emergency clinic intake coverage. Duties also included presentation of cases and providing supervision to other graduate students.

Longview State Hospital – Cincinnati, Ohio (May-July 1981; May – July 1980; August 1977 – August 1979)

Provided individual, group and family therapy to adult inpatient and geriatric populations. Conducted psychological testing, including intellectual, personality and competency to stand trial assessments on adult admission wards. Led groups on reality orientation, art therapy, social skills training, as well as long term psycho-dynamically oriented process groups. Experience in behavior modification through design and implementation of token economy systems. Participated in case presentations, teaching seminars for staff and treatment planning of patients. One year experience working with geriatric patients with differing levels of physical and psychiatric impairment, including counseling to terminally ill patients and their families.

## RESEARCH EXPERIENCE

Texas Children's Hospital – Houston, Texas (September 1983 – April 1985)

Assessment of head injury, post-comatose pediatric patients through the use of neuro-psychological and intellectual psychological test batteries. Use of projective techniques in the evaluation of patients scheduled to undergo sex change operations.

Veterans Administration Medical Center – Houston, Texas (September 1982 – September 1983)

Designed and carried out research project to study the life experiences of psychotherapists with different theoretical orientations. Project included a literature review, data collection and analysis and writing of a manuscript for publication.

Longview State Hospital, Cincinnati, Ohio (December 1978 – August 1979)

Designed and carried out a research project to compare humor preferences of different psychiatric populations. Project included data collection and statistical analysis as well as the preparation of a manuscript for publication.

Susana Aceituno Rosin
Curriculum Vitae
Page 5

Research Assistant for Dr. Roger Knudson at Miami University (September 1979 – May 1980)

Duties involved data collection, scoring and evaluation of a research project on engaged couples.

Research Assistant for Dr. William Stiles at Miami University (September 1979- May 1980)

Duties involved learning a coding system (Verbal Response Modes) to study patient-therapist process, and applying this system to code their interactions on medical interviews held in Spanish.

Council on Alcoholism – Cincinnati, Ohio (June – September 1977)

Research project involved assessment of the need for a center for black alcoholics in the city of Cincinnati.  Duties included visiting previously existing treatment centers for alcoholics in the city and the collection and statistical analysis of demographic data.  Participated in writing a report that was presented by three member research committee to the Cincinnati City Planning Committee.

Research Assistant to Dr. John Steffen at the University of Cincinnati (March – July 1976)

Involved in data collection and evaluation of research project on interpersonal attraction and social skills.

**TEACHING EXPERIENCE**

Miami University (1980) – Teacher's Assistant for Dr. William Stiles, Undergraduate Theories of Personality

University of Cincinnati (1977) – Teacher's Assistant for Dr. Howard Lyman, Undergraduate Statistics and Advanced Statistics

University of Cincinnati (1977) – Teacher's Assistant for Dr. Thomas Roth, Undergraduate Experimental Psychology

Susana Aceituno Rosin
Curriculum Vitae
Page 6

## PRESENTATIONS AND PUBLICATIONS

Rosin, S.A., & Knudson, R.M. (1986) Perceived influence of life experiences on clinical psychologists' selection and development of theoretical orientations. Psychotherapy: Theory Research and Practice, 23 (3) 357-362.

Rosin, S.A., & Cerbus, G.A. (1984) Preferences and judgment of schizophrenic versus normal humorous captions by schizophrenics and college students. Journal of Psychology, 118 (2) 189-195.

Rosin, S.A. Some implications for the use of humor in the psychotherapy of different psychiatric populations. Paper presented at the annual Texas Psychological Association meeting, Austin, Texas, November 1, 1984.

Rosin, S.A. Personal pathways of psychotherapists with psychodynamic and behavioral theoretical orientations. Presented at the annual American Psychological Association convention held in Los Angeles, California, August 1985.

Rosin, S.A. Perceived life experiences on clinicians' choices of theoretical orientations. Presented at the annual meeting of the Texas Psychological Association, Dallas, Texas, November 7, 1986.

Rosin, S.A. Solving your most challenging Workers' Comp dilemmas: Case studies of confusing psychiatric claims, and compensability issues. Presented at the Texas Workers' Compensation Update 2003, Houston, Texas, July 25, 2003.

Rosin, S.A. Intelligence Testing. Presented at the Capital Issues 2003 Seminar, Hunt, Texas, August 21-24, 2003.

Rosin, S.A. Apoyo Psicologico en Casos de Desorden de Deficit de Atencion. Presented at the Annual Meeting of the Mexican Association of Pediatrics, Mexico City, March 17-18, 2005.

Rosin, S.A. Intelligence Testing and the Assessment of Mental Retardation in Death Penalty Cases. Lecture presented to University of Houston law students, October 24, 2005.

Susana Aceituno Rosin
Curriculum Vitae
Page 7


Rosin, S.A. Use of Intelligence Testing in the Evaluation of Mental Retardation Post-
Atkins. Lecture presented to the University of Houston law students, October 23, 2006.

## PROFFESIONAL MEMBERSHIPS

Texas Psychological Association
American Psychological Association


References Available Upon Request

1181910 ⟩ Capital murder
1289188
CAUSE NO. 1289189   CHARGE agg sex asolt

THE STATE OF TEXAS

337TH DISTRICT COURT

OF HARRIS COUNTY, TEXAS.

VS.

Obel Cruz-Garcia
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

Jury Trial ___ to ___ Feb. 4, 2013
(Type of Setting)                    (Date)

_____          x Obel Cruz
Attorney for the State              Defendant

                                 R.P. Cornelius / Mario Madrid
                                 (Print) Attorney for Defendant

Voir Dire schedule
Feb. 4- Feb 22, 2013             _____
                                 (Signature) Attorney for Defendant

Testimony Begins                 440 Louisiana Ste 1225
March 4 -22, 2013                (Street Address)

Ptmo week                        Houston        TX        77002
Feb. 25- Mar 1, 2013             (City)         (State)        (Zip)

                                 713-877-9400
Location!                        (Phone Number)

                                 00797777 / 01575871
                                 (Bar Card/SPN Number)

APPROVED BY THE COURT:

_____
Judge Presiding

8-3-12
Date

FILED
Chris Daniel
District Clerk

AUG - 3 2012

Time: _____
                Harris County, Texas
By _____
                Deputy

DISTRICT CLERK                    : 00398

NO. 1289189

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| V.S. | § | HARRIS COUNTY, TEXAS |
| OBEL CRUZ-GARCIA | § | 337TH JUDICIAL DISTRICT |

## ORDER GRANTING ACCESS TO HARRIS COUNTY JAIL
## FOR PSYCHOLOGICAL EVALUATION

The Court ORDERS OBEL CRUZ-GARCIA (SPN 01134368) to submit to a psychological evaluation by Dr. Susana A. Rosin, Ph.D., at the Harris County Jail for the purpose of psychological evaluation and mitigation.

The Harris County Sheriff's Department is ORDERED to allow Dr. Rosin to conduct a psychological evaluation at Dr. Rosin's convenience.

It is further ORDERED that the Sheriff's Department will:

1. Provide a private room, without any divider or construction, suitable for conducting a psychological evaluation, with adequate security.

2. Provide all medical and administrative records, including verbal reports, of all relevant issues, to Dr. Rosin at her request.

3. Allow Dr. Rosin to bring his notebook computer in to administer tests and take notes.

4. Report Sheriff's staff observations of defendant to Dr. Rosin, if asked.

5. Allow Dr. Rosin to have his assistant present during the evaluation.

6. To unshackle the defendant at Dr. Rosin's request.

It is further ORDERED that psychiatric, educational, and medical facilities with records regarding defendant, including MHMRA of Harris County, release mental health, medical, and psychological records to Dr. Rosin.

FILED
Chris Daniel
District Clerk

APR 1 9 2013

Time: _____
       Harris County, Texas
By _____
          Deputy

: 00399

SIGNED in multiple originals on this ___19___ day of ___April___, 2013.


RENEE MAGEE, JUDGE
337TH DISTRICT COURT

CAUSE NO. _1384794_     CHARGE _Capital Murder_

THE STATE OF TEXAS     §     _337th_ DISTRICT COURT

VS.     §     OF

_Obel Cruz-Barcia_

Defendant     HARRIS COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

_Obel Cruz-Barcia_ (name), ☒ the DEFENDANT ☐ a WITNESS in the above styled and numbered cause respectfully petitions the Court to appoint counsel to represent him/her in this cause and would show the Court that he/she is financially unable to hire an attorney.

_in Custody_
Defendant/Witness

Sworn to and subscribed before me on this, the ___23rd___ day of __April__, 20_13_

Deputy District Clerk
Harris County, Texas

## ORDER APPOINTING COUNSEL

On this, the _23th_ day of _April_, 20_13_, the Court determined that the above named defendant/witness has executed an affidavit stating that he/she is without counsel and is financially unable to hire an attorney. The Court ORDERS that ☒ the ATTORNEY LISTED BELOW ☐ the HARRIS COUNTY PUBLIC DEFENDER'S OFFICE is appointed to represent the defendant/witness named above in this cause.

_R.P. "Skip" Cornelius_
Attorney/Assistant Public Defender Assigned by HCPD     E-Mail Address

_2028 Buffalo Terrace_     _713-237-8547_
Address     Phone Number

_Houston TX 77019_
City    State    Zip     Fax Number

_5483 1500_
SPN Number     Bar Number

The Court further ORDERS the cause set for: _Jury Trial_

On the _3rd_ day of _June_, 20_13_ at _9_ (a.m) at 1201 Franklin, Houston, Harris County, Texas.

Signed this _23th_ day of _April_, 20 _13_

_Renee Magee_
Judge Presiding

**IMAGED**

☐ The State has offered or ☐ The State and Defense agree as follows:

Defense Attorney (Initials) _____ Prosecutor (Initials) _____

## FOR COURT STAFF ONLY

Reset by: ☐ Court ☐ Defense     ☐ Operation of Law     ☐ Prosecution
Reason for Reset:

| | |
|---|---|
| ☐ D.A. to Contact Complainant/Witness | ☐ Defense to Contact Witness ☐ Not Indicted |
| ☐ D.A. to Evaluate Case | ☐ Disposition of Misc./OOC Case ☐ Other _____ |
| ☐ D.A. to Reindict | ☐ File Unavailable ☐ Refer to _____ |
| ☐ D.A. to file MRP/MAJ | ☐ MHMRA Evaluation ☐ Restitution Info |
| | _____ 21 Day _____ Full |
| ☐ Defendant On Call | ☐ No Tape/Lab _____ ☐ To Hire Attorney |
| ☐ Defendant to Consider Offer | ☐ No Offense Report |

00401

CAUSE NO. _13 84 794_     CHARGE _Capital Murder_

THE STATE OF TEXAS                    §          _33 7 r_ DISTRICT COURT

VS.                                   §          OF

_Obel J. Cruz-Garcia_                 §          HARRIS COUNTY, TEXAS

**Defendant**

TO THE HONORABLE JUDGE OF SAID COURT:

_Obel J. Cruz-Garcia_ (name), ☑the DEFENDANT ☐ a WITNESS in the above styled and numbered cause respectfully petitions the Court to appoint counsel to represent him/her in this cause and would show the Court that he/she is financially unable to hire an attorney.

_in Custody_
Defendant/Witness

Sworn to and subscribed before me on this, the _23rd_ day of _April_ _2013_.

_Juana_
Deputy District Clerk
Harris County, Texas

## ORDER APPOINTING COUNSEL

On this, the _23rd_ day of _April_, 20_13_, the Court determined that the above named defendant/witness has executed an affidavit stating that he/she is without counsel and is financially unable to hire an attorney. The Court ORDERS that ☑the ATTORNEY LISTED BELOW ☐the HARRIS COUNTY PUBLIC DEFENDER'S OFFICE is appointed to represent the defendant/witness named above in this cause.

_Mario Madrid_
Attorney/Assistant Public Defender Assigned by HCPD          E-Mail Address

_2800 Post Oak Blvd_     _713-877-9400_
Address                                     Phone Number

_Houston Tx 77056_
City          State          Zip              Fax Number

_01575 871_
SPN Number                                    Bar Number

The Court further ORDERS the cause set for: _Jury Trial_

On the _3rd_ day of _June_, 20_13_ at _9 Am_ a.m. at 1201 Franklin, Houston, Harris County, Texas.

Signed this _23_ day of _April_, 20_13_

_Renee Magee_
Judge Presiding

☐ The State has offered or   ☐ The State and Defense agree as follows:

Defense Attorney (Initials) _____    Prosecutor (Initials) _____

IMAGED

---

## FOR COURT STAFF ONLY

Reset by: ☐ Court    ☐ Defense     ☐ Operation of Law    ☐ Prosecution
Reason for Reset:

☐ D.A. to Contact Complainant/Witness    ☐ Defense to Contact Witness       ☐ Not Indicted

☐ D.A. to Evaluate Case                  ☐ Disposition of Misc./OOC Case    ☐ Other _____

☐ D.A. to Reindict                       ☐ File Unavailable                 ☐ Refer to _____

☐ D.A. to file MRP/MAJ                   ☐ MHMRA Evaluation                 ☐ Restitution Info
                                         _____ 21 Day _____ Full
☐ Defendant On Call                      ☐ No Tape/Lab _____              ☐ To Hire Attorney

☐ Defendant to Consider Offer            ☐ No Offense Report

5/2/12

: 00402

Case No.: 1384794

The State of Texas
vs.
OBEL CRUZ-GARCIA

In the 337TH District Court
of Harris County, Texas

## Writ of Attachment or Bench Warrant

RE: CARMEO MARTINEZ

DOB: 01-10-1969  RACE: W  SEX: M
SPN NO.: 01206555

TO THE SHERIFF:  HARRIS COUNTY, Texas

TO:  Any Peace Officer of the State of Texas

    The above named individual is a witness or defendant in the above styled and numbered case.  The case is set on the court's docket for JUNE 03, 2013, 9:00 AM, in the Harris County District or County Court listed above.  Witness bond is fixed at $100,000.00.
    So that he may appear before this Court, we ORDER you to deliver the above named individual to the custody of the Harris County Sheriff or any of his deputies.

    ORDERED in Harris County, Texas on this date MAY 02, 2013.

_____
Presiding Judge

ATTEST:
CHRIS DANIEL, District Clerk of Harris County, Texas
By: _____ (Deputy Clerk)

### Officer's Return

    I received this writ / warrant on _____ (date).  I executed it on _____ (date) by delivering it to the proper official named above and by taking the above named individual to the Harris County Court/District Court/Harris County Jail as ordered.

_____
Sheriff, _____ County, Texas
By: _____, Deputy

FEES:  Attaching one (1) witness / defendant
Mileage: _____ Miles at _____ cents
Other: _____

$ _____
$ _____
$ _____

Total:  $ _____

Attach Peace Officer's Return

: 00403

NO: **1181910**

THE STATE OF TEXAS

VS.

**OBEL CRUZ-GARCIA**

IN THE 337TH DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## BENCH WARRANT RETURN

**F I L E D**
Chris Daniel
District Clerk

MAY 0 2 2013

Time: _____
Harris County, Texas

By _____
Deputy

TO THE SHERIFF OF HARRIS COUNTY, TEXAS:

RE: **CARMEO MARTINEZ**
SPN: 01206555

**CARMEO MARTINEZ.**, a prisoner in your custody, having been bench warranted from the Texas Department of Criminal Justice Institutional Division, is hereby released by the court and this is your authority to return said prisoner to the Texas Department of Criminal Justice Institutional Division.

Date: MAY 02, 2013

_____
Joseph DeBruyn
Court Coordinator
337 th District Court
Harris County, Texas

: 00404



CAUSE NO. 1384794

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| VS. | § | |
| OBEL CRUZ-GARCIA | § | OF HARRIS COUNTY, TEXAS |

**F I L E D**
Chris Daniel
District Clerk

MAY 0 3 2013

Time: _____
Harris County, Texas

By _____
Deputy

## MOTION TO DISCLOSE EXPERTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the STATE OF TEXAS, a party in the above captioned and numbered cause, by and through Justin K. Wood, Assistant District Attorney, pursuant to TEX. CODE CRIM. PROC., art. 39.14(b). After notice to **Skip Cornelius and Mario Madrid**, the attorneys for the Defendant herein, the State requests that this Court enter an order directed to **Skip Cornelius and Mario Madrid**, the attorneys for the Defendant, to disclose to the undersigned Assistant District Attorney on a date which is at least ten (10) days before the trial is scheduled to begin herein, namely **June 3, 2013**, the name(s) and address(es) of each person who the Defendant and the attorneys for the Defendant may use to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence at the trial in the above captioned and numbered cause. The State further requests, as required by TEX. CODE CRIM. PROC., art. 39.14 (b), that said order specify a time, no later than 10th day before the date the trial begins herein for the Defendant and his attorneys to make the disclosure to the State, and further, that said order specify the manner in which Defendant and his attorney must make said disclosure to the State.

RESPECTFULLY SUBMITTED,

_____
Justin K. Wood
Assistant District Attorney
Harris County, Texas

## CERTIFICATE OF SERVICE

I, the undersigned Assistant District Attorney, hereby certify that a true and correct copy of the foregoing Notice or Motion was sent by certified mail / facsimile / hand delivery, to the attorney of record for the defendant, on the _____ day of _____, 2013.

_____
Justin K. Wood
Assistant District Attorney
Harris County, Texas

IMAGED

1

: 00405

CAUSE NO. 1384794

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337th DISTRICT COURT |
| VS. | § | |
| OBEL CRUZ-GARCIA | § | OF HARRIS COUNTY, TEXAS |

<u>ORDER</u>

BE IT REMBERED that on this day, after proper and timely notice to the Defendant, by and through his attorney of record, came on to be heard and considered the State's Motion to Disclose Experts, and in which the State requests that the Defendant and his attorney disclose the name(s) and address(es) of each person who the Defendant and the attorney for the Defendant may use to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence at the trial in the above captioned and numbered cause. The Court having considered said Motion, it is hereby--

**ORDERED that said Motion to Disclose is (GRANTED) (DENIED).**

ORDERED that the Defendant and his attorney are directed to disclose to the State, by and through its Assistant District Attorney, Justin K. Wood, the name(s) and address(es) of each person who the Defendant and the attorney for the Defendant may use to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence at

SIGNED AND ENTERED on this the ___6___ day of ___May___ 2013.

_____Renee Magee_____
PRESIDING JUDGE
337th District Court
Harris County, Texas

: 00406

APPLICATION FOR SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT
**NATALIE TISE** - May 3, 2013

No.**1384794**

| The State Of Texas | In The District Court No. **337TH** |
|---|---|
| vs. | Of Harris County, Texas |
| **OBEL CRUZ GARCIA** | Offense **CAP MURDER** |

Please issue a subpoena in the above styled cause for the following named witness(es) whose location in **HARRIS** County and vocation, as far as known,  I state below:

DIANA GARCIA, 1109 JASPER ST., RIO GRANDE CITY, TX 78582
ARTURO RODRIGUEZ, 1109 JASPER ST., RIO GRANDE CITY, TX 78582
GLORIA KOLOGINCZOK, 9619 RICHMOND AVENUE, HOUSTON, TX 77063
ANGELITA RODRIGUEZ, 8416 WINKLER,  HOUSTON, TX 77071
JIM NORRIS (SERVICE BY DA INVESTIGATOR)
LINDA HERNANDEZ (SERVICE BY DA INVESTIGATOR)
DR. DWAYNE WOLF, HARRIS COUNTY INSTITUTE OF FORENSIC SCIENCES, RE: ML92-7262
DR. VLADIMIR PARUNGAO, 8302 HERTS DRIVE, SPRING, TX 77379
ERIC MEHL (SERVICE BY DA INVESTIGATOR)
SPECIAL AGENT GRISELLE GUZMAN, SERVICE BY DA INVESTIGATOR
SPECIAL AGENT ERIC JOHNSON , SERVICE BY DA INVESTIGATOR
SPECIAL AGENT MIKE HOCHREIN, SERVICE BY DA INVESTIGATOR
SPECIAL AGENT WILLIAM EBERSOLE, SERVICE BY DA INVESTIGATOR
MATT QUARTARO, 13988 DIPLOMAT DR. #100, FARMER'S BRANCH, TX 75234
KELLI BYRD, 13988 DIPLOMAT DR. #100, FARMER'S BRANCH, TX 75234
CARMELO MARTINEZ-SANTANA (SERVICE BY DA INVESTIGATOR)
PAUL CHAMBERLAIN, RON SMITH AND ASSOCIATES, HPD IDENTIFICATION DIV., 1200 TRAVIS, HOUSTON, TX 77002
MICAH WEBB (SERVICE BY DA INVESTIGATOR)

**F I L E D**
Chris Daniel
District Clerk

MAY 0 3 2013

Time: _____
By _____
Harris County, Texas
_____
Deputy

HPD OR #105758592

| | | |
|---|---|---|
| J. DEVEREUX, 079439 | C.E. ELLIOTT, 057686 | A.C. ALONZO, 040892 |
| B. CARPENTER, 098071 | U.P. HERNANDEZ, 055228 | J. SWAIM, 045955 |
| W.I. STEPHENS, 071252 | R. SALDIVAR, 041433 | R.L. COLLINS, 020359 |
| J. CARVER 136863 | C. POPE, 117232 | S. SCHOONOVER, 133781 |
| R. CHAPPELL, 099650 | J. CHU, 093070 | B. CAPUCHINO, 136246 |
| C. HEAD, 139144 RE: L92-10367 | | |

BAYTOWN PD OR#1992-42173

| | |
|---|---|
| B. THOMPSON, 0367 | J. COOK, 003 |
| R. RHODES, 047 | T.K. WOOD, 074 |
| R. ELLIOTT, 80 | |

if found in your county, to appear before the Honorable **RENEE MAGEE**, District Court No. **337TH**, Harris County, Texas, on **7/8/13** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court.  The testimony of said witness(es) is believed to be material to the State.

**NATALIE TISE**
Assistant District Attorney
Harris County, Texas

Sworn to and subscribed before me, this _____ day of **MAY 0 3 2013** _____ A. D. 2013.
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS                    BY   Deputy

: 00407

APPLICATION FOR SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT
**Justin K. Wood - May 7, 2013**

No.**1384794**

| | |
|---|---|
| The State Of Texas | In The District Court No. **337th** |
| vs. | Of Harris County, Texas |
| **OBEL CRUZ-GARCIA** | Offense **Capital Murder** |

Please issue a subpoena in the above styled cause for the following named witness(es) whose location in **Harris** County and vocation, as far as known, I state below:

Deputy Kathleen Torres
Harris County Sheriff's Department
701 San Jacinto
Houston TX 77002
713.755.3891 fax
*Please provide any and all disciplinary records pertaining to inmate Obel Cruz-Garcia's (SPN 01134368; DOB 07.08.1967) confinement in the Harris County Jail.

Dara Price
Harris County Sheriff's Department
1200 Baker St.
Houston TX 77002
713.755.6728 fax
*Please provide any and all medical records pertaining to the treatment of inmate Obel Cruz-Garcia (SPN 01134368; DOB 07.08.1967) during his confinement in the Harris County Jail. Also, please provide a Business Records Affidavit for any records submitted.

Please contact ADA Justin Wood at 713.755.3376 or DA Investigator Michelle Moran at 713.755.5609 immediately upon completion of this request.

F I L E D
Chris Daniel
District Clerk

MAY 0 8 2013

Time: _____ Harris County

By _____ Deputy

if found in your county, to appear before the Honorable **Renee Magee**, District Court No. **337th**, Harris County, Texas, on **INSTANTER** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ-GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court. The testimony of said witness(es) is believed to be material to the State.

_____
**Justin K. Wood**
Assistant District Attorney
Harris County, Texas

Sworn to and subscribed before me, this _____ day of _____ A. D. 20____.
MAY 0 8 2013

CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS

BY _____ Deputy

: 00408

SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT.

## No.1384794

The State Of Texas

vs.

**OBEL CRUZ-GARCIA**

In The District Court No. **337th**

Of Harris County, Texas

Offense **Capital Murder**

To Any Peace Officer or person authorized in accordance with Art. 24.01(b) C.C.P.-Greetings:

YOU ARE HEREBY COMMANDED TO SUMMON THE FOLLOWING NAMED WITNESS(ES) WHOSE LOCATION IN **Harris** COUNTY AND VOCATION AS FAR AS KNOWN, I STATE BELOW:

Deputy Kathleen Torres
Harris County Sheriff's Department
701 San Jacinto
Houston TX 77002
713.755.3891 fax
*Please provide any and all disciplinary records pertaining to inmate Obel Cruz-Garcia's (SPN 01134368; DOB 07.08.1967) confinement in the Harris County Jail.

Dara Price
Harris County Sheriff's Department
1200 Baker St.
Houston TX 77002
713.755.6728 fax
*Please provide any and all medical records pertaining to the treatment of inmate Obel Cruz-Garcia (SPN 01134368; DOB 07.08.1967) during his confinement in the Harris County Jail. Also, please provide a Business Records Affidavit for any records submitted.

Please contact ADA Justin Wood at 713.755.3376 or DA Investigator Michelle Moran at 713.755.5609 immediately upon completion of this request.

if found in your county, to appear before the Honorable **Renee Magee**, District Court No. **337th**, Harris County, Texas, on **INSTANTER** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ-GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court. The testimony of said witness(es) is believed to be material to the State.

**Justin K. Wood**
Assistant District Attorney
Harris County, Texas

Herein Fail Not, and due return make of this writ _____ Witness my official Signature

this _____ day of **MAY 0 8 2013** A.D. 20____.

CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS          BY _____ Deputy

: 00409

The State Of Texas                    §                    OBEL CRUZ-GARCIA
                                      Return
County Of Harris                      §                    1384794

The undersigned being a peace officer under the laws of the State of Texas certifies that the foregoing subpoena came to hand on the same day issued and that it was executed on the _____ day of _____, 20___, by virtue of the following action, to-wit: , and that the following persons were served in the below described fashion:

_____
_____
_____
_____
_____
_____
_____
_____

### SHERIFF'S RETURN

Came to hand on the ___8th___ day of ___MAY___, 20_13_, and executed by summoning the within witness

_____ in person, in the County of Harris, at the dates as herein stated, viz:

| DATE OF SERVICE | | NAME | MILES | DIRECTION | FEE FOR SERVICE | FEE FOR MILEAGE | TOTAL FEE | |
|---|---|---|---|---|---|---|---|---|
| 5-8-13 | | 1-2 HCSO | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | TOTAL FEE | | | |

and not executed as to witness _____, _____ the diligence used

in finding said witness _____, being _____

FILED
Chris Daniel
District Clerk

MAY 1 0 2013

_____

and who after due search and diligent inquiry, can not be found in Harris County, Texas.

Time: _____
      Harris County, Texas

ADRIAN GARCIA
Sheriff of Harris County, Texas

By: _____
    Deputy

By _____ Deputy.

: 00410

SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT.

No. **1384794**

The State Of Texas
vs.
**OBEL CRUZ GARCIA**

In The District Court No. **337TH**
Of Harris County, Texas
Offense **CAP MURDER**

To Any Peace Officer or person authorized in accordance with Art. 24.01(b) C.C.P.-Greetings:

YOU ARE HEREBY COMMANDED TO SUMMON THE FOLLOWING NAMED WITNESS(ES) WHOSE LOCATION IN **HARRIS** COUNTY AND VOCATION AS FAR AS KNOWN, I STATE BELOW:

DIANA GARCIA, 1109 JASPER ST., RIO GRANDE CITY, TX 78582
ARTURO RODRIGUEZ, 1109 JASPER ST., RIO GRANDE CITY, TX 78582
GLORIA KOLOGINCZOK, 9619 RICHMOND AVENUE, HOUSTON, TX 77063
ANGELITA RODRIGUEZ, 8416 WINKLER, HOUSTON, TX 77071
JIM NORRIS (SERVICE BY DA INVESTIGATOR)
LINDA HERNANDEZ (SERVICE BY DA INVESTIGATOR)
DR. DWAYNE WOLF, HARRIS COUNTY INSTITUTE OF FORENSIC SCIENCES, RE: ML92-7262
DR. VLADIMIR PARUNGAO, 8302 HERTS DRIVE, SPRING, TX 77379
ERIC MEHL (SERVICE BY DA INVESTIGATOR)
SPECIAL AGENT GRISELLE GUZMAN, SERVICE BY DA INVESTIGATOR
SPECIAL AGENT ERIC JOHNSON , SERVICE BY DA INVESTIGATOR
SPECIAL AGENT MIKE HOCHREIN, SERVICE BY DA INVESTIGATOR
SPECIAL AGENT WILLIAM EBERSOLE, SERVICE BY DA INVESTIGATOR
MATT QUARTARO, 13988 DIPLOMAT DR. #100, FARMER'S BRANCH, TX 75234
KELLI BYRD, 13988 DIPLOMAT DR. #100, FARMER'S BRANCH, TX 75234
CARMELO MARTINEZ-SANTANA (SERVICE BY DA INVESTIGATOR)
PAUL CHAMBERLAIN, RON SMITH AND ASSOCIATES, HPD IDENTIFICATION DIV., 1200 TRAVIS, HOUSTON, TX 77002
MICAH WEBB (SERVICE BY DA INVESTIGATOR)

HPD OR #105758592
J. DEVEREUX, 079439
B. CARPENTER, 098071
W.I. STEPHENS, 071252
J. CARVER 136863
R. CHAPPELL, 099650
C. HEAD, 139144 RE: L92-10367

C.E. ELLIOTT, 057686
U.P. HERNANDEZ, 055228
R. SALDIVAR, 041433
C. POPE, 117232
J. CHU, 093070

A.C. ALONZO, 040892
J. SWAIM, 045955
R.L. COLLINS, 020359
S. SCHOONOVER, 133781
B. CAPUCHINO, 136246

BAYTOWN PD OR#1992-42173
B. THOMPSON, 0367
R. RHODES, 047
R. ELLIOTT, 80

J. COOK, 003
T.K. WOOD, 074

if found in your county, to appear before the Honorable **RENEE MAGEE**, District Court No. **337TH**, Harris County, Texas, on **7/8/13** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court. The testimony of said witness(es) is believed to be material to the State.

**NATALIE TISE**
Assistant District Attorney
Harris County, Texas

Sworn to and subscribed before me, this _____ day of MAY 0 3 2013 A.D. 2013.
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS                    BY _____ Deputy

The State Of Texas                          §                    OBEL CRUZ GARCIA

                                            Return

County Of Harris                            §                    1384794

The undersigned being a peace officer under the laws of the State of Texas certifies that the foregoing subpoena came to hand on the same day issued and that it was executed on the _____ day of _____, 20___, by virtue of the following action, to-wit: _____, and that the following persons were served in the below described fashion:

_____

_____

_____

_____

_____

_____

_____

_____

### SHERIFF'S RETURN

Came to hand on the ____6th____ day of ____MAY____, 20_13_, and executed by summoning the within witness

_____ in person, in the County of Harris, at the dates as herein stated, viz:

| DATE OF SERVICE | | | NAME | MILES | DIRECTION | FEE FOR SERVICE | FEE FOR MILEAGE | TOTAL FEE |
|---|---|---|---|---|---|---|---|---|
| 5-8-13 | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | TOTAL FEE | | |

and not executed as to witness _____, _____ the diligence used

in finding said witness _____, being _____

_____

and who after due search and diligent inquiry, can not be found in Harris County, Texas.

ADRIAN GARCIA
Sheriff of Harris County, Texas

By _____ Deputy.

**FILED**
Chris Daniel
District Clerk

MAY 1 0 2013

Harris County, Texas

Time: _____

By _____
Deputy

: 00412

## CAUSE NO. 1384794

| | | |
|---|---|---|
| THE STATE OF TEXAS | F I L E D | IN THE 337th DISTRICT COURT |
| VS. | Chris Daniel District Clerk | |
| | MAY 1 5 20:3 | |
| OBEL CRUZ-GARCIA | * | OF HARRIS COUNTY, TEXAS |

Time: _____ Harris County, Texas

By _____ Deputy

### NOTICE TO DEFENDANT OF STATE'S INTENT TO USE EXTRANEOUS OFFENSES AND PRIOR CONVICTION

COMES NOW THE STATE OF TEXAS, by and through its undersigned Assistant District Attorney, Justin K. Wood, and files this Notice of Intention to Use Evidence of Prior Convictions and Extraneous Conduct and would show the Court the following:

1. Cause No. 1384794 is currently pending in this court.
2. Pursuant to Rules 404(b) and 609 of the Texas Rules of Evidence and Rule 37 of the Texas Rules of Criminal Procedure, the undersigned Assistant District Attorney hereby gives notice to the Defendant and his counsel that the State intends to offer evidence of prior convictions and extraneous offenses of this Defendant.
3. A summary of the evidence of prior convictions and extraneous offenses is as follows:

The following are **prior convictions** that the State intends to introduce at trial:

Carrying a Weapon / CCCL 5 / Harris County, Texas / Cause No. 9037380 / 30 days jail / 10.2.90

Kidnapping / Magistrate Court, Higher Court of San Juan / San Juan, Commonwealth State of Puerto Rico / Crim. No. KDC2002G0009 / 16 years confinement / 09.27.02

Kidnapping / Magistrate Court, Higher Court of San Juan / San Juan, Commonwealth State of Puerto Rico / Cause No. K DC2002G0010 / 16 years confinement / 09.27.02

Possession/Use of Deadly Weapon without a License / Magistrate Court, Higher Court of San Juan/ San Juan, Commonwealth State of Puerto Rico / Cause No. K LA2002G0130 / 5 years confinement / 09.27.02

Possession/Use of Deadly Weapon without a License / Magistrate Court, Higher Court of San Juan/ San Juan, Commonwealth State of Puerto Rico / Cause No. K LA2002G0131 / 5 years confinement / 09.27.02

Possession/Use of Deadly Weapon without a License / Magistrate Court, Higher Court of San Juan / San Juan, Commonwealth State of Puerto Rico / Cause No. K LA2002G0132 / 5 years confinement / 09.27.02

1

The following are **prior extraneous offenses/crimes/wrongs/bad acts** committed by the Defendant that the State intends to introduce at trial:

During the time Defendant was living in Houston, Texas, in the late 1980's and continuing through1992, the Defendant was known to use and sell multiple controlled/illegal substances, predominantly cocaine, on a regular basis.

Prior to and during 1992 and throughout the course of their relationship while in Harris County, Texas, the Dominican Republic and in Puerto Rico, the Defendant committed multiple acts of family violence against Angelita Rodriguez on various occasions, including striking her with his hands, choking her and threatening to kill Angelita Rodriguez.

On or before, July 1, 1989, in Harris County, Texas, the Defendant intentionally and knowingly caused the death of Saul Cedillo Flores, by strangulation with an unknown object.

On or about 1989-1992, in Harris County, Texas, the Defendant intentionally and knowingly committed the offense of burglary of a habitation and sexual assault when he entered a residence with the intent to rob a Dominican man named "Bitico" without the consent of the homeowner, and then sexually assaulted an unnamed female believed to be Bitico's wife inside that residence.

On or about, June 27, 1991, in Harris County, Texas, the Defendant intentionally and knowingly possessed a controlled substance, namely cocaine.  Defendant was charged with Possession of Controlled Substance in Cause No.602326 in the 337th District Court of Harris County, Texas, and the case was dismissed after the Defendant failed to appear for court and jumped bond in October 1992.

On or about 1991 or 1992, in Harris County, Texas, the Defendant tied up and threatened Bienvenido Melo.

On or about 1991 or 1992, in Harris County, Texas, the defendant tied up and threatened Carmelo Martinez- Santana.

On or about, June 22, 1992, in Harris County, Texas, the Defendant, while in the course of committing theft of property and with intent to maintain control of the property, intentionally and knowingly threatened and placed Maria Alonso, Isidra Santa-Marie and Victor Salinas in fear of imminent bodily injury or death, and the Defendant used and exhibited a deadly weapon, namely a firearm.

On or about, September 30, 1992, in Harris County, Texas, the Defendant intentionally and knowingly caused the penetration of the sexual organ of Diana Garcia, by placing his sexual organ in the sexual organ of Diana Garcia, without the consent of Diana Garcia, namely, by compelling Diana Garcia to submit and participate by the use of physical force and violence and by acts and words the Defendant placed Diana Garcia in fear that death or serious bodily injury would be inflicted upon her.

On or about, August 6, 1993, the Defendant was charged with the offense of felony possession of cocaine-failure to appear in the United States District Court for the Southern District of Texas that was connected to the bond forfeiture of the Possession of Controlled Substance charge arising out of the 337th District Court of Harris County, Texas.

2

On or about October 11, 2001, in or around San Juan Puerto Rico, during the course of the kidnapping of Andres Buten and William Garay, the defendant assaulted Manuel Buten by firing a shot at Manuel Buten with a deadly weapon, namely a firearm.

On or about October 11, 2001, in or around San Juan Puerto Rico, during the course of the kidnapping of Andres Buten and William Garay, the defendant used deadly weapons, namely, a firearm, a knife, a hammer, a metal pipe, and his hands and feet to repeatedly strike Andres Buten and William Garay on the head, face, mouth, body, feet and other extremities while holding them captive for 3 days.

On or about October 11, 2011, in or around San Juan Puerto Rico during the course of the kidnapping of Andres Buten and William Garay, the defendant used a deadly weapon, namely a knife to cut the penis of William Garay.

On or about October 11, 2001, in or around San Juan Puerto Rico, during the course of the kidnapping of Andres Buten and William Garay, the defendant threatened to cut off body parts, maim, and kill Andres Buten and William Garay on multiple occasions in multiple ways while holding them captive for three days.

On or about October 11, 2001, in or around San Juan Puerto Rico, during the course of the kidnapping of Andres Buten and William Garay, the defendant demanded a ransom of money and/or drugs from Manuel Buten.   The defendant repeatedly told Manuel Buten that he intended to kill Andres Buten and William Garay and asked Manuel Buten whether he wanted them returned "fried or in a salad."

On or about October 11, 2001, in or around San Juan Puerto Rico, during the course of the kidnapping of Andres Buten and William Garay, the defendant engaged in a sexual act with an underage unknown female in the presence of Andres Buten and physically and verbally taunted Andres Buten during the course of the sexual act.

On or about October 11, 2001, in or around San Juan Puerto Rico, during the course of the kidnapping of Andres Buten and William Garay, the defendant covered their eyes with pillow cases and blind folds, restrained them with coat hangers and handcuffs, confined them in a small bathroom for days, tortured them physically, urinated on them, and deprived them of food and water.

On or about October 13, 2001, in or around San Juan  Puerto Rico, during the course of the kidnapping of Andres Buten and William Garay, the defendant avoided capture by law enforcement by evading arrest in a motor vehicle and on foot.

On or about October 20, 2001, in or around San Juan Puerto Rico, after being charged with the kidnapping of Andres Buten and William Garay, the defendant communicated bribes and threats through family members and others to  complainants Buten and Garay in order to convince them to drop the charges against him.

On or about, October 10, 2003, while confined in a correctional facility in Puerto Rico, it was discovered that the Defendant and fellow inmate Daniel Garcia Vega planned an escape from the facility when guards discovered a covered hole in the floor of the cell and property in the cell of Defendant and Vega, including a knife, a map, a cell phone, and a rope constructed of sheets.

The defendant admitted to using drugs while in a correctional facility in Puerto Rico.

3

The defendant is a citizen of the Dominican Republic who entered the United States as well as the Commonwealth of Puerto Rico on multiple occasions since the late 1980's illegally and remained in both locations for periods of time as an undocumented alien.

Respectfully submitted,

Justin K. Wood
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing notice was delivered to counsel for the defense by facsimile/certified mail/hand delivery on the ___15th___ day of ____May____, 2013.

Justin K. Wood
Assistant District Attorney

4

: 00416

CAUSE NO. 1384794

**F I L E D**
Chris Daniel
District Clerk

MAY 1 5 2013

Time: _____
Harris County, Texas

By _____ Deputy

| THE STATE OF TEXAS | § | IN THE 337TH |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| OBEL CRUZ GARCIA | § | HARRIS COUNTY, TEXAS |
| | § | |

## STATE'S NOTICE OF INTENT TO USE DEFENDANT'S STATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the STATE OF TEXAS, by and through the undersigned Assistant District Attorney, and hereby gives notice of its intent to use a statement by the Defendant as evidence in the trial of the above referenced cause number, and pursuant to TEX. CODE CRIM. PROC., art. 38.22 Sec. 3 (a)(5), certifies that a true, complete, and accurate copy of such statement by the defendant was provided to defense counsel, Skip Cornelius, at least 20 days prior to trial on the matter. A certified copy of the Spanish to English translation of the Defendant's statement was also provided to defense counsel.

RESPECTFULLY SUBMITTED,

NATALIE TISE
Assistant District Attorney

: 00417

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the above notice was delivered to Defense Counsel, SKIP CORNELIUS, on the 15TH day of MAY 2013.

NATALIE TISE
Assistant District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002
TEL: (713) 755-0743

CAUSE NO. 1384794

THE STATE OF TEXAS

VS.

OBEL CRUZ GARCIA

F I L E D
Chris Daniel
District Clerk

MAY 1 5 2013

§
Time: _____
Harris County, Texas
§
By _____
Deputy

IN THE 337TH

DISTRICT COURT OF

HARRIS COUNTY, TEXAS

## STATE'S DISCLOSURE OF EXPERTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the STATE OF TEXAS, a party in the above captioned and numbered cause, by and through the undersigned Assistant District Attorney, pursuant to TEX. CODE CRIM. PROC., art. 39.14 (b) [1999]. The undersigned Assistant District Attorney hereby gives notice that the state may use to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence at the trial in the above captioned and numbered cause the following individuals:

DR. DWAYNE WOLF, FORENSIC PATHOLOGIST, HARRIS COUNTY INSTITUTE OF FORENSIC SCIENCES 1885 OLD SPANISH TRAIL, HOUSTON, TX 77054

DR. VLADIMIR M. PARUNGAO, PHYSICIAN AND FORMER ASST. MEDICAL EXAMINER, 8302 HERTS DRIVE, SPRING, TX 77379

DR. HARMINDER NARULA, PHYSICIAN AND FORMER ASST. MEDICAL EXAMINER

GLORIA KOLOGINCZAK, SEXUAL ASSAULT NURSE EXAMINER, 9619 RICHMOND AVENUE, HOUSTON, TX 77063

MATT QUARTARO, DNA EXPERT, ORCHID CELLMARK, 13988 DIPLOMAT DRIVE#100 FARMER'S BRANCH, TEXAS 75234

KELLI BYRD, DNA EXPERT, ORCHID CELLMARK, 13988 DIPLOMAT DRIVE #100, FARMER'S BRANCH, TEXAS 75234

COURTNEY HEAD, DNA EXPERT, HPD CRIME LAB, 1200 TRAVIS, HOUSTON, TX 77002

: 00419

JULIE REHFUS, HPD CRIMELAB, DNA/TRACE EVIDENCE ANALYST, 1200 TRAVIS, HOUSTON, TX 77002

PAUL CHAMBERLAIN (OR OTHER LATENT PRINT EXPERT), RON SMITH AND ASSOCIATES, HPD IDENTIFICATION DIVISION, 1200 TRAVIS, HOUSTON, TX 77002

ERIC MEHL, HOMICIDE INVESTIGATOR
W.I. STEPHENS, HOMICIDE INVESTIGATOR
R. CHAPPELL, HOMICIDE INVESTIGATOR
C.E. ELLIOTT, HOMICIDE INVESTIGATOR,
U.P. HERNANDEZ, HOMICIDE INVESTIGATOR
A.C. ALONZO, HOMICIDE INVESTIGATOR
J. SWAIM, HOMICIDE INVESTIGATOR
J. NORRIS, CRIME SCENE INVESTIGATOR
J.L. KENNEDY, CRIME SCENE INVESTIGATOR
R. SALDIVAR, LATENT PRINTS
HOUSTON POLICE DEPARTMENT
1200   TRAVIS, HOUSTON, TX 77002

SPECIAL AGENT ERIC JOHNSON, FBI
SPECIAL AGENT MIKE HOCHREIN, FBI
SPECIAL AGENT BILL EBERSOLE, FBI
SPECIAL AGENT GRISELLE GUZMAN, FBI

MICAH WEBB, DA INVESTIGATOR, 1200 FRANKLIN, SUITE 600, HOUSTON, TX

HCSO IDENTIFICATION DEPUTY

BONNIE FIVEASH, TDCJ CLASSIFICATION EXPERT,    Classification Department, TDCJ
861 IH-45 North, Huntsville, TX  77320

RESPECTFULLY SUBMITTED,

NATALIE TISE
Assistant District Attorney
1201 Franklin St.

# CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the above foregoing motion was delivered to Defense Counsel, SKIP CORNELIUS, on the 15TH day of MAY 2013.

NATALIE TISE
Assistant District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002
TEL: (713) 755-0746

APPLICATION FOR SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT
Justin K. Wood - May 22, 2013

No.**1384794**

| | |
|---|---|
| The State Of Texas | In The District Court No. **337th** |
| vs. | Of Harris County, Texas |
| **OBEL CRUZ-GARCIA** | Offense **Capital Murder** |

Please issue a subpoena in the above styled cause for the following named witness(es) whose location in **Harris** County and vocation, as far as known, I state below:

HPD Officer J.L. Kennedy (Emp # 064938; Re: Incident # 058851589Q)

Juli Rehfuss, HPD Crime Lab (Emp # 113315; RE: Incident # 105758592X)

Deputy Donald Bonner, HCSO

Detention Officer Darrell Novak, HCSO

Fingerprint Expert, HCSO

Dr. Dwayne Wolf
Harris County Institute of Forensic Sciences
RE:  Case # 89-4198; Autopsy Date – 07.01.1989; Decedent – Saul Flores

Bonnie Fiveash
Classification Department, TDCJ
861 IH-45 North
Huntsville, TX 77320



Adolph "AC" Alonzo
P.O. Box 251
Kennedy TX 78119

Raymond Gonzales
City of Houston Office of Inspector General – Legal Department
900 Bagby 4th floor
Houston TX 77002

Johnny Lopez
908 Avenue A
South Houston TX 77587

Tina Longoria Perez
8600 Theta St. #2703
Houston TX 77034

Manuel Buten (Service by DA Investigator)

Andres Castillo-Buten (Service by DA Investigator)

William Garay Martinez (Service by DA Investigator)

Juan DeJesus Rodriguez (Service by DA Investigator)

Efrain Esmurria (Service by DA Investigator)

David Davis, HCSO Classifications

: 00422

if found in your county, to appear before the Honorable **Renee Magee**, District Court No. **337th**, Harris County, Texas, on **July 8, 2013** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ-GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court.  The testimony of said witness(es) is believed to be material to the State.

**Justin K. Wood**
Assistant District Attorney
Harris County, Texas

Sworn to and subscribed before me, this _____ day of **MAY 2 2 2013** / A. D. 20____.

CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS                                 BY _____ Deputy

: 00423

APPLICATION FOR SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT

Justin K. Wood - May 22, 2013

No.**1384794**

The State Of Texas                                    In The District Court No. **337th**

vs.                                                   Of Harris County, Texas

**ISABEL CRUZ-GARCIA**                                Offense **Capital Murder**

Please issue a subpoena in the above styled cause for the following named witness(es) whose location in **Harris** County and vocation, as far as known,  I state below:

HPD Officer J.L. Kennedy (Emp # 064938; Re: Incident # 058851589Q)

Juli Rehfuss, HPD Crime Lab (Emp # 113315; RE: Incident # 105758592X)

Deputy Donald Bonner, HCSO

Detention Officer Darrell Novak, HCSO

Fingerprint Expert, HCSO

Dr. Dwayne Wolf
Harris County Institute of Forensic Sciences
RE:  Case # 89-4198; Autopsy Date – 07.01.1989; Decedent – Saul Flores

Bonnie Fiveash
Classification Department, TDCJ
861 IH-45 North
Huntsville, TX 77320

Adolph "AC" Alonzo
P.O. Box 251
Kennedy TX 78119

Raymond Gonzales
City of Houston Office of Inspector General – Legal Department
900 Bagby 4th floor
Houston TX 77002

Johnny Lopez
908 Avenue A
South Houston TX 77587

Tina Longoria Perez
8600 Theta St. #2703
Houston TX 77034

Manuel Buten (Service by DA Investigator)

Andres Castillo-Buten (Service by DA Investigator)

William Garay Martinez (Service by DA Investigator)

Juan DeJesus Rodriguez (Service by DA Investigator)

Efrain Esmurria (Service by DA Investigator)

David Davis, HCSO Classifications

**FILED**
Chris Daniel
District Clerk

MAY **2 2** 2013

Time: _____
          Harris County, Texas

By _____
                    Deputy

: 00424

if found in your county, to appear before the Honorable **Renee Magee**, District Court No. **337th**, Harris County, Texas, on **July 8, 2013** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ-GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court.  The testimony of said witness(es) is believed to be material to the State.

_____

**Justin K. Wood**
Assistant District Attorney
Harris County, Texas

Sworn to and subscribed before me, this _____ day of _____ MAY 2-2 2013 _____ A. D. 20____.

CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS                    BY _____ Deputy

: 00425



CAUSE NO. 1384794

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | * | **IN THE 337th DISTRICT COURT** |
| **VS.** | * | |
| **OBEL CRUZ GARCIA** | * | **OF HARRIS COUNTY, TEXAS** |

### STATE'S NOTICE OF INTENT TO USE BUSINESS RECORDS AFFIDAVIT

COMES NOW the State of Texas by and through its undersigned Assistant District Attorney, Justin K. Wood, and hereby gives notice, pursuant to the Texas Rule of Criminal Evidence 902(10), of its intent to use as evidence business records accompanied by affidavit in the trial of the above-referenced case. The records involved are disciplinary records pertaining to this case. The name and the maker of the affidavit is Kathleen Torres, who is employed by the Harris County Sheriff's Office. Said records and affidavit shall be on file with the clerk of the court on or before May 20, 2013, and will be available therefrom for inspection and copying.

Respectfully submitted,



_____
Justin K. Wood
Assistant District Attorney
Harris County, Texas

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent to defense counsel via facsimile/hand delivery/certified mail.

Date: _____

_____
Justin K. Wood
Assistant District Attorney
Harris County, Texas

: 00426

Cause 1384794

THE STATE OF TEXAS

COUNTY OF Harris County

**BUSINESS RECORDS AFFIDAVIT**

Before me, the undersigned authority, personally appeared Kathleen P. Torres,
Who, being by me duly sworn, deposed as follows:

My name is Kathleen P. Torres I am of sound mind, capable of making this affidavit,
and personally acquainted with the facts herein stated:

I am the custodian of records for Harris County Sheriff's office. These 12 pages of
records are kept in the regular course of business, and it was the regular course of
business of the Harris County Sheriff's Office, with knowledge of the Act, event,
condition, opinion, or diagnosis, recorded to make the record or to transmit Information
thereof to be included in such records; and the record was made at or near the time or
reasonably soon thereafter. The records attached hereto are the original or an exact
duplicate of the original.

**SWORN TO AND SUBSCRIBED** before me, the undersigned authority, while engaged
In, and related to, the performance of my duties as a peace officer on this 17th day
May 2013.

Kathleen Torres, Disciplinary Deputy
Harris County Sheriff's Office

: 00427




# COURT SUBPOENA
## A FINE AND IMPRISONMENT MAY BE IMPOSED FOR FAILURE TO OBEY THIS NOTICE

### BRING THIS DOCUMENT WITH YOU TO COURT

**RECEIVED**
**MAY 14 2013**
**DISCIPLINARY**

DEP. KATHLEEN TORES
Harris County Sheriff's Department
Disciplinary

*You are hereby **notified to appear** as a witness before*

## *JUDGE RENEE MAGEE*

### 337th Criminal District Court

**HARRIS COUNTY, TEXAS**

Harris County Court House,
1201 Franklin ..,15th Floor
Houston, Texas, 77002
At 8:45 a.m. on:
Monday, July 8, 2013
in the case of the **State of Texas** *vs.*

OBEL CRUZ GARCIA
SPN 0113 4368

| CASE NO.: | 1384794 |
|---|---|
| OFFENSE: | CAPITAL MURDER |
| O. R. NO.: | |
| LAB NO.: | |

---

## EXTREMELY IMPORTANT
### UPON RECEIPT, CALL PERSON(S) CHECKED BELOW

☐ DEPUTY J. MCGEHEE
   Harris County Sheriff's Office
   (713) 755 - 7746

☑ Assistant District Attorney:
   NATALIE TISE
   (713) 755 - 5800

☐ Assistant District Attorney:
   **RECEIVED**
   MAY 13 2013
   COURT LIAISON

☐ Defense Attorney:

---

### Adrian Garcia, Sheriff
### Harris County, Texas



*JAMES MCGEHEE*

---

**INSTRUCTIONS:** SEE ATTACHED
PLEASE CONTACT ADA NATALIE TISE   AT 713-755-5800

## TO AVOID FURTHER PROCESSING, CALL THE PERSON(S) HIGHLIGHTED!

: 00428

SUBPOENA BY STATE FOR WITNESS IN DISTRICT COURT.

No.**1384794**

The State Of Texas

vs.

**OBEL CRUZ-GARCIA**

In The District Court No. **337th**
Of Harris County, Texas
Offense **Capital Murder**

To Any Peace Officer or person authorized in accordance with Art. 24.01(b) C.C.P.-Greetings:

YOU ARE HEREBY COMMANDED TO SUMMON THE FOLLOWING NAMED WITNESS(ES) WHOSE LOCATION IN **Harris COUNTY AND VOCATION AS FAR AS KNOWN, I STATE BELOW:**

Deputy Kathleen Torres
Harris County Sheriff's Department
701 San Jacinto
Houston TX 77002
713.755.3891 fax
*Please provide any and all disciplinary records pertaining to inmate Obel Cruz-Garcia's (SPN 01134368; DOB 07.08.1967) confinement in the Harris County Jail.

Dara Price
Harris County Sheriff's Department
1200 Baker St.
Houston TX 77002
713.755.6728 fax
*Please provide any and all medical records pertaining to the treatment of inmate Obel Cruz-Garcia (SPN 01134368; DOB 07.08.1967) during his confinement in the Harris County Jail. Also, please provide a Business Records Affidavit for any records submitted.

Please contact ADA Justin Wood at 713.755.3376 or DA Investigator Michelle Moran at 713.755.5609 immediately upon completion of this request.

if found in your county, to appear before the Honorable **Renee Magee**, District Court No. **337th**, Harris County, Texas, on **INSTANTER** at 8:45 a. m., to give evidence in behalf of the State and Defendant in the above styled cause wherein the State of Texas is the Plaintiff and **OBEL CRUZ-GARCIA** is the Defendant, and to remain there from day to day, term to term until discharged by the Court. The testimony of said witness(es) is believed to be material to the State.

**Justin K. Wood**
Assistant District Attorney
Harris County, Texas

Herein Fail Not, and due return make of this writ _____ Witness my official Signature

this _____ day of __**MAY  0 8  2013**__ A.D. 20____.

CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS

BY _____

: 00429

```
LINE              NAME              USC PTY RAC SEX DOB        AIL W/W CIN      SPN     CLS
     CRUZ-GARCIA, OBEL JULIAN        N   D   W   M  070867      Y   H       01134368 999
     CRUZ-GARCIA, OBEL JULIAN        N   D   W   M  070867      Y   H       01134368 998
PFG: O  PCL: 9
LAST ADDRESS: 2505        BROADWAY  #3      HOUSTON    TX 77000 PHN: 713000NONE
CAUTION: ** SEE LP13 FOR CAUTIONS **          HOLD-FORS: Y SON: 0525541 FAU:
HGT: 508 WGT: 150 EYES: BRO HAIR: BLK SKIN: LBR BLD: MED SMT: SC L EYE
RCV LOC:       JAIL LOC:  JA07 CELLBLOCK/CELL/BNK:   2G4 01D BOOKING NO: 003197944
   CDI CASE  NUMBER CRT  BOND  BOOKED  RLSED HOW          OFFENSE            COC
01 003 138479401010 337 000000 041913                 CAPITAL MURDER         DEF
02 003 128918901010 337 000000 121710 042313 DISM AGG SEX ASSAULT           DEF
03 003 128918801010 337 000000 121710 042313 DISM CAPITAL MURDER            DEF
04 003 118191001010 337 000000 021210 042313 DISM CAPITAL MURDER            DEF
05 003 060232601010 337 010000 062891 070291 SUBN POSS COCAINE LT 28G-CRACK DEF
06 002 903738001010 005 000500 092590 100790 STCC UNLAW CARRY WPN           DEF


*** ALL CASES RELATED TO THIS -SPN- ARE LISTED ** NO MORE CASES EXIST ***
PF1=LB02  PF2=LB12  PF3=LEKT  PF4=LEJC  PF5=LH02  PF6=LT01  PF7=LT11  PF8=LPER
PF9=RCV40  PF10=RCV05  PF11=LWRI  44=LBCD  ENTER=LCDP  CLEAR=END
```

: 00430

```
=N                         CAUTION LITERAL DISPLAY SCREEN                    PAGE  01
SPN 01134368      NAME CRUZ-GARCIA, OBEL JULIAN

LN   CLS  CIN           CAUTION LITERAL                            LCD
01   970   B    R/A COMPLETE/NO CHANGE/R2MAX 4/27/13============ HQR 042713
02   971   I    REASSESSED 3-27-13                               UQL 032713
03   972   K    K/S CRT ORDR SPN#01280015,AVILES-BARROSO,ROGELIO KJU 011413
04   973   K    K/S CRT ORDR,SPN#01206555,MARTINEZ-SANTANA,CARME KJU 011413
05   974   K    K/S 01280015 AVILEZ/01206555 MARTINEZ PER 337DC  VCU 011113
06   975   I    R/A COMPLETE/NO CHANGE/R2MAX 12/26/12=========== HQR 122612
07   976   D    *VIOL #2314**7 DAYS LOP*10-11-12*                UNV 101212
08   977   D    CHARGED 2314 CLOTHING 10-9-12                    UQL 100912
09   978   D    *VIOL #1421**7D LOP; 15D PROBATION*9-26-12*      UNV 092712
10   979   D    CHR # 1421 DESTROY CTY PROP                      Z7K 092312
11   980   H    TRANS DUE TO CELL CLOSED/MAINT ISSUE  9/17/12    XVI 091712
12   981   I    R/A   COMPLETED      N/C         9.12.12         37Z 091212
13   982   E    HOUSED IN GP AS "ESCAPE RISK"    072212          ZI6 072212
14   983   H    ADMIN MOVE FROM ADMIN SEP TO GP  072212          ZI6 072212
15   984   I    R/A COMPLETE - N/C LOS  6/14/12                  CCT 061512

CLEAR = END, TO XCTL ERASE =N HIT PF1 = LP11   PF2 = LBKI
LP13-020: PRESS ENTER TO CONTINUE OR CLEAR TO TERMINATE
```

: 00431

CAUTION LITERAL DISPLAY SCREEN
SPN 01134368    NAME CRUZ-GARCIA, OBEL JULIAN

```
LN   CLS  CIN        CAUTION LITERAL                              LCD
01   985   I    R/A DONE NO CHANGES 04/10/12                 WY4 041112
02   986   I    R/A COMPLETE/NO CHANGE/R2MAX 1/28/12=========== HQR 012812
03   987   I    R/A COMPLETE/NO CHANGE/R2MAX 11/14/11========== HQR 111411
04   988   I    REASSESSED ON 8-23-11 NO CHANGE TO L.O.S.    MHJ 082411
05   989   I    REPLACED ARMBAND 7/23/11                     HQR 072311
06   990   K    K/S CARMEO MARTINEZ, SPN 01206555 PER CRT ORDER VCU 071511
07   991   I    REASSESSMENT                                 BGJ 062111
08   992   I    R/A COMPLETED   4-1-11                       NW2 040211
09   993   I    R/A DONE 2/1/11 NO CHANGE 2MAX               XVI 020111
10   994   I    REASSESSMENT COMPLETED NO CHANGE 2MAX 12/12/10 54N 121310
11   995   M    MS.JOHNSON NP/NO CRUTCHE USE NECESSARY       Z7K 081110
12   996   I    *REASSESSMENT 4-13-10*                       VDD 041410
13   997   I    DONT TRANSFER TO CONTRACTUAL LOG FACILITIES/DGU REM 030110
14   998   I    INMATE HERE ON COLD CASE CAPITAL MURDER      E97 021210
15   999   I    PLACED INMATE 01134368 IN ADMIN SEP HIGH PROFILE E97 021210
```

LP13-008: END OF DISPLAY.
CLEAR = END, TO XCTL ERASE =N HIT PF1 = LP11   PF2 = LBKI

: 00432

# Inmate Disciplinary and Grievance

## Current disciplinary history for

### INMATE CRUZ-GARCIA    SPN# 1134368

| Offense Date | Offense | Plea | Case Number |
|---|---|---|---|
| Court Date | Sanction | Finding | |
| 10/9/2012 | 2314 POSS OF UNAUTH CLOTH,BEDDING | G | 2012-23406 701 |
| 10/11/2012 | 7 days loss of visitation and commissary privileges | G | |
| 9/23/2012 | 1421 DESTROY/ALTER/DAMAGE COUNTY PROP | G | 2012-21974 701 |
| 9/26/2012 | 7 days loss of vist. and comm. privileges probated for 15 days | G | |

**Document prepared on  5/14/2013**

## Comite Disciplinario

### Renuncia Voluntaria de Audiencia Disciplinaria

Committee Copy

**Inmate CRUZ-GARCIA, OBEL JULIAN SPN# 1134368**

**Usted por esto estas notificado aquel siguiente reporte esta archivio contra usted.**

**1421 DESTROY/ALTER/DAMAGE COUNTY PROP Case# 2012-21974**

**This is a Major offense dated 9/23/2012**

**Tienes el derecho de renunciar voluntariamente al derecho a una audiencia en frente del Comite Disciplinario y entregar un alegato cualquiera de las siguientes sanciones:**

### Violaciones de Ofensas menores

Una perdida de la visita hasta (15) dias

Una perdida de el comisario hasta (15) dias

una perdida de la visita y comisario hast (15) dias

Encierro de separacion disciplinaria hasta (15) dias

Probacion de esta sancione hast (30) dias

### Violaciones de Ofensas mayores

Una perdida de la visita hasta (30) dias

Una perdida de el comisario hasta (30) dias

una perdida de la visita y comisario hast (30) dias

Encierro de separacion disciplinaria hasta (30) dias

Restitucion para la propiedad danada de condado

Quitarse del trabajo designado o otras programas

Probacion de esta sancione hast (90) dias

### UN ACUERDO MUTUAL DE ALEGATO

**Entiendo mis derechos y la pena recorre disponible con respecto a este incidente. Con esta comprensión, yo por la presente renuncio el derecho a una vista y entro una súplica de culpable a esta carga. Imploro culpable porque soy culpable y para ninguna otra razón. Sobre mi súplica voluntaria de culpable, la pena siguiente se valorará:**

**7 days loss of vist. and comm. privileges probated for 15 days**

> *Mas informacion*
>
> El castigo para esta ofensa estara lo siguiente: Consecutive - Day for day
>
> El costo monetario reembonsible que sera deducido de tu cuenta en el Inmate Trust Fund es $0.13

**Este acuerd esta entregado voluntariamente y libremente en el   26 day of the  9th  month of  2012**

X _Obel Cruz Garcia_          01134368

   Inmate Signature          SPN#

   Disciplinary Staff Member          Senior Hearing Officer

: 00434

## Detention Command - Inmate Offense Report 2012-21974 701 Jail
Report Submitted On:9/23/2012 10:40:07 AM

**Inmate Charged:** CRUZ-GARCIA, OBEL JULIAN 01134368 W M 2G4 01D JA07
**Offense:** 1421 DESTROY/ALTER/DAMAGE COUNTY PROP  **Date:** 9/23/2012  **Time:** 9:15 AM
**Location:** 701 N. San Jacinto, Houston Tx. Cellblock 2G4

**Investigative Narrative:**
On Sunday, September 23, 2012, I, Detention Officer Darrell Novak, EIN 125379 was assigned to
2G-pod along with Deputy Donald Bonner, EIN 102296 on the 2nd floor of the Harris County Jail
located at 701 N. San Jacinto, Day Watch. At approximately 0710 hours, while passing out razors, I
ordered all inmates within the cellblocks that disassembling of the county issued razor to cut hair
was not allowed and that it would result in appropriate disciplinary action. Detention Officer Hector
Flores translated via Spanish for those inmates who do not understand English. At 0915 hours,
while collecting razors in Cellblock 2G4, three inmates who were identified by their Harris County
armbands as Inmate Javier Andrade, W/M, SPN 02282018, Inmate Obel Cruz-Garcia, W/M, SPN
01134368 and Inmate Manuel Perez, W/M, SPN 02406109, each turned in a disassembled county
razor. I informed Inmate Andrade, Inmate Cruz-Garcia and Inmate Perez they were being charged
with violating Harris County Inmate Handbook Rule #1421: Destroying, Altering or Damaging
County Property, Rule #2419: Possession of Altered County Property and Rule #2305: Refusing to
Obey an Order. I afforded Inmate Andrade, Inmate Cruz-Garcia and Inmate Perez each the
opportunity to submit a written statement. Inmate Andrade, Inmate Cruz-Garcia and Inmate Perez
all refused to submit written statements. I issued Inmate Andrade, Inmate Cruz-Garcia and Inmate
Perez each a Confirmation of Service. I notified Sergeant Stacy Loeffert, EIN 105194 and
Classification Deputy Hejl of the offense.


**Supplement:**


**Charged Inmate Offered Medical Services?** No
**Description of Injury:**
**Taken to Hospital:** No
**Refused Medical Services?**
**Mental Health Referral?** No
**Injury to inmate (Other than charged):** No
   **Name of Inmate:**
    **Relation to Offense:**
**Taken to Clinic:**
**Refused / Accepted Medical Services:**
**Taken to Hospital:**

**Injury to Staff:** No Name:   Description of Injury:
**E1 Filed:**

**Other persons involved:** No
**Inmates:**

Staff:



**Confirmation of Service issued for this charge:** Yes
**Accused inmate submitted a statement:** No
**Other statements attached:** No

**Reporting Staff Member:** NOVAK, DARRELL Detention Officer **Employee Badge or ID Number:** 125379
**Assignment:** 2nd Floor G-Pod **Facility:** 701 Jail

**Approving Supervisor:** HCSO\SHLOEFFERT
**Electronic Approval Signature:** Sgt. Loeffert #105194

End of this report

## *Harris County Sheriff's Office - Detention Command*

Confirmación de Servicio - Major Offense                    Caso # 2012-21974

Nombre del Preso:  CRUZ-GARCIA, OBEL JULIAN 01134368

Raza del Preso:  W          Sexo del Preso:  M          Facilidad:  JA07          Celda: 2G4 01D

Ofensa Citada: 1421 DESTROY/ALTER/DAMAGE COUNTY PROP

Fecha de la Ofensa: 9/23/2012                    Hora de la Ofensa: 9:15 AM

Localidad de la Ofensa: 701 N. San Jacinto, Houston Tx. Cellblock 2G4

Nombre del Oficial: Detention Officer NOVAK 125379

| Aviso: |
|---|

Estarás permitido (a) una audencia completa, justa y imparcial dentro de siete (7) días, *con la excepción de semana y días festifos*, de la ofensa alegada a menos que la audiencia esta impedida por corcunstancias, retrasos inevitables, o cualquier pospuesto razonable. En tu audience, estarás dado (a) la oportunidad oír hablar de y llamar testigos a favor de ti. Una determinación de culpable o no culpable estará hecho por el Comité siguiendo la acción contra de ti.  La penalidad de la (s) violación (es) puede resultar in:

Ofensa Mayores:

1 - La Revocación de los privilegios, que no excede treinta (30) días.
2 - La Separación Diciplinaria, que no excede treinta (30) días.
3 - La pérdida de credito de "Buen Comportamiento" del Condado de Harris.
4 - La Revocación del trabjo o cualquier programa para presos (as).
5 - Compasar por los dano hechos de la propiedad en la cárcel.

Ofensa Menores:

1 - La Revocacion de los privilegios, que no excede quince (15) días.
2 - La Separacion Disciplinaria, que no excede quince (15) días.
3 - Consejo.
4 - Reprender verbalmente.

| Suplica - Negocios: |
|---|

Depende en la Severidad de la infracción y de tu Hiciplinaria de antes, puedes recibir una oferta de un negocio de la suplica. El negocio de la suplica ofrecido esta dispuesto en el caso presente y de tu historia Disciplinaria de antes y es normalmente la sentencia mas baja que puedes recibir.

| Instrucciones al Personal: |
|---|

ES LA RESPONSABILIDAD DE Detention Officer NOVAK 125379 DE eNTREGAR ESTE DOCUMENTO AL PRISIONEO ACUSADO.

| FINAL - DE - DOCUMENTO |
|---|

## Disciplinary Committee
### VOLUNTARY WAIVER of DISCIPLINARY HEARING
#### Committee Copy

**Inmate CRUZ-GARCIA, OBEL JULIAN SPN# 1134368**
**You are hereby notified that the following offense report has been filed against you.**
**2314 POSS OF UNAUTH CLOTH,BEDDING Case# 2012-23406**
**This is a Minor offense dated 10/9/2012**

You may voluntarily waive your right to a hearing before the Disciplinary Committee and enter a plea of guilty in this case. If you waive this right, the penalty for this violation may include any of the following Sanctions

| Minor Offense Violations | Major Offense Violations |
|---|---|
| Loss of visitation for up to (15) days | Loss of visitation for up to (30) days |
| Loss of commissary for up to (15) days | Loss of commissary for up to (30) days |
| Loss of visitation and commissary for up to (15) days | Loss of visitation and commissary for up to (30) days |
| Confinment to disciplinary separation for up to (15) days | Confinment to disciplinary separation for up to (30) days |
| Probation of any sanction for up to (30) days | Restitution for damaged County Property |
| | Removal from work details or any inmate programs |
| | Probation of any sanction for up to (90) days |

#### PLEA BARGAIN AGREEMENT

I understand my rights and penalty ranges available regarding this incident. With this understanding, I hereby waive the right to a hearing and enter a plea of guilty to this charge. I am pleading guilty because I am guilty and for no other reason. Upon my voluntary plea of guilty, the following penalty will be assessed:

**7 days loss of visitation and commissary privileges**

---

*Additional information*

This sanction will run Consecutive - Day for day

7 total days to serve for this case

---

This agreement is freely and voluntarily entered into on this  hursday, October 11, 2012

X _Obel Cruz_          SPN# 0113436S
  Inmate Signature

_____
Disciplinary Staff Member

_____
Senior Hearing Officer

: 00438

## Detention Command - Inmate Offense Report  2012-23406 701 Jail
Report Submitted On:10/9/2012 8:30:52 AM

**Inmate Charged:** CRUZ-GARCIA, OBEL JULIAN 01134368 W M 2G4 01D JA07
**Offense:** 2314 POSS OF UNAUTH CLOTH,BEDDING   **Date:** 10/9/2012   **Time:** 6:00 AM
**Location:** 701 N. San Jacinto Houston, Tx. Cellblock 2G4

**Investigative Narrative:**
On Tuesday, October 9, 2012, I, Detention Officer Darrell Novak, EIN 125379 was assigned to 2G-
pod along with Deputy Donald Bonner, EIN 102296 on the 2nd floor of the Harris County Jail
located at 701 N. San Jacinto, Day Watch. At approximately 0600 hours, while conducting a
security entry and pulling courts inside Cellblock 2G4, I observed an inmate lying in his bunk in
possession of (2) county issued sheets, (2) county issued socks and (3) county issued boxers. The
inmate had a sheet around his mattress and a sheet that he was covered up with. The inmate also
had two pair of socks on his persons and two pair of boxers wrapped around his pillow and a pair of
boxers that he was wearing at the time of the infraction. I ordered the inmate out into the safety
vestibule where I identified the inmate by his Harris County armband as Inmate Obel Cruz-Garcia,
W/M, SPN 01134368. I confiscated the extra county issued sheet, socks and (1) pair of boxers
from Inmate Cruz-Garcia. Inmates are only issued one county issued sheet, one pair of socks and
two pair of boxers. The rules have been translated via Spanish to Inmate Cruz-Garcia by Detention
Officer Hector Flores in the past as to what they are to have in their possession, for instances,
when Inmate Cruz-Garcia was charged with Destroying, Altering or Damaging County Property on
September 23, 2012. I advised Inmate Cruz-Garcia he was being charged with violating Rule
#2314-Possession of Unauthorized Clothing, Bedding or Towels of the Harris County Sheriff's Office
Jail Inmate Handbook. I afforded Inmate Cruz-Garcia an opportunity to make a statement. Inmate
Cruz-Garcia refused to submit a written statement. I issued Inmate Cruz-Garcia a Confirmation of
Service. I notified Sergeant L.F. Inocencio, EIN 100625 and Classification Deputy Cole of the
offense.

**Supplement:**

**Charged Inmate Offered Medical Services?** No
**Description of Injury:**
**Taken to Hospital:**  No
**Refused Medical Services?**
**Mental Health Referral?** No
**Injury to inmate (Other than charged):** No
     **Name of Inmate:**
      **Relation to Offense:**
**Taken to Clinic:**
**Refused / Accepted Medical Services:**
**Taken to Hospital:**

**Injury to Staff:** No **Name:**   **Description of Injury:**
**E1 Filed:**

**Other persons involved:** No
**Inmates:**                                              **Staff:**

**Confirmation of Service issued for this charge:** Yes

**Accused inmate submitted a statement:** No
**Other statements attached:** No

**Reporting Staff Member:** NOVAK, DARRELL Detention Officer **Employee Badge or ID Number:** 125379
**Assignment:** 2nd Floor G-Pod   **Facility:** 701 Jail

**Approving Supervisor:** HCSO\LFINOCENCIO
**Electronic Approval Signature:** L.F. Inocencio, #117

End of this report

## *Harris County Sheriff's Office - Detention Command*

Confirmación de Servicio - Minor Offense                    Caso # 2012-23406

Nombre del Preso: CRUZ-GARCIA, OBEL JULIAN 01134368

Raza del Preso: W          Sexo del Preso: M          Facilidad: JA07          Celda: 2G4 01D

Ofensa Citada: 2314 POSS OF UNAUTH CLOTH,BEDDING

Fecha de la Ofensa: 10/9/2012                    Hora de la Ofensa: 6:00 AM

Localidad de la Ofensa: 701 N. San Jacinto Houston, Tx. Cellblock 2G4

Nombre del Oficial: Detention Officer NOVAK 125379

---

| Aviso: |
|---|

Estarás permitido (a) una audencia completa, justa y imparcial dentro de siete (7) días, *con la excepción de semana y días festifos*, de la ofensa alegada a menos que la audiencia esta impedida por circunstancias, retrasos inevitables, o cualquier pospuesto razonable. En tu audience, estarás dado (a) la oportunidad oír hablar de y llamar testigos a favor de ti. Una determinación de culpable o no culpable estará hecho por el Comité siguiendo la acción contra de ti.  La penalidad de la (s) violación (es) puede resultar in:

Ofensa Mayores:

1 - La Revocación de los privilegios, que no excede treinta (30) días.
2 - La Separación Diciplinaria, que no excede treinta (30) días.
3 - La pérdida de credito de "Buen Comportamiento" del Condado de Harris.
4 - La Revocación del trabjo o cualquier programa para presos (as).
5 - Compasar por los dano hechos de la propiedad en la cárcel.

Ofensa Menores:

1 - La Revocacion de los privilegios, que no excede quince (15) días.
2 - La Separacion Disciplinaria, que no excede quince (15) días.
3 - Consejo.
4 - Reprender verbalmente.

| Suplica - Negocios: |
|---|

Depende en la Severidad de la infracción y de tu Hiciplinaria de antes, puedes recibir una oferta de un negocio de la suplica. El negocio de la suplica ofrecido esta dispuesto en el caso presente y de tu historia Disciplinaria de antes y es normalmente la sentencia mas baja que puedes recibir.

| Instrucciones al Personal: |
|---|

ES LA RESPONSABILIDAD DE Detention Officer NOVAK 125379 DE eNTREGAR ESTE DOCUMENTO AL PRISIONEO ACUSADO.

| FINAL - DE - DOCUMENTO |
|---|



0173-968
26416

CAUSE NO. <u>1384794</u>

6313

| THE STATE OF TEXAS | IN THE <u>337th</u> DISTRICT COURT |
| --- | --- |
| VS. | COUNTY CRIMINAL COURT AT |
| <u>Obel Cruz-Garcia</u> | LAW NO. _____ |
| (Name of Defendant) | |
| AKA _____ | OF HARRIS COUNTY, TEXAS |

## PRECEPT TO SERVE

BY THE ORDER OF THE COURT, YOU ARE HEREBY COMMANDED to deliver forthwith to the above named defendant, a prisoner in your custody, the copy of the original now on file in said Court.

☐ MOTION TO ADJUDICATE GUILT

☐ MOTION TO REVOKE COMMUNITY SUPERVISION

☒ CAPITAL VENIRE FOR THE WEEK OF <u>6/3/2013</u>

☐ SHOW CAUSE ORDER FOR CONTEMPT

☐ OTHER _____

**FILED**
Chris Daniel
District Clerk
MAY 23 2013
Harris County, Texas
_____ Deputy

INMATE RECORDS
HARRIS COUNTY
SHERIFF'S OFFICE
2013 MAY 20 AM 9: 13
RECEIVED

HEREIN FAIL NOT and due return make hereof, without delay. Time: _____

WITNESS my Hand and Seal of Office, at Houston, Texas, on _____.

CHRIS DANIEL,
District Clerk, Harris County, Texas

By _____
Deputy

---

## SHERIFF'S RETURN

Came to hand ___May 20___ A.D., 20 _13_, at _09:13_ o'clock _a_ .m.

And executed ___May 20___ A.D., 20 _12_, at _1450_ o'clock _P_ .m.

By delivering the accompanying Copy to the defendant, in person.

Sheriff of Harris County, Texas

By _A. ___ #3067_ , Deputy

:00442

## CAUSE NO. 1384794

| | | |
|---|---|---|
| THE STATE OF TEXAS | | IN THE 337TH |
| VS. | § | DISTRICT COURT OF |
| | § | |
| OBEL CRUZ GARCIA | | HARRIS COUNTY, TEXAS |
| | § | |

## STATE'S NOTICE OF INTENT TO USE A CERTIFIED TRANSLATION OF A FOREIGN LANGUAGE DOCUMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the STATE OF TEXAS, by and through the undersigned Assistant District Attorney, and hereby gives notice of its intent to use a CERTIFIED TRANSLATION OF A FOREIGN LANGUAGE DOCUMENT pursuant to Rule 1009 of the Texas Rules of Evidence and certifies that a true, complete, and accurate copy of the affidavit of the translator, the translation itself, and the original foreign language document have been served on defense counsel, Skip Cornelius.

RESPECTFULLY SUBMITTED,

NATALIE TISE
Assistant District Attorney

FILED
Chris Daniel
District Clerk
MAY 23 2013
Time:
By
Harris County, Texas
Deputy

: 00443

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the above notice was delivered to Defense Counsel, SKIP CORNELIUS, on the 23rd day of MAY 2013.

NATALIE TISE
Assistant District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002
TEL: (713) 755-0743

CAUSE NO. 1384794

11/14/44 5

THE STATE OF TEXAS

IN THE  337th

VS.

§

DISTRICT COURT OF

P2

§

OBEL CRUZ GARCIA

§

HARRIS COUNTY, TEXAS

F I L E D
Chris Daniel
District Clerk

STATE'S MOTION IN LIMINE

JUN 0 3 2013

TO THE HONORABLE JUDGE OF SAID COURT:

Time: _____
Harris County, Texas
By _____
Deputy

COMES NOW THE STATE OF TEXAS, by and through his District Attorney, **NATALIE TISE**, in and for Harris County, Texas moves this court to instruct the Defendant, lawyers and witnesses for the defense in the above styled and numbered cause not to allude to, refer to, or in any way bring before the jury selected to try this case without first approaching the judge:

1. That the State of Texas has filed any Motion in Limine.
   ANY PRIOR CONVICTIONS OR EXTRANEOUS ACTS OF MISCONDUCT ON THE PART OF ANY STATE'S WITNESS INCLUDING BUT NOT LIMITED TO DEETRICE WALLACE.
   Granted _____    Denied _____    Agreed _____

   ANY REFERENCE TO A POLYGRAPH EXAMINATION BEING TAKEN OR BEING OFFERED TO ANY WITNESS/SUSPECT.
   Granted _____    Denied _____    Agreed _____

   ANY REFERENCE IN VOIR DIRE TO THE FACT THAT THE COMPLAINANT IN THIS CASE IS A CHILD.
   Granted _____    Denied _____    Agreed _____

   Granted _____    Denied _____    Agreed _____

   Granted _____    Denied _____    Agreed _____

Respectfully Submitted,

**NATALIE TISE**
Assistant District Attorney
Houston, Texas 77002

IMAGED

: 00445

## CAUSE NO. 1384794

| THE STATE OF TEXAS | | IN THE 337th |
|---|---|---|
| VS. | § | DISTRICT COURT OF |
| | § | |
| OBEL CRUZ GARCIA | § | HARRIS COUNTY, TEXAS |
| | § | |

# ORDER
# STATE'S MOTION IN LIMINE

BE IT REMEMBERED that on this day, after proper and timely notice to the Defendant, by and through his attorney of record, came on to be heard and considered the State's Motion to in Limine in the above captioned and numbered cause. The Court having considered said Motion, it is:

ORDERED that said the State's Motion to in Limine is hereby in all things (GRANTED) (DENIED).

SIGNED AND ENTERED on ~~May 10,~~ June 3, 2013.

*Renee Magee*

Judge Renee Magee
337th District Court
Harris County, Texas

: 00446

F I L E D
Chris Daniel
District Clerk

**CAUSE NO. 1384794**

JUN 0 3 2013

Time: _____

Harris County, Texas

_____
Deputy

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OBEL CRUZ-GARCIA** | § | **337ᵀᴴ JUDICIAL DISTRICT** |

## *BRADY* NOTICE

COMES NOW, THE STATE OF TEXAS, by and through her Assistant District Attorney, and hereby files this *Brady* Notice, and would show the Court the following:

### I.

The Defendant in the above styled and numbered cause has been charged with the offense of CAPITAL MURDER. The Defendant is set for jury trial on JULY 8, 2013. The matters disclosed in this motion have been a part of the State's file, have been discussed with defense counsel on prior occasions, and have been made available to defense counsel for inspection.

### II.

Pursuant to *Brady*, the State discloses the following information to defense counsel.

A.   HPD crime lab- (See the Bromwich Report, a copy of which has been made available to defense counsel)

B.   Deetrice Wallace, HPD Crime lab, has the following criminal history:

Felony convictions in cause numbers 1207041 and 1207042 for tampering with a governmental record in Harris County, Texas on October 9, 2009.

C.   B. Sharma, HPD crime lab
(See HPD disciplinary record and the Bromwich Report, a copy of which has been made available to defense counsel)

D.   Joseph Chu, HPD Crime lab
(See HPD disciplinary record and the Bromwich Report, a copy of which has been made available to defense counsel)

E.   R. Saldivar, Latent prints

1

: 00447

(See HPD disciplinary record and Latent Lab Audit, a copy of which has been made available to defense counsel)

F.   Witness Angelita Rodriguez has the following criminal history:

A felony conviction for PCS in Harris County, Texas in cause number 0614257 on 10/29/93.

Witness Angelita Rodriguez gave a prior inconsistent statement to federal agents investigating this case on 8/20/93, when she told Special Agents Colleen Conyingham and Juan Miranda that she had no knowledge about the disappearance of Angelo Garcia; and on June 13, 1994, when she told Special Agent Eric Johnson that the defendant did not tell her anything about the kidnapping and murder of the complainant in this case, and that she did not believe that the Defendant's departure from the United States had anything to do with the kidnapping and abduction of the complainant in this case.

Witness Angelita Rodriguez gave a prior inconsistent statement to HPD officers Roger Chappell and Eric Mehl on October 6, 2008 when she told them that the defendant did not answer her questions when she asked him if he had killed the complainant.

G.   Witness Carmelo Martinez-Santana has the following criminal history:

Federal Felony Convictions for Conspiracy to Possess with Intent to Distribute Cocaine and for Using and Carrying a Firearm in Relation to a Drug Trafficking Offense, 8/21/98

County Court 12, DWI, Cause Number 9401778, 1/20/94

County Court 14, Criminal Mischief, Cause Number 9222073, 10/21/92

County Court 14, Assault, Cause Number 9222074, 10/21/92

209th District Court, Injury to a Child reduced to a misdemeanor, Cause Number 0632073, 10/20/92

County Court 6, Assault, Cause Number 9138776, 9/26/91

Witness Carmelo Martinez-Santana gave a prior inconsistent statement to HPD officers UP Hernandez and AC Alonzo on or about October 5, 1992, when he denied knowledge of who kidnapped and murdered the complainant in this case, denied knowledge that the complainant's mother Diana Garcia and step father, Arturo Rodriguez were dealing drugs, and told officers that the defendant had left for Puerto Rico on a "planned" trip.

: 00448

On or about 11/5/92 in an interview with HPD Homicide detective Bill Stephens and on 2/23/09 in an interview with HPD Homicide detective Roger Chappell, Carmelo Martinez-Santana gave a prior inconsistent statement when he denied knowledge of the kidnapping and murder of Angelo Garcia.

On or about 5/23/11, Witness Carmelo Martinez-Santana told Special Agent Bill Ebersole that he was present when the defendant, Obel Cruz-Garcia, caused the death of Angelo Garcia, Jr. by directing an individual named Rogelio Aviles-Barroso to kill the complainant by stabbing him with a sharp object.

H. Witness Arturo Rodriguez has the following criminal history:

Theft/Harris County Court at Law #8/ 0708163/11-12-83

On or about Sept. 30, 1992, Witness Arturo Rodriguez made a prior inconsistent statement to HPD law enforcement officers when, as indicated in the offense report, he denied that he and his wife were dealing drugs for Obel Cruz Garcia.

I.   Witness Diana Garcia has the following criminal history:

Theft/ Harris County Court at Law, 9/22/72

On or about Sept. 30, 1992, Witness Diana Garcia made a prior inconsistent statement to law enforcement officers, as indicated by the offense report, when she denied that she and her husband had been dealing drugs for Obel Cruz Garcia prior to the kidnapping and murder of the Complainant in this case.

J.   Witness Alice Limon stated that she did not observe that the door to the complainant's apartment had been forced open and she believed   Arturo Rodriguez let the kidnappers in thinking they were police.  (See Alice Limon's statement)

K.  Witness Tracy Pressley gave a statement indicating that she believed that  her boyfriend obtained drugs from Diana Garcia on the night of the kidnapping contradicting  Diana Garcia's statement that she and her husband Arturo Rodriguez were no longer selling drugs on Sept. 30, 1992.  She also stated her boyfriend told her he would like to rob Diana Garcia because she had money and drugs. (See  Tracy Pressley's statement)

L.   Witness Johnny Lopez has the following criminal convictions:

Theft from Person/180th/6 months State Jail/2-4-08
PCS/337th/2 yrs TDCJ/3-21-06
Theft-3rd/ 180th/180days State Jail/6-3-05
Theft-3rd/337th/180 days State Jail/6/18/02
Theft/CCL#10/ 90 days Harris County Jail/6-21-01

3

: 00449

Theft/CCL#12/80 days Harris County Jail/ 11-27-00
Theft/CCL#14/ 30 days Harris County Jail/ 8-28-09
BMV/179th/ 6 yrs TDC/ 11-5-86
Theft
PCS/ Nueces County/2 yrs TDC
PCS

M. The following witnesses are deceased:
Officer Cook, Baytown Police Department
Isabel Martinez
David Kerr
Pedro Ortiz
Angelo Garcia, Sr.

N. The physical evidence tagged into the HPD property room in HPD case number
58851589-Q, involving the murder of Complainant Saul Flores has been lost.

O. In the course of his duties as a medical examiner in Travis County, Dr. Vladimir
Parangao misidentified the charred remains of an elderly woman as a 23 year old
man.

Respectfully submitted,

NATALIE TISE
Asst District Attorney
Harris County, Texas

**CERTIFICATE OF SERVICE**

I, NATALIE TISE, do hereby certify that a copy of the foregoing document was
served on SKIP CORNELIUS by facsimile on __5/31/13__.

NATALIE TISE
Assistant District Attorney

4

: 00450

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
713-755-6106 (office)

: 00451