```
 1                       REPORTER'S RECORD

 2                   VOLUME 22 OF 35 VOLUMES

 3                TRIAL COURT CAUSE NO. 1384794

 4            COURT OF CRIMINAL APPEALS NO. AP-77,025

 5

 6   OBEL CRUZ-GARCIA           )  IN THE DISTRICT COURT
                                )
 7       Appellant             )
                                )
 8                              )
                                )
 9   VS.                        )  HARRIS COUNTY, TEXAS
                                )
10                              )
                                )
11   THE STATE OF TEXAS         )
                                )
12       Appellee              )  337TH JUDICIAL DISTRICT

13

14

15                   *******************

16              GUILT-INNOCENCE PROCEEDINGS

17                   *******************

18

19

20       On the 12th day of July, 2013, the following

21   proceedings came on to be heard in the above-entitled

22   and numbered cause before the Honorable Renee Magee,

23   Judge presiding, held in Houston, Harris County, Texas;

24       Proceedings reported by computer-aided

25   transcription/stenograph shorthand.
```

```
 1                    A P P E A R A N C E S

 2


 3

        MS. NATALIE TISE
 4      SBOT NO. 00795683
        MR. JUSTIN WOOD
 5      SBOT NO. 24039247
        Assistant District Attorneys
 6      1201 Franklin
        Houston, Texas  77002
 7      PHONE:  713.755.5800
        ATTORNEYS FOR THE STATE OF TEXAS
 8

 9
              - AND -
10

11

        MR. R.P. 'SKIP' CORNELIUS
12      SBOT NO. 04831500
        2028 Buffalo Terrace
13      Houston, Texas  77019-2408
        PHONE:  713.237.8547
14
        MR. MARIO MADRID
15      SBOT NO. 00797777
        440 Louisiana, Suite 1225
16      Houston, Texas  77002-1659
        PHONE:  713.877.9400
17      ATTORNEYS FOR THE DEFENDANT

18

19

20      Rolando Hernandez
        Marilu Flores,
21      Interpreters

22

23

24

25
```

1              **I N D E X**
                 **VOLUME 22**
2          **(GUILT-INNOCENCE PROCEEDINGS)**

3  **JULY 12, 2013**

                                    **PAGE  VOL.**
4  Objections to Court's Charge................. 5     22

5  Reporter's Certificate....................... 19    22

6  Word Glossary...............................End of Volume

7            **ALPHABETICAL WITNESS INDEX**

8            (No witnesses this volume)

9                 **EXHIBIT INDEX**

10           (No exhibits this volume)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    (Open court, defendant present, no jury)
 2              THE COURT:  This is my ruling on the
 3    accomplice witness.  I am going to instruct the jury
 4    that Carmelo Martinez Santana was an accomplice witness
 5    as a matter of law.  And this is why.  I find that from
 6    his own testimony he stated that he did two affirmative
 7    acts.  Primarily, that he was in the car when the
 8    defendant, Obel Cruz-Garcia, came back from the
 9    apartment with the boy and he remained there with the
10    boy after he knew that the defendant intended to take
11    the boy and harm him.
12              And then secondly, the second affirmative
13    act that I find that he did was to sit next to him in
14    the back seat, essentially, with Rogelio Aviles on one
15    side and the accomplice, Carmelo Santana, on the other
16    side, essentially blocking the boy in the back seat when
17    he knew that the defendant intended to kidnap him, and,
18    in fact, the defendant was kidnapping him.  And
19    although, this witness did testify that he had bouts of
20    conscience about this, he never, never testified in all
21    the direct or cross-examination that he intended to
22    abandon the conspiracy, that he was acting only under
23    duress, or that he did not want this to happen.
24              If you think that I am wrong, point me to
25    an area where you feel that he said that.  I know that
```

1   there was a lot of talk about the gun being in the

2   defendant's hand, there was talk about how their

3   relationship was, and that he was fearful of the

4   defendant, but he never said:  I only did this because I

5   was afraid of the defendant.  Because, according to the

6   testimony, he was left alone with the boy that was

7   kidnapped for a period of time in the car after knowing

8   that the defendant intended to kidnap him and harm him

9   and he did not abandon the conspiracy at this time.

10              So, I am going to instruct the jury that

11   he's an accomplice as a matter of law.  And I

12   believe that's in the charge.  Okay?

13              And for the record, we're present and back

14   on the record in Cause No. 1384794, the State of Texas

15   vs. Obel Cruz-Garcia.  And Mr. Garcia is present at

16   counsel table and has been present at counsel table

17   since we went on the record.  And his lawyers are with

18   him, Mr. Cornelius and Mr. Madrid.  And present for the

19   State is Natalie Tise and Justin Wood.

20              And so, along that same lines, I did not --

21   I do not recall and -- that there was any conflicting

22   testimony as to whether this defendant was ever

23   threatened or did anything under duress, but that he did

24   those two affirmative acts in furtherance of the

25   conspiracy of the lesser offense of kidnapping.  And,

1  therefore, I'm going to find that he's an accomplice as

2  a matter of law.

3              All right.  So, is there anything else in

4  the charge besides the two things that we've identified?

5  Have you both had an opportunity to look through the

6  application paragraphs?

7              MR. CORNELIUS:  I haven't made it all the

8  way through that yet, but there was this -- on Page 3 at

9  the bottom where it talks about burglary --

10             THE COURT:  Yes.

11             MR. CORNELIUS:  -- a person commits the

12 offense of burglary, and then after it says:  Sexual

13 assault as a felony.  That's a loss to me why that's

14 there right there.

15             THE COURT:  Page 3?

16             MR. CORNELIUS:  Yes.

17             MR. WOOD:  They are defining burglary as

18 burglary with intent to commit a -- burglary of a

19 habitation with intent to commit another felony, which I

20 don't think necessarily has to be alleged.

21             THE COURT:  Okay.  Let's cross that out,

22 too.  So, that would be from the beginning:  A person

23 commits the offense of burglary -- wait.  No.  They are

24 describing burglary of a habitation as burglary with

25 intent to commit sexual assault, which I think can be a

1    part of this case.  It doesn't always have to be just

2    with intent to commit theft.  Although, is that also

3    alleged in here?

4              MS. TISE:  If we're going to specify the

5    offense that he intended to commit, then I think we have

6    to specify theft as well, because it can also be commit

7    a felony after injury, whether he intended to or not.

8              THE COURT:  I agree.  So, what should be

9    there is he -- on that paragraph:  A person commits the

10   offense of burglary if, without the effective consent of

11   the owner, he enters a habitation with intent to commit

12   a felony or theft.  Would that be fair to say?  I think

13   that's the way it's in the Penal Code.

14             MS. TISE:  I think that's fair.

15             THE COURT:  And then again sexual assault

16   as a felony.  Although, we already have instructed them

17   that sexual assault is a felony on the previous page.

18             MR. WOOD:  But I think it probably

19   clarifies the application to burglary of habitation

20   since we're talking about "or commit a felony."

21             THE COURT:  Okay.

22             MR. WOOD:  Judge, also there was -- we

23   talked about this yesterday.  About including every time

24   Carmelo Santana is referred, I think it probably should

25   be Carmelo Martinez Santana.

```
 1                   THE COURT:  Also known as Rudy.

 2                   MR. WOOD:  Yeah.  Instead of just Carmelo

 3   Santana based on what we talked about yesterday.

 4                   MS. TISE:  He actually introduces himself

 5   as Carmelo Martinez and then Santana is his maternal

 6   name.

 7                   THE COURT:  I will include that.

 8                   All right.  Anything else?

 9                   Mary Ann, go off the record, please.

10                   (Pause)

11                   THE COURT:  Is there anything else anybody

12   else wants?

13                   MR. CORNELIUS:  Yes.

14                   THE COURT:  Mr. Cornelius, did you have

15   something else?

16                   MR. CORNELIUS:  I do, Judge.

17                   THE COURT:  Which page?

18                   MR. CORNELIUS:  The first question, are we

19   going with just sexual assault throughout the charge,

20   not aggravated sexual assault?

21                   THE COURT:  Yes.  We'll go with just sexual

22   assault throughout the charge.

23                   MR. CORNELIUS:  Because I'm into the

24   lesser-included offenses.

25                   THE COURT:  It should be all the way
```

 1  through.  We'll have to change it all the way through.

 2  Specifically, is there a page you were concerned about?

 3              MR. CORNELIUS:  Not about that.  I figured

 4  they were going to eliminate that.

 5              MS. TISE:  I mean, if you are going to ask

 6  for a lesser of sexual assault.

 7              MR. CORNELIUS:  That's right.

 8              THE COURT:  He's not talking about asking

 9  for a lesser.  He is talking about the area where we --

10              MS. TISE:  Okay.  I heard you say lesser,

11  so I thought you were asking for a lesser straight --

12              MR. CORNELIUS:  Into the lesser part of it,

13  not with respect --

14              THE COURT:  The part about entering a

15  habitation for a sexual assault or another felony.

16  That's what you are talking about?

17              MR. CORNELIUS:  Yes, yes.

18              THE COURT:  We changed from aggravated to

19  just straight sexual assault.  We changed that

20  definition.  And so, any reference throughout the charge

21  should be only to sexual assault, not aggravated sexual

22  assault.  Is that correct?  Would you please direct me

23  to a page?

24              MR. CORNELIUS:  I'm busy counting.  Page

25  11.

1              THE COURT:  Page 11?

2              MR. CORNELIUS:  Yes, ma'am.  Where it

3   starts into the lesser offenses.  And, actually, it goes

4   into 12.  Page 11, the lessers.  It goes -- the first

5   one is murder.  If you go to Page 12, the first full

6   paragraph is another application paragraph, but it seems

7   to me like that goes into the kidnapping and murder.  It

8   seems to me like what they've alleged there is capital

9   murder.  I don't know why that's in there.

10             THE COURT:  I was just going to read

11  through it.

12             That's under B, under 702(b), that's --

13             MR. CORNELIUS:  My point would be to get --

14  for the jury to get to the lesser, I don't know how they

15  could get there if they felt the child was kidnapped, to

16  this lesser.  The only way to get to a murder lesser

17  would be if they didn't believe the child was kidnapped.

18             MS. TISE:  I agree.  It's basically

19  realleging the capital murder application.

20             THE COURT:  So, the question -- which begs

21  the question:  Is murder actually a lesser of this

22  offense?  How would you allege that only murder is the

23  lesser.

24             MR. CORNELIUS:  If they didn't believe the

25  kidnapping.

```
 1              MS. TISE:  The only way you get a
 2   kidnapping lesser is if they don't believe the child was
 3   murdered.
 4              MR. CORNELIUS:  Right.  So --
 5              THE COURT:  So, we'll have to rephrase
 6   that.
 7              MR. CORNELIUS:  Well, I think that
 8   application doesn't --
 9              THE COURT:  All right.  So, it should be,
10   on the application:  If you find from the evidence
11   beyond a reasonable doubt the defendant, Rogelio, and
12   Carmelo, also known as Rudy, entered into an agreement
13   to commit the murder of Angelo Garcia, not kidnapping of
14   Angelo Garcia, and pursuant to that agreement they did
15   carry out the conspiracy in Harris County, Texas, on or
16   about the 30th day of -- and then mark out:  While in
17   the course of committing such a kidnapping.
18              MR. CORNELIUS:  Correct.
19              THE COURT:  Intentionally cause the death
20   of Angelo Garcia, Jr. by stabbing.  I think that maybe
21   that whole paragraph doesn't apply because 702, what
22   other felony could they talk about being in the course
23   of committing other than the kidnapping?  So, really
24   that --
25              MS. TISE:  Robbery, burglary of a
```

1    habitation, aggravated sexual assault.  Those are all

2    cases that they could have conspired to do together and

3    then the murder being the resulting unintentional

4    felony.

5              THE COURT:  Okay.  So, should we put

6    "entered into an agreement to commit a felony"?

7              MS. TISE:  But if they believe it was a

8    robbery, a burglary, or a sexual assault, again, that's

9    a capital murder.

10             THE COURT:  Exactly.

11             MS. TISE:  The only way you get to is a

12   murder is if you believe there was no other felony.

13             THE COURT:  In the course of committing.

14   So, 702 doesn't really apply to the murder statute under

15   our facts.  Would you agree?  702(b).

16             MS. TISE:  I am trying to wrap my mind

17   around it all.

18             MR. CORNELIUS:  I don't know.  I guess --

19   are we on the record?  I don't want to be on the record.

20             THE COURT:  Let's go off the record so we

21   can discuss this a little more.

22             MR. CORNELIUS:  We're off the record?

23             THE COURT:  Yes.

24             (Discussion off the record)

25             (Open court, defendant present, no jury)

```
 1                 THE COURT:  Anything that the State wants
 2   to bring to the Court's attention other than what we've
 3   already talked about?
 4                 MS. TISE:  It's a lot to --
 5                 THE COURT:  Do you need some more time?
 6   You would like some more time to review it?
 7                 MS. TISE:  No.  I don't know there's
 8   necessarily ever going to be enough time.
 9                  THE COURT:  We didn't put anything on the
10   record yesterday about any objections to the charge or
11   what we -- I want to do that at this time.  You asked
12   for certain things and I want to put on the record
13   anything that you asked for, Mr. Cornelius, in the
14   charge after reviewing the charge.
15                 MR. CORNELIUS:  I don't think -- I mean I
16   think I'm pretty happy with the charge.  We'll get on
17   the record when the actual charge gets prepared and I'll
18   make my --
19                 THE COURT:  Okay.  All right.  Let's go off
20   the record.
21                 (Pause)
22                 THE COURT:  We're back on the record in
23   Cause No. 1390130, the State of Texas vs. Obel
24   Cruz-Garcia.  And Mr. Cruz-Garcia is present at counsel
25   table, along with his attorneys, Mr. Skip Cornelius and
```

1   Mario Madrid.  And present for the prosecution is

2   Natalie Tise, Justin Wood, and their appellate counsel,

3   Alan Curry, is also present.

4               And we are going to break for the day for

5   the jury to leave for the day and then we'll continue

6   with negotiations and discussions of the charge.

7               Would you please bring the jury in, Deputy

8   Perry?

9               THE BAILIFF:  Yes, Your Honor.

10              (Open court, defendant and jury present)

11              THE COURT:  Please be seated.

12              Ladies and gentlemen of the jury, I'm sorry

13  to have you sitting back there for so long today.  It is

14  no individual's fault whatsoever.  The Court and the

15  lawyers have been working diligently to prepare a charge

16  for you and it is just a difficult task, a long task.

17  So, we still have a little ways to go.  Instead of

18  having you sit back there this afternoon, I have decided

19  to go ahead and release you for the day.  We're going to

20  continue to work and finalize the charge so that on

21  Monday morning we can read that to you immediately and

22  have arguments of counsel.  Okay?

23              And what I'd like to do is start at 9:00 in

24  the morning on Monday, since we lost some time today.

25  And what you will find is that the courthouse is a

1   different place trying to get here at 9:00.  It's a lot

2   busier.  All of the dockets are held at 9:00, but when

3   you arrive, use your badge to get through the security

4   checkpoint.  Go to the head of the line with your badge.

5   You are allowed to do that.  And if you get stuck on the

6   elevators, please give Deputy Perry a call and we can

7   bring you up on the back elevator.  Okay?

8                So, we can all get here at 9:00 and start

9   immediately at 9:00 and hopefully we'll be finished by

10  Monday at the end of the day with argument.  Okay?

11               I want to remind you at this time and

12  admonish you that you are not to talk amongst yourselves

13  or with anyone else on any subject connected with the

14  trial or to form or express any opinion thereon until

15  the end of the trial.

16               You are excused for the day.  See you on

17  Monday.

18               THE BAILIFF:  All rise.

19               (Open court, defendant present, no jury)

20               THE COURT:  Everyone be seated.

21               Off the record, Mary Ann.

22               (Recess)

23               (Open court, defendant present, no jury)

24               THE COURT:  Back on the record in Cause

25  No. 1384794, the State of Texas vs. Obel Cruz-Garcia.

1  Mr. Cruz-Garcia, the defendant, is seated at counsel

2  table.  The jury is not present.  The lawyers for the

3  defendant are present, Mr. Madrid and Mr. Cornelius.

4  And present for the State is Justin Wood.

5           And we have a charge, a finalized charge

6  that we have been discussing and negotiating and

7  reviewing all day.

8           Have you received a copy of that charge,

9  Mr. Cornelius?

10          MR. CORNELIUS:  Yes, I have, Judge.

11          THE COURT:  And Mr. Wood?

12          MR. WOOD:  Yes, Your Honor.

13          THE COURT:  And so, with the exception of

14  on Page 8, Line 3 of the page where kidnapping -- the

15  word "kidnapping" is going to be changed to "capital

16  murder" where it says:  The commission of the offense of

17  kidnapping, we're going to change that to:  The

18  commission of the offense of capital murder.  Okay.  And

19  we have changed that.  And I have received a copy of the

20  change.  Neither one of you have that copy in your hand,

21  but that would be the only change on the charge.

22          MR. CORNELIUS:  We do have the copies,

23  Judge.

24          THE COURT:  You do have your copy.  Very

25  good.

1                   All right.  So, you have your copy of that

2       charge.  And does either side have an objection to the

3       charge, the finalized charge?

4                   MR. WOOD:  Just checking them, Judge.

5                   THE COURT:  Do you want time to review

6       that?

7                   MR. WOOD:  No.  Just checking on the

8       change.  And I know from the State's standpoint -- we've

9       been on and off the record a lot today.  So, if this is

10      our final time to state anything on the record regarding

11      the work that we have done on the charge today, the only

12      thing we would put on the record is that the State would

13      object to the jury being instructed on Carmelo Martinez

14      Santana being considered an accomplice as matter of law.

15      And I believe it's all on the record that we were

16      requesting that it be -- he be instructed as a matter

17      of -- an accomplice as a matter of fact, rather than

18      law, based on some of the case law that we have

19      presented to the Court.  Specifically, Druery vs.

20      State -- spelled D-r-u-e-r-y -- styled, 25 S.W.3d 491.

21      I believe that may have been on the record before.

22      Other than that, we have no objections.

23                  THE COURT:  Okay.  Thank you, Mr. Wood.

24                  Mr. Cornelius.

25                  MR. CORNELIUS:  The defense has no

1   objections either, but I'd like to put on the record

2   that we have worked -- all of us have worked on this

3   charge since about 10:00 this morning.  It is 4:45 right

4   now.  We have not broken for lunch.  The charge is the

5   handiwork of a whole lot of hours of lawyers and the

6   Judge working.  We have done our best to put the best

7   and fairest charge together for the defendant.

8                The Court has granted all the requests that

9   I have had in terms of the charge, charges.  I did think

10  at one time -- or considered at one time objecting to

11  the conspiracy part of the party charge being in here,

12  but, honestly, I think the State is entitled to it.  And

13  I'll just take the responsibility, if somebody else

14  later looks at the record and thinks I should have

15  objected.  I can't come up with an objection to why the

16  State is not entitled to that charge.

17                So, anyway, we have no objections.

18                THE COURT:  Okay.  Thank you,

19  Mr. Cornelius.

20                Mr. Obel Cruz-Garcia, do you follow your

21  counsel in that you have no objections to this charge?

22                MR. CORNELIUS:  Judge, he has not seen the

23  charge.  He wouldn't know how to read it.

24                THE COURT:  Okay.  All right.

25                MR. CORNELIUS:  I mean, he knows how to

 1  read, but it's not in Spanish.

 2                  THE COURT:  That's true.  But you have

 3  discussed it with him?

 4                  MR. CORNELIUS:  I have discussed it with

 5  him and I will have to take the responsibility for the

 6  charge.

 7                  THE COURT:  Okay.  Very good.

 8                  All right.  Is there anything further?

 9  Anything else that anyone wants to put on the record

10  before we recess for the day?

11                  MR. WOOD:  Nothing from the State.

12                  THE COURT:  All right.  It's 4:45 on Friday

13  afternoon -- yes, Mr. Cornelius?

14                  MR. CORNELIUS:  Nothing from us.  I just

15  like to stand when I talk now.

16                  THE COURT:  All right.  It's 4:45 on Friday

17  afternoon.  We're going to recess at this time.  We're

18  going to resume at 9:00 in the morning for reading the

19  charge and arguments to the jury.  And so, we're in

20  recess at this time.

21                  (Proceedings recessed)

22

23

24

25

1                    **REPORTER'S CERTIFICATE**

2  THE STATE OF TEXAS  )
   COUNTY OF HARRIS    )

3

4      I, Mary Ann Rodriguez, Official Court Reporter in

5  and for the 337th District Court of Harris County, State

6  of Texas, do hereby certify that the above and foregoing

7  contains a true and correct transcription of all

8  portions of evidence and other proceedings requested in

9  writing by counsel for the parties to be included in

10 this volume of the Reporter's Record, in the

11 above-styled and numbered cause, all of which occurred

12 in open court or in chambers and were reported by me.

13     I further certify that this Reporter's Record of

14 the proceedings truly and correctly reflects the

15 exhibits, if any, admitted by the respective parties.

16     WITNESS MY OFFICIAL HAND this the 14th day of

17 October, 2013.

18

19

20

21 /s/ Mary Ann Rodriguez
   Mary Ann Rodriguez, Texas CSR 3047
22 Expiration Date:  12/31/2013
   Official Court Reporter
23 337th Court
   1201 Franklin
24 Houston, Texas  77002
   713.755.7746

25

**'**

**'skip'** - 2:11

**/**

**/s** - 19:21

**0**

**00795683** - 2:4
**00797777** - 2:15
**04831500** - 2:12

**1**

**10:00** - 17:3
**11** - 8:25, 9:1, 9:4
**12** - 3:3, 9:4, 9:5
**12/31/2013** - 19:22
**1201** - 2:6, 19:23
**1225** - 2:15
**12th** - 1:20
**1384794** - 1:3, 4:14, 14:25
**1390130** - 12:23
**14th** - 19:16
**19** - 3:5

**2**

**2013** - 1:20, 3:3, 19:17
**2028** - 2:12
**22** - 1:2, 3:1, 3:4, 3:5
**24039247** - 2:5
**25** - 16:20

**3**

**3** - 5:8, 5:15, 15:14
**3047** - 19:21
**30th** - 10:16
**337th** - 1:12, 19:5, 19:23

**4**

**440** - 2:15
**491** - 16:20
**4:45** - 17:3, 18:12, 18:16

**5**

**5** - 3:4

**7**

**702** - 10:21, 11:14
**702(b** - 9:12, 11:15
**713.237.8547** - 2:13
**713.755.5800** - 2:7
**713.755.7746** - 19:24
**713.877.9400** - 2:16
**77002** - 2:6, 19:24
**77002-1659** - 2:16
**77019-2408** - 2:13

**8**

**8** - 15:14

**9**

**9:00** - 13:23, 14:1, 14:2, 14:8, 14:9, 18:18

**A**

**abandon** - 3:22, 4:9
**above-entitled** - 1:21
**above-styled** - 19:11

**accomplice** - 3:3, 3:4, 3:15, 4:11, 5:1, 16:14, 16:17
**according** - 4:5
**act** - 3:13
**acting** - 3:22
**acts** - 3:7, 4:24
**actual** - 12:17
**admitted** - 19:15
**admonish** - 14:12
**afraid** - 4:5
**afternoon** - 13:18, 18:13, 18:17
**aggravated** - 7:20, 8:18, 8:21, 11:1
**agree** - 6:8, 9:18, 11:15
**agreement** - 10:12, 10:14, 11:6
**ahead** - 13:19
**aided** - 1:24
**Alan** - 13:3
**allege** - 9:22
**alleged** - 5:20, 6:3, 9:8
**allowed** - 14:5
**alone** - 4:6
**Alphabetical** - 3:7
**Angelo** - 10:13, 10:14, 10:20
**Ann** - 7:9, 14:21, 19:4, 19:21
**anyway** - 17:17
**Ap-77,025** - 1:4
**apartment** - 3:9
**Appeals** - 1:4
**Appellant** - 1:7
**appellate** - 13:2
**Appellee** - 1:12
**application** - 5:6, 6:19, 9:6, 9:19, 10:8, 10:10
**apply** - 10:21, 11:14
**area** - 3:25, 8:9
**argument** - 14:10
**arguments** - 13:22, 18:19
**arrive** - 14:3
**assault** - 5:13, 5:25, 6:15, 6:17, 7:19, 7:20, 7:22, 8:6, 8:15, 8:19, 8:21, 8:22, 11:1, 11:8
**Assistant** - 2:5
**attention** - 12:2
**Attorneys** - 2:5, 2:7, 2:17
**attorneys** - 12:25
**Aviles** - 3:14

**B**

**badge** - 14:3, 14:4
**Bailiff** - 13:9, 14:18
**based** - 7:3, 16:18
**beginning** - 5:22
**begs** - 9:20
**best** - 17:6
**beyond** - 10:11
**blocking** - 3:16
**bottom** - 5:9
**bouts** - 3:19
**boy** - 3:9, 3:10, 3:11, 3:16, 4:6
**break** - 13:4
**bring** - 12:2, 13:7, 14:7
**broken** - 17:4
**Buffalo** - 2:12
**burglary** - 5:9, 5:12, 5:17, 5:18, 5:23, 5:24, 6:10, 6:19, 10:25, 11:8
**busier** - 14:2
**busy** - 8:24

**C**

**capital** - 9:8, 9:19, 11:9,

15:15, 15:18
**car** - 3:7, 4:7
**Carmelo** - 3:4, 3:15, 6:24, 6:25, 7:2, 7:5, 10:12, 16:13
**carry** - 10:15
**case** - 6:1, 16:18
**cases** - 11:2
**certain** - 12:12
**Certificate** - 3:5, 19:1
**certify** - 19:6, 19:13
**chambers** - 19:12
**change** - 8:1, 15:17, 15:20, 15:21, 16:8
**changed** - 8:19, 8:19, 15:15, 15:19
**charge** - 4:12, 5:4, 7:19, 7:22, 8:20, 12:10, 12:14, 12:16, 12:17, 13:6, 13:15, 13:20, 15:5, 15:8, 15:21, 16:2, 16:3, 16:11, 17:3, 17:4, 17:7, 17:9, 17:11, 17:16, 17:21, 17:23, 18:6, 18:19
**Charge** - 3:4
**charges** - 17:9
**checking** - 16:4, 16:7
**checkpoint** - 14:4
**child** - 9:15, 9:17, 10:2
**clarifies** - 6:19
**Code** - 6:13
**commission** - 15:16, 15:18
**commit** - 5:18, 5:19, 5:25, 6:2, 6:5, 6:6, 6:11, 6:20, 10:13, 11:6
**commits** - 5:11, 5:23, 6:9
**committing** - 10:17, 10:23, 11:13
**computer** - 1:24
**computer-aided** - 1:24
**concerned** - 8:2
**conflicting** - 4:21
**connected** - 14:13
**conscience** - 3:20
**consent** - 6:10
**considered** - 16:14, 17:10
**conspiracy** - 3:22, 4:9, 4:25, 10:15, 17:11
**conspired** - 11:2
**contains** - 19:7
**continue** - 13:5, 13:20
**copies** - 15:22
**copy** - 15:8, 15:19, 15:20, 15:24, 16:1
**Cornelius** - 2:11, 4:18, 5:7, 5:11, 5:16, 7:13, 7:14, 7:16, 7:18, 7:23, 8:3, 8:7, 8:12, 8:17, 8:24, 9:2, 9:13, 9:24, 10:4, 10:7, 10:18, 11:18, 11:22, 12:13, 12:15, 12:25, 15:3, 15:9, 15:10, 15:22, 16:24, 16:25, 17:19, 17:22, 17:25, 18:4, 18:13, 18:14
**correct** - 8:22, 19:7
**Correct** - 10:18
**correctly** - 19:14
**counsel** - 4:16, 12:24, 13:2, 13:22, 15:1, 17:21, 19:9
**counting** - 8:24
**County** - 1:9, 1:23, 10:15, 19:2, 19:5
**course** - 10:17, 10:22, 11:13
**court** - 3:1, 11:25, 13:10, 14:19, 14:23, 19:12
**Court** - 1:3, 1:4, 1:6, 3:2, 5:10, 5:15, 5:21, 6:8, 6:15, 6:21, 7:1, 7:7, 7:11, 7:14, 7:17, 7:21, 7:25, 8:8, 8:14,

8:18, 9:1, 9:10, 9:20, 10:5, 10:9, 10:19, 11:5, 11:10, 11:13, 11:20, 11:23, 12:1, 12:5, 12:9, 12:19, 12:22, 13:11, 13:14, 14:20, 14:24, 15:11, 15:13, 15:24, 16:5, 16:19, 16:23, 17:8, 17:18, 17:24, 18:2, 18:7, 18:12, 18:16, 19:4, 19:5, 19:22, 19:23
**Court's** - 3:4, 12:2
**courthouse** - 13:25
**Criminal** - 1:4
**cross** - 3:21, 5:21
**cross-examination** - 3:21
**Cruz** - 1:6, 3:8, 4:15, 12:24, 14:25, 15:1, 17:20
**Cruz-garcia** - 1:6, 3:8, 4:15, 12:24, 14:25, 15:1, 17:20
**Csr** - 19:21
**Curry** - 13:3

**D**

**Date** - 19:22
**death** - 10:19
**decided** - 13:18
**Defendant** - 2:17
**defendant** - 3:1, 3:8, 3:10, 3:17, 3:18, 4:4, 4:5, 4:8, 4:22, 10:11, 11:25, 13:10, 14:19, 14:23, 15:1, 15:3, 17:7
**defendant's** - 4:2
**defense** - 16:25
**defining** - 5:17
**definition** - 8:20
**Deputy** - 13:7, 14:6
**describing** - 5:24
**different** - 14:1
**difficult** - 13:16
**diligently** - 13:15
**direct** - 3:21, 8:22
**discuss** - 11:21
**discussed** - 18:3, 18:4
**discussing** - 15:6
**Discussion** - 11:24
**discussions** - 13:6
**District** - 1:6, 1:12, 2:5, 19:5
**dockets** - 14:2
**done** - 16:11, 17:6
**doubt** - 10:11
**Druery** - 16:19, 16:20
**duress** - 3:23, 4:23

**E**

**effective** - 6:10
**either** - 16:2, 17:1
**elevator** - 14:7
**elevators** - 14:6
**eliminate** - 8:4
**end** - 14:10, 14:15
**entered** - 10:12, 11:6
**entering** - 8:14
**enters** - 6:11
**entitled** - 1:21, 17:12, 17:16
**essentially** - 3:14, 3:16
**evidence** - 10:10, 19:8
**Exactly** - 11:10
**examination** - 3:21
**exception** - 15:13
**excused** - 14:16
**Exhibit** - 3:9
**exhibits** - 3:10, 19:15
**Expiration** - 19:22
**express** - 14:14

## F

**fact** - 3:18, 16:17
**facts** - 11:15
**fair** - 6:12, 6:14
**fairest** - 17:7
**fault** - 13:14
**fearful** - 4:3
**felony** - 5:13, 5:19, 6:7, 6:12, 6:16, 6:17, 6:20, 8:15, 10:22, 11:4, 11:6, 11:12
**felt** - 9:15
**figured** - 8:3
**final** - 16:10
**finalize** - 13:20
**finalized** - 15:5, 16:3
**finished** - 14:9
**first** - 7:18, 9:4, 9:5
**Flores**- 2:20
**follow** - 17:20
**following** - 1:20
**foregoing** - 19:6
**form** - 14:14
**Franklin**- 2:6, 19:23
**Friday**- 18:12, 18:16
**full** - 9:5
**furtherance** - 4:24

## G

**garcia** - 1:6, 3:8, 4:15, 12:24, 14:25, 15:1, 17:20
**Garcia**- 4:15, 10:13, 10:14, 10:20
**gentlemen** - 13:12
**Glossary**............................
**.end** - 3:6
**granted** - 17:8
**guess** - 11:18
**Guilt**- 1:16, 3:2
**Guilt-innocence** - 1:16, 3:2
**gun** - 4:1

## H

**habitation** - 5:19, 5:24, 6:11, 6:19, 8:15, 11:1
**Hand** - 19:16
**hand** - 4:2, 15:20
**handiwork** - 17:5
**happy** - 12:16
**harm** - 3:11, 4:8
**Harris** - 1:9, 1:23, 10:15, 19:2, 19:5
**head** - 14:4
**heard** - 1:21, 8:10
**held** - 1:23, 14:2
**hereby** - 19:6
**Hernandez**- 2:20
**himself** - 7:4
**honestly** - 17:12
**Honor** - 13:9, 15:12
**Honorable** - 1:22
**hopefully** - 14:9
**hours** - 17:5
**Houston** - 1:23, 2:6, 2:13, 2:16, 19:24

## I

**identified** - 5:4
**immediately** - 13:21, 14:9
**include** - 7:7
**included** - 7:24, 19:9
**including** - 6:23
**Index** - 3:7, 3:9
**individual's** - 13:14
**injury** - 6:7
**innocence** - 1:16, 3:2

**Instead** - 7:2, 13:17
**instruct** - 3:3, 4:10
**instructed** - 6:16, 16:13, 16:16
**intended** - 3:10, 3:17, 3:21, 4:8, 6:5, 6:7
**intent** - 5:18, 5:19, 5:25, 6:2, 6:11
**Intentionally** - 10:19
**Interpreters** - 2:21
**introduces** - 7:4

## J

**Jr**- 10:20
**Judge** - 1:23, 6:22, 7:16, 15:10, 15:23, 16:4, 17:6, 17:22
**Judicial**- 1:12
**July**- 1:20, 3:3
**jury** - 3:1, 3:3, 4:10, 9:14, 11:25, 13:5, 13:7, 13:10, 13:12, 14:19, 14:23, 15:2, 16:13, 18:19
**Justin**- 2:4, 4:19, 13:2, 15:4

## K

**kidnap** - 3:17, 4:8
**kidnapped** - 4:7, 9:15, 9:17
**kidnapping** - 3:18, 4:25, 9:7, 9:25, 10:2, 10:13, 10:17, 10:23, 15:14, 15:15, 15:17
**knowing** - 4:7
**known** - 7:1, 10:12
**knows** - 17:25

## L

**Ladies** - 13:12
**law** - 3:5, 4:11, 5:2, 16:14, 16:18
**lawyers** - 4:17, 13:15, 15:2, 17:5
**leave** - 13:5
**left** - 4:6
**lesser** - 4:25, 7:24, 8:6, 8:9, 8:10, 8:11, 8:12, 9:3, 9:14, 9:16, 9:21, 9:23, 10:2
**lesser-included** - 7:24
**lessers** - 9:4
**line** - 14:4
**Line**- 15:14
**lines** - 4:20
**look** - 5:5
**looks** - 17:14
**loss** - 5:13
**lost** - 13:24
**Louisiana**- 2:15
**lunch** - 17:4

## M

**ma'am** - 9:2
**Madrid** - 2:14, 4:18, 13:1, 15:3
**Magee** - 1:22
**Marilu** - 2:20
**Mario** - 2:14, 13:1
**mark** - 10:16
**Martinez** - 3:4, 6:25, 7:5, 16:13
**Mary** - 7:9, 14:21, 19:4, 19:21
**maternal** - 7:5
**matter** - 3:5, 4:11, 5:2, 16:14, 16:16, 16:17

**mean** - 8:5, 12:15, 17:25
**mind** - 11:16
**Monday** - 13:21, 13:24, 14:10, 14:17
**morning** - 13:21, 13:24, 17:3, 18:18
**murder** - 9:5, 9:7, 9:9, 9:16, 9:19, 9:21, 9:22, 10:13, 11:3, 11:9, 11:12, 11:14, 15:16, 15:18
**murdered** - 10:3

## N

**name** - 7:6
**Natalie**- 2:3, 4:19, 13:2
**necessarily** - 5:20, 12:8
**need** - 12:5
**negotiating** - 15:6
**negotiations** - 13:6
**never** - 3:20, 4:4
**next** - 3:13
**Nothing** - 18:11, 18:14
**numbered** - 1:22, 19:11

## O

**Obel**- 1:6, 3:8, 4:15, 12:23, 14:25, 17:20
**object** - 16:13
**objected** - 17:15
**objecting** - 17:10
**objection** - 16:2, 17:15
**objections** - 12:10, 16:22, 17:1, 17:17, 17:21
**Objections**- 3:4
**occurred** - 9:11
**October** - 19:17
**offense** - 4:25, 5:12, 5:23, 6:5, 6:10, 9:22, 15:16, 15:18
**offenses** - 7:24, 9:3
**Official** - 19:4, 19:16, 19:22
**one** - 3:14, 9:5, 15:20, 17:14, 14:23
**Open**- 3:1, 11:25, 13:10, 14:19, 14:23
**open** - 19:12
**opinion** - 14:14
**opportunity** - 5:5
**own** - 3:6
**owner** - 6:11

## P

**Page** - 3:3, 5:8, 5:15, 8:24, 9:1, 9:4, 9:5, 9:14
**page** - 6:17, 7:17, 8:2, 8:23, 15:14
**paragraph** - 6:9, 9:6, 10:21
**paragraphs** - 5:6
**part** - 6:1, 8:12, 8:14, 17:11
**parties** - 19:9, 19:15
**party** - 17:11
**Pause** - 7:10, 12:21
**Penal** - 6:13
**period** - 4:7
**Perry** - 13:8, 14:6
**person** - 5:11, 5:22, 6:9
**Phone** - 2:7, 2:13, 2:16
**place** - 14:1
**point** - 3:24, 9:13
**portions** - 19:8
**prepare** - 3:15
**prepared** - 12:17
**present** - 3:1, 4:13, 4:15, 4:16, 4:18, 11:25, 12:24, 13:1, 13:3, 13:10, 14:19,

14:23, 15:2, 15:3, 15:4
**presented** - 16:19
**presiding** - 1:23
**pretty** - 12:16
**previous** - 6:17
**Primarily** - 3:7
**Proceedings** - 1:16, 1:24, 3:2, 18:21
**proceedings** - 1:21, 19:8, 19:14
**prosecution** - 13:1
**pursuant** - 10:14
**put** - 11:5, 12:9, 12:12, 16:12, 17:1, 17:6, 18:9

## R

**rather** - 16:17
**read** - 9:10, 13:21, 17:23, 18:1
**reading** - 18:18
**realleging** - 9:19
**really** - 10:23, 11:14
**reasonable** - 10:11
**received** - 15:8, 15:19
**recess** - 18:10, 18:17, 18:20
**Recess**- 14:22
**recessed** - 18:21
**record** - 4:13, 4:14, 4:17, 7:9, 11:19, 11:20, 11:22, 11:24, 12:10, 12:12, 12:17, 12:20, 12:22, 14:21, 14:24, 16:9, 16:10, 16:12, 16:15, 16:21, 17:1, 17:14, 18:9
**Record**- 1:1, 19:10, 19:13
**reference** - 8:20
**referred** - 6:24
**reflects** - 19:14
**regarding** - 16:10
**relationship** - 4:3
**release** - 13:19
**remained** - 3:9
**remind** - 14:11
**Renee**- 1:22
**rephrase** - 10:5
**reported** - 1:24, 19:12
**Reporter**- 19:4, 19:22
**Reporter's**- 1:1, 3:5, 19:1, 19:10, 19:13
**requested** - 19:8
**requesting** - 16:16
**requests** - 17:8
**respect** - 8:13
**respective** - 19:15
**responsibility** - 17:13, 18:5
**resulting** - 11:3
**resume** - 18:18
**review** - 12:6, 16:5
**reviewing** - 12:14, 15:7
**rise** - 14:18
**Robbery**- 10:25
**robbery** - 11:8
**Rodriguez**- 19:4, 19:21
**Rogelio**- 3:14, 10:11
**Rolando**- 2:20
**Rp**- 2:11
**Rudy**- 7:1, 10:12
**ruling** - 3:2

## S

**S.w.3d**- 16:20
**Santana** - 3:4, 3:15, 6:24, 6:25, 7:3, 7:5, 16:14
**Sbot**- 2:4, 2:5, 2:12, 2:15
**seat** - 3:14, 3:16
**seated** - 13:11, 14:20, 15:1
**second** - 3:12

**secondly** - 3:12
**security** - 14:3
**See** - 14:16
**Sexual** - 5:12
**sexual** - 5:25, 6:15, 6:17, 7:19, 7:20, 7:21, 8:6, 8:15, 8:19, 8:21, 11:1, 11:8
shorthand - 1:25
**side** - 3:15, 3:16, 16:2
**sit** - 3:13, 13:18
**sitting** - 13:13
**Skip** - 12:25
**sorry** - 13:12
**Spanish** - 18:1
**Specifically** - 8:2, 16:19
**specify** - 6:4, 6:6
**spelled** - 16:20
**stabbing** - 10:20
**stand** - 18:15
**standpoint** - 16:8
**start** - 13:23, 14:8
**starts** - 9:3
**state** - 16:10
**State** - 1:11, 2:7, 4:14, 4:19, 12:1, 12:23, 14:25, 15:4, 16:12, 16:20, 17:12, 17:16, 18:11, 19:2, 19:5
**State's** - 16:8
**statute** - 11:14
**still** - 13:17
**straight** - 8:11, 8:19
**stuck** - 14:5
**styled** - 16:20, 19:11
**subject** - 14:13
**Suite** - 2:15

## T

**table** - 4:16, 12:25, 15:2
**talks** - 5:9
**task** - 13:16
**terms** - 17:9
**Terrace**- 2:12
**testified** - 3:20
**testify** - 3:19
**testimony** - 3:6, 4:6, 4:22
**Texas**- 1:11, 1:9, 1:23, 2:6, 2:7, 2:13, 2:16, 4:14, 10:15, 12:23, 14:25, 19:2, 19:6, 19:21, 19:24
theft - 6:2, 6:6, 6:12
**therefore** - 5:1
**thereon** - 14:14
**they've** - 9:8
**thinks** - 17:14
**threatened** - 4:23
**throughout** - 7:19, 7:22, 8:20
Tise- 2:3, 4:19, 6:4, 6:14, 7:4, 8:5, 8:10, 9:18, 10:1, 10:25, 11:7, 11:11, 11:16, 12:4, 12:7, 13:2
today - 13:13, 13:24, 16:9, 16:11
**together** - 11:2, 17:7
**transcription** - 19:7
**transcription/stenograph**
- 1:25
trial - 14:14, 14:15
**Trial**- 1:3
**true** - 18:2, 19:7
**truly** - 19:14
**trying** - 11:16, 14:1
**two** - 3:6, 4:24, 5:4

## U

**under** - 3:22, 4:23, 9:12, 11:14
unintentional - 11:3

**up** - 14:7, 17:15

## V

**Vol** - 3:3
**Volume** - 1:2, 3:1, 3:6
**volume** - 3:8, 3:10, 19:10
**Volumes** - 1:2
**vs** - 4:15, 12:23, 14:25, 16:19
**Vs** - 1:9

## W

**wait** - 5:23
**wants** - 7:12, 12:1, 18:9
**ways** - 13:17
**whatsoever** - 13:14
**whole** - 10:21, 17:5
**Witness** - 3:7, 19:16
**witness** - 3:3, 3:4, 3:19
**witnesses** - 3:8
**Wood** - 2:4, 4:19, 5:17, 6:18, 6:22, 7:2, 13:2, 15:4, 15:11, 15:12, 16:4, 16:7, 16:23, 18:11
**word** - 15:15
**Word** - 3:6
**wrap** - 11:16
**writing** - 19:9

## Y

**yesterday** - 6:23, 7:3, 12:10
yourselves - 14:12