<pre>
1                      REPORTER'S RECORD

2                    **VOLUME 3 OF 3 VOLUMES**

3               TRIAL COURT CAUSE NO. 1384794-A

4           COURT OF CRIMINAL APPEALS NO. WR-85,051-03

5

6
     EX PARTE                   )  IN THE DISTRICT COURT
7                               )
                                )
8                               )  HARRIS COUNTY, TEXAS
                                )
9                               )
     OBEL CRUZ-GARCIA           )  337TH JUDICIAL DISTRICT
10

11

12
                                          RECEIVED IN
13          ***************COURT OF CRIMINAL APPEALS

14                  **POST-CONVICTION HEARING**
                                            APR 24 2017
15                  *****************
                                          Abel Acosta, Clerk
16

17

18     On the 22nd day of December, 2016, the following

19  proceedings came on to be heard in the above-entitled

20  and numbered cause before the Honorable Renee Magee,

21  Judge presiding, held in Houston, Harris County, Texas;

22     Proceedings reported by computer-aided

23  transcription/stenograph shorthand.

24

25
</pre>

**A P P E A R A N C E S**

MS. LORI DEANGELO
SBOT NO. 24005167
Assistant District Attorney
1201 Franklin
Houston, Texas  77002
PHONE:  713.755.5800
**ATTORNEY FOR THE STATE OF TEXAS**


- **AND** -


MS. JOANNE HEISEY
SBOT NO. 24087704
1700 N. Congress Ave., Suite 460
Austin, Texas  78701
PHONE:  512.463.8509
**ATTORNEY FOR THE DEFENDANT**

```
 1                      I N D E X
                         VOLUME 3
 2                 (POST-CONVICTION HEARING)

 3  DECEMBER 22, 2016
                                              PAGE   VOL.
 4  Post-Conviction hearing..................... 3     3

 5  Reporter's Certificate..................... 13     3

 6  Word Glossary..............................End of Volume

 7              ALPHABETICAL WITNESS INDEX

 8              (No witnesses this volume)

 9
                      EXHIBIT INDEX
10
                (No exhibits this volume)
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1                (Open court, defendant present, no jury)
2                THE COURT:  Cause No. 1384794, State versus
3    Obel Cruz-Garcia.
4                And we're present today on a number of
5    different issues, but, basically, the Court set this to
6    have proposed findings of fact submitted.
7                And before the Court is -- can you just
8    recite your name?  Joanne Heisey?
9                MS. HEISEY:  Yes, Heisey, with the office
10   of capital and forensic writs for Obel Cruz-Garcia.
11               THE COURT:  And make sure she's got all the
12   information she needs, spelling, bar number, and all
13   that.
14               MS. HEISEY:  Sure thing.
15               THE COURT:  And then for the State is
16   Ms. Lori DeAngelo.
17               MS. DEANGELO:  DeAngelo.
18               THE COURT:  Ms. Lori DeAngelo.
19               All right.  So, why don't you start over
20   just so we have everything on the record.
21               MS. HEISEY:  Yes, Judge.
22               So, we received the Court's order for
23   proposed findings, and we have responded by asking the
24   Court to reconsider and rescind the order because it
25   violates the statute and it's premature at this stage.
```

1                    The statute makes it clear that before the
2   Court can engage in any sort of fact-finding, that the
3   Court first to make a determination of whether or not
4   there are controverted issues of fact next and enter a
5   written order of that finding.  We don't have such an
6   order yet.  And, in fact, the last time that we were
7   here, I had submitted a proposed order designating the
8   issues.  The Court had indicated that once trial counsel
9   had submitted their affidavits, we would reconvene to
10  reconsider that order and whether or not all the
11  controverted fact issues have been addressed by the
12  trial counsel affidavits.  And not all has been
13  addressed.  So there are claims in the initially that
14  don't pertain to trial counsel's effectiveness in the
15  case.
16                   And Your Honor, my concern beyond the fact
17  that we're circumventing the procedure that's outlined
18  in the statute is that it seems that the State has
19  sought to have this order entered, you know, motivated
20  primarily by arbitrariness of regime change.  And
21  frankly, wants to have the case railroad before a new
22  D.A. can come in and decide whether she wants to have
23  her staff follow the proper statutory procedures.
24                   And beyond that, Judge, in my pleading
25  filed in this case and also in my communications with

1  the court staff and with the D.A.'s office, I explained
2  that myself and my co-counsel were engaged in a
3  week-long evidentiary hearing in another capital case
4  last week, after which I had to travel out of state for
5  a funeral for several days.
6         And so, regardless of whether it would have
7  been proper to enter proposed findings at this stage,
8  which it's not, I would have had no opportunity to have
9  done so at this point.  So, for those reasons we have
10 not submitted proposed findings and we're asking the
11 Court to resend the order.
12        THE COURT:  Okay.  Ms. DeAngelo.
13        MS. DEANGELO:  Actually, I'm offended that
14 we're being accused of trying to railroad anything.
15        When you signed an order back on
16 August 8th, 2016, the proposed order for filing
17 affidavits, in that order it was articulated that there
18 were controverted previously unresolved fact issues
19 regarding ineffective assistance of counsel and we
20 articulated them in our order, and that's the order that
21 you signed.
22        We do have the affidavits now that were
23 filed on November 28th of 2016.  And it is entirely
24 proper and following the statute to go ahead and require
25 us to submit findings of facts and conclusions of law.

1   Obviously, you are by far in the best
2   position to be able to determine the credibility of the
3   affidavits of all of the witnesses, of the attorneys,
4   your recollection of the facts of the case. Obviously,
5   our interest is in not making -- our interest is not
6   causing further delay. And I think by getting this
7   wrapped up before you leave the bench, Your Honor,
8   you're in the best position to make the decisions. If
9   we wait until another judge, we are going to be starting
10  over with someone who knows nothing about it.
11          MS. HEISEY: Your Honor, may I respond?
12          THE COURT: Yes.
13          MS. HEISEY: As far as the Court's order
14  for trial counsel affidavits, that order does not
15  address the controverted fact issues with respect to
16  claims that do not pertain to the effectiveness of trial
17  counsel. They were claims that were raised in the
18  initial application that pertains to, for example, juror
19  misconduct, and other claims that did not in any way
20  entail the performance of trial counsel in the case.
21          So, there is no possible way that those
22  affidavits from trial counsel could have been sufficient
23  to address the controverted fact issues with respect to
24  those other claims.
25          MS. DEANGELO: But the record itself is

1  sufficient to be able to address those issues. It's
2  certainly not something that we need a hearing on. The
3  record itself is sufficient. And counsel has also
4  submitted affidavits from the particular juror. You had
5  communications with the juror and are in the best
6  position to judge the credibility of Juror Bowman's
7  affidavit and everything that happened.
8          MS. HEISEY: Well, Your Honor, just to be
9  clear, those affidavits are not in evidence at this
10 point. Without an order designating issues, the Court
11 can't receive or consider any evidence outside of the
12 pleadings.
13         So, for example, the affidavits that were
14 submitted from trial counsel can't be considered in
15 determining the fact issues. The affidavits that were
16 attached to the application can't be considered.
17         THE COURT: I have to have a hearing to
18 have those be apart of the record?
19         MS. HEISEY: It need not be a live hearing,
20 but they need to be formally admitted. They've not been
21 admitted at this point.
22         MS. DEANGELO: Anything that is attached to
23 the applicant's application and our answer, the findings
24 of fact, and anything that the attorneys have filed, all
25 of that is properly before the Court and can be

1 considered. There doesn't have to be a special thing to
2 happen for that to be -- I mean, we all know it's part
3 of the record and part of what you can consider.
4     MS. HEISEY: Well, the statute makes clear
5 that if the Court is to consider affidavits, that happen
6 only under Section 9. And Section 9 in the statute is
7 actually titled "hearing." And it states that the
8 prerequisite for considering those affidavits is
9 entering an order designating issues and an order
10 finding that there are controverted issues of fact in
11 the case.
12     THE COURT: Which I believe was done in
13 August.
14     MS. DEANGELO: Yes, Your Honor.
15     MS. HEISEY: There was no order entered
16 with respect to the -- whether or not the Court was
17 finding that there were controverted issues of fact in
18 the case.
19     THE COURT: The one that I signed that the
20 State proposed, that does specifically -- I went back
21 and reviewed it. It specifically states that.
22     MS. HEISEY: Well, with respect to the
23 allegations of ineffective assistance of counsel. With
24 respect to the other claims, there's been no
25 determination of those claims as of yet.

1  THE COURT: All right. Anything further
2 then?
3  Then your motions, Ms. Heisey -- is it
4 Heisey?
5  MS. HEISEY: Yes.
6  THE COURT: Your motions are denied.
7  And I do intend to -- I have received the
8 proposed findings from the State this morning. I have
9 not read them. And so, I will make my determination on
10 whether I agree with them in total or draft my own. But
11 I will -- I am going to make that determination and have
12 them filed and signed by next week.
13  In the meantime, if you have anything that
14 you would like to submit for me to consider, you will
15 need to do that by Tuesday because I am going to be
16 working on this all next week. So, Tuesday, the 27th.
17  MS. HEISEY: Your Honor, if I may also note
18 that's an ordinate short amount of time to be permitted
19 to draft proposed findings. I do have other cases in
20 this county, I believe we have at the least 50 cases,
21 and more often we have on the order of 100 or more days.
22 And so --
23  THE COURT: Okay. Well, we contacted
24 you -- and for purposes of the record, I believe that
25 this is in the affidavits, but you have actually delayed

1  this more than anyone here in that you refused to let
2  the attorneys that were filing the affidavits see their
3  file.
4            MS. HEISEY:  Your Honor, the attorneys
5  never asked me for their files.
6            THE COURT:  Well, that's not what's in
7  their affidavits --
8            MS. HEISEY:  Well, that's further evidence
9  that those attorney affidavits are not reliable if they
10 are making those statements.
11           THE COURT:  Okay.  Well, let me finish what
12 I have to say on the record and then I will let you
13 argue whatever you want to.  Okay?
14           But the fact is that you've had plenty of
15 time to prepare your proposed findings of fact.  I
16 understand the State has a lot of things to do, too, and
17 they have prepared them.  And your schedule does not set
18 what the Court's schedule is.  So, I understand that you
19 may have other cases.  We all have other cases we have
20 to do, but you are going to need to -- you've had these
21 affidavits since the end of November.  And I asked that
22 you come in earlier for us to resolve some of these
23 other issues before, and it was outside of your
24 scheduling and you couldn't make it.  So, we set today's
25 date for coming to be heard.  And I received something

1  last night via my phone that was filed at 4:30 last
2  night for me to consider.  I did read through that,
3  because I work when I need to make a decision on
4  something.  And that's what you will need to do if you
5  want me to consider it for next week.  You don't have
6  to.  You don't have to file anything if you don't want
7  to.
8              I am going to make my findings of fact and
9  they will be based on my recollection and the record.
10 So, it's not encumbered on you that you have to file
11 anything.  They are my findings.  So, it may be that I
12 don't adopt anything you put in.  But you've had plenty
13 of time to do so and you've had plenty of time to
14 formulate them.
15             So, is there anything else that you want to
16 put on the record?
17             MS. HEISEY:  Well, yes, Judge.  And that is
18 that we certainly have not sought to delay anything in
19 this case, but we only were served with the trial
20 counsel affidavits after I was served with the State's
21 motion for an order designating issues.  At the time
22 that I was served with the trial counsel affidavits, I
23 would have first like to have filed a motion to revisit
24 the order designating issues with respect to claims and
25 issues that were not addressed in the trial counsel

1  affidavits, and also to have an opportunity to present
2  evidence on behalf of Mr. Cruz-Garcia, which we have not
3  been afforded an opportunity to do.
4       So, those are the steps that I would have
5  liked to have taken after we received the trial counsel
6  affidavits.  Instead, we're skipping those steps and
7  moving ahead to proposed findings without having those
8  opportunities.  So, just to state that it's not been my
9  purpose to delay anything, but simply to follow the
10 statutory procedure.
11      THE COURT:  Okay.  Well, you don't have to
12 file something and wait for a ruling before you go to
13 the next step.  I told you -- I related that this
14 was -- I wanted anybody that wanted to file proposed
15 findings to file them at this time.  And you could have
16 had something prepared if you wanted to.  But you didn't
17 want to, so I don't have anything in the file.  So, as I
18 have told you, again if you want to submit something for
19 me to consider, then please do so by Tuesday, the 27th.
20 All right?
21      MS. HEISEY:  Okay.
22      MS. DEANGELO:  Thank you, Judge.
23      (Proceedings recessed)
24
25

**REPORTER'S CERTIFICATE**

THE STATE OF TEXAS )
COUNTY OF HARRIS )

    I, Mary Ann Rodriguez, Official Court Reporter in and for the 337th District Court of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

    WITNESS MY OFFICIAL HAND this the 11th day of April, 2017.


/s/ Mary Ann Rodriguez
Mary Ann Rodriguez, Texas CSR 3047
Expiration Date: 12/31/2017
Official Court Reporter
337th District Court
1201 Franklin
Houston, Texas 77002
713.755.7746

## /

**/s** [1] - 13:19

## 1

**100** [1] - 9:21
**11th** [1] - 13:16
**12/31/2017** [1] - 13:20
**1201** [2] - 2:4, 13:21
**13** [1] - 1:5
**1384794** [1] - 3:2
**1384794-B** [1] - 1:3
**1700** [1] - 2:11

## 2

**2016** [4] - 1:18, 1:3, 5:16, 5:23
**2017** [1] - 13:17
**22** [1] - 1:3
**22nd** [1] - 1:18
**24005167** [1] - 2:3
**24087704** [1] - 2:10
**27th** [2] - 9:16, 12:19
**28th** [1] - 5:23

## 3

**3** [6] - 1:2, 1:1, 1:4, 1:5
**3047** [1] - 13:19
**337TH** [1] - 1:9
**337th** [2] - 13:5, 13:21

## 4

**460** [1] - 2:11
**4:30** [1] - 11:1

## 5

**50** [1] - 9:20
**512.463.8509** [1] - 2:12

## 7

**713.755.5800** [1] - 2:5
**713.755.7746** [1] - 13:22
**77002** [2] - 2:5, 13:22
**78701** [1] - 2:11

## 8

**8th** [1] - 5:16

## 9

**9** [2] - 8:6

## A

**able** [2] - 6:2, 7:1
**above-entitled** [1] - 1:19
**above-styled** [1] - 13:11
**accused** [1] - 5:14
**address** [3] - 6:15, 6:23, 7:1
**addressed** [3] - 4:11, 4:13, 11:25
**admitted** [3] - 7:20, 7:21, 13:15
**adopt** [1] - 11:12
**affidavit** [1] - 7:7
**affidavits** [22] - 4:9, 4:12, 5:17, 5:22, 6:3, 6:14, 6:22, 7:4, 7:9, 7:13, 7:15, 8:5, 8:8, 9:25, 10:2, 10:7, 10:9, 10:21, 11:20, 11:22, 12:1, 12:6
**afforded** [1] - 12:3
**agree** [1] - 9:10
**ahead** [2] - 5:24, 12:7
**aided** [1] - 1:22
**allegations** [1] - 8:23
**ALPHABETICAL** [1] - 1:7
**amount** [1] - 9:18
**AND** [1] - 2:8
**Ann** [3] - 13:4, 13:19, 13:19
**answer** [1] - 7:23
**AP-77,025** [1] - 1:4
**apart** [1] - 7:18
**APPEALS** [1] - 1:4
**applicant's** [1] - 7:23
**application** [3] - 6:18, 7:16, 7:23
**April** [1] - 13:17
**arbitrariness** [1] - 4:20
**argue** [1] - 10:13
**articulated** [2] - 5:17, 5:20
**assistance** [2] - 5:19, 8:23
**Assistant** [1] - 2:4
**attached** [2] - 7:16, 7:22
**Attorney** [1] - 2:4
**attorney** [1] - 10:9
**ATTORNEY** [2] - 2:6, 2:12
**attorneys** [4] - 6:3, 7:24, 10:2, 10:4
**August** [2] - 5:16, 8:13
**Austin** [1] - 2:11
**Ave** [1] - 2:11

## B

**bar** [1] - 3:12
**based** [1] - 11:9
**behalf** [1] - 12:2
**bench** [1] - 6:7
**best** [3] - 6:1, 6:8, 7:5
**beyond** [2] - 4:16, 4:24
**Bowman's** [1] - 7:6

## C

**capital** [2] - 3:10, 5:3
**case** [9] - 4:15, 4:21, 4:25, 5:3, 6:4, 6:20, 8:11, 8:18, 11:19
**cases** [4] - 9:19, 9:20, 10:19
**CAUSE** [1] - 1:3
**causing** [1] - 6:6
**certainly** [2] - 7:2, 11:18
**CERTIFICATE** [1] - 13:1
**Certificate......................** [1] - 1:5
**certify** [2] - 13:6, 13:13
**chambers** [1] - 13:12
**change** [1] - 4:20
**circumventing** [1] - 4:17
**claims** [8] - 4:13, 6:16, 6:17, 6:19, 6:24, 8:24, 8:25, 11:24
**clear** [3] - 4:1, 7:9, 8:4
**co** [1] - 5:2
**co-counsel** [1] - 5:2
**coming** [1] - 10:25
**communications** [2] - 4:25, 7:5
**computer** [1] - 1:22
**computer-aided** [1] - 1:22
**concern** [1] - 4:16
**conclusions** [1] - 5:25
**Congress** [1] - 2:11
**consider** [7] - 7:11, 8:3, 8:5, 9:14, 11:2, 11:5, 12:19
**considered** [3] - 7:14, 7:16, 8:1
**considering** [1] - 8:8
**contacted** [1] - 9:23
**contains** [1] - 13:7
**controverted** [7] - 4:4, 4:11, 5:18, 6:15, 6:23, 8:10, 8:17
**Conviction** [1] - 1:4
**CONVICTION** [2] - 1:14, 1:2
**correct** [1] - 13:7
**correctly** [1] - 13:14
**counsel** [16] - 4:8, 4:12, 5:2, 5:19, 6:14, 6:17, 6:20, 6:22, 7:3, 7:14, 8:23, 11:20, 11:22, 11:25, 12:5, 13:9
**counsel's** [1] - 4:14
**COUNTY** [2] - 1:8, 13:2
**county** [1] - 9:20
**County** [2] - 1:21, 13:5
**court** [3] - 3:1, 5:1, 13:12
**COURT** [18] - 1:3, 1:4, 1:6, 3:2, 3:11, 3:15, 3:18, 5:12, 6:12, 7:17, 8:12, 8:19, 9:1, 9:6, 9:23, 10:6, 10:11, 12:11
**Court** [15] - 3:5, 3:7, 3:24, 4:2, 4:3, 4:8, 5:11, 7:10, 7:25, 8:5, 8:16, 13:4, 13:5, 13:20, 13:21
**Court's** [3] - 3:22, 6:13, 10:18
**credibility** [2] - 6:2, 7:6
**CRIMINAL** [1] - 1:4
**Cruz** [3] - 3:3, 3:10, 12:2
**CRUZ** [1] - 1:9
**Cruz-Garcia** [3] - 3:3, 3:10, 12:2
**CRUZ-GARCIA** [1] - 1:9
**CSR** [1] - 13:19

## D

**D.A.** [1] - 4:22
**D.A.'s** [1] - 5:1
**date** [1] - 10:25
**Date** [1] - 13:20
**days** [2] - 5:5, 9:21
**DeAngelo** [4] - 3:16, 3:17, 3:18, 5:12
**DEANGELO** [7] - 2:3, 3:17, 5:13, 6:25, 7:22, 8:14, 12:22
**DECEMBER** [1] - 1:3
**December** [1] - 1:18
**decide** [1] - 4:22
**decision** [1] - 11:3
**decisions** [1] - 6:8
**DEFENDANT** [1] - 2:12
**defendant** [1] - 3:1
**delay** [3] - 6:6, 11:18, 12:9
**delayed** [1] - 9:25
**denied** [1] - 9:6
**designating** [5] - 4:7, 7:10, 8:9, 11:21, 11:24
**determination** [4] - 4:3, 8:25, 9:9, 9:11
**determine** [1] - 6:2
**determining** [1] - 7:15
**different** [1] - 3:5
**DISTRICT** [2] - 1:6, 1:9
**District** [3] - 2:4, 13:5, 13:21
**done** [2] - 5:9, 8:12
**draft** [2] - 9:10, 9:19

## E

**effectiveness** [2] - 4:14, 6:16
**encumbered** [1] - 11:10
**end** [1] - 10:21
**engage** [1] - 4:2
**engaged** [1] - 5:2
**entail** [1] - 6:20
**enter** [2] - 4:4, 5:7
**entered** [2] - 4:19, 8:15
**entering** [1] - 8:9
**entirely** [1] - 5:23
**entitled** [1] - 1:19
**evidence** [5] - 7:9, 7:11, 10:8, 12:2, 13:8

evidentiary [1] - 5:3
EX [1] - 1:6
example [2] - 6:18, 7:13
EXHIBIT [1] - 1:9
exhibits [2] - 1:10, 13:15
Expiration [1] - 13:20
explained [1] - 5:1

**F**

fact [16] - 3:6, 4:2, 4:4, 4:6, 4:11, 4:16, 5:18, 6:15, 6:23, 7:15, 7:24, 8:10, 8:17, 10:14, 10:15, 11:8
fact-finding [1] - 4:2
facts [2] - 5:25, 6:4
far [2] - 6:1, 6:13
file [7] - 10:3, 11:6, 11:10, 12:12, 12:14, 12:15, 12:17
filed [6] - 4:25, 5:23, 7:24, 9:12, 11:1, 11:23
files [1] - 10:5
filing [2] - 5:16, 10:2
findings [13] - 3:6, 3:23, 5:7, 5:10, 5:25, 7:23, 9:8, 9:19, 10:15, 11:8, 11:11, 12:7, 12:15
finish [1] - 10:11
first [2] - 4:3, 11:23
follow [2] - 4:23, 12:9
following [2] - 1:18, 5:24
FOR [2] - 2:6, 2:12
foregoing [1] - 13:6
forensic [1] - 3:10
formally [1] - 7:20
formulate [1] - 11:14
Franklin [2] - 2:4, 13:21
frankly [1] - 4:21
funeral [1] - 5:5

**G**

GARCIA [1] - 1:9
Garcia [3] - 3:3, 3:10, 12:2
Glossary.............................
..End [1] - 1:6

**H**

HAND [1] - 13:16
HARRIS [2] - 1:8, 13:2
Harris [2] - 1:21, 13:5
heard [2] - 1:19, 10:25
hearing [5] - 5:3, 7:2, 7:17, 7:19, 8:7
HEARING [2] - 1:14, 1:2
hearing...................... [1] - 1:4
Heisey [4] - 3:8, 3:9, 9:3, 9:4
HEISEY [17] - 2:10, 3:9,

3:14, 3:21, 6:11, 6:13, 7:8, 7:19, 8:4, 8:15, 8:22, 9:5, 9:17, 10:4, 10:8, 11:17, 12:21
held [1] - 1:21
hereby [1] - 13:6
Honor [7] - 4:16, 6:7, 6:11, 7:8, 8:14, 9:17, 10:4
Honorable [1] - 1:20
Houston [3] - 1:21, 2:5, 13:22

**I**

IN [1] - 1:6
included [1] - 13:9
INDEX [2] - 1:7, 1:9
indicated [1] - 4:8
ineffective [2] - 5:19, 8:23
information [1] - 3:12
initial [1] - 6:18
instead [1] - 12:6
intend [1] - 9:7
interest [2] - 6:5
issues [17] - 3:5, 4:4, 4:8, 4:11, 5:18, 6:15, 6:23, 7:1, 7:10, 7:15, 8:9, 8:10, 8:17, 10:23, 11:21, 11:24, 11:25
itself [2] - 6:25, 7:3

**J**

JOANNE [1] - 2:10
Joanne [1] - 3:8
judge [2] - 6:9, 7:6
Judge [5] - 1:21, 3:21, 4:24, 11:17, 12:22
JUDICIAL [1] - 1:9
juror [3] - 6:18, 7:4, 7:5
Juror [1] - 7:6
jury [1] - 3:1

**K**

knows [1] - 6:10

**L**

last [4] - 4:6, 5:4, 11:1
law [1] - 5:25
least [1] - 9:20
leave [1] - 6:7
live [1] - 7:19
Lori [2] - 3:16, 3:18
LORI [1] - 2:3

**M**

Magee [1] - 1:20
Mary [3] - 13:4, 13:19, 13:19
mean [1] - 8:2

meantime [1] - 9:13
misconduct [1] - 6:19
morning [1] - 9:8
motion [2] - 11:21, 11:23
motions [2] - 9:3, 9:6
motivated [1] - 4:19
moving [1] - 12:7
MS [24] - 2:3, 2:10, 3:9, 3:14, 3:17, 3:21, 5:13, 6:11, 6:13, 6:25, 7:8, 7:19, 7:22, 8:4, 8:14, 8:15, 8:22, 9:5, 9:17, 10:4, 10:8, 11:17, 12:21, 12:22
MY [1] - 13:16

**N**

name [1] - 3:8
need [7] - 7:2, 7:19, 7:20, 9:15, 10:20, 11:3, 11:4
needs [1] - 3:12
never [1] - 10:5
new [1] - 4:21
next [5] - 4:4, 9:12, 9:16, 11:5, 12:13
night [2] - 11:1, 11:2
NO [4] - 1:3, 1:4, 2:3, 2:10
note [1] - 9:17
nothing [1] - 6:10
November [2] - 5:23, 10:21
number [2] - 3:4, 3:12
numbered [2] - 1:20, 13:11

**O**

Obel [2] - 3:3, 3:10
OBEL [1] - 1:9
obviously [1] - 6:4
Obviously [1] - 6:1
occurred [1] - 13:11
OF [5] - 1:2, 1:4, 2:6, 13:2, 13:2
offended [1] - 5:13
office [2] - 3:9, 5:1
Official [2] - 13:4, 13:20
OFFICIAL [1] - 13:16
often [1] - 9:21
once [1] - 4:8
one [1] - 8:19
Open [1] - 3:1
open [1] - 13:12
opportunities [1] - 12:8
opportunity [3] - 5:8, 12:1, 12:3
order [22] - 3:22, 3:24, 4:5, 4:6, 4:7, 4:10, 4:19, 5:11, 5:15, 5:16, 5:17, 5:20, 6:13, 6:14, 7:10, 8:9, 8:15, 9:21, 11:21, 11:24
ordinate [1] - 9:18

outlined [1] - 4:17
outside [2] - 7:11, 10:23
own [1] - 9:10

**P**

PAGE [1] - 1:3
part [2] - 8:2, 8:3
PARTE [1] - 1:6
particular [1] - 7:4
parties [2] - 13:9, 13:15
performance [1] - 6:20
permitted [1] - 9:18
pertain [2] - 4:14, 6:16
pertains [1] - 6:18
PHONE [2] - 2:5, 2:12
phone [1] - 11:1
pleading [1] - 4:24
pleadings [1] - 7:12
plenty [3] - 10:14, 11:12, 11:13
point [3] - 5:9, 7:10, 7:21
portions [1] - 13:8
position [3] - 6:2, 6:8, 7:6
possible [1] - 6:21
POST [2] - 1:14, 1:2
Post [1] - 1:4
POST-CONVICTION [2] - 1:14, 1:2
Post-Conviction [1] - 1:4
premature [1] - 3:25
prepare [1] - 10:15
prepared [2] - 10:17, 12:16
prerequisite [1] - 8:8
present [3] - 3:1, 3:4, 12:1
presiding [1] - 1:21
previously [1] - 5:18
primarily [1] - 4:20
procedure [2] - 4:17, 12:10
procedures [1] - 4:23
proceedings [4] - 1:19, 12:23, 13:8, 13:14
Proceedings [1] - 1:22
proper [3] - 4:23, 5:7, 5:24
properly [1] - 7:25
proposed [12] - 3:6, 3:23, 4:7, 5:7, 5:10, 5:16, 8:20, 9:8, 9:19, 10:15, 12:7, 12:14
purpose [1] - 12:9
purposes [1] - 9:24
put [2] - 11:12, 11:16

**R**

railroad [2] - 4:21, 5:14
raised [1] - 6:17
read [2] - 9:9, 11:2
reasons [1] - 5:9
receive [1] - 7:11
received [4] - 3:22, 9:7,

10:25, 12:5
recessed [1] - 12:23
recite [1] - 3:8
recollection [2] - 6:4, 11:9
reconsider [2] - 3:24, 4:10
reconvene [1] - 4:9
Record [2] - 13:10, 13:13
record [9] - 3:20, 6:25, 7:3, 7:18, 8:3, 9:24, 10:12, 11:9, 11:16
RECORD [1] - 1:1
reflects [1] - 13:14
refused [1] - 10:1
regarding [1] - 5:19
regardless [1] - 5:6
regime [1] - 4:20
related [1] - 12:13
reliable [1] - 10:9
Renee [1] - 1:20
reported [2] - 1:22, 13:12
Reporter [2] - 13:4, 13:20
REPORTER'S [2] - 1:1, 13:1
Reporter's [3] - 1:5, 13:10, 13:13
requested [1] - 13:8
require [1] - 5:24
rescind [1] - 3:24
resend [1] - 5:11
resolve [1] - 10:22
respect [6] - 6:15, 6:23, 8:16, 8:22, 8:24, 11:24
respective [1] - 13:15
respond [1] - 6:11
responded [1] - 3:23
reviewed [1] - 8:21
revisit [1] - 11:23
Rodriguez [3] - 13:4, 13:19, 13:19
ruling [1] - 12:12

### S

SBOT [2] - 2:3, 2:10
schedule [2] - 10:17, 10:18
scheduling [1] - 10:24
Section [2] - 8:6
see [1] - 10:2
served [3] - 11:19, 11:20, 11:22
set [3] - 3:5, 10:17, 10:24
several [1] - 5:5
short [1] - 9:18
shorthand [1] - 1:23
signed [4] - 5:15, 5:21, 8:19, 9:12
simply [1] - 12:9
skipping [1] - 12:6
someone [1] - 6:10
sort [1] - 4:2

sought [2] - 4:19, 11:18
special [1] - 8:1
specifically [2] - 8:20, 8:21
spelling [1] - 3:12
staff [2] - 4:23, 5:1
stage [2] - 3:25, 5:7
start [1] - 3:19
starting [1] - 6:9
STATE [2] - 2:6, 13:2
state [2] - 5:4, 12:8
State [7] - 3:2, 3:15, 4:18, 8:20, 9:8, 10:16, 13:5
State's [1] - 11:20
statements [1] - 10:10
states [2] - 8:7, 8:21
statute [6] - 3:25, 4:1, 4:18, 5:24, 8:4, 8:6
statutory [2] - 4:23, 12:10
step [1] - 12:13
steps [2] - 12:4, 12:6
styled [1] - 13:11
submit [3] - 5:25, 9:14, 12:18
submitted [6] - 3:6, 4:7, 4:9, 5:10, 7:4, 7:14
sufficient [3] - 6:22, 7:1, 7:3
Suite [1] - 2:11

### T

TEXAS [3] - 1:8, 2:6, 13:2
Texas [6] - 1:21, 2:5, 2:11, 13:6, 13:19, 13:22
THE [19] - 1:6, 2:6, 2:12, 3:2, 3:11, 3:15, 3:18, 5:12, 6:12, 7:17, 8:12, 8:19, 9:1, 9:6, 9:23, 10:6, 10:11, 12:11, 13:2
they've [1] - 7:20
titled [1] - 8:7
today [1] - 3:4
today's [1] - 10:24
total [1] - 9:10
transcription [1] - 13:7
transcription/stenograph [1] - 1:23
travel [1] - 5:4
trial [12] - 4:8, 4:12, 4:14, 6:14, 6:16, 6:20, 6:22, 7:14, 11:19, 11:22, 11:25, 12:5
TRIAL [1] - 1:3
true [1] - 13:7
truly [1] - 13:14
trying [1] - 5:14
Tuesday [3] - 9:15, 9:16, 12:19

### U

under [1] - 8:6
unresolved [1] - 5:18
up [1] - 6:7

### V

versus [1] - 3:2
via [1] - 11:1
violates [1] - 3:25
VOL [1] - 1:3
VOLUME [2] - 1:2, 1:1
Volume [1] - 1:6
volume [3] - 1:8, 1:10, 13:10
VOLUMES [1] - 1:2

### W

wait [2] - 6:9, 12:12
wants [2] - 4:21, 4:22
week [5] - 5:3, 5:4, 9:12, 9:16, 11:5
week-long [1] - 5:3
WITNESS [2] - 1:7, 13:16
witnesses [2] - 1:8, 6:3
Word [1] - 1:6
wrapped [1] - 6:7
writing [1] - 13:9
writs [1] - 3:10
written [1] - 4:5