United States District Court
Southern District of Texas
**ENTERED**
April 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OBEL CRUZ-GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 17-3621 |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

A Texas jury convicted Petitioner Obel Cruz-Garcia of capital murder in 2013. He was sentenced to death. After Petitioner unsuccessfully sought state habeas appellate and habeas remedies, this Court appointed counsel to prepare and litigate a federal habeas petition. (Docket Entry No. 2). On October 31, 2018, Petitioner filed his federal petition. (Docket Entry No. 12). Petitioner filed a 240-page amended petition on July 1, 2019. (Docket Entry No. 18).

Even though the scheduling order in this case anticipated that Respondent would file an answer, Respondent has filed a motion for summary judgment. (Docket Entry No. 25). Respondent observes that Petitioner "filed an amended petition containing little to no legal analysis" in which "he cites a few seminal cases and constitutional amendments" but "does not proceed to then explain how to apply the facts of his claims to the pertinent legal standards." (Docket Entry No. 25 at 16). Respondent contends that the amended petition did not contain enough procedural information or legal substance to file an answer. Respondent argues that Petitioner's litigation strategy has created a situation where his petition "can now be soundly rejected as meritless, as Cruz-Garcia has failed

to assert a claim for relief and has failed to meet his burden of showing he is legally entitled to federal habeas relief." (Docket Entry No. 25 at 21). Alternatively, Respondent asks for the Court to enter an order requiring Petitioner to refile his amended petition. (Docket Entry No. 25 at 24).

Petitioner, in turn, has filed a Motion to Preclude the Director from Raising Procedural Defenses Due to Her Failure to File an Answer and Proposed Discovery Schedule. (Docket Entry No. 29). Petitioner argues that Respondent's failure to file an answer should "preclude her from asserting any procedural defenses and to move this case forward without delay by turning to the issue of discovery." (Docket Entry No. 29 at 2). Petitioner asks this Court to deny summary judgment, prohibit Respondent from raising procedural defenses, and allow him to "submit[] his motion for discovery within 30 days." (Docket Entry No. 29 at 8).

At the heart of the matter before the Court is a fundamental principle of habeas corpus jurisprudence: "the habeas petitioner generally bears the burden of proof . . . ." *Garlotte v. Fordice*, 515 U.S. 39, 46 (1995). The petitioner's burden means that the habeas petition must "allege facts which, if proved, would *entitle him to relief*." *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998) (emphasis added); *see also Floyd v. Vannoy*, 894 F.3d 143, 160 (5th Cir. 2018) ("A state prisoner seeking federal habeas relief pursuant to 28 U.S.C. § 2254 carries the heavy burden of demonstrating entitlement to that relief."). Entitlement to relief in habeas corpus cases is limited by various stringent statutory and jurisprudential principles. State courts are the primary forum for the development of legal and factual issues. With few exceptions, an inmate is largely limited to the facts he has already developed and the legal claims he has already litigated in state court. When an inmate comes to federal court, federal review exists within specific confines defined by Congress. Thus, the process of litigating a habeas case proceeds in a different manner than a traditional civil

case in several areas, including the availability of discovery.

The amended petition in this case largely consists of factual recitations without providing legal authority, much less briefing compliant with the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") standards for demonstrating the need for factual development or habeas relief. Without discussing what he has already litigated, Petitioner asks this Court to authorize discovery and other factual development before adjudicating his petition. Petitioner seemingly envisions a federal habeas procedure untethered from the required deference to what transpired in state court. It is unclear when, if ever, Petitioner anticipates providing briefing on whether he has met AEDPA's procedural and substantive limitations.

Petitioner had an opportunity to set out his envisioned litigation strategy when the parties set out the schedule in this case. The parties conferred and proposed what follows a traditional pattern of habeas practice in this judicial district: Petitioner would file a petition (subject to later amendment), Respondent would file a response, and then Petitioner would file a reply. (Docket Entry No. 9). Neither party requested additional time to file legal memorandum, suggested a discovery schedule, or anticipated that litigation of the amended petition would occur sometime in the future. The Court granted the proposed schedule. If either party anticipated litigating this case in a different manner, it should have been included in the proposed scheduling order.

By proceeding in the chosen manner, Petitioner's pleadings to date do not meaningfully meet his burden to obtain habeas relief under traditional practice, the relevant statutes, and governing case law. Without an explicit waiver of various limitations on the habeas writ, the Court will not prevent Respondent from making procedural arguments in the future. *See* 28 U.S.C. § 2254(b)(3) (requiring explicit waiver of the exhaustion requirement); *Day v. McDonough*, 547 U.S. 198, 206 (2006)

case in several areas, including the availability of discovery.

The amended petition in this case largely consists of factual recitations without providing legal authority, much less briefing compliant with the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") standards for demonstrating the need for factual development or habeas relief. Without discussing what he has already litigated, Petitioner asks this Court to authorize discovery and other factual development before adjudicating his petition. Petitioner seemingly envisions a federal habeas procedure untethered from the required deference to what transpired in state court. It is unclear when, if ever, Petitioner anticipates providing briefing on whether he has met AEDPA's procedural and substantive limitations.

Petitioner had an opportunity to set out his envisioned litigation strategy when the parties set out the schedule in this case. The parties conferred and proposed what follows a traditional pattern of habeas practice in this judicial district: Petitioner would file a petition (subject to later amendment), Respondent would file a response, and then Petitioner would file a reply. (Docket Entry No. 9). Neither party requested additional time to file legal memorandum, suggested a discovery schedule, or anticipated that litigation of the amended petition would occur sometime in the future. The Court granted the proposed schedule. If either party anticipated litigating this case in a different manner, it should have been included in the proposed scheduling order.

By proceeding in the chosen manner, Petitioner's pleadings to date do not meaningfully meet his burden to obtain habeas relief under traditional practice, the relevant statutes, and governing case law. Without an explicit waiver of various limitations on the habeas writ, the Court will not prevent Respondent from making procedural arguments in the future. *See* 28 U.S.C. § 2254(b)(3) (requiring explicit waiver of the exhaustion requirement); *Day v. McDonough*, 547 U.S. 198, 206 (2006)

(noting that circuit courts have uniformly found that a district court may consider procedural defects *sua sponte*). Petitioner's motion to preclude Respondent from raising affirmative defenses is **DENIED**. (Docket Entry No. 29).

However Petitioner's attorneys have chosen to litigate outside of their proposed schedule, the Court is mindful of the important issues at stake in this capital habeas proceeding. Petitioner will have an opportunity to meet his habeas burden. Accordingly, the Court **SUSPENDS** the current scheduling order. The Court **DENIES** Respondent's motion for summary judgment **WITHOUT PREJUDICE** to reurging after additional briefing has been filed. The Court **ORDERS** Petitioner to file a memorandum in support of his amended petition within sixty (60) days from the entry of this Order. Petitioner's memorandum will:

(1) identify with clear and concise language the legal and factual basis for each ground for relief;

(2) indicate the clearly established Supreme Court precedent that governs each claim;

(3) specify, with precise citations to the state court record, whether Petitioner has exhausted each claim in state court;

(4) describe whether the state court's ruling on any claim was on the merits or procedural;

(5) provide relevant precedent demonstrating how the state court's adjudication of any exhausted claim was contrary to, or an unreasonable application of, federal law, 28 U.S.C. § 2254(d);

(6) succinctly brief how this Court could reach the merits of any claim that has not been exhausted in state court or was procedurally defaulted in state court;

(7) discuss how any desired factual developed would be (a) available as to exhausted claims under *Cullen v. Pinholster*, 563 U.S. 170 (2011) and/or (b) reasonably necessary to a fair adjudication of his claims.

Respondent will provide an answer and any dispositive motion responding to Petitioner's brief within sixty (60) days of its filing. Petitioner may file a reply within thirty (30) days thereafter. Given the lengthy briefing already in the record, the parties will limit each brief to one-hundred (100) pages.

The Clerk shall enter this Order and provide a copy to the parties.

Signed on this the 30th day of April, 2020, at Houston, Texas.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE