United States District Court
Southern District of Texas
**ENTERED**
January 29, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| OBEL CRUZ-GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 17-cv-3621 |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Obel Cruz-Garcia seeks federal habeas relief from his Texas capital murder conviction and death sentence. Petitioner has filed a federal petition for a writ of habeas corpus that raises numerous unexhausted claims. For the reasons discussed below, the Court will stay these proceedings to allow the exhaustion of state court remedies.

## BACKGROUND

A jury convicted Petitioner for his role in the kidnapping and murder of a six-year-old boy after a home invasion in 1992. The testimony and evidence showed that Petitioner and an accomplice entered the apartment of a couple who had previously sold drugs for him. Both men wore masks. After his accomplice bound and began beating the husband, Petitioner raped the wife. Petitioner and his accomplice fled with the child because he could identity Petitioner. The men later murdered the child. Petitioner then fled to Puerto Rico.

The case sat cold for years until DNA evidence implicated Petitioner in the crime. Petitioner's accomplice and a get-away driver testified at trial about the circumstances of the

1

murder.  Petitioner's wife testified that, after he unexpectedly fled, Petitioner confessed to killing the child.

Petitioner unsuccessfully sought state appellate and habeas remedies.  *Cruz-Garcia v. State*, 2015 WL 6528727 (Tex. Crim. App. 2015); *Ex parte Cruz-Garcia*, 2017 WL 4947132 (Tex. Crim. App. 2017).  Petitioner also attempted to file a successive state habeas application before coming to federal court.  *Ex parte Cruz-Garcia*, 2017 WL 4947132 (Tex. Crim. App. 2017).

On October 31, 2018, Petitioner filed a federal petition for a writ of habeas corpus raising 31 claims.  Petitioner subsequently filed a 245-page amended petition.  (Docket Entry No. 18). Because Petitioner's pleadings did not meaningfully meet his burden under habeas law and practice, the Court ordered Petitioner to file a memorandum of law that would meet specific briefing requirements.[1]  After Petitioner filed his briefing, the Court entered an order noting that Petitioner's briefing anticipated that he would file a motion to stay the case, but he had not done so.  (Docket Entry No. 45).

Several motions are currently pending before the Court:

(1)     Petitioner's motion to stay his federal proceedings to allow the exhaustion of state-court remedies.  (Docket Entry No. 46).

(2)     Respondent Bobby Lumpkin's motion for summary judgment.  (Docket Entry No. 47).

(3)     Petitioner's motion for an extension of time to file a reply to the summary judgment motion.  (Docket Entry No. 56).

---

[1]     The parties disagree about which claims have been exhausted in state court.  This Court has previously ordered Petitioner to file briefing that would "specify, with precise citations to the state court record, whether [he] has exhausted each claim in state court."  (Docket Entry No. 33 at 4).  This Court has already observed that that Petitioner subsequently failed to state whether he had exhausted several claims and did not provide citations to the state court record showing where he had exhausted other claims.  (Docket Entry No. 45 at 2). The disagreement about exhaustion stems, in part, from Petitioner's failure to comply with the Court's Order.

(4)     Petitioner's motion to amend his habeas petition again.  (Docket Entry No. 57).

(5)     Petitioner's supplement to his motion to stay.  (Docket Entry No. 58).

For the reasons discussed below, the Court finds that the Petitioner has shown that the circumstances justify staying this case.  With that stay, the Court will deny the remaining motions without prejudice.

## MOTION TO STAY

Petitioner has filed a motion to exhaust claims 1, 3, 6, 9, 11, 19, 21, 22, 23, and 25 in state court.  (Docket Entry No. 46).  The Court must consider whether an avenue of state review remains open to Petitioner and whether he has shown that the law permits a stay of these proceedings.

## I.     Availability of State Review

Staying these proceedings would be pointless unless a state court avenue of relief is available to Petitioner.  With limited exceptions, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires inmates to exhaust constitutional claims in state court.  *See* 28 U.S.C. § 2254(b)(1)(A).  "The exhaustion doctrine . . . turns on an inquiry into what procedures are 'available' under state law."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999).  If a state court remedy remains available, the "district court has discretion to stay a mixed petition . . . to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition."  *Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006).  Otherwise, procedural law bars an inmate's unexhausted claims unless he shows: (1) cause and actual prejudice or (2) that "a constitutional violation has 'probably resulted' in the

3

conviction of one who is 'actually innocent[.]'" *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Texas strictly enforces an abuse-of-the-writ doctrine (codified at Tex. Code Crim. Pro. art. 11.071 § 5(a)) which generally prohibits the filing of successive habeas applications. Article 11.071 § 5 only sanctions the filing of a successive state habeas application in limited circumstances:

> (a) If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> > (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;
> >
> > (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or
> >
> > (3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071, 37.0711, or 37.072.

Tex. Code Crim. Proc. Art. 11.071 § 5.

Petitioner raises several claims for the first time in his federal petition that are record-based and, accordingly, would likely not satisfy Texas' abuse-of-the-writ doctrine. *See Ex parte McCarthy*, 2013 WL 3283148, at *2 (Tex. Crim. App. 2013) ("Article 11.071 § 5 prohibits an applicant from raising a claim in a subsequent application that she could have raised in a previous application.") (Cochran, J., concurring). Specifically, claims 9, 19, 21, 22, 23, and 25 rely on facts

and law that Petitioner could have advanced in his earlier state court actions.  A stay would not be appropriate on those claims because the Texas Court of Criminal Appeals would probably not authorize successive state habeas proceedings.  *See Slater v. Davis*, 717 F. App'x 432, 439 (5th Cir. 2018) (finding that the denial of a stay is appropriate when the inmate "could have raised all of these claims in his initial state habeas proceeding").

Some of Petitioner's claims (claims 1, 3, 6, and 11), however, rely on facts outside the record.  Specifically, those claims argue that trial counsel provided deficient representation on various grounds (claim 1); the State knowingly solicited false testimony (claim 3); the State relied on inaccurate and unreliable DNA evidence (claim 6); and the State suppressed material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), including deals with and incriminating information about trial witnesses (claim 11).  Petitioner makes a strong argument that his claims could warrant successive habeas review under Tex. Code Crim. Pro. 11.071 §5(a)(1).  Petitioner has shown that a state avenue of relief may exist for claims 1, 3, 6, and 11.

## II.   *Rhines* Factors

Even if a state remedy exists, an inmate must still comply with the standards that the Supreme Court set out in *Rhines v. Weber*, 544 U.S. 269 (2005).  In *Rhines*, "the Supreme Court held that a district court has discretion to stay a mixed petition [containing both exhausted and unexhausted claims] to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court."  *Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007).  A stay is available "only in limited circumstances" where (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner has not engaged in "abusive litigation tactics or

5

intentional delay." *Rhines*, 544 U.S. at 277.  Petitioner argues that he can satisfy all three prongs of the *Rhines* analysis.

### A.    *Rhines*' First Two Prongs

Petitioner argues that he can show good cause for failing to raise claims 1, 3, 6, and 11 in state court and that the claims are not plainly meritless.  While he makes various arguments, Petitioner's strongest one is that he can show good cause because the State prevented him from learning about *Brady* material (claim 11).  *See Jalowiec v. Bradshaw*, 657 F.3d 293, 305 (6th Cir. 2011) (finding that the tardy disclosure of *Brady* material may amount to good cause).   The question of whether the State has suppressed evidence in this case is intertwined with the merits of Petitioner's unexhausted *Brady* claim.  Here, the state courts should decide in the first instance whether material was suppressed and whether Petitioner raises a valid *Brady* claim.

Without deciding the merits of Petitioner's argument that the State suppressed the evidence on which he bases his *Brady* claim, the Court finds that he has made a threshold showing of good cause and potential merit in the *Rhines* context.  Petitioner has met the first two prongs of the *Rhines* inquiry.

### B.    Delay

Whether Petitioner has met *Rhines*' third prong is a closer question.  An inmate must show that he has not engaged in "abusive litigation tactics or intentional delay."  *Rhines*, 544 U.S. at 277; *see also Davila v. Davis*, 650 F. App'x 860, 868 (5th Cir. 2016) (stating that a stay would be appropriate when "[t]here is no indication the failure [to exhaust] was for delay").  Courts have denied a stay when a petitioner has not shown "diligence in asking for such an extraordinary procedure."  *Williams v. Stephens*, 2013 WL 6200204, at *7 (S.D. Tex. 2013)

(denying a stay when the inmate had filed his stay motion eight months after filing his petition); *Johnson v. Stephens*, 2013 WL 4482865, at *6 (S.D. Tex. 2013) (denying a stay after "both parties had extensively briefed the other legal and factual issues in this case"); *see also In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) ("Equity is not intended for those who sleep on their rights.").

Petitioner submitted his *Rhines* motion only after unnecessary delay. Under AEDPA, exhaustion is a condition for habeas relief. *See* 28 U.S.C. § 2254(b)(1) (stating that the habeas writ "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). Petitioner filed his federal petition over two years ago. When Petitioner filed his petition, he presumably knew which issues he had not raised in state court. Experienced counsel represents Petitioner in this action. The Court presumes that counsel understands an inmate's obligation under traditional practice and the explicit terms of AEDPA to exhaust his claims. Petitioner could have moved for a stay when he filed his petition in 2018.

Nevertheless, Petitioner argues that he should not ask for a stay until the State has filed an answer and raised exhaustion as an affirmative defense. (Docket Entry No. 53 at 7). The Court rejects Petitioner's argument for two primary reasons. First, Petitioner had an opportunity to set out a litigation plan that would involve requesting a *Rhines* stay late in the habeas process. Early in this case Petitioner filed a motion for a proposed scheduling order. Petitioner's proposed schedule did not include his plan to file a *Rhines* motion after Respondent filed an answer. (Docket Entry No. 9). As this Court has already observed, "[i]f either party anticipated litigating this case in a different manner, it should have been included in the proposed scheduling order." (Docket Entry No. 33 at 3). Petitioner knew that exhaustion would be an issue in this case but still withheld his *Rhines* motion until ordered to file it by the Court.

Second, Petitioner's argument that he showed diligence while withholding his *Rhines* motion—despite his own knowledge that he had not exhausted his claims—rests on a misunderstanding of federal law. Petitioner argues, in essence, that the exhaustion of remedies is a procedural defense that only comes into play when asserted by the State in its answer (as required by Rule 5 of the Habeas Rules). Petitioner, however, has not pointed to any precedent to support his argument. *See Day*, 547 U.S. at 202 (recognizing that habeas proceedings are different from ordinary civil litigation and setting aside usual presumptions about defenses in the adversarial process).

While courts often refer to exhaustion as a "procedural defense," it is not a principle of habeas law that courts and the parties may ignore until asserted by the State in its answer. *See id* at 208 (rejecting "an excessively rigid or formal approach to the affirmative defenses now listed in Habeas Rule 5" including exhaustion). The exhaustion doctrine rests on principles of comity and federalism that transcend a State's litigation strategy. *See Hardiman v. Reynolds*, 971 F.2d 500, 503 (10th Cir. 1992) (finding that, because concerns such as exhaustion "substantially implicate important interests beyond those of the parties, it is not exclusively within the parties' control to decide whether such a defense should be raised or waived"). A State's failure to argue that a claim is unexhausted is not dispositive. *See Kunkle v. Dretke*, 352 F.3d 980, 990 (5th Cir. 2003) (rejecting an argument that the State must raise exhaustion and stating that "the petitioner has the primary responsibility to exhaust his claims"). A district court can raise exhaustion *sua sponte* even when not addressed by the State. *See Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims

8

until exhaustion is complete." (citations omitted)); *see also Granberry v. Greer*, 481 U.S. 129 (1987) (authorizing circuit courts to raise exhaustion *sua sponte* even when the respondent had not done so at the district court level).

Traditional notions of "comity, finality, and federalism" inherent in federal habeas law—and reflected by the effectiveness inherent in AEDPA's title—strongly, discourage ignoring the need for exhaustion early in the habeas process. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A court may *sua sponte* dismiss a petition for an inmate's failure to exhaust as part of its preliminary review under Habeas Rule 4. *See Resendez v. McKaskle*, 722 F.2d 227, 230 (5th Cir. 1984) (rejecting in the context of Habeas Rule 4 the argument "that a *sua sponte* dismissal for failure to exhaust is never appropriate"). Because the exhaustion of remedies is a threshold consideration in federal habeas cases, an effective habeas attorney should review his constitutional claims early in the habeas process and decide what forum can provide relief. *See Wall v. Kholi*, U.S. 545, 558 (2011) ("If a defendant receives relief in state court, the need for federal habeas review may be narrowed or even obviated, and this furthers principles of 'comity, finality, and federalism.'").

In the end, the Supreme Court has held that a petitioner has the burden of showing that "remedies have been exhausted." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950); *see also Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998) ("With respect to every claim in his petition, however, [the inmate] had the burden to show that all available remedies had been exhausted . . . ."). Petitioner could have asked for a stay over two years ago. Other courts have rejected a *Rhines* motion based on "the languid manner in which [the inmate] requested a return to state court." *Johnson v. Stephens*, 2013 WL 4482865, at *6 (S.D. Tex. 2013); *see also*

*Thompson v. Quarterman*, 292 F. App'x 277, 295 (5th Cir. 2008) (finding that the district court did not abuse its discretion in denying a *Rhines* stay when the inmate "did not file his motion for a stay until several months after filing his federal habeas petition").  Petitioner's mistaken theory that exhaustion only comes into play as an affirmative defense raised by the State has inserted significant delay into this case.  In this case, and especially given the representation by experienced counsel,[2] the Court criticizes the litigation practice of reserving an anticipated stay motion when it is available early in the federal habeas process.

While the motion for a stay has come up only after unreasonable delay, the circumstances do not suggest that counsel premised any strategy on intentionally slowing down these proceedings, but rather on a particular understanding of habeas law.  Equity suggests that the Court should balance an attorney's chosen litigation strategy against its effect on his client's potentially viable claims.  While the question is a close one, the Court finds that the interests of justice favor giving Petitioner a chance to litigate his potentially meritorious claims.  The Court will grant Petitioner's motion for a stay.

---

[2]     Another district court has observed the importance of imputing knowledge of a claim's procedural status to an inmate's learned habeas counsel:

> Haynes contends that he could not have anticipated the need for relying on *Rhines*' stay-and-abeyance procedure until the respondent pointed out the unexhausted nature of his claims.  Haynes, however, discounts counsel's own knowledge of this case's history and habeas law in general.  The court presumes that federal habeas counsel will review the prior proceedings and will make himself aware of the claims that have already been raised.  In fact, the AEDPA's deferential review of claims adjudicated on the merits in state court, in conjunction with the long-standing exhaustion mandate, requires counsel to familiarize himself with previous legal proceedings. Since exhaustion cannot be implicitly waived by the respondent, 28 U.S.C. § 2254(b) (3), and courts have a duty to consider exhaustion as a threshold issue, a court must assume that a petitioner knows that his claims are unexhausted when he files his petition.  *Counsel cannot wait for the other parties to point out the obvious.*

*Haynes v. Quarterman*, 2007 WL 9728552, at *2 (S.D. Tex. 2007) (emphasis added).

## REMAINING MOTIONS

Respondent has moved for summary judgment.  (Docket Entry No. 47).  Petitioner's anticipated state habeas pleadings will alter the legal and procedural status of his habeas claims. The Court, therefore, will deny summary judgment without prejudice.  The Court will also deny as moot Petitioner's motion to extend the time for a summary judgment response.  (Docket Entry No. 56).

Petitioner has recently filed a motion to amend his federal habeas petition.  (Docket Entry No. 57).  Petitioner wishes to add a thirty-second claim relying on new Supreme Court precedent. Specifically, Petitioner wants to amend his petition to insert a new claim based on *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), a case the Supreme Court decided on April 20, 2020.  Petitioner also moves to stay his case based on the *Ramos* decision.  (Docket Entry No. 58).

The Texas Court of Criminal Appeals has not allowed the filing of successive habeas actions based on *Ramos*.  *See Ex parte Gutierrez*, 2020 WL 3118514, at *1 (Tex. Crim. App. 2020).  If he so choses, however, Petitioner may include a *Ramos* claim in his successive state habeas action.  Petitioner may also move to include a *Ramos* claim in any amended petition when he returns to federal court.  The Court, therefore, will deny without prejudice Petitioner's motion to amend and his supplement to the motion to stay.  (Docket Entry Nos. 57, 58).

## CONCLUSION

The Court **GRANTS** Petitioner's motion to stay.  (Docket Entry No. 46).  Petitioner will file a subsequent state habeas corpus application within sixty (60) days in the appropriate state court.  Petitioner's successive application will set forth all claims for relief that Petitioner wishes to exhaust, including all factual theories and legal arguments supporting the same.

11

If Petitioner fails to file a state habeas application within sixty (60) days, either party may move to lift the stay.

Every ninety (90) days after Petitioner submits his successive state application, Petitioner will file an advisory informing this Court of the status of his subsequent state habeas corpus application.  Petitioner will also notify this Court immediately when the Texas Court of Criminal Appeals issues a final order relating to his subsequent state habeas corpus application.

Within thirty (30) days of any order from the Texas Court of Criminal Appeals dismissing Petitioner's application or denying habeas relief, the parties will file a joint motion to reopen these proceedings which includes a comprehensive joint proposed scheduling order.

With the stay, and the possibility of altered legal and procedural arguments when Petitioner returns to federal court, the Court **DENIES** the other pending motions **WITHOUT PREJUDICE**. (Docket Entry Nos. 47, 56, 57. 58).

This case is **STAYED** and **ADMINISTRATIVELY CLOSED**.

The Clerk shall enter this Order and provide a copy to the parties.

SIGNED this 29th day of __January__, 2021, at Houston, Texas.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE