IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OBEL CRUZ-GARCIA,<br>Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director,<br>Texas Department of<br>Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | Case No. 4:17-CV-03621<br><br>Chief District Judge Lee H. Rosenthal<br><br>CAPITAL CASE |

## OPPOSED MOTION FOR EVIDENTIARY HEARING

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases, Obel Cruz-Garcia respectfully requests an evidentiary hearing to prove the facts alleged in support of his claim that juror misconduct denied him a fair and impartial trial, in violation of the Sixth, Eighth, and Fourteenth Amendments. *See* ECF No. 73 at 23–32. Specifically, Mr. Cruz-Garcia asks that this Court grant an evidentiary hearing on Claim One (A), that the jury was exposed to an external influence when the jury foreperson read Bible passages to the jury during their penalty phase deliberations.[1] *Id.* at 23–32.

---

[1] This Court can reach the merits of Claim One (A) because the state court failed to adjudicate the merits of Mr. Cruz-Garcia's federal constitutional claim and this Court can therefore review this claim *de novo*. *See* ECF No. 73 at 29–32. In the alternative, this Court can reach the merits of Claim One (A) because the state court decision was contrary to clearly established federal law and 28 U.S.C. § 2254(d) is therefore satisfied. *Id.* And, should this Court find that Claim One (A) meets § 2254(d),

1

As set out in Claim One (A), ECF No. 73 at 23-28, shortly after trial and immediately upon learning of the external influence on the jury, Mr. Cruz-Garcia moved for a new trial. 3 CR 538-43, 544-46. In support of his motion, Mr. Cruz-Garcia provided a recorded interview of the jury foreperson, Matthew Clinger, in which the foreman stated that the had read from the Bible to the jury during their deliberations on punishment and that his reading of Scripture had influenced at least one juror.[2] *Id.* at 614-48. Mr. Cruz-Garcia also provided an affidavit from another juror, Angela Bowman, who similarly recalled that the foreman had read from the Bible to the jury during their deliberations on punishment and that at least one juror had thus been influenced. *Id.* at 555-6, 610-11. Mr. Cruz-Garcia also provided an affidavit from trial counsel Mario Madrid describing juror Bowman reaching out to him about the juror Clinger's conduct, as well as an affidavit from defense investigator J.J. Gradoni reflecting his interview of juror Clinger. *Id.* at 606-07, 608-09. Mr. Cruz-Garcia expressly requested that the trial court hear testimony from the jurors. *Id.* at 580-82; 29 RR 4.[3]

In response to Mr. Cruz-Garcia's motion and evidence, the State argued that the trial court was prohibited from considering any of the evidence proffered by Mr. Cruz-Garcia concerning these allegations of external influence. *See* 29 RR 15-16. Nevertheless, the State also provided its own affidavits, including an affidavit from the foreman in which he contradicted his prior statements. 3

---

this Court may consider any new evidence adduced at a hearing to prove the merits of this claim. *Smith v. Cain*, 708 F.3d 628, 634-35 (5th Cir. 2013).

[2] Following this interview by a defense investigator, J.J. Gradoni, Mr. Clinger declined to sign an affidavit based on the advice of his workplace counsel. 3 CR 612-13. Mr. Gradoni provided an affidavit reflecting his interview of Mr. Clinger and Mr. Clinger's statements. *Id.* at 608-09, 612-13.

[3] Mr. Cruz-Garcia also urged the trial court to hear testimony on these allegations at a status conference on his Motion for New Trial. *See* 29 RR 3. There is, however, no Reporter's Record of that hearing.

CR 599–601. In his affidavit, and contrary to his recorded statements, juror Clinger represented that he had taken his Bible out during deliberations and laid it out open on the table, but that he had not read directly from it. *Id.* The State also provided an affidavit from another juror, Casey Guillotte, in which she represented that juror Clinger had read from the Bible but only to himself and after the jury's deliberations. *Id.* at 597–98.

Mr. Cruz-Garcia re-urged his request that the trial court hear witness testimony. 29 RR 3. The trial court denied Mr. Cruz-Garcia's request for a hearing, admitted the affidavits from Mr. Cruz-Garcia and the State, but excluded the recorded interview of Mr. Clinger. *Id.* at 26–28. The trial court, however, expressly declined to make any findings of fact as to Mr. Cruz-Garcia's allegations of external influence, nor as to the affidavits it admitted. *Id.* at 28. It denied Mr. Cruz-Garcia's Motion for New Trial. *Id.* On direct appeal, the Texas Court of Criminal Appeals ("CCA"), held that the trial court erred in admitting these affidavits because the Bible was not an external influence as a matter of law, such that the jurors' affidavits were inadmissible under the Texas Rules of Evidence. *Cruz-Garcia v. State*, No. AP-77,0625, 2015 WL 6528727, at *29–30 (Tex. Crim. App. Oct. 28, 2015).

An evidentiary hearing on this claim is available and appropriate for the following reasons.

First, this Court does not have before it "sufficient facts to make an informed decision regarding the merits of [this] claim." *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998). In other words, the state court record is inadequate and this Court cannot resolve the merits of Claim One (A) based on that record. First, the CCA rejected any factfinding done by the lower court and there is therefore no state court factfinding on this claim. Second, the evidence presented to the trial court was contradictory on several facts; whereas juror Clinger represented to the State that he had

3

only laid out his Bible on the table during deliberations, juror Guillotte represented that juror Clinger had read from the Bible but only after deliberations. ECF No. 73 at 51–52. And both of these statements are contradicted by juror Bowman's affidavit and by juror Clinger's prior recorded statement, in which he made clear that he read out loud from the Bible to the jury, at a point in their deliberations when several jurors remained undecided, and that at least one juror was thus influenced. 3 CR 634–36. Neither the trial court nor the CCA, however, made any findings of fact.

Second, Mr. Cruz-Garcia is not at fault for the deficient state court record and 28 U.S.C. 2254(e)(2) therefore does not preclude Mr. Cruz-Garcia's request for an evidentiary hearing on Claim One (A). *See Williams v. Taylor*, 529 U.S. 420, 432 (2000) ("Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."). As set out above and in his Second Amended Petition, *see* ECF No. 73 at 23–28, Mr. Cruz-Garcia diligently sought to develop the facts underpinning his Motion for New Trial arising from the jury's exposure to an external influence. In the trial court, Mr. Cruz-Garcia repeatedly requested that the trial court hear live testimony to adjudicate the credibility and facts relevant to the alleged jury misconduct. *Id.* The trial court, however, refused to conduct any fact-finding and the CCA ruled that the trial court had erred in admitting any affidavits at all. *Id.* Hence, because Mr. Cruz-Garcia is not at fault for the failure to develop the factual record on Claim One (A) in state court, § 2254(e)(2) does not bar his request for an evidentiary hearing.

Third, an evidentiary hearing on Claim One (A) is appropriate because "such a hearing could enable [Mr. Cruz-Garcia] to prove the petitioner's factual allegations, which if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Mr. Cruz-Garcia

4

seeks a hearing to prove his allegations that the jury foreperson read Bible passages to the jury during their penalty phase deliberations and that these Bible passages constituted an improper external influence that came to bear on the jury. *See* ECF No. 73 at 23–28. If proven, these allegations would establish that the jury was exposed to an external influence in violation of Mr. Cruz-Garcia's right to a fair and impartial trial, and that he is therefore entitled to habeas relief. *Id.*; *cf. Oliver v. Quarterman*, 541 F.3d 329, 336, 339 (5th Cir. 2008) (holding that "the Supreme Court has clearly established a constitutional rule forbidding a jury from being exposed to external influence" and that the Bible is an external influence).

Finally, a hearing on Claim One (A) is appropriate because Mr. Cruz-Garcia's request is both narrow and already supported by some evidence. An evidentiary hearing on Claim One (A) is especially appropriate because whether an external influence was brought to bear upon the jury is a fact-specific question. *Oliver*, 541 F.3d at 336. Indeed, where a trial court is confronted with allegations that an external influence was brought to bear on the jury's deliberations, a trial court must afford the defendant an opportunity to test those allegations. *Barnes v. Joyner*, 751 F.3d 229, 242 (4th Cir. 2014) (Supreme Court has "clearly established. . . a defendant's entitlement to an evidentiary hearing when the defendant presents a credible allegation" of an external influence on the jury).

For the foregoing reasons, Mr. Cruz-Garcia respectfully requests that the Court grant his Motion for Evidentiary Hearing.

Respectfully submitted,

DATE: July 12, 2022	JASON D. HAWKINS
	Federal Public Defender

	*/s/ David C. Currie*
	Jeremy Schepers (TX 24084578)
	Supervisor, Capital Habeas Unit
	David C. Currie (TX 24084240)
	Naomi Fenwick (TX 24107764)
	Assistant Federal Public Defenders

	Office of the Federal Public Defender
	Northern District of Texas
	525 S. Griffin St., Ste. 629
	Dallas, TX 75202
	214-767-2746
	214-767-2886 (fax)
	jeremy_schepers@fd.org
	david_currie@fd.org
	naomi_fenwick@fd.org

	*Counsel for Petitioner*

## CERTIFICATE OF CONFERENCE

David Currie, counsel for Mr. Cruz-Garcia, has conferred with opposing counsel, Cara Hanna of the Texas State Attorney's General office, and Ms. Hanna is opposed to the relief sought in this motion.

/s/ *David Currie*
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Opposed Motion for Evidentiary Hearing has been served by CM/ECF upon counsel for Respondent on July 12, 2022:

Cara Hanna
Postconviction Litigation Division
Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711

/s/ *David C. Currie*
Assistant Federal Defender