IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **OBEL CRUZ-GARCIA,**<br>  Petitioner,<br><br>*v.*<br><br>**BOBBY LUMPKIN, Director,**<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>  Respondent. | Case No. 4:17-CV-03621<br><br><br><br><br>District Judge Lee H. Rosenthal<br><br>**CAPITAL CASE** |

**PETITIONER'S REPLY IN SUPPORT OF MOTION FOR EVIDENTIARY HEARING**

  Petitioner Obel Cruz-Garcia, by and through his undersigned counsel, respectfully submits the following reply brief in support of his Motion for Discovery. ECF No. 75.

  The state court record establishes, and the Director does not dispute, that the jury foreperson (Matthew Clinger) read from the Bible in the presence of the jury while in the deliberation room and before the jury returned its verdict on punishment. *See* 3 CR 597–98, 599–601, 606–07, 610–11, 633–40. The state court record, however, is insufficient on issues critical to determining whether the Bible constituted a harmful external influence in violation of the Sixth, Eighth, and Fourteenth Amendments. As set out at length in Mr. Cruz-Garcia's Second Amended Petition and Motion for Evidentiary Hearing, critical factual questions remain unresolved. These include whether Juror Clinger read from the Bible during or immediately after deliberations, whether he read it to himself or to the jury, and whether reading the Bible influenced one or more jurors (including Juror Clinger himself) on punishment. *See* ECF No. 73 at 50–53; ECF No. 74 at 2–3. Indeed, the State's own

1

evidence in response to Mr. Cruz-Garcia's Motion for New Trial was contradictory and inconclusive on several of these issues. *Id.*

In state court, Mr. Cruz-Garcia diligently sought to develop the record to resolve these allegations and contradictory evidence. *See* ECF No. 73 at 50–53; ECF No. 74 at 2–3. Immediately upon learning of these allegations of external influence, Mr. Cruz-Garcia filed a Motion for New Trial and requested that the trial court permit further fact development. 3 CR 538–43, 544–46, 580–82. In support thereof, Mr. Cruz-Garcia sought to introduce a recorded statement made shortly after trial from Juror Clinger, in which he stated that he had read from the Bible early on in the jury's deliberations on punishment and that this had "made a difference" with at least one juror. *Id.* at 633–40. Mr. Cruz-Garcia also submitted an affidavit from Juror Bowman attesting to the same. *Id.* at 555–56, 610–11. In response, the State filed affidavits from Juror Clinger and Juror Guillotte, confirming that Juror Clinger had read from the Bible but contradicting both Mr. Cruz-Garcia's evidence *and* each other as to when Juror Clinger read from the Bible and whether he had read it to himself or to the jury. *Id.* at 597–601. The trial court admitted the jurors' affidavits but excluded Juror Clinger's recorded statement, denied Mr. Cruz-Garcia's request for fact development, and made no findings of fact.[1] 29 RR 3, 26–28.

Mr. Cruz-Garcia raised this claim on direct appeal. ECF No. 18-1. There, the Texas Court of Criminal Appeals ("CCA") held that the Bible does not, as a matter of law, constitute an external influence. *Cruz-Garcia v. State*, 2015 WL 6528727, at *28 (Tex. Crim. App. Oct. 2015). Based on its

---

[1] The Director argues that the trial court did make findings of fact when it "accepted affidavits in the hearing on the motion for a new trial." ECF No. 84 at 7 n.2. The admission into the record of jurors' affidavits does not constitute a finding of fact. Moreover, the trial court made no findings as to the credibility of the juror affidavits it admitted. As noted by the Director in his Response, the court's finding that Juror Bowman was not credible was only as to her allegations that she had received coercive instructions from the trial court. *Id.* at 6.

determination that the Bible does not constitute an external influence, the CCA ruled that inquiring into the jury's deliberative process was prohibited by the Texas Rules of Evidence and that the trial court erred in admitting the jurors' affidavits.[2] *Id.* The CCA thus found that whatever findings the trial court made, if any, were made in error.

Mr. Cruz-Garcia renewed this claim in state habeas. There, the CCA ruled that Mr. Cruz-Garcia's external-influence claim was "procedurally barred as it was raised and rejected on direct appeal." *Ex parte Cruz-Garcia*, 2017 WL 4947132, at *1 (Tex. Crim. App. 2017). The CCA's ruling constitutes an express rejection of any factfinding conducted by the trial court.[3] Hence, there are no findings of fact from state habeas proceedings on this issue. The CCA's resolution of this claim in state court—rejecting any factfinding done by the lower court on both direct appeal and state habeas as improper on state law grounds—means there are no findings of fact entitled to deference under AEDPA when this Court reaches the merits of this claim.

The Director does not expressly dispute that an evidentiary hearing "could enable [Mr. Cruz-Garcia] to prove the petitioner's allegations, which if true, would entitle the applicant to federal habeas relief." ECF No. 74 at 4-5 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)). The Director, however, argues that an evidentiary hearing is prohibited because (1) this Court cannot review the claim *de novo*, either because it was adjudicated on the merits or because 28 U.S.C. § 2254(d) is not met; (2) Mr. Cruz-Garcia "was not prohibited from developing the record in state

---

[2] The claim adjudicated by the CCA is whether the trial court erred under the Texas Rules of Evidence in admitting the jurors' affidavits. This issue required the CCA to first determine whether, as a matter of law, the Bible constituted an external influence such that the Texas Rules of Evidence permitted inquiring into the jurors' deliberative process.

[3] The Director seeks to rely on the CCA's adoption of the trial court's findings regarding *other* claims as grounds for his argument that the factual findings made by the trial court on the external-influence claim were also adopted. Response at 7. This argument is plainly contradicted by the CCA's express language that the external-influence claim was "procedurally barred." *Ex parte Cruz-Garcia*, 2017 WL 4947132, at *1.

3

court, in satisfaction of § 2254(e)(2); and, relatedly, (3) the state court record is "more than sufficient to rule on this claim." ECF No. 84 at 3-9. But the Director's arguments are based on both a misunderstanding of binding Fifth Circuit precedent, which states that the Supreme Court has clearly established that the Bible can constitute an external influence, and a mischaracterization of the state court record. *See Oliver v. Quarterman*, 541 F.3d 329 (5th Cir. 2008).

> **1. The Director's argument that Mr. Cruz-Garcia cannot meet 28 U.S.C. § 2254(d) is based on a misreading of binding precedent in *Oliver v. Quarterman*.**

First, the Director argues that this Court cannot review this claim *de novo* because "the CCA clearly addressed the constitutionality of the Bible reading in concluding that the trial court did not abuse its discretion." ECF No. 84 at 3-4. But, as is made clear by the Director's framing of the CCA's conclusion, the CCA resolved only the state law question of whether the trial court had erred under the Texas Rules of Evidence. *See Cruz-Garcia v. State*, 2015 WL 6528727, at *29 (Tex. Crim. App. 2015). In support of his argument, the Director cites only to a footnote in which the CCA indicated that its analysis on whether the Bible can constitute an external influence was "guided" by Fourth Circuit precedent. *Id.* at 4. The CCA, however, answered that question only in the context of adjudicating whether the trial court's admission of the jurors' affidavits violated the Texas Rules of Evidence. *Cruz-Garcia v. State*, 2015 WL 6528727, at *28-29 ("Because the Bible did not constitute an external influence, the trial court erred when it admitted State and defense affidavits during jury deliberations."). The CCA did not adjudicate Mr. Cruz-Garcia's federal constitutional claim that the Bible reading by Juror Clinger violated his federal constitutional rights. Because Mr. Cruz-Garcia has rebutted the presumption that Claim One A was adjudicated on the merits by the CCA, this Court can conduct *de novo* review. *Johnson v. Williams*, 568 U.S. 289, 301-02 (2013).

4

Second, on Mr. Cruz-Garcia's alternative argument under § 2254(d), the Director argues that Mr. Cruz-Garcia cannot meet the relitigation bar on his external-influence claim. ECF No. 84 at 3–5. The Director's argument, however, misreads the Fifth Circuit's decision in *Oliver v. Quarterman* holding that, under clearly established Supreme Court precedent, the Bible can act as a constitutionally impermissible external influence. 541 F.3d at 336.

On direct appeal, the CCA held that, as a matter of law, the Bible does not constitute an external influence:

> This Court has never determined whether reference to the Bible during jury deliberations is an outside influence. Today we hold it is not.

*Cruz-Garcia v. State*, 2015 WL 6528727, at *28. The Director argues that Mr. Cruz-Garcia cannot show that this holding was contrary to clearly established federal law because none of the cases upon which Mr. Cruz-Garcia relies, namely *Parker v. Gladden*,[4] *Turner v. Louisiana*,[5] and *Remmer v. United States*[6] "involved a Bible." ECF No. 84 at 4–5. That argument squarely ignores the Fifth Circuit's holding in *Oliver v. Quarterman*, the facts of which required the Fifth Circuit to determine whether the Bible can constitute an external influence:

> Stemming from these clearly established Supreme Court precedents, it is clear that the prohibition of external influences from *Remmer*, *Turner*, and *Parker* applies to this factual scenario.

541 F.3d at 336. Hence, as confirmed by the Fifth Circuit in *Oliver*, the cases upon which Mr. Cruz-Garcia relies do reflect as a matter of clearly established Supreme Court precedent that the Bible *can*

---

[4] 385 U.S. 363 (1966).

[5] 379 U.S. 466 (1965).

[6] 347 U.S. 227 (1954).

constitute an external influence. The CCA's holding that the Bible *cannot* constitute an external influence was squarely contrary to and an unreasonable application of clearly established Supreme Court precedent. Therefore, § 2254(d)(1) is met.

The Director also argues that the CCA distinguished the facts of Mr. Cruz-Garcia's case from those in *Oliver* and that "the CCA's distinction contravened no clearly established federal precedent." ECF No. 84 at 5. The Director, however, does not identify what distinction the CCA drew, nor does he identify what facts the CCA could have distinguished.[7] *Id.* Indeed, the CCA could not have reached the facts of the case because it ruled that the Bible does not constitute an external influence, and factual inquiry into the issue was therefore prohibited by the Texas Rules of Evidence. *Cruz-Garcia*, 2015 WL 6528727, at *29.

To the extent that the Director argues that the facts in Mr. Cruz-Garcia's case are distinguishable because "they [] involved a juror reading general Bible statements, as opposed to a command that directly tracked the specific facts of those cases," that distinction is unavailing.[8] *Id.* (quoting *Oliver*, 541 F.3d at 339). Juror Clinger stated he read from Genesis 9 and Deuteronomy, which both include passages about the imposition of the death penalty. *See* ECF No. 73 at 49. And, in *Oliver*, the Fifth Circuit expressly rejected limiting the characterization of the Bible as an external influence to circumstances where the Bible passages had bearing "on the factual questions" before

---

[7] The Director cites to a footnote in the CCA opinion on direct appeal, which includes no discussion by the CCA of the specific facts of Mr. Cruz-Garcia's case. ECF No. 84 at 5.

[8] The Director points to the distinction drawn by the Fifth Circuit in *Oliver* with Fourth Circuit precedent, *Robinson v. Polk*, 438 F.3d 350 (4th Cir. 2006). The Director, however, fails to point out that the Fifth Circuit found the dissent in *Robinson* "more persuasive than the majority's opinion." *Oliver*, 541 F3d at 339. There, Judge King unequivocally stated that he believed that *Robinson* was "being wrongly decided." *Robinson*, 438 F.3d at 368 (King J., dissenting in part). The *Oliver* court did not just distinguish *Robinson* on its facts; it disagreed with *Robinson*'s legal conclusions. *Oliver*, 541 F3d at 339.

6

the jury. *Oliver*, 541 F.3d at 340. Indeed, the Fifth Circuit cautioned that "such a ruling would eviscerate the rule from *Remmer* that jurors must rely on only the evidence and law presented in an open court room." *Id.*

The plain language of the CCA's decision makes clear that it held, as a matter of law, that the Bible cannot constitute an external influence. By ruling that reading the Bible during jury deliberations cannot constitute an external influence, the CCA contradicted or unreasonably applied clearly established Supreme Court precedent as explicated in this Circuit's binding precedent. *See Oliver*, 541 F.3d at 336 (citing *(Terry) Williams v. Taylor*, 529 U.S. 362, 407 (2000) (stating that a decision involves an unreasonable application of Supreme Court precedent if it "unreasonably refuses to extend [a legal principle from Supreme Court precedent] to a new context where it should apply")). Hence, Mr. Cruz-Garcia can meet the relitigation bar under § 2254(d)(1) on his external-influence claim, and this Court can proceed to resolve this claim on the merits after conducting additional factual development. *See Brumfield v. Cain*, 576 U.S. 305, 311 (2015) (explaining that *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011), "recogniz[ed] that federal habeas courts may 'take new evidence in an evidentiary hearing' when § 2254(d) does not bar relief'").

### 2. The Director's arguments that Mr. Cruz-Garcia is at fault for failing to develop the state court record are based on a mischaracterization of the state court proceedings.

The Director argues that 28 U.S.C. § 2254(e)(2) prohibits evidentiary development because Mr. Cruz-Garcia is at fault for failing to develop the factual record in state court.[9] ECF No. 84 at 8.

---

[9] The Director also argues that Mr. Cruz-Garcia already received in state court "far more evidentiary development than allowed." ECF No. 84 at 6. To borrow from the Director's language, "it is no moment" to the inquiry under § 2254(e)(2) whether the Director (erroneously) believes that Mr. Cruz-Garcia obtained more evidentiary development in state court than should have been permitted.

7

In support thereof, the Director asserts that Mr. Cruz-Garcia was not prohibited from developing the state court record because the CCA "correctly found no abuse of discretion in the trial court's denial of an evidentiary hearing." *Id.* at 6. That, however, is not the focus of the inquiry under § 2254(e)(2). The actual question to determine whether § 2254(e)(2) applies is whether Mr. Cruz-Garcia is at fault for failing to develop the state court record on this claim. That inquiry is focused on "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]" *Williams v. Taylor*, 529 U.S. 420, 435 (2000). The success or failure of those efforts is irrelevant to the § 2254(e)(2) inquiry. *Id.* Here, Mr. Cruz-Garcia moved to have the recording of Juror Clinger and Juror Bowman's affidavit admitted into evidence and requested a hearing. 3 CR 580–82; 29 RR 2–3. The trial court admitted Juror Bowman's affidavit but refused to admit the recording of Juror Clinger or to hear live testimony. 29 RR 3, 28. Mr. Cruz-Garcia's efforts were diligent and he was not at fault. *See also* ECF No. 74 at 4.

The Director's further bare assertion that "the trial court's refusal to hold a live hearing did not deprive Cruz-Garcia of the ability to develop his claim in state court" is unsupported. ECF No. 84 at 8. The Director does not identify what further steps Mr. Cruz-Garcia could have taken; indeed, the Director cannot. Mr. Cruz-Garcia's Motion for New Trial was his only opportunity to develop the state court record on his allegations of external influence, as evidenced by the CCA's later procedural bar against relitigating this claim in state habeas. He accordingly proffered evidence in the form of a recorded statement from Juror Clinger and an affidavit from Juror Bowman raising credible allegations of external influence. But when the State proffered its own contradictory evidence in the form of affidavits from Juror Clinger and Juror Guillote, conflicting with both Mr. Cruz-Garcia's evidence and with each other, the trial court denied Mr. Cruz-Garcia any opportunity

8

to confront that evidence and further develop the facts.

### 3. The record before this Court is insufficient to resolve this claim on the merits.

Finally, the Director contends that the state court record is "more than sufficient to rule on this claim" and points to the trial court's admission of affidavits and findings of fact in state habeas. ECF No. 84 at 7 & n.2. But, as previously explained, the CCA rejected any findings made by the lower court in its rulings on both direct appeal and habeas.[10] *Ex parte Cruz-Garcia*, 2015 WL 4947132, at *1. Because the CCA rejected any findings, this Court cannot rely on that record to resolve this claim.

Admission into the record by the trial court of jurors' affidavits does nothing to resolve the conflicting evidence proffered by Mr. Cruz-Garcia and by the State. The trial court made no credibility determinations as to these affidavits on the issue of the Bible reading. *See* 29 RR 28. Nor did the trial court resolve any of the contradictions between Juror Clinger's recorded statement and his later affidavit, or the contradictions between the affidavits that the State proffered from Juror Clinger and Juror Guillotte, amongst other discrepancies.[11]

---

[10] Moreover, in its conclusions of law on Mr. Cruz-Garcia's external-influence claim, the trial court itself concluded that: "Because the applicant's claim of alleged juror misconduct was raised and rejected on direct appeal, such claim need not be considered in the instant writ proceeding or any subsequent writ proceedings." 5 SCHR 1079.

Tellingly, the Director himself is unable to identify what the trial court purportedly found and resolved in state habeas. In the Director's own words, the trial court "recount[ed] the evidence developed at the motion for new trial as well as during the state habeas proceedings. . . . noted on the record [its] disagreement with portions of juror Bowman's 2013 affidavit . . . and f[ound] the affidavit of Juror Clinger more persuasive than Juror Bowman's 2015 habeas affidavit." ECF No. 84 at 6–7. A recounting of the evidence does not constitute a resolution of contradictory evidence, and the trial court never addressed any of the other affidavits or Juror Clinger's recorded interview.

[11] On Mr. Cruz-Garcia's allegation that the Bible constituted an external influence, the trial court said only the following:

> [B]y finding those affidavits are admissible that there is enough question as to whether this Bible production or Bible reading, whatever occurred may be an outside influence. I'm not of the opinion that it was based on everything that's been provided to me in the case law, but we're going to send it up and if the Court of Appeals – – Court of Criminal Appeals agrees with us on that.

9

In short, the record is insufficient for the Court to resolve the merits of this claim. Whether on the Motion for New Trial or in state habeas, no court has ever resolved the significant contradictions between Mr. Cruz-Garcia's proffered evidence and the State's, nor has any court resolved the contradictions within the State's own evidence. For example, no court has resolved whether Juror Clinger *read from the Bible to the jury at "about 10:00 AM Friday morning"* and at which point "a third [of the jury] . . . were undecided," as Juror Clinger stated in his recorded interview; or *did not read from the Bible at all*, as Juror Clinger claimed in his later affidavit; or *did read from it but after the jury had agreed on the special issues*, as Juror Guillotte described in her affidavit. 3 CR 633–36, 599–601, and 597–98. Likewise, no court has ever resolved whether the Bible influenced one or more jurors, as Juror Clinger himself initially claimed to have been but later denied. *Id.* These contradictions cannot be resolved absent additional factual development by this Court, including an evidentiary hearing.

## CONCLUSION

Based on the preceding arguments, this Court should order an evidentiary hearing on Mr. Cruz-Garcia's claim that the jury foreperson read from the Bible and one or more jurors were influenced by the Bible at punishment, in violation of the Sixth, Eighth, and Fourteenth Amendments.

---

29 RR 28.

Respectfully submitted,

December 16, 2022　　　　　　　　　　/s/ *David Currie*
　　　　　　　　　　　　　　　　　　David Currie (TX 24084240)
　　　　　　　　　　　　　　　　　　Assistant Federal Public Defender

　　　　　　　　　　　　　　　　　　JASON D. HAWKINS
　　　　　　　　　　　　　　　　　　Federal Public Defender

　　　　　　　　　　　　　　　　　　Jeremy Schepers (TX 24084578)
　　　　　　　　　　　　　　　　　　Supervisor, Capital Habeas Unit
　　　　　　　　　　　　　　　　　　Naomi Fenwick (TX 24107764)
　　　　　　　　　　　　　　　　　　Assistant Federal Public Defender


　　　　　　　　　　　　　　　　　　Office of the Federal Public Defender
　　　　　　　　　　　　　　　　　　Northern District of Texas
　　　　　　　　　　　　　　　　　　525 S. Griffin St., Ste. 629
　　　　　　　　　　　　　　　　　　Dallas, TX 75202
　　　　　　　　　　　　　　　　　　214-767-2746
　　　　　　　　　　　　　　　　　　214-767-2886 (fax)
　　　　　　　　　　　　　　　　　　jeremy_schepers@fd.org
　　　　　　　　　　　　　　　　　　david_currie@fd.org
　　　　　　　　　　　　　　　　　　naomi_fenwick@fd.org

　　　　　　　　　　　　　　　　　　*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply in Support of Motion for Evidentiary Hearing has been served by CM/ECF upon counsel for Respondent on December 16, 2022:

Cara Hanna
Criminal Appeals Division
Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711

                         /s/ *David Currie*
                         David Currie
                         Assistant Federal Defender