United States District Court
Southern District of Texas
**ENTERED**
January 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OBEL CRUZ-GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 17-cv-3621 |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division | § | |
| | § | |
| Respondent. | § | |

# ORDER

The petitioner, Obel Cruz-Garcia, seeks federal habeas relief from his capital conviction and death sentence. Cruz-Garcia filed this federal action in 2017. The court paused these proceedings so that Cruz-Garcia could raise new evidence and arguments in state court. Cruz-Garcia filed a second amended federal petition upon his return to federal court. (Docket Entry No. 73). Cruz-Garcia now wants to engage in factual development to support his federal grounds for relief. To that end, Cruz-Garcia has filed a motion to hold an evidentiary hearing on claim one (Docket Entry No. 74) and a motion asking for discovery to support claims one, five, and six. (Docket Entry No. 75). The respondent, Texas Department of Criminal Justice Correctional Institutional Divisions Director Bobby Lumpkin, opposes both motions. (Docket Entry No. 84).

Federal habeas review only provides limited opportunities for factual development. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) "restricts the ability of a

1

federal habeas court to develop and consider new evidence." *Shoop v. Twyford*, ___ U.S. ___, 142 S. Ct. 2037, 2038 (2022). The Supreme Court has recently reminded that "the 'state trial on the merits' is the 'main event, so to speak, rather than a tryout on the road to what will later be the determinative federal habeas hearing." *Id*. at 2044 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977)). The Supreme Court has repeatedly emphasized that factual development in federal habeas cases is only available in "quite limited situations." *Tyford*, 142 S. Ct. at 2044; *see also Shinn v. Martinez Ramirez*, ___ U.S. ___, 142 S. Ct. 1718, 1732 (2022); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

It would be premature to find that this is one of the unique situations requiring federal habeas fact-finding. As discussed below, the court will deny Cruz-Garcia's motions without prejudice to reurging should the circumstances so warrant.

I. **Motion for an Evidentiary Hearing**

Cruz-Garcia asks this court to hold an evidentiary hearing on claim one. Cruz-Garcia raised claim one on both direct appeal and on state habeas review. The state courts denied relief in both proceedings. The parties debate whether the state courts denied or procedurally barred the claim. A preliminary review indicates that, at a minimum, the lower state habeas court issued a recommendation (in the alternative) that the Court of Criminal Appeals deny the merits of the claim. The Court of Criminal Appeals "den[ied] relief" based "upon the trial court's findings and conclusions and our [its] review[.]" *Ex parte Cruz-Garcia*, 2017 WL 4947132, at *2 (Tex. Crim. App. 2017). While the court will

analyze the issue at greater depth when adjudicating Cruz-Garcia's petition, it appears as a preliminary matter that the state courts adjudicated the merits of his claim. *See Stephens v. Branker*, 570 F.3d 198, 208 (4th Cir. 2009) ("[W]e agree with our sister circuits that an alternative merits determination to a procedural bar ruling is entitled to the AEDPA deference.")

When an inmate has exhausted claims in state court, federal habeas review focuses on the state-court record. *See Pinholster*, 563 U.S. at 180. A petitioner must demonstrate under 28 U.S.C. § 2254(d)(1) that the state court decision was contrary to, or an unreasonable application of, federal law. The Supreme Court has described this as meaning "'no fairminded juris[t]' could have reached the same judgment as the state court." *Martinez Ramirez*, 142 S. Ct. at 1732 (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). A federal evidentiary is not available until an inmate meets section 2254(d)'s deferential standards. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.").

Even if an inmate makes the section 2254(d) showing, AEDPA establishes other requirements before an evidentiary hearing becomes available. If a prisoner "has failed to develop the factual basis of a claim in State court proceedings," section 2254(e)(2) only allows an evidentiary hearing when: (1) the inmate shows that the claim relies on a new

rule of constitutional law or a previously undiscoverable factual predicate and (2) the facts underlying establish by clear and convincing evidence that no reasonable factfinder would have found him guilty.

After meeting AEDPA's requirements, "the decision to grant such a hearing rests in the discretion of the district court." *Schriro*, 550 U.S. at 468; *see also Broadnax v. Lumpkin*, 987 F.3d 400, 407 (5th Cir. 2021); Rule 8(a), Rules Governing Section 2254 Cases. A district court may decide not to hold a hearing if it already has "sufficient facts before it to make an informed decision on the merits." *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Important questions remain unresolved before the court may order a hearing. The court must examine what issues Cruz-Garcia raised, what the state courts decided, and whether that decision was unreasonable. This court cannot make those decisions until after reviewing the petition, the answer, the state court record, and the law. Until then, it would be premature to order an evidentiary hearing.

Even if Cruz-Garcia can meet the requirements of section 2254(d), he still must show how a hearing will benefit adjudication of his claims. *See United States v. Edwards*, 442 F.3d 258, 268 n.10 (5th Cir. 2006) (finding an evidentiary hearing not warranted where the conclusory and speculative nature of the allegations make such a hearing nothing more than a "fishing expedition"). Cruz-Garcia presented significant evidence in state court relating to claim one. While broadly making arguments about the need for this court to

4

make credibility determinations, Cruz-Garcia has not identified which witnesses he would like to call, what testimony they would provide, and what other evidence he would like to present. Cruz-Garcia has not shown why an evidentiary hearing is necessary for a fair review of his claims. The court will deny Cruz-Garcia's motion for an evidentiary hearing without prejudice.

## II.    Motion for Discovery

Cruz-Garcia also seeks discovery to support claims one, five, and six from his second amended petition. As previously mentioned, Cruz-Garcia exhausted claim one before filing his federal petition. He raised claims five and six in his successive state habeas proceedings which resulted in a procedural dismissal under Tex. Code Crim. Pro. art. 11.071 §5(a)(1) without considering their merits.

Civil litigants generally "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). But "it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions" available to other civil litigants. *Harris v. Nelson*, 394 U.S. 286, 295 (1969).[1] Rule 6(a) of the Rules Governing Section 2254 Cases requires leave of the court before discovery becomes available. A federal court may

---

[1] The Federal Rules of Civil Procedure apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the specific habeas] rules . . . ." Rule 12, Rules Governing Section 2254 Cases in the United States District Courts; *see also* Fed. R. Civ. P. 81(a)(4)(A) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases.").

authorize discovery only "for good cause" and "may limit the extent of discovery." The Supreme Court has tethered the "good cause" clause of Rule 6(a) to an inmate's burden to show an entitlement to federal habeas relief. *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).

As previously discussed, Cruz-Garcia has not yet met section 2254(d)'s relitigation bar regarding claim one. Claims five and six face a procedural bar because the state courts dismissed them under adequate and independent state law. A petitioner cannot show good cause for discovery if procedural impediments preclude considering the merits of that claim. *See Campbell v. Dretke*, 117 F. App'x 946, 959 (5th Cir. 2004); *see also Thompson v. Stephens*, 2014 WL 2765666, at *2 (S.D. Tex. 2014) ("As a threshold matter, however, a court must also take into account the procedural posture of an inmate's claims. A petitioner cannot show good cause if a federal court cannot reach the merits of the disputed claims."). The court has not yet decided whether Cruz-Garcia can overcome the procedural bar of claims five and six. It would be premature at this stage to find that discovery is available for those claims.

As an additional reason to deny discovery, Lumpkin who is the named party to this lawsuit argues that he does not have possession, care, custody, or control of the requested material. Lumpkin argues that Cruz-Garcia must instead obtain the material—if it is available in this proceeding at all—though a request for a third-party subpoena under Rule

45 of the Federal Rules of Civil Procedure. Cruz-Garcia has not responded to that argument.

Cruz-Garcia has not shown an entitlement to discovery at this time. The court may reconsider the need for discovery after additional review. The court will deny the discovery motion without prejudice.

**III.     Conclusion**

The court **denies** Cruz-Garcia's motion for an evidentiary hearing (Docket Entry No. 74) and motion for discovery (Docket Entry No. 75) **without prejudice**.

The Clerk shall enter this Order and provide a copy to the parties.

SIGNED on January 11, 2023, at Houston, Texas.

                                                    Lee H. Rosenthal
                                                    United States District Judge