IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OBEL CRUZ-GARCIA, | § § § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-17-3621 |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division | § | |
| | § | |
| Respondent. | § | |

**ORDER**

On September 25, 2023, the court entered a 126-page Memorandum and Order denying Obel Cruz-Garcia's petition for a writ of habeas corpus. (Docket Entry No. 92). Cruz-Garcia filed a timely Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). (Docket Entry No. 94). Cruz-Garcia's motion challenges the court's resolution of various factual and legal issues. The respondent filed a response, and Cruz-Garcia replied. (Docket Entry Nos. 99, 100).

A Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Generally, a Rule 59(e) motion "gives the court a brief chance to fix mistakes before its . . . judgment on a . . . habeas application becomes final and thereby triggers the time for appeal." *Banister v. Davis*, 590 U.S. ___, 140 S. Ct. 1698, 1708 (2020). At the same time, district court opinions "are not intended as mere first drafts,

subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

A Rule 59(e) should not "raise arguments which could, and should, have been made before the judgment issued" or "argue a case under a new legal theory." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)); *see also Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 606-07 (5th Cir. 2005); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). Instead, a party seeking reconsideration must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717 (E.D. La. 2018). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

Cruz-Garcia's Rule 59(e) motion does not rely on new evidence or new law. Cruz-Garcia argues that the court made manifest legal and factual errors. A "manifest error" is "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or an obvious mistake or departure from the truth." *Berezowsky v. Rendon*

2

*Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quotation omitted). The court finds that Cruz-Garcia has not shown a manifest error requiring Rule 59(e) relief.

Cruz-Garcia complains about the court's resolution of several legal issues. Before the entry of judgment, the parties had repeated opportunities to brief the relevant issues. The court exhaustively considered the parties' arguments.[1] Cruz-Garcia contends that the court misapplied the Anti-Terrorism and Effective Death Penalty Act standards and federal law. This court has carefully reviewed the record, the pleadings, and the relevant law. Cruz-Garcia has not demonstrated manifest legal error, but rather disagreement with the court's resolution of his claims. The court denies Cruz-Garcia's motion and declines to change its opinion, for the reasons stated in detail in that opinion. Cruz-Garcia may, of course, challenge it on appeal.

Cruz-Garcia also contends that the court made material factual errors. The court has reviewed Cruz-Garcia's arguments and, after reviewing the pleadings and the record, finds that he has not shown any manifest factual error, much less one that would have made a difference in the resolution of his claims. For example, Cruz-Garcia argues that the court erred when rejecting his claim that he was a model prisoner while incarcerated. The court noted that Cruz-Garcia "curiously ignores the escape attempt and argues that he 'had no disciplinary infractions during his incarceration in Puerto Rico.'" (Docket Entry No. 92,

---

[1] Cruz-Garcia objects that the court erred when it "did not address multiple arguments Mr. Cruz-Garcia raised." (Docket Entry No. 94 at 7). Nothing in federal law or procedure requires a court to specifically address each and every argument made by the parties. The denial of relief amounts to a denial of all supporting arguments *sub silento*.

n.22) (citing Docket Entry No. 73 at 8). Cruz-Garcia asserts that the court overlooked places where he had mentioned the escape attempt in his second amended petition. (Docket Entry No. 94 at 13). But Cruz-Garcia's argument misses the heart of the court's statement—Cruz-Garcia's briefing incorrectly said that he had *no* disciplinary infractions and that he was a "model inmate." (Docket Entry No. 73 at 175).[2] The substance of his arguments ignored his escape attempt or treated it as a trifling transgression. Neither approach is supported by the record.

Without addressing the remaining alleged factual errors point-by-point, the court finds that none are "manifest" and many depend on misconstruing the record. *See Banister*, 140 S. Ct. at 1708 ("A judge familiar with a habeas applicant's claims can usually make quick work of a meritless motion."). Importantly, none of Cruz-Garcia's allegations of factual error make any difference in either the court's reasoning or its ultimate decision.

Cruz-Garcia's federal habeas claims required the court to resolve significant legal matters and make challenging decisions about important constitutional issues based on the

---

[2] As another example, Cruz-Garcia claims that the court erred in addressing his challenge to trial counsel's future-dangerousness investigation. In a footnote, the court observed that Cruz-Garcia's arguments regarding that claim had evolved over time, and specifically affidavits on which he based his federal arguments. (Docket Entry No. 92 at 78 n.21). Cruz-Garcia objects that the court made a manifest error by observing that he "put these allegations before the state court only in his successive state habeas application." (Docket Entry No. 92 at 78, n. 21). Cruz-Garcia says that the court's statement was "not accurate. Mr. Cruz-Garcia submitted [two of the] affidavits . . . in his original state habeas proceeding." (Docket Entry No. 94 at 15). Still, Cruz-Garcia did not include those affidavits in his initial habeas application or allude to its contents. Cruz-Garcia submitted the affidavit much later in the litigation. (Docket Entry No. 23-41 at 2-15). The arguments in the Rule 59(e) motion prove the point: Cruz-Garcia "expanded his claim" beyond the allegations he included in his initial state habeas application. (Docket Entry No. 92 at 78). Even so, full consideration of that material would not have made a difference in this court's judgment. The court finds that a full consideration of that material would not have changed the decision on AEDPA review.

specific facts of this case, based on governing legal authority and consistent with precedent. Cruz-Garcia disagrees with the resolution of his claims. His arguments reflect the difficulty of some of the issues this case raised. But the court's pre-judgment analysis and post-judgment review both led to the same result: under the applicable law, given the facts disclosed by the record, Cruz-Garcia's habeas petition is dismissed.

Accordingly, the court **denies** Cruz-Garcia's Rule 59(e) motion.

SIGNED on March 12, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge